UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**FILED**

JUN 30 2004
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

JACK REESE, ET AL, on behalf of
themselves and a similarly situated class

      Plaintiffs,

v.

CNH AMERICA LLC.,

      Defendant .

_____/

Case No. 04-70592

Honorable Patrick J. Duggan

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO STAY OR, IN THE ALTERNATIVE, TO DISMISS

At a session of said Court, held in the U.S.
District Courthouse, City of Detroit, County of
Wayne, State of Michigan, on___**JUN 30 2004**___.

PRESENT:      THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

Plaintiffs filed this lawsuit (the "Michigan lawsuit") on February 18, 2004,

pursuant to Section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. §

185, and Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974

("ERISA"), 29 U.S.C. § 1132(a)(1)(B).  In their lawsuit, Plaintiffs seek vested health

insurance benefits for former employees of Case Corporation who retired on or after July

1, 1994 ("post-July 1, 1994 retirees") and those retirees' spouses, surviving spouses, and

1

eligible dependants.

On February 11, 2004, one week before Plaintiffs filed the Michigan lawsuit, Defendant filed a declaratory judgment action in the District Court for the Eastern District of Wisconsin (the "Wisconsin lawsuit") pursuant to Section 301 of the LMRA and Section 502 of ERISA.  In the Wisconsin lawsuit, Defendant has named the UAW International and eight UAW Locals (collectively "union") as defendants and seeks a declaratory judgment that the post-July 1994 retirees are not entitled to lifetime, vested health care benefits.  Defendant states that it is seeking such a declaration in order to determine whether it may modify or terminate the benefits at its discretion after the current Collective Bargaining Agreement ("CBA") expires.  Presently before the Court is Defendant's motion to stay or dismiss the Michigan lawsuit pursuant to the first-to-file rule.

The first-to-file rule is a discretionary doctrine providing that "'when identical suits are pending in two courts, the court in which the first suit was filed should generally proceed to judgment.'"  *Plating Res., Inc. v. UTI Corp.*, 47 F. Supp. 2d 899, 903 (N.D. Ohio 1999)(quoting *In re Burley*, 738 F.2d 981, 988 (9th Cir. 1984)); *see also Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999)(citing *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183-84, 72 S. Ct. 219 (1952)).
As Judge Gwin further explained in *Plating Resources*, "[g]enerally, courts should invoke the rule when two suits involving substantially the same parties and purpose have been filed in a concurrent jurisdiction."  *Id.* (citing *Barber-Greene Co. v. Blaw-Knox Co.*, 239

F.2d 774, 778 (6th Cir. 1957)).  "However, the same party and same issue is not an absolute requirement."  *Id.*  The Fifth Circuit has explained the purpose of the rule as follows:

> The rule rests on principles of comity and sound judicial administration . . .
> "The concern manifestly is to avoid the waste of duplication, to avoid
> rulings which may trench upon the authority of sister courts, and to avoid
> piecemeal resolution of issues that call for a uniform result."

*Cadle*, 174 F.3d at 603 (quoting *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 729 (5th Cir. 1985)).

The Sixth Circuit has advised that the first-to-file rule need not be applied where "equity so demands"-- for example, where factors such as bad faith, anticipatory suits and forum shopping weigh against application of the rule.  *See Zide Sport Shop of Ohio, Inc. v. Ed Tobergate Assoc., Inc.*, No. 00-3183, 2001 WL 897452, at *3 (6th Cir. July 31, 2001)(unpublished opinion).

Citing *Daimler-Chrysler Corporation v. General Motors Corporation*, 133 F. Supp. 2d 1041 (N.D. Ohio 2001), Defendant urges this Court to refrain from deciding whether the first-to-file rule should be applied and to allow the Wisconsin court to determine which case should proceed.  In *Daimler-Chrysler*, Judge Carr reviewed cases in numerous jurisdictions involving the first-to-file rule where the courts specifically addressed the issue of which court should decide whether to apply the rule.  In every case, the court concluded that the most appropriate approach is for the court where a complaint is filed first to determine which case should go forward.  *Id.* (collecting cases).  Judge

Carr "found no case in which a court that has considered the issue has concluded that the second-filing court should . . . arrogate that decision to itself." *Id.* at 1044. This includes the determination as to whether special circumstances exist to justify disregarding the first-to-file rule. *Id.* at 1042; *see also Cadle*, 174 F.3d at 605-06 (holding that "[t]he district court correctly refused to act as a 'super appellate court' by entertaining either the plaintiff's jurisdiction or the defendant's standing arguments, and properly limited its inquiry to the potential overlap between the two cases. By so limiting its analysis, the district court indeed avoided trenching on the authority of its sister court . . ."). Judge Carr further found that courts followed this approach even where the first-filed action was a declaratory judgment action. *Daimler-Chrysler*, 133 F. Supp. 2d at 1043.

