UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK REESE, FRANCES ELAINE PIDDE,
JAMES CICHANOFSKY, ROGER
MILLER, GEORGE NOWLIN, and
RONALD HITT, on behalf of themselves
and a similarly situated class,

      Plaintiffs,                       Case No. 04-70592

v.                                   Honorable Patrick J. Duggan

CNH AMERICA LLC,

      Defendant.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' REQUESTS FOR PUNITIVE AND CERTAIN COMPENSATORY DAMAGES

At a session of said Court, held in the U.S.
District Courthouse, City of Detroit, County of
Wayne, State of Michigan, on MAY 4, 2005.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Plaintiffs filed this lawsuit on February 18, 2004, pursuant to Section 301 of the

Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and Section 502(a)(1)(B)

of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §

1132(a)(1)(B). Plaintiffs, on behalf of themselves and a Class of persons similarly

situated, seek a declaratory judgment that they and their surviving spouses have a vested

1

right to lifetime health care benefits from Defendant, CNH America LLC ("CNH"). Plaintiffs also seek injunctive relief, punitive damages, and compensatory damages "for mental distress and anguish."  Presently before the Court is CNH's motion to strike Plaintiff's request for punitive damages and damages for mental distress and anguish, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.  As the Court informed the parties in a Notice issued March 9, 2005, it is dispensing with oral argument with respect to CNH's motion pursuant to Local Rule 7.1(e)(2) of the Eastern District of Michigan.

In its motion, CNH argues that neither punitive damages nor damages for mental distress and anguish are available under § 1132(a)(1)(B) of ERISA or § 185 of the LMRA.  In response, Plaintiffs argue foremost that the relief CNH seeks in its motion is not properly sought under Rule 12(f) or any other subsection of Rule 12 and therefore that CNH's pending motion does not delay the time for CNH to file its Answer to Plaintiffs' Complaint.  As CNH has not filed an Answer to the Complaint within the time permitted under Rule 12(a), Plaintiffs ask the Court to find CNH in default.  Plaintiffs additionally argue in their Response that compensatory damages for mental distress may be available under the LMRA and ask the Court to deny CNH's request to strike their request for those damages.

Rather than spending time deciding whether CNH's motion to strike is a proper motion pursuant to Rule 12(f) that extends the time for CNH to file an Answer to the Complaint and whether CNH is in default, the Court will resolve the merits of CNH's

motion.[1]  Once the merits of CNH's motion are addressed, the clock will begin to run for

CNH to file its Answer.  In this Court's view, this is the most efficient approach to move

Plaintiffs' action forward.

   As Plaintiffs appear to concede, the Sixth Circuit has held that punitive damages

are not available under § 1132(a)(1)(B) of ERISA or § 185 of the LMRA.  *Murphy v. Int'l*

*Union of Operating Eng'rs, Local 18*, 774 F.2d 114, 134 (6th Cir. 1985)(holding that

"punitive damages may not be awarded under section 301 [of the LMRA]"); *Ford v.*

*Uniroyal Pension Plan*, 154 F.3d 613, 618 (6th Cir. 1998)(finding it "unmistakable from

the language of the statute itself" that § 1132(a)(1)(B) "does not allow for punitive

damages").  Pursuant to this authority, Plaintiffs' request for punitive damages must be

stricken.

   The Sixth Circuit has not clearly established in a published opinion whether

damages for mental distress are recoverable under the LMRA.[2]  CNH therefore relies on

---

[1]Plaintiffs in fact have not filed a formal motion for default judgment.  However the Court believes that if they did, CNH probably would respond immediately by filing its Answer.  In that case, the motion would become moot.  But even if a default judgment were entered against CNH, CNH most probably would move to have the judgment set aside.  Thus in this Court's view, Plaintiffs' pursuit of a default judgment only will serve to further delay a resolution of their Complaint.

[2]Plaintiffs request damages for mental distress and anguish pursuant to the LMRA only.  Plaintiffs therefore apparently recognize that courts have held such damages unavailable under ERISA.  *Krupp v. Metro. Life Ins. Co.*, 174 F. Supp. 2d 545, 547 (E.D. Mich. 2001); *Helwig v. Kelsey-Hayes Co.*, 907 F. Supp. 253, 256 (E.D. Mich. 1995)(citing *Davis v. Ky. Finance Cos. Retirement Plan*, 887 F.2d 689, 696 (6th Cir. 1989)).

3

the following decisions from other courts holding that such damages are not available: *Local 836 of the United Auto. Workers v. Echlin, Inc.*, 670 F. Supp. 697, 703-04 (E.D. Mich. 1986)(dismissing claim for emotional distress damages and noting that weight of authority does not permit recovery for such damages for LMRA violations); *Gilbert v. Doehler-Jarvis, Inc.*, 137 F. Supp. 2d 916, 919 (N.D. Ohio 2002)(holding that compensatory damages are not available in LMRA action where ERISA violations also are alleged); *United Steelworkers of Am. v. Connors Steel Co.*, 855 F.2d 1499, 1510 (11th Cir. 1988)(holding that the plaintiffs were "not entitled to recover extra-contractual compensatory and punitive damages").  In these cases, however, the courts did not hold that extra-contractual damages are never available under the LMRA.[3]

In fact, in an unpublished opinion, the Sixth Circuit also has suggested that a request for extra-contractual damages under the LMRA will not always be subject to dismissal– although in that case the court upheld the district court's dismissal of the plaintiffs' request for mental distress damages under the circumstances presented.  *Int'l Union UAW Local 91 v. Park-Ohio Indus., Inc.*, Nos. 88-3145, 88-3147, 1989 WL 63871, at *7-8 (6th Cir. June 15, 1989)(unpublished opinion). As the *Park-Ohio* court stated: "It is apparent that the district court applied a standard that is consistent with the guiding principles in this context, that mental distress damages are available in breach of contract actions only if serious emotional harm was a particularly likely result."  *Id*. at *8.  At least

---

[3]Additionally, none of these cases are binding upon this Court.

4

one other court in the Sixth Circuit has held that mental distress damages may be available under the LMRA.  *UAW v. Federal Forge, Inc.*, 583 F. Supp. 1350, 1356 (W.D. Mich. 1984)(holding that mental distress damages are available under LMRA where agreement at issue "deals not with matter of pecuniary aggrandizement, but with matters obviously of mental concern and solicitude for the retirees: the maintenance of health and vision care during their declining years when they are no longer actively earning an income . . . As such . . . it can reasonably be said that matters of mental concern and solicitude were within the contemplation of the parties when executing this agreement.")

At this stage of the proceedings, the Court cannot determine whether the facts will present a scenario where "serious emotional harm was a particularly likely result."  The Court therefore finds it appropriate to deny, without prejudice, CNH's motion to strike Plaintiffs' request for damages for mental distress and anguish at this time.

Accordingly,

**IT IS ORDERED**, that Defendant's motion to strike Plaintiffs' request for punitive damages is **GRANTED**;

**IT IS FURTHER ORDERED**, that Defendant's motion to strike Plaintiffs'

request for damages for mental distress and anguish is **DENIED WITHOUT**

**PREJUDICE**.


                                     _____

                                     s/PATRICK J. DUGGAN
                                     UNITED STATES DISTRICT JUDGE

Copies to:
Bobby R. Burchfield, Esq.
Norman C. Ankers, Esq.
Samuel C. McKnight, Esq.

6