UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK REESE, FRANCES ELAINE PIDDE,
JAMES CICHANOFSKY, ROGER
MILLER, GEORGE NOWLIN, and
RONALD HITT, on behalf of themselves
and a similarly situated class,

      Plaintiffs,                        Case No. 04-70592

v.                                      Honorable Patrick J. Duggan

CNH GLOBAL N.V. and
CNH AMERICA LLC,

      Defendants.

_____/

**OPINION AND ORDER DENYING DEFENDANT CNH GLOBAL N.V.'S
MOTION TO DISMISS THE AMENDED COMPLAINT**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on November 15, 2005.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Plaintiffs filed this lawsuit against Defendant CNH America LLC ("CNH

America") on February 18, 2004, pursuant to Section 301 of the Labor-Management

Relations Act ("LMRA"), 29 U.S.C. § 185, and Section 502(a)(1)(B) of the Employee

Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B).

Plaintiffs, on behalf of themselves and a Class of persons similarly situated, seek a

1

declaratory judgment that they and their surviving spouses have a vested right to lifetime health care benefits.  Plaintiffs also seek damages and injunctive relief.  On May 6, 2005, Plaintiffs filed an amended complaint setting forth the same allegations and claims contained in their initial complaint; however, Plaintiffs added CNH Global N.V. ("CNH Global") as a defendant.  Presently before the Court is CNH Global's motion to dismiss Plaintiffs' claims against it, filed pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure.  The Court held a hearing on CNH Global's motion on November 10, 2005.

## I.      Factual Allegations

The Court previously certified a Class in this case consisting of the following individuals:

> All former bargaining unit employees who retired under the Case
> Corporation Pension Plan for Hourly Paid Employees on or after July 1,
> 1994 (other than former employees eligible for or receiving retirement
> benefits under the deferred vested provisions of the Pension Plan and
> former employees hired after May 18, 1998) and all surviving spouses of
> those former bargaining unit employees.

*See* 3/2/05 Op. and Order Granting Motion for Class Certification.  Plaintiffs allege that Defendants have announced their intention of reducing or terminating the health care benefits of the Class to which the Class members are entitled pursuant to various collective bargaining agreements ("CBAs").  *See* Am. Compl. ¶¶ 33 & 34.  These CBAs include 1990, 1995, and 1998 CBAs, as well as agreements governing the shutdown of plants in Southhaven, Wausau, and Hinsdale in 1993 (the "1993 Shutdown Agreement")

2

and in East Moline, Illinois, in 2002 ("2002 East Moline Shutdown Agreement"). *See id*. ¶¶ 26-29. According to Plaintiffs, Case Corporation– of which CNH America LLC is the successor– and CNH Global are parties with the UAW to these CBAs and/or plant shutdown agreements. *See id*. ¶¶ 24-29. Plaintiffs contend that reducing or terminating their health care benefits will violate Defendants' obligations pursuant to its labor agreements, in violation of Section 301 of the LMRA (29 U.S.C. § 185). *See id*. ¶ 35.

Plaintiffs additionally allege that Defendants were, at all relevant times, their "employer" and the "plan sponsor" and/or "administrator" of the employee welfare benefit plans pursuant to which Plaintiffs are participants and receive their health care benefits, as those terms are defined in Sections 3(5) and (16) of ERISA (29 U.S.C. §§ 1002(5) & (16)(A)-(B)). *See id*. ¶¶ 39, 41 & 42. Plaintiffs allege that Defendants have threatened to breach their duties under the employee welfare benefit plan by threatening to terminate or reduce the Class members' health care benefits, in violation of Section 502(a)(1)(B) of ERISA (29 U.S.C. § 1132 (a)(1)(B)).

## II.   CNH Global's Arguments in Support of the Motion to Dismiss

CNH Global seeks dismissal of Plaintiffs' claims against it in the amended complaint, contending that this Court lacks subject matter jurisdiction (Federal Rule of Civil Procedure 12(b)(1)) and that Plaintiffs have failed to state a claim upon which relief can be granted (Federal Rule of Civil Procedure 12(b)(6)). CNH Global further argues that Plaintiffs' amended complaint fails to satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Finally, CNH Global argues that there is no

3

"case" or "controversy" between it and Plaintiffs to satisfy Article III of the Constitution.

