UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK REESE, FRANCES ELAINE PIDDE,
JAMES CICHANOFSKY, ROGER
MILLER, GEORGE NOWLIN, and
RONALD HITT, on behalf of themselves
and a similarly situated class,

      Plaintiffs,                                Case No. 04-70592

v.                                             Honorable Patrick J. Duggan

CNH AMERICA LLC,

      Defendant.
_____/

**OPINION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO MODIFY CLASS DEFINITION TO EXCLUDE INDIVIDUALS WHO RETIRED ON OR AFTER DECEMBER 1, 2004, OR WHO RETIRE IN THE FUTURE**

At a session of said Court, held in the U.S.
District Courthouse, City of Detroit, County of
Wayne, State of Michigan, on August 31, 2006.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Plaintiffs filed this class action lawsuit on February 18, 2004, pursuant to Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185, and Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a)(1)(B). Plaintiffs seek a declaratory judgment that they and their surviving spouses have a vested

1

right to fully-funded, lifetime health care benefits from Defendant CNH America LLC ("CNH"). Plaintiffs also seek damages and injunctive relief. On March 2, 2005, this Court issued an opinion and order certifying a class. Presently before the Court is CNH's motion to modify the class definition. The Court held a hearing on CNH's motion on August 16, 2006.

On March 2, 2005, the Court certified the following class:

All former bargaining unit employees who retired under the Case Corporation Pension Plan for Hourly Paid Employees on or after July 1, 1994 (other than former employees eligible for or receiving retirement benefits under the deferred vested provisions of the Pension Plan and former employees hired after May 18, 1998) and all surviving spouses of those former bargaining unit employees.

Prior to the Court's certification of the above class, the Collective Bargaining Agreement ("CBA") previously in effect between the UAW and CNH had expired. Thereafter, on November 23, 2004, CNH unilaterally implemented changes to the terms and conditions of employment for its hourly work force, including reduced health care benefits for active employees and for employees who retired thereafter. CNH, however, did not apply these changes to employees who retired on or before November 1, 2004.

On March 21, 2005, the UAW and CNH reached an agreement on the terms of a new CBA ("2005 CBA"). As relevant to the pending motion, the 2005 CBA requires employees who retire on or after December 1, 2004, to contribute toward the costs of their medical plan according to an established schedule. *See* Def.'s Mot. Ex. A at CNHA053617. Arguing that the plain language of the 2005 CBA precludes individuals

2

retiring on or after December 1, 2004, from claiming a vested right to fully-funded health care benefits, CNH contends that the current class is overbroad and therefore should be modified to exclude those individuals.  CNH contends that the claims of the named plaintiffs, who retired prior to the expiration of the preceding CBA ("1998 CBA"), are not typical of those individuals retiring on or after December 1, 2004, and thus the named plaintiffs cannot adequately represent any post-December 1, 2004 retirees.

As indicated in *International Union UAW Local 91 v. Park-Ohio Industries, Inc.*, a Sixth Circuit opinion cited by CNH in its reply brief, the level of benefits retirees are eligible to receive depends upon the intent of the parties.  Nos. 88-3145, 88-3147, 1989 WL 63871, at *4 (6th Cir. June 15, 1989)(unpublished opinion).  In other words, whether the parties to a CBA provided for fully-funded, lifetime health insurance benefits for retirees that vest upon retirement or upon eligibility for retirement, if at all, depends on the parties' intent.  Thus in the present case, until the Court evaluates the language of the relevant CBAs, it cannot determine whether the claims of the named Plaintiffs, who retired before December 1, 2004, are the same or different than individuals who were eligible to retire but did not retire before that date.  If, for example, the language of the 1998 CBA demonstrates that the parties intended for health insurance benefits for retirees to vest upon an employee's eligibility for retirement, the current class is not overbroad.[1]

---

[1]Although as Plaintiffs appear to concede, the current class is overbroad to the extent it encompasses individuals who only became eligible for retirement on or after November 1, 2004.  *See* First Am. Compl. ¶ 13.  In their First Amended Complaint, filed May 6, 2005, Plaintiffs define a class different than the class the Court already certified, in that the

However, if it is demonstrated the parties only intended for health insurance benefits to vest upon an employee's actual retirement, a sub-class may need to be created at that time.[2]

As the Court previously indicated in response to CNH's identification of differences between the named Plaintiffs and those individuals they sought to represent, the commonality requirement "simply requires *a* common question of law or fact." *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 884 (6th Cir. 1997)(citation omitted)(emphasis in original). "'The interests and claims of the various plaintiffs need not be identical. Rather, the commonality test is met when there is at least one issue whose resolution will affect all or a significant number of the putative class members.'" *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 422 (6th Cir. 1998)(quoting *Forbush v. J.C. Penney Co.*, 994 F.2d 1101, 1106 (5th Cir. 1993)). Similarly, typicality requires the representative to be a member of the class and share at least a common element of fact or law with the class. *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 525 (6th Cir. 1976).

The Court concluded in its March 2, 2005 Opinion and Order that the commonality and typicality requirements were satisfied, reasoning:

> The named representatives, like the proposed class members, claim that CNH is wrongfully threatening to modify the level

---

proposed class excludes individuals eligible to retire after November 1, 2004. *See id.*

[2]And obviously, the Court could conclude that the parties did not intend to provide vested health insurance benefits for any retirees, regardless of when they retired or became eligible for retirement.

> of health insurance benefits to which they allegedly are
> entitled under the Case Pension Plan for Hourly Paid Retirees.
> This claim is universally based on the same legal theory– that
> the relevant agreements provide retirees and surviving
> spouses of retirees fully-funded, lifetime health care benefits.

3/2/05 Op. and Order at 8-9. The Court does not reach a different conclusion based on the 2005 CBA. The named representatives and the current class members– including those who retired on or after December 1, 2004, claim that they are entitled to fully-funded, lifetime retiree health insurance benefits.[3] Whether any individual in fact is entitled to such benefits will depend upon the language of the relevant CBAs, including the 2005 CBA.[4] If the Court finds, after determining the intent of the parties, that individuals included in the current class definition are entitled to different benefits, the Court can redefine the class and/or create sub-classes at that time.

Accordingly,

**IT IS ORDERED**, that Defendant's Motion to Modify Class Definition to Exclude Individuals Who Retired on or After December 1, 2004, or Who Retire in the

---

[3] For that reason, the Court disagrees with CNH that the named Plaintiffs lack standing to represent individuals or surviving spouses of individuals who retired on or after December 1, 2004.

[4] Contrary to CNH's assertion, the Court cannot conclude at this time that the language of the 2005 CBA necessarily applies to every individual retiring after December 1, 2004. It appears to the Court that if an individual became eligible to retire during the pendency of a prior CBA but only retired after December 1, 2004, and if the language of the prior CBA reflects the parties' intent that retiree benefits vest upon eligibility for retirement, that individual is entitled to the level of retiree benefits set forth in the earlier CBA regardless of subsequent changes agreed to by the UAW and CNH.

Future is **DENIED**.

                          s/PATRICK J. DUGGAN
                          UNITED STATES DISTRICT JUDGE

Copies to:
Roger J. McClow, Esq.
Norman C. Ankers, Esq.
Bobby Burchfield, Esq.