UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK REESE, FRANCES ELAINE PIDDE,
JAMES CICHANOFSKY, ROGER
MILLER, GEORGE NOWLIN, and
RONALD HITT, on behalf of themselves
and a similarly situated class,

    Plaintiffs,                                    Case No. 04-70592

v.                                                       Honorable Patrick J. Duggan

CNH GLOBAL N.V. and
CNH AMERICA LLC,

    Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANT CNH AMERICA LLC'S
MOTION TO STRIKE PLAINTIFFS' DEMAND FOR A JURY TRIAL**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on August 29, 2007.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Plaintiffs filed this lawsuit on February 18, 2004, pursuant to Section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185, and Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). Plaintiffs, on behalf of themselves and a Class of similarly situated persons, seek a declaratory judgment that they and their surviving spouses have a vested right to lifetime health care benefits from Defendants CNH America LLC ("CNH") and

CNH Global N.V. ("CNH Global"). Plaintiffs also seek damages and injunctive relief. In their complaint, Plaintiffs include a demand for a jury trial. Presently before the Court is CNH's motion to strike Plaintiffs' jury demand. CNH Global joins in the motion. (CNH's Mot. at 1.) The motion is fully briefed and, on June 13, 2007, the Court held a motion hearing.

CNH argues in its motion that, pursuant to established Sixth Circuit precedent, there is no right to a trial by jury on Plaintiffs' ERISA and LMRA claims. Plaintiffs respond that the United States Supreme Court's decision in *Great-West Life & Annuity Co. v. Knudson*, 534 U.S. 204, 122 S. Ct. 708 (2002), "entirely and unmistakably eviscerated" the rationale of the Sixth Circuit precedent on which CNH relies. (Pls.' Resp. Br. at 1.) According to Plaintiffs, the *Knudson* Court's reasoning demonstrates that their present action, seeking a declaration that Defendants are obligated to pay a sum of money to maintain Plaintiffs' retiree health insurance benefits, is an action at law. Plaintiffs further argue that they are seeking money damages to compensate certain members of the current Class for the amounts those Class members have paid to maintain their health insurance coverage and that they are entitled to a jury trial with respect to this claim for relief.

The Sixth Circuit's decisions in *Golden v. Kelsey-Hayes Co.*, 73 F.3d 648 (6th Cir. 1996), and *Bittinger v. Tecumseh Products Company*, 123 F.3d 877 (6th Cir. 1997), control the outcome of CNH's motion. In *Golden* and *Bittinger*, the plaintiffs filed ERISA and LMRA claims in response to the defendants' modification of their retiree

2

health insurance benefits. In *Golden*, as here, the plaintiffs requested the following relief: (1) a declaratory judgment that the defendants are contractually obligated to provide class members and eligible dependents with the described negotiated health care benefits; (2) preliminary and permanent injunctive relief requiring the defendants to reinstate the negotiated health care benefits; and (3) a judgment against defendants in an amount of damages equal to all costs and expenses sustained by class members and eligible dependents as a result of the defendants' refusal to provide the negotiated health care benefits. 73 F.3d at 660. The Sixth Circuit concluded that this type of relief is equitable in nature and, therefore, the plaintiffs were not entitled to a jury trial. *Id*. at 659-63. The *Bittinger* court determined that the nature of the relief requested in the case before it resembled the relief requested in *Golden* and, therefore, also concluded that the plaintiffs were not entitled to a jury trial. 123 F.3d at 883.

The Supreme Court's decision in *Knudson* does not affect the binding impact of *Bittinger* and *Golden* on the Court's resolution of CNH's pending motion. The Court in *Knudson* did not address whether the plaintiff had a Seventh Amendment right to a jury trial. The issue in *Knudson* was whether a suit to seek specific performance of a reimbursement provision in an ERISA plan and to compel the plan beneficiary who had recovered from a third-party to make restitution to the plan constituted a suit in equity or at law. Moreover, the ERISA provision the *Knudson* Court evaluated was Section 502(a)(3) of ERISA, not Section 501(a)(1)(B) which is the basis for Plaintiffs' ERISA claim. Thus this Court does not conclude that *Knudson* overturned Sixth Circuit

3

precedent holding that the plaintiffs in an ERISA and LMRA action claiming relief that is indistinguishable from the present matter are not entitled to a jury trial.

Accordingly,

**IT IS ORDERED**, that CNH's motion to strike, to which CNH Global joins, is **GRANTED**;

**IT IS FURTHER ORDERED**, that Plaintiffs' demand for a jury trial is **STRICKEN**.

                                            s/PATRICK J. DUGGAN
                                            UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record