UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK REESE, FRANCES ELAINE PIDDE,
JAMES CICHANOFSKY, ROGER
MILLER, GEORGE NOWLIN, and
RONALD HITT, on behalf of themselves
and a similarly situated class,

      Plaintiffs,                                         Case No. 04-70592

v.                                                              Honorable Patrick J. Duggan

CNH GLOBAL N.V. and
CNH AMERICA LLC,

      Defendants.
_____/

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on October 24, 2007.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

On August 29, 2007, this Court issued a series of opinions and orders resolving– at least it believed– various motions filed by the parties, including Defendant CNH America LLC's motion for modification of the class definition to exclude individuals who retired on July 1, 1994. Presently before the Court is Defendants' "Motion for Clarification of the Court's August 29, 2007 Class Definition," filed September 6, 2007.

In their motion, Defendants seek to "clarify" whether individuals who retired on or

after December 1, 2004, or surviving spouses of those individuals, are included in the Class definition. Defendants contend that they have twice briefed and orally argued that these individuals do not belong in the Class because they are not entitled to vested, lifetime retiree health insurance benefits; but that in issuing its August 29, 2007 decisions, the Court "may not have considered Defendants' argument on class definition." (Defs.' Mot. at 1.)  Plaintiffs respond that Defendants did not seek to redefine the Class to exclude these individuals in any of the motions that the Court resolved on August 29, 2007.  Plaintiffs therefore contend that there is nothing to clarify in the Court's opinions and orders with respect to this issue.

Plaintiffs are correct that, at least in the motions that the Court decided on August 29, Defendants did not move to redefine the Class to exclude individuals who retired on or after December 1, 2004, or surviving spouses of those retirees.  Nevertheless, CNH America LLC ("CNH") did argue in one of its motions that those individuals are not entitled to vested lifetime retiree health insurance benefits for reasons different from pre-December 1, 2004 retirees.  Specifically, CNH argued in its motion for summary judgment: "Plaintiffs cannot sustain a claim that benefits provided under the 2005 Plan were vested, lifetime, free benefits, and summary judgment for CNH America as to class members who retired on or after December 1, 2004, is appropriate."  (CNH's Br. in Support of Mot. S.J. (Doc. 125) at 16.)  Additionally, at the June 13, 2007 hearing on the parties' motions, CNH's counsel stated: ". . . there is still a lingering dispute about some class members who retired [on or] after December 1, 2004" and he argued that these

2

individuals "should be taken out of the [C]lass." (Doc. 215 at 21-22.)

Rather than raising the issue in a single paragraph in a motion for summary judgment which addressed the claims of the entire Class, Defendants perhaps should have raised the issue in a motion to modify the Class– as they presented the issue of July 1, 1994 retirees. Had they done so, the Court would not have "overlooked" the issue. Nevertheless– and despite the fact that Defendants are not really seeking clarification as the Court cannot clarify a ruling that it did not make– the Court believes that Defendants are entitled to a decision on an issue that they did raise. As Plaintiffs acknowledge, the Court has "the inherent right to revisit its interlocutory orders at any time prior to the entry of a final decree." (Pls.' Resp. Br. at 6); *see also Cliff v. Hyman Lippitt, P.C.*, No. 05-72221, 2006 WL 901665, at *1 (E.D. Mich. Apr. 3, 2006) (unpublished op.) (citing *Police Officers for Equal Rights v. City of Columbus*, 916 F.2d 1092, 1097 (6th Cir. 1990)).

The parties already have filed too many pleadings in this case. Before resolving the issue raised in Defendants' pending motion, however, the Court believes that it needs to be more fully briefed by both parties. As indicated above, CNH only discussed the issue in a brief paragraph in its motion for summary judgment. In response to Defendants' pending motion, Plaintiffs do not respond to the merits of the issue raised therein and they did not address the issue in any of the pleadings dealing with the issues resolved on August 29, 2007. While the issue was briefed to some degree with respect to Defendants' June 16, 2006 motion to modify the Class definition, the focus on the parties'

3

pleadings at that time was the ability of the named Plaintiffs to adequately represent individuals who retired on or before December 1, 2004.[1] The Court believes that Plaintiffs should have a full opportunity to respond to the issue. Moreover, the Court needs Defendants to clarify whether they are seeking summary judgment with respect to the on or after December 1, 2004 retirees (as indicated in CNH's motion for summary judgment) or whether they are seeking to modify the Class to exclude these individuals from the rulings in this lawsuit (as they indicate in their motion for clarification).

The Court therefore directs Defendants to file, within fourteen (14) days of this Opinion and Order, a motion that specifically addresses the issue they wish the Court to resolve. Plaintiffs may file a response to the motion within fourteen (14) days of Defendants' filing. Defendants thereafter have seven (7) days to file a reply. In the meantime, the Court will schedule a status conference, as Plaintiffs suggest, to discuss the

---

[1] On June 16, 2006, Defendants filed a motion to modify the Class definition to exclude individuals who retired on or after December 1, 2004. (Doc. 100.) The Court denied the motion without prejudice on August 31, 2006. In support of their motion, Defendants focused on whether the claims of individuals who retired on or after December 1, 2004, were typical of the claims of the named Plaintiffs– who retired before that date– and whether the named Plaintiffs could adequately represent those individuals' interests. Plaintiffs responded to those arguments, not to whether the relevant collective bargaining agreements determined an employee's right to vested benefits based on eligibility for retirement or actual retirement.

most efficient procedure to resolve the only other remaining issue in this lawsuit: CNH Global's liability.

**SO ORDERED**.

                                                     s/PATRICK J. DUGGAN
                                                   UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record