UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK REESE, FRANCES ELAINE PIDDE,
JAMES CICHANOFSKY, ROGER MILLER,
GEORGE NOWLIN and RONALD HITT, on      Hon. Patrick J. Duggan
behalf of themselves and
a similarly situated class,     Case No. 04-70592

    Plaintiffs,

v.     **Class Action**

CNH GLOBAL N.V., formerly
known as Case Corporation,
and CNH AMERICA LLC,

    Defendants.

_____/

| | |
|---|---|
| Roger J. McClow (P27170) | Norman C. Ankers (P30533) |
| KLIMIST, McKNIGHT, SALE, | HONIGMAN MILLER |
| McCLOW & CANZANO, P.C. | SCHWARTZ AND COHN LLP |
| Attorneys for Plaintiffs | Attorneys for Defendants |
| 400 Galleria Officentre, Suite 117 | 2290 First National Building |
| Southfield, MI 48034 | 660 Woodward Avenue |
| (248) 354-9650 | Detroit, MI 48226 |
| | (313) 465-7000 |
| | |
| | Bobby R. Burchfield, Esq. |
| | McDERMOTT WILL & EMERY |
| | Attorneys for Defendants |
| | 600 Thirteenth Street, N.W. |
| | Washington, D.C. 20005 |
| | (202) 756-8000 |

_____/

## PLAINTIFFS' SECOND MOTION FOR ATTORNEY FEES

Plaintiffs' counsel, Klimist, McKnight, Sale, McClow & Canzano, P.C., move for an award of additional and increased attorneys' fees pursuant to the Employee Retirement Income Security Act, 29 U.S.C. §1132 (g)(1): for 1) services performed since the initial amended attorney fee motion was submitted in late March 2008; and 2) for an upward adjustment of the initial Award to compensate Plaintiffs' counsel for the three-year delay in obtaining a final fee award. In support, Plaintiffs' counsel states:

1. On August 29, 2007, this Court entered summary judgment in favor of Plaintiffs. (R. 214).

2. On February 15, 2008, this Court entered a Final Judgment. (R. 227).

3. On March 28, 2008, Plaintiffs submitted an Amended Motion for Attorney Fees, based on attorney services rendered and costs incurred through February 28, 2008. (R. 236).

4. On June 20, 2008, the Court entered an Order granting Plaintiffs' amended motion for attorney fees in the amount of $1,426,948.75 plus $55,430.09 in costs. (R. 242).

5. On July 27, 2009, the Sixth Circuit issued its opinion affirming in part, reversing and remanding for further proceedings. *Reese v. CNH America LLC*, 574 F.3d 315 (6th Cir. 2009). Based on its decision on the merits, the panel vacated the attorney fee award and remanded the matter for this Court "to decide what award is appropriate in the context of its final decision." 574 F.3d at 328.

6. On March 3, 2011, this Court entered its Order and Opinion granting Plaintiffs' motions for summary judgment and reinstating its June 20, 2008 Award. (R. 304).

7. On May 10, 2011, the Court entered its Final Judgment, stating in part: "For the reasons set forth in an Opinion and Order issued on March 3, 2011 (R. 304), this Court reinstates the attorney fee award it entered on June 20, 2008." (R. 315).

8. In the three years since Plaintiffs submitted their first request for attorney fees on March 28, 2008, Plaintiffs' counsel has spent the following additional hours prosecuting the appeal and litigating the issues presented on remand: lead counsel Roger J. McClow, 877.25 hours; senior partner Samuel C. McKnight, 41.75 hours; partner John Canzano 6.25; associates Patrick Rorai and Meagan Dolleris 31.00 hours. During that time period, Plaintiffs have also incurred an additional **$21,328.73** in expenses. The additional attorney fees and expenses are set forth in detail in Exhibit A and Exhibit B to the Affidavit of Roger J. McClow, which is attached as Exhibit 1 to this Motion.

9. In the intervening years since this Court entered the initial fee award, district courts within this District have approved attorney fees, in retiree health care class actions, at rates of $475 per hour for lead counsel and senior partners; $370 to $390 for junior partners; and $230.00 for first year associates.

10. At the rates set forth in the preceding paragraph, Plaintiffs' attorney fees for the additional time spent representing the Class in this litigation since then would be $416,812.50 for lead counsel Roger J. McClow; $19,831.25 for senior partner Samuel C. McKnight; $ 2,312.50 for John R. Canzano(at $370.00 per hour) and $7,130.00 for associates Patrick Rorai and Meagan Dolleris, for a total of **$446,086.25**.