Judge Carr stated several reasons why this approach makes sense. First, "[l]eaving the decision of the first to file dispute to the court in which the first case was filed . . . establishes a bright line rule, which is as easy to apply as it is to understand." *Id.* at 1044. Second, this approach prevents derivative forum shopping– such as a defendant in a second lawsuit filed in a jurisdiction which rigidly applies the first-to-file rule seeking to have that court decide the issue. *Id.* Finally, "[i]t is more appropriate, as a matter of judicial comity . . . [a]s a matter of comity among equals, the second judge to get a case should accede to the decision of the court of first-filing, rather than vice-versa." *Id.*

Thus Defendant urges this Court to refrain from deciding whether the first-to-file rule applies, including whether equity demands that the rule not be applied. Defendant asks the Court to stay the Michigan lawsuit pending the Wisconsin court's decision as to

which lawsuit should proceed. But even if the Court were inclined to decide if the first-to-file rule applies, rather than deferring to the Wisconsin court, Defendant argues that there are no circumstances in this case warranting rejection of the first-to-file rule. Defendant therefore encourages the Court to dismiss or transfer Plaintiff's Complaint to the Wisconsin court.

Plaintiffs respond that the Wisconsin lawsuit in fact is not the first-filed suit, rather it is the civil action currently pending in this Court entitled *Yolton v. Case Corporation*, Case No. 02-75164 (the "Yolton lawsuit").[1]  The Yolton lawsuit was initiated on December 23, 2002. Because the *Yolton* defendants did not receive a favorable decision in that lawsuit on the plaintiffs' motion for preliminary injunction on issues that may be relevant to the Michigan and Wisconsin lawsuits, Plaintiffs argue that Defendant engaged in forum shopping by filing its declaratory judgment action in another district court.

This Court, however, believes that this is an issue for the Wisconsin court to consider. Therefore the Court will not address whether it believes there is any merit to Plaintiffs' argument. The union can make the same argument to the Wisconsin court (if it has not already) in an effort to persuade that court that Defendant is engaging in forum shopping.

Plaintiffs further respond that this Court should not defer to the Wisconsin lawsuit because, pursuant to *Allied Chemical & Alkali Workers of America v. Pittsburgh Plate*

---

[1]As the parties in this case are intimately familiar with the factual and legal issues in *Yolton*, the Court will not discuss the similarities between it and the Wisconsin and Michigan lawsuits.

*Glass*, 404 U.S. 157, 92 S. Ct. 383 (1971), the Wisconsin lawsuit cannot clarify or resolve their claims for vested health care benefits because the unions which represented Plaintiffs prior to their retirement, rather than the retirees, are the named defendants in that lawsuit. According to *Pittsburgh Plate Glass* and its progeny, a union does not have the statutory authority to arbitrate retiree health care benefits; the right to litigate those benefits belongs exclusively to the retirees themselves. *Id.* at 181 n.20, 92 S. Ct. at 398. Plaintiffs argue that since the Wisconsin lawsuit cannot resolve their claims, this Court need not defer to the Wisconsin court's determination as to which case should proceed.

Again, rather than making a determination for the Wisconsin court, this Court believes that the better approach is to allow the Wisconsin court to decide whether it can resolve the claims before it. As the Sixth Circuit stated, "absent some particular reason to favor one forum, a federal court does not have the power to destroy the jurisdiction of a sister court for the sole purpose of preserving its own." *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997). According to Plaintiffs, the union has filed a motion to dismiss or transfer the Wisconsin lawsuit to this Court because of lack of jurisdiction. Thus if the Wisconsin court believes it lacks jurisdiction to decide the issues before it, the Wisconsin court will grant the union's motion and this Court then can resolve those issues.

For these reasons, the Court concludes that it should allow the Wisconsin court to decide whether the first-to-file rule applies or whether special circumstances exist suggesting that the rule should be rejected. The Court therefore will stay this lawsuit pending its sister court's decision.

Accordingly,

**IT IS ORDERED**, that Defendant's motion to stay is **GRANTED**;

**IT IS FURTHER ORDERED**, that this matter is **STAYED**.


                                             PATRICK J. DUGGAN
                                             UNITED STATES DISTRICT JUDGE

Copies to:
Samuel C. McKnight, Esq.
Norman C. Ankers, Esq.
Brian Sieve, Esq.