## III.   Applicable Law and Analysis

### A.   Federal Rule of Civil Procedure 8(a)

Rule 8(a) requires that a pleading which sets for a claim for relief set forth "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks."  FED. R. CIV. P.  8(a). Pleadings must provide "fair notice of what the party's claim is and the grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957).  CNH Global argues that Plaintiffs fail to satisfy Rule 8(a) because they "lump together" CNH America and CNH Global by alleging that both Defendants violated ERISA and the LMRA without specifying the particular unlawful conduct of each entity.

The Court does not believe that Plaintiffs' amended complaint fails to comply with Rule 8(a) simply because Plaintiffs refer to CNH America and CNH Global jointly in setting forth the facts supporting their ERISA and LMRA claims.  Plaintiffs contend that both defendants are parties to different CBAs with the UAW and that both defendants are employers and plan administrators and/or plan sponsors of the relevant welfare benefit plans.  If these allegations are true, which the Court must assume they are at this stage, Plaintiffs' amended complaint puts CNH Global on sufficient notice as to the allegations against it.

### B.   Motion to Dismiss for Lack of Subject Matter Jurisdiction

4

A motion to dismiss for lack of subject matter jurisdiction challenges the federal district court's jurisdiction over the action before it.[1] *See* CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 1350 at 61.  Such motions fall into two categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).  As the Sixth Circuit described these two categories of motions:

> A *facial* attack is a challenge to the sufficiency of the pleading itself.  On such motion, the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party . . . A *factual* attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction.  On such a motion, no presumptive truthfulness applies to the factual allegations . . . and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.

*Id*. (internal citations omitted)(emphasis in original).  It is the plaintiff's burden to

---

[1]In its motion, CNH Global states that "there is no dispute that CNH America is bound by all of the agreements that are at issue in this case" and "is the entity which employed Plaintiffs and administered their health care benefits." *See* Mot. at 3.  CNH Global further acknowledges that "[t]he Declaratory Judgment Act permits Plaintiffs to obtain a judgment against parties against whom they have a justiciable federal claim (like the claim against CNH America) . . ." *See id*. at 8.  There is no dispute, therefore, that the Court has subject matter jurisdiction over this action, in general.  The Court thus questions whether it would be proper to dismiss Plaintiffs' claims against CNH Global pursuant to 12(b)(1) if in fact Plaintiffs cannot properly allege– as CNH Global argues– a federal claim against it; or whether the Court instead should address CNH Global's challenge as a motion to dismiss for failure to state a claim upon which relief may be granted.  As the Court is unsure of the answer to this question, and because Plaintiffs have not raised this issue in response to CNH Global's Rule 12(b)(1) argument, the Court will proceed to evaluate whether it has subject matter jurisdiction with respect to Plaintiffs' claims against this entity.

demonstrate that the court has jurisdiction over the subject matter.  *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F3.d 1125, 1134 (6th Cir. 1986)(citation omitted).

CNH Global is raising a factual attack to this Court's jurisdiction.[2]  According to CNH Global, it is not a proper defendant to Plaintiffs' claims alleging violations of the LMRA or ERISA because it never employed Plaintiffs, never administered Plaintiffs' health care benefits, and is not a party to the relevant CBAs pursuant to which Plaintiffs' claim an interest in vested lifetime health care benefits.  As CNH points out, Section 301(a) of the LMRA vests federal courts with jurisdiction to examine alleged violations of contracts between certain *employers* and labor organizations.  29 U.S.C. § 185(a). Pursuant to Sixth Circuit law, the proper defendant in an ERISA action under 29 U.S.C. § 1132(a)(1)(B) is the party that is shown to control administration of the plan.  *Daniel v. Eaton Corp.*, 839 F.2d 263, 266 (6th Cir. 1988); *Little v. UNUMProvident Corp.*, 196 F. Supp.2d 659, 672 (S.D. Ohio 2002).  Thus this Court's determination as to whether it has subject matter jurisdiction over Plaintiffs' claims against CNH Global turns on whether CNH Global is a signatory to any of the relevant labor agreements and/or controls administration of the relevant welfare benefit plans.