11. Given the passage of three years since their initial request, and the corresponding delay in the payment of attorney fees, Plaintiffs also request that this Court to adjust its June 20, 2008 Award upward using the hourly rates of $475 for lead counsel Roger J. McClow and Samuel C. McKnight; $370 per hour for partners David Radtke, Judy Sale and Lisa Smith; $230.00 per hour for associate Kim A Saks; and $125 per hour for paralegals and law clerks. As explained in the Brief, this would result in approximately a 19% upward adjustment of the initial award, or from to **$1,701,048.70**.

12. This motion is supported by the Affidavits of Roger J. McClow and the attached Brief.

WHEREFORE, Plaintiffs respectfully requests that this Honorable Court grant their second motion for attorney's fees and award the following fees and costs: 1) **$1,701,048.70** as attorney fees for hours awarded in the Court's June 20, 2008 Order, upwardly adjusted from the initial award of $1,426,948.75 to reflect current hourly rates; 2) **$55,430.09** in costs from the initial award; 3) **$446,086.25** in additional attorney fees for services performed on appeal and on remand (through May 24, 2011); and 4) **$21,328.73** in costs incurred since the initial award, for a total of **$2,223,893.60.**

        Respectfully Submitted,

        KLIMIST, McKNIGHT, SALE,
        McCLOW & CANZANO, P.C.

        By: /s/ Roger J. McClow
        Roger J. McClow (P27170)
        Attorneys for Plaintiffs
        400 Galleria Officentre, Suite 117
        Southfield, MI 48034
        (248) 354-9650     Fax: (248) 354-9650
        Email: rmcclow@kmsmc.com

Dated: May 24, 2011

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK REESE, FRANCES ELAINE PIDDE,
JAMES CICHANOFSKY, ROGER MILLER,
GEORGE NOWLIN and RONALD HITT, on                   Hon. Patrick J. Duggan
behalf of themselves and
a similarly situated class,                          Case No. 04-70592

    Plaintiffs,

v.                                                   **Class Action**

CNH GLOBAL N.V., formerly
known as Case Corporation,
and CNH AMERICA LLC,

    Defendants.

_____/

| | |
|---|---|
| Roger J. McClow (P27170) | Norman C. Ankers (P30533) |
| KLIMIST, McKNIGHT, SALE, | HONIGMAN MILLER |
| McCLOW & CANZANO, P.C. | SCHWARTZ AND COHN LLP |
| Attorneys for Plaintiffs Reese, et al. | Attorneys for Defendants |
| 400 Galleria Officentre, Suite 117 | 2290 First National Building |
| Southfield, MI 48034 | 660 Woodward Avenue |
| (248) 354-9650 | Detroit, MI 48226 |
| | (313) 465-7000 |
| | |
| | Bobby R. Burchfield, Esq. |
| | McDERMOTT WILL & EMERY |
| | Attorneys for Defendants |
| | 600 Thirteenth Street, N.W. |
| | Washington, D.C. 20005 |
| | (202) 756-8000 |

_____/

**BRIEF IN SUPPORT OF SECOND MOTION
FOR ATTORNEY FEES**

## ISSUES PRESENTED

1. **Are Plaintiffs Entitled to Attorney Fees and Costs For the Additional Work Performed On Appeal and On Remand?**

2. **Are Plaintiffs Entitled to An Upward Adjustment in the Attorney Fees Initially Awarded by This Court Based on Hourly Rates Currently Awarded in Similar Litigation?**

## MOST RELEVANT CASES

**Issue 1**

*UAW v. Loral Corp.*, 107 F.3d 11, 1997 WL 49077 (6th Cir. 1997*)*

*Wells* v. *U.S. Steel Co.*, 76 F.3d 731 (6th Cir. 1996)

*Smith v. Detroit Board of Education*, 728 F.2d 359 (6th Cir. 1984)

*O'Bryan v. County of Saginaw*, 722 F.2d 313 (6th Cir. 1983)

**Issue 2**

*Missouri v. Jenkins*, 491 U.S. 274, 109 S. Ct. 2463 (1989)

*Barnes v. Cincinnati*, 401 F.3d 729 (6th Cir. 2005)

## I.   INTRODUCTION

In its March 3, 2011 Order and in its May 10, 2011 Judgment, this Court has reinstated its attorney fee award of June 20, 2008. In this motion, Plaintiffs ask this Court to: 1) award them attorney fees and costs relating to services rendered since their initial fee request was submitted in February 2008; and 2) upwardly adjust the June 20, 2008 award by applying the current hourly attorney fee rates to compensate Plaintiffs for the delay in receiving attorney fees and expenses.