Where a court's jurisdiction over the subject matter involves a merit-based determination– that is, a resolution of issues that the plaintiff must prove to establish its federal law claim– the Supreme Court has instructed courts generally to assert

---

[2]On its face, Plaintiffs' amended complaint clearly sets forth this Court's jurisdiction over the subject matter as it alleges violations of federal law.  *See* 28 U.S.C. § 1331.

6

jurisdiction.  *Bell v. Hood*, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1945).  As the *Bell v. Hood* Court explained:

> Jurisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action on which [the plaintiffs] could actually recover.  For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction.  Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy.  If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction.

*Id*. (citations omitted).  The Supreme Court set forth two exceptions to this general rule. *Id*. at 682-83.  First, "where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction."  *Id*. at 682.  Second, "where such a claim is wholly insubstantial and frivolous."  *Id*. at 682-83.

The Sixth Circuit has applied *Bell v. Hood* to reject jurisdictional challenges raised by defendants.  For example, in *United States v. Michigan*, 851 F.2d 803 (6th Cir. 1988), the court rejected Michigan's claim that the federal court lacked jurisdiction to resolve a challenge to the State's taxation of federal credit unions.  *Id*. at 805.  In its complaint, the United States alleged that the State's taxation of federal credit unions pursuant to the Michigan General Sales Tax Act violated federal law, specifically the Federal Tax Injunction Act which grants immunity from taxation to federal instrumentalities.

7

Michigan challenged the district court's jurisdiction, arguing that the Act did not apply because the federal credit unions were not federal instrumentalities. *Id*. The Sixth Circuit rejected the State's jurisdictional challenge, finding that the issue of whether the credit unions were federal instrumentalities was critical to the federal court's subject matter jurisdiction *and* the United State's claim that the Michigan General Sales Tax Act was unconstitutional because it violated the Federal Tax Injunction Act. Relying on *Bell v. Hood*, the court stated: "Michigan's position is untenable for it conflates a jurisdictional issue and a substantive determination." *Id*. Similarly, in *Odom v. Slavik*, the Sixth Circuit applied *Bell v. Hood* to hold that the district court erred in dismissing the plaintiff's case for lack of jurisdiction after finding that the partnership scheme at issue did not create a "security" to support the plaintiff's claim alleging violation of federal securities law. 703 F.2d 212, 216 (6th Cir. 1983).

In order to prove its federal claims against CNH Global, Plaintiffs must demonstrate that CNH Global is bound by the CBAs (LMRA) and that it controls administration of the relevant health care benefit plans (ERISA). These factual issues are intertwined with the facts relevant to determining whether this Court has subject matter jurisdiction. As the Court already has subject matter jurisdiction with respect to Plaintiffs' claims against CNH America, the Court does not believe that Plaintiffs' claims against CNH Global have been made solely for the purpose of obtaining federal question jurisdiction. CNH Global does not argue– and the Court does not find– that Plaintiffs' claims against it are wholly insubstantial or frivolous. Thus the Court denies CNH

Global's request to dismiss Plaintiffs' amended complaint for lack of subject matter jurisdiction based on Rule 12(b)(1).[3][4]

### C.   Motion to Dismiss for Failure to State a Claim Upon Which Relief May be Granted

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a complaint. Construing the complaint in a light most favorable to the plaintiff and assuming that the plaintiff's factual allegations are true, the court must determine whether the complaint states a valid claim for relief. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)(citing *Jenkins v. McKeithen*, 395 U.S. 411, 421-33, 89 S. Ct. 1843, 1848-49 (1969)). A court may dismiss a claim pursuant to 12(b)(6) motion "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegation." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984)(citing *Conley*