## II.   LEGAL STANDARD

In its June 20, 2008 decision, this Court cited *Secretary of Labor* v. *King,* 775 F.2d 666, 669 (6th Cir. 1985), as setting forth the factors courts use to determine whether to award attorney fees under ERISA:

> (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions.

Citing *Wells* v. *U.S. Steel*, 76 F.3d 731, 736 (6th Cir. 1996), this Court noted that "[n]o single factor is determinative." (R. 242 at 4).

Later in its opinion, this Court quoted from *UAW v. Loral Corp.*, 107 F.3d 11, 1997 WL 49077, slip opinion at *4 (6th Cir. 1997)(copy attached), where the Sixth Circuit affirmed an award of attorney fees in a retiree health care action. In *Loral*, the Sixth Circuit emphasized the "peculiar vulnerability of retired employees" and noted that the only recourse retired employees have against a former employer who breaches its promise to provide health care benefits is litigation and litigation "takes time and money and retirees may have little of either." (R. 242 at 6).

## III.   THE SIXTH CIRCUIT'S DECISION

The Sixth Circuit rejected CNH's challenges to the attorney fee award, focusing on CNH's argument that the ERISA fee-shifting statute did not apply. 574 F.3d at 328. After having done so,

the panel addressed an issue CNH had not raised on appeal -- whether Plaintiffs' health care benefits, while vested, could be altered in the future. According to the panel, "because it remains to be seen how the court will handle the merits issues on remand, we vacate the fee award and will allow the district court to decide in the first instance *what* award is appropriate in the context of its final decision." *Id*. (emphasis added). The panel left that decision on the appropriate award to the "sound discretion of the district court." *Id*.

## IV.     PLAINTIFFS ARE ENTITLED TO ADDITIONAL ATTORNEY FEES

Because this Court has exercised its discretion and reinstated the initial award based on its decision on the merits, the issue here is not whether Plaintiffs are entitled to attorney fees. Instead, the issues are: 1) whether the hourly rate approved in this Court's June 20, 2008 Order should be adjusted upward to reflect the current hourly rates for similar services; and 2) whether Plaintiffs are entitled to attorney fees for the work done in successfully defending this Court's judgment before the Sixth Circuit and on remand. Plaintiffs will address the latter issue first.

Plaintiffs are entitled to an additional award of fees and costs for the time spent in defending and preserving their initial victory for the same reasons they were entitled to a fee in the first place. Plaintiffs have prevailed before the Sixth Circuit on the issue of vesting. On remand, Plaintiffs' have successfully preserved all of the relief they initially sought.

Plaintiffs must direct their request for attorney fees incurred on appeal to this Court. The Sixth Circuit has consistently held that a request for attorney fees for time spent on an appeal must be made, in the first instance, to the district court that presided over the case prior to appeal. *Smith v. Detroit Board of Education*, 728 F.2d 359, 359-60 (6th Cir. 1984); *O'Bryan v. County of Saginaw*, 722 F.2d 313, 314-15 (6th Cir. 1983); *Posner v. The Showroom, Inc.*, 762 F.2d 1010, 1985 WL 13108 *2 (6th Cir. 1985). (unreported decision); *Trustees of Painters Fund v. Interior/Exterior*

*Specialists, Co.*, 2011 WL 204750 (E.D. Mich., Jan. 21, 2011)(ERISA collection action); *See also Knickerbocker v. Ovako-Ajax, Inc.*, 187 F.3d 636, 1999 WL 551409 *5 (6th Cir. 1999)(ERISA)(unreported decision). Of course, under ERISA, this Court has continued discretion to award Plaintiffs fees and costs incurred in obtaining the Judgment in their favor on remand.

Because Plaintiffs were awarded attorney fees for their efforts in *obtaining* the initial Judgment, they should be awarded attorney fees and costs for their efforts *preserving* that Judgment. For this reason, Plaintiffs will only briefly address the individual factors which this Court has already concluded support an award of attorney fees and costs.