---

[3]The Court does not believe that the Supreme Court's decision in *Steel Company v. Citizens for a Better Environment*, 523 U.S. 83, 118 S. Ct. 1003 (1998), changes this result– as CNH Global contends. First, the issue addressed by the Court in that case is Article III standing. *Id.* at 88-89, 118 S. Ct. at 1009. Standing and subject matter jurisdiction are fundamentally distinct issues. *Id.* at 96, 118 S. Ct. at 1013. Second, Justice Scalia begins his opinion for the Court by reiterating the "firmly established" rule set forth *Bell v. Hood.* 523 U.S. at 89, 118 S.Ct. at 1010.

[4]The Court notes that the Group Benefit Plans describe the plan administrator as Case *or*, *inter alia,* a "third party claims administrator or other intermediary selected by [Case] to administer the program of benefits provided under the Plan." *See, e.g.,* Mot. Ex. B Att. 1 ¶ S. Plaintiffs have attached to their Response documents suggesting that CNH Global acts as the third party administrator of Plaintiffs' health care benefits. *See, e.g.,* Resp. Ex. 2 & 5-11. One letter attached to Plaintiffs' Response is from attorneys "assist[ing] the Plan Administrator, CNH Global N.V. (formerly Case Corporation/New Holland North America, Inc.) . . ." *See id.* Ex. 10. Additionally, there is some evidence suggesting that some Plaintiffs were employed by CNH Global. *See, e.g., id.* Ex. 8, 9 & 12.

*v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957)).

As discussed above, Plaintiffs set forth allegations in their amended complaint to support their claims for relief against CNH Global under the LMRA and ERISA.  CNH Global's primary argument to support its 12(b)(6) motion is its argument made in support of its challenge to the complaint under Rule 8(a)– that is, by "lumping" CNH America and CNH Global together, Plaintiffs have not sufficiently alleged facts supporting a claim against CNH Global alone.  For the reasons discussed previously, the Court believes that Plaintiffs have sufficiently informed CNH Global of their claims against it in the amended complaint despite this pleading approach.  The allegations, if true, support a claim for relief under ERISA and/or the LMRA.

### D.   "Case or Controversy" Argument

Article III of the Constitution limits federal court jurisdiction to "cases" and "controversies." U.S. Const. art. III, § 2. CNH Global contends that there is "no case or controversy" between it and Plaintiffs, as CNH Global is not the entity that sent a letter to Plaintiffs on February 11, 2004, informing them that their health care benefits would be terminated or reduced; nor was it the entity that filed suit in the Eastern District of Wisconsin seeking to modify or terminate Plaintiffs' benefits.  *See* Mot. at 14.  At this stage of the litigation, the Court finds that Plaintiffs have alleged sufficient facts to suggest that a "case or controversy" exists between themselves and CNH Global and thus satisfy Article III.  *See Bischoff v. Osceola County*, 222 F.3d 874, 878 (11th Cir. 2000)(explaining in the context of Article III standing that "each element . . . 'must be

supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation.'")

Plaintiffs allege and offer some evidence to show that at least some Class members were employed by CNH Global and that CNH Global controlled the administration of Plaintiffs' health care benefits plan. Plaintiffs further allege that Plaintiffs are entitled to vested lifetime health care benefits pursuant to the relevant CBAs. Finally, Plaintiffs allege that CNH Global has threatened to reduce or terminate Plaintiffs' health care benefits. Even if the communications regarding termination or reduction of Plaintiffs' health care benefits were made by CNH America– and it is not clear that they were made by employees from that entity as opposed to CNH Global– if CNH Global controls the Plan, it may control whether benefits are reduced or terminated.

In conclusion, the Court finds no basis under Rules 8(a), 12(b)(1), or 12(b)(6) to dismiss Plaintiffs' amended complaint against CNH Global. Accordingly,

**IT IS ORDERED**, that CNH Global's Motion to Dismiss the Amended Complaint is **DENIED**.

_____
s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Roger J. McClow, Esq.
Norman C. Ankers, Esq.
Bobby Burchfield, Esq.

11