### A.  CULPABILITY OR BAD FAITH

In its initial decision, this Court cited *Loral*, 1997 WL 49077 at *4, for the proposition that a finding of bad faith is not a necessary prerequisite to an award of attorney fees. *Accord Pikulas v. DaimlerChrysler*, 397 F. Supp. 883, 894 (E.D. Mich. 2005); *Douglas v. Evans Industries, Inc.*, 184 F. Supp.2d 636 640 (E.D. Mich. 2001). If it were, ERISA's fee shifting provision would be meaningless because courts always have inherent authority to sanction bad faith conduct. *Red Carpet Studios v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006); *Sullivan v. William A. Randolph, Inc.*, 505 F.3d 665, 671 (7th Cir. 2007) (bad faith factor "owes nothing to fee-shifting provision of ERISA").

On appeal, CNH challenged this Court's attorney fee decision on the basis that "Defendants' absence of bad faith and commendable conduct toward Plaintiffs weigh against an award of attorney fees." (CNH Appeal Brief in Case No. 08-1912, December 12, 2008 at 20-24). The Sixth Circuit Sixth Circuit implicitly rejected CNH's challenge on this ground by not commenting on it.

On remand, CNH's conduct has reflected on its continued culpability. For example, CNH persistently asserted that the Sixth Circuit had found, as a matter of fact and law, that the vested

3

benefits of Plaintiffs could be *unilaterally* modified.  CNH made this argument *despite* the context of CNH's appeal (from summary judgment for Plaintiffs when all facts are construed most favorably to the losing party); settled law that fact finding is the province of *district* courts; and Judge Sutton's concurrence expressly *disclaiming* any such intention on the part of the panel in a decision *he wrote*. (*See* R. 304, March 3, 2011 Opinion and Order at 14-15).

As another example, CNH submitted the declaration of Scott Macey, CNH's self-styled (but never qualified) "expert," to support its motion for approval of changes to Plaintiffs' health care benefits. (R. 271, Ex. 1).  In his declaration, Mr. Macey stated, on the one hand, that the 1998 Network Plan represented a *reduced* value to Plaintiffs. (Macey Declaration at ¶9).  Seven pages later in his Declaration, Mr. Macey declared that the 1998 Network Plan as far too generous compared to plans offered by other employers, because, under the 1998 Network Plan, CNH paid *100%* of the premium costs and *98%* of the benefit costs. (*Id.* at ¶27.c) (*See* discussion at R. 278, Plaintiffs' Response to CNH Motion, at 3-5).

CNH submitted Mr. Macey's declaration in an attempt to prevail as a matter of law.  CNH knew or would have known with the slightest investigation that Mr. Macey's declaration contained numerous other statements that were demonstrably untrue. (*See* R. 278, Plaintiffs' response at 15-20).  CNH submitted the declaration anyway.[1]  While this Court did not examine or discuss Mr. Macey's Declaration (having determined, based on the actual facts, that the 1998 Network Plan had *improved* Plaintiffs' benefits), Plaintiffs had to address CNH's motion and Mr. Macey's declaration.

---

[1]This is not the first time CNH has submitted declarations containing statements contrary to record facts.  In *Yolton*, for example, CNH submitted the Declaration of Richard Christman, its former Senior Vice President, on the issue of whether post-IPO Case Corporation and post-IPO Caese were the same legal entity.  After analyzing his Declaration statements at length, this Court concluded that "the evidence (including Mr. Christman's testimony during his deposition) contradicts the representations in Mr. Christman's declaration on which CNH relies to show a difference in the operation of Old and New Case." (*See Yolton*, R. 379, Opinion and Order Denying CNH America LLC's Motion for Summary Judgment at 15-18).

As another example, CNH tried to convince this Court to approve its proposed changes to retiree health care benefits by asserting that Plaintiffs "will receive substantially the same (if not identical) health care benefits under the 2005 Group Benefit Plan;" and that "the specific benefits provided under both plans are remarkably similar . . . . Both plans provide prescription drug coverage." (R. 271, CNH Brief in support of motion at 12). Neither statement was true. CNH's proposed changes *included the elimination of prescription drug benefits for Class Members over age 65*, a change that would result in a savings to *CNH* of *76.8%* for Medicare-eligible Class Members. (*See* R. 278, Plaintiffs' response, at 7-11).

As another example, this Court concluded that the only evidence that CNH cited to support one of its main arguments, that "the UAW had rebelled" against managed care, actually supported the opposite proposition. (R.304, Opinion at 18-19).

As another example, CNH's argument that the 1998 negotiations resulted in a reduction of benefits directly conflicted with CNH's contemporaneous characterization of those negotiations as providing "Important Improvements" for employees and retirees. (*Id*. at 20).

As in the past, CNH has demonstrated a marked lack of candor with this Court. This Court has always been able to separate the wheat from the chaff but CNH's conduct has imposed unnecessary burdens on both the Court and Plaintiffs' counsel.

Regardless of whether CNH's course of conduct during the litigation constitutes evidence of culpability or bad faith, CNH's conduct unnecessarily required Plaintiffs to expend an inordinate amount of time addressing these issues. CNH must be required to compensate Plaintiffs' attorneys for their effort. As the Sixth Circuit stated in *Wells v. United States Steel*, *supra*, at 736-37:

> the amount of these fees is directly related to the many meritless positions the Fund has taken since 1986. Failure to affirm the award of fees may cause fewer Plaintiffs to join suits of this sort and encourage funds to take unrealistic positions to prolong litigation.

5

CNH must be deterred from the kind of litigation it practiced here. Plaintiffs' counsel must be compensated for their efforts in responding to CNH's conduct and in defending this Court's original Judgment through the appeal and on remand. An award of additional attorney fees is necessary for both purposes.

### B.   ABILITY TO SATISFY AN ATTORNEY'S FEE AWARD

According to a recent Form 6-K filing, CNH Global N.V. revenue increased 17%, to $3.8 billion, and profits increased 71%, to $246 million, for first quarter 2011. (Exhibit 2). There is no question that CNH, a multibillion dollar corporation, can afford an additional award of attorney fees.

### C.   THE DETERRENT EFFECT

An award of attorney's fees in a case like this is an important deterrent because it is, in effect, the *only* deterrent that a district court can employ. Absent an attorney fee award, the *worst* that could happen under ERISA to an employer who violates its contractual obligations to provide benefits is that the employer may have to restore and maintain benefits that it promised to provide in the first place. In *Allinder v. Inter-City Products Corp.*, 152 F.3d 544, 553 (6th Cir. 1998), the sixth circuit noted that ERISA "provides infertile soil for employee to cultivate a meaningful remedy for anything beyond the recovery of basic benefits." The *only* effective deterrence on other employers contemplating reducing or terminating employee benefits are decisions awarding attorney fees to ERISA plan participants.

As the Sixth Circuit noted in *Wells v. United States Steel*, *supra*, given the disproportionate balance of economic power, failure to award attorneys' fees to Plaintiffs' counsel would have a deterrent effect on *retirees* in the future. The failure of Plaintiffs to obtain an award of attorney fees here would make it far less likely that other retirees in the same position could find competent counsel to vindicate their rights.

Certainly, no small group of retirees could possibly finance the *costs* involved in complex, aggressively litigated cases like this, much less the attorney fees. And, even though retiree health care benefits are expensive, no retiree or small group of class representatives could risk their life savings to seek redress from an employer's breach of its contractual obligations. Absent a reasonable likelihood of an award of attorney fees and costs, competent attorneys would, by economic necessity, decline to represent retirees in the speculative hope of obtaining attorney fees

In any case, CNH challenged this Court's initial ruling on this factor in its December 12, 2008 appellate brief. (Appeal Brief at 22-23). The Sixth Circuit did not consider this challenge of sufficient weight to discuss it in its decision. 574 F.3d at 328. Instead, it vacated the award based on its view of the merits so this Court could determine "what award is appropriate in the context of its final decision." *Id*.

### D.   COMMON BENEFIT

There can be no question that Plaintiffs conferred a common benefit on the entire class. On appeal, Plaintiffs preserved this Court's decision that the benefits had vested. On remand, they preserved the full level of benefits they had upon retirement when this Court granted their motion for summary judgment for a second time.

### E.   RELATIVE MERITS

Plaintiffs have prevailed on all of the dispositive issues – that retirees have vested benefits (on appeal) and that the level of those benefits cannot be changed unilaterally by CNH (on remand). Plaintiffs also prevailed on defending against CNH's three remand motions and on Plaintiffs' separate motion for summary judgment on the East Moline plant closing agreement. This factor further supports an award of additional attorney fees.

**V.      PLAINTIFFS ARE ENTITLED TO AN AWARD AT CURRENT HOURLY RATES**

In its June 20, 2008 award, this Court accepted the hourly rate of $400.00 per hour suggested by Plaintiffs, a rate CNH did not challenge. (R.242 at 8). During the intervening three-year delay occasioned by CNH's appeal and the proceedings on remand, courts in this District have approved increased hourly rates as the basis for attorney fee awards for plaintiffs' counsel in retiree health care class actions.

For example, on July 31, 2008, in the *UAW v. General Motors Corp.* retiree health care litigation, the district court approved an hourly rate of $475.00 per hour for lead class counsel. (Ex. 3). Courts in this District have also approved an hourly rate of $475 for lead class counsel in retiree health care litigation in *UAW v. Chrysler LLC* on May 16, 2008; in *UAW v. Ford Motor Co.* on July 7, 2008, and in *Leonhardt v. ArvinMeritor, Inc.* on October 10, 2008. (Exs. 4, 5 and 6 respectively).

Judicially approved rates for junior partners, associates and paralegals have increased as well. In the July 31, 2008 *General Motors* attorney fee award, for example, the court approved $425.00 an hour for junior partners; $370 to $390.00 an hour for senior associates; $230.00 an hour for first year associates and $125.00 an hour for law clerks and paralegals. (Ex. 3).

In *Missouri v. Jenkins*, 491 U.S. 274, 109 S. Ct. 2463 (1989), the Supreme Court approved the use of the *current* hourly rates for calculating attorney fees in a complex civil rights case. Noting that such litigation may take several years, the Court stated that an adjustment in the hourly rate to compensate counsel for the delay in payment is within the contemplation of the attorney fee statute. *Accord Barnes v. Cincinnati*, 401 F.3d 729, 745 (6th Cir. 2005).

Courts in this District have been awarding hourly rates of $475 per hour for lead counsel for the last three years or, in other words, since shortly after Plaintiffs submitted their first fee petition in early 2008. These cases, *General Motors*, *Chrysler*, *Ford* and *ArvinMeritor*, were no more

difficult or complex than the litigation conducted before this Court for the past seven years. Given the delay here, an upwardly adjusted award based on hourly rates approved as reasonable in the interim in several similar cases is entirely appropriate. And, given the three-year delay occasioned by CNH's appeal of this Court's initial judgment and attorney fee award, the application of a more current hourly rate to all of the time expended from the beginning of this case more than seven years ago, is also entirely appropriate.

## VI.   CALCULATION OF REQUESTED ATTORNEY FEES

### A.   ADJUSTMENT OF THE INITIAL AWARD FOR CURRENT HOURLY RATES

In its initial fee award, this Court awarded Plaintiffs' counsel $1,426,948.75 in attorney fees, reducing the requested fee by $114,987.50, an amount that CNH claimed was related to the Wisconsin litigation. (R. 242, Order at 8). The reduction was the equivalent of slightly less than 287.5 hours of lead counsel time at $400.00 per hour ($400.00 x 287.5 = $115,000). If, to simplify matters, 287.5 hours of attorney time were deducted from the original hours of lead counsel Roger McClow, Plaintiffs' initial request and, using the rates approved in the *General Motors* litigation, the following upwardly adjusted the attorney fee award would result:

| Attorney | Original Hours | Adjusted Hours | Requested Fee |
|---|---|---|---|
| Roger J. McClow | 2,059.00 hrs | 1,771.50 @ $475.00 | $841,462.50 |
| Samuel C. McKnight | 1,117.00 hrs | 1,117.00 @ $475.00 | $530,575.00 |
| Other Partners | 67.5 hrs | 67.50 @ $370.00 | $ 24,975.00 |
| William L. Karges | 324.75 hrs | 324.75 @ $230.00 | $ 74,692.50 |
| Law Clerks | 188.25 hrs | 188.25 @ $125.00 | $ 23,531.25 |
| Paralegals | 1,646.50 hrs | 1,646.50 @ $125.00 | $205,812.50 |
| | | **Adjusted Fee Request** | **$1,701,048.70** |

9

This adjustment results in approximately a 19% increase in the fee award from the initial award of $1,426,948.75. The costs awarded, $55,430.99, would remain the same.

### B. ADDITIONAL FEE AWARD FOR SERVICES RENDERED SINCE INITIAL FEE REQUEST

Since their initial request, Plaintiffs counsel have spent the following hours bringing this matter to a successful conclusion:[2]

| Attorney | Hours | Requested Rate | Requested Fee |
|---|---|---|---|
| Roger J. McClow | 877.25 | $475.00 | $416,812.50 |
| Samuel C. McKnight | 41.75 | $475.00 | $ 19,831.25 |
| John R. Canzano | 6.25 | $370.00 | $   2,312.50 |
| Associates | 31.00 | $230.00 | $   7,130.00 |
|  |  | **Total Additional Fee** | **$446,086.25** |

### VII. DESCRIPTION OF ATTORNEY SERVICES RENDERED

Lead counsel McClow, who devoted the greatest number of hours to this matter on behalf of Plaintiffs since this Court's initial fee award, worked approximately 319.25 hours working on the appeal; 540.75 hours on issues related to the substantive issues, including this fee petition, on remand; and 17.25 hours on miscellaneous tasks, including communications relating to the litigation.

This litigation has been both legally and factually complex. For example, on remand, the principal and ultimately determinative issue was whether the 1998 contract negotiations resulted in an improvement or diminishment in the nature of the benefit package for existing retirees. In order to adequately address this issue, Plaintiffs' counsel had to master all aspects of the Indemnity Plan in place before 1998 and the Network Plan which replaced it as a result of the 1998 negotiations.

---

[2]Plaintiffs spent about 85 hours on the initial attorney fee petition after February 28, 2008 -- the cut off date in the initial fee petition. There hours included time spent on the petition itself from February 28, 2008 through the date it was filed in late March 2008 and on the subsequent reply brief in support of the motion. Plaintiffs have excluded those hours from their instant motion.

Counsel had to become familiar with every aspect of the lengthy negotiations which took place between February and May 1998 between Case and the UAW in 1998, including all bargaining notes and all bargaining proposals.

Because this Court has presided over this action from the beginning, and has carefully reviewed the appellate record, it can determine whether the time spent on this factually complex and hotly contested litigation was reasonable. In the end, Plaintiffs prevailed on all substantive area of the litigation, obtaining a final judgment providing every member of the Class lifetime health care benefits at the benefit levels in place at the time of retirement.

## VIII.   EXPENSES

Attached to the Affidavit of Roger J. McClow as Exhibit B is a summary of costs incurred since Plaintiffs submitted their initial attorney fee request. These costs are mostly for consulting fees, electronic legal research, mailing costs, appellate filing fees and copying charges, totaling **$21,328.73**.

## IX.   SUMMARY OF REQUESTED FEES AND COSTS TO DATE

The following is a summary of the fees and expenses requested as of today:

| | | |
|---|---|---:|
| **A.** | **INITIAL ATTORNEY FEE AWARD**<br>Adjusted to Current Hourly Rates | **$1,701,048.70** |
| **B.** | **ATTORNEY FEES SINCE INITIAL AWARD** | **$ 446,086.25** |
| **C.** | **COSTS IN INITIAL AWARD** | **$ 55,430.09** |
| **D.** | **COSTS SINCE INITIAL AWARD** | **$ 21,328.73** |
| | **TOTAL FEES AND COSTS** | **$2,223,893.60** |

11

## X.     CONCLUSION

For the reasons stated, Plaintiffs' counsel respectfully requests that this Honorable Court award them attorney fees and costs in the total amount of **$2,223,893.60**, plus such additional costs and fees incurred in litigating the attorney fee issue to conclusion.

Respectfully submitted,

KLIMIST, McKNIGHT, SALE,
McCLOW & CANZANO, P.C.

By:  /s/ Roger J. McClow
Roger J. McClow (P27170)
Attorneys for Plaintiffs
400 Galleria Officentre, Suite 117
Southfield, MI 48034
(248) 354-9650     Fax: (248) 354-9650
Email: rmcclow@kmsmc.com

Dated: May 24, 2011

**CERTIFICATE OF SERVICE**

  I hereby certify that on May 24, 2011, I electronically filed Plaintiffs' Motion for Attorney Fees with the Clerk of the Court using the ECF system.

          KLIMIST, McKNIGHT, SALE,
          McCLOW & CANZANO, P.C.

         By: /s/ Roger J. McClow
         Roger J. McClow (P27170)
         Attorneys for Plaintiffs
         400 Galleria Officentre, Suite 117
         Southfield, MI 48034
         (248) 354-9650  Fax: (248) 354-9650
         Email: rmcclow@kmsmc.com

Dated: May 24, 2011

P:\RHC Cases\Case Corp\Case - Reese litigation\Pleadings\motion for attorney fees after remand 110310.wpd