UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |
|---|---|
| JACK REESE, FRANCES ELAINE PIDDE, JAMES CICHANOFSKY, ROGER MILLER, and GEORGE NOWLIN,<br><br>Plaintiffs,<br><br>v.<br><br>CNH GLOBAL N.V. and CNH AMERICA LLC,<br><br>Defendants. | Case 2:04-cv-70592-PJD-PJK<br><br>Hon. Patrick J. Duggan, U.S.D.J.<br><br>Hon. Paul J. Komives, U.S. Mag. J. |

### DEFENDANTS' MEMORANDUM IN OPPOSITION
### TO PLAINTIFFS' SECOND MOTION FOR ATTORNEYS' FEES

Bobby R. Burchfield (bburchfield@mwe.com)
Joshua David Rogaczewski
 (jrogaczewski@mwe.com)
McDermott Will & Emery LLP
600 13th Street N.W.
Washington, D.C.  20005
Telephone: 202.756.8000
Facsimile: 202.756.8087

Norman C. Ankers (Mich. Bar. No. P30533)
 (nankers@honigman.com)
Honigman Miller Schwartz and Cohn LLP
2290 First National Building
660 Woodward Avenue
Detroit, Michigan  48226
Telephone: 313.465.7306
Facsimile: 313.465.7307

*Attorneys for Defendants*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................... ii

CONCISE STATEMENT OF THE ISSUES PRESENTED ...................................................... iii

CONTROLLING OR MOST APPROPRIATE AUTHORITY FOR THE RELIEF SOUGHT ... iv

INTRODUCTION .......................................................................................................................1

ARGUMENT ...............................................................................................................................2

I.   PLAINTIFFS ARE NOT ENTITLED TO A RATE HIGHER THAN THE RATE
     APPROVED BY THE COURT IN ITS REINSTATED FEE AWARD. ...........................2

II.  PLAINTIFFS ARE NOT ENTITLED TO FEES EARNED ON REMAND OR IN
     AN APPEAL ON WHICH NEITHER SIDE PREVAILED COMPLETELY....................4

     A.   Because Neither Side Prevailed on Appeal, No Fees Should Be Awarded for
          the Appeal. ..............................................................................................................4

     B.   The Record Does Not Support an Award of Additional Attorneys' Fees for the
          Proceedings on Remand. .........................................................................................5

          1.   Plaintiffs Confuse Quality Advocacy With Bad Faith............................... 6

          2.   Awarding Attorneys' Fees in This Case Will Have No Deterrent Effect... 9

CONCLUSION.........................................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Armistead v. Vernitron Corp.*, 944 F.2d 1287 (6th Cir. 1991) .................................................. 8, 10

*Barnes v. City of Cincinnati*, 401 F.3d 729 (6th Cir. 2005) ............................................................ 3

*Firestone Tire & Rubber Co. v. Neusser*, 810 F.2d 550 (6th Cir. 1987) .......................................... 8

*Foltice v. Guardsman Prods., Inc.*, 98 F.3d 933 (6th Cir. 1996) ..................................................... 2

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) .................................................................................... 5

*Maurer v. Joy Techs., Inc.*, 212 F.3d 907 (6th Cir. 2000) .................................................... 1, 5, 10

*Missouri v. Jenkins*, 491 U.S. 274 (1989) ....................................................................................... 3

*Pennington v. W. Atlas, Inc.*, 55 F. App'x 252 (6th Cir. 2003) ........................................................ 3

*Pittock v. Otis Elevator Co.*, 8 F.3d 325 (6th Cir. 1993) ................................................................. 2

*Reese v. CNH Am. LLC*, 574 F.3d 315 (6th Cir. 2009) ........................................................ *passim*

*Reese v. CNH Am. LLC*, 583 F.3d 955 (6th Cir. 2009) ................................................................... 4

*Sec'y of Dep't of Labor v. King*, 775 F.2d 666 (6th Cir. 1985) ....................................................... 2

**Statutes and Rules**

Fed. R. App. P. 39 ............................................................................................................................ 5

Social Security Act § 1860D-1, 42 U.S.C. § 1395w-101 (2006) ..................................................... 8

**Other Authorities**

Thomas S. Clay, "2010 Billing Rates: An Altman Weil Survey" (Dec. 1, 2009) ........................... 4

## CONCISE STATEMENT OF THE ISSUES PRESENTED

1. Are Plaintiffs entitled to an upward adjustment of the rate used to calculate the fee award recently reinstated by the Court, even though no legal support exists for the adjustment, Plaintiffs' new data do not require the adjustment, and the requested adjustment is not economically rational?

2. Are Plaintiffs entitled to an award of their attorneys' fees in connection with the previous appeal to the Sixth Circuit, in which neither side prevailed completely, or on remand, where Defendants litigated in good faith based on the Sixth Circuit's decision and an award would serve no deterrent purpose?

## CONTROLLING OR MOST
## APPROPRIATE AUTHORITY FOR THE RELIEF SOUGHT

*Armistead v. Vernitron Corp.*, 944 F.2d 1287 (6th Cir. 1991)

*Maurer v. Joy Techs., Inc.*, 212 F.3d 907 (6th Cir. 2000)

*Reese v. CNH Am. LLC*, 574 F.3d 315 (6th Cir. 2009)

*Sec'y of Dep't of Labor v. King*, 775 F.2d 666 (6th Cir. 1985)

## INTRODUCTION

Plaintiffs' motion is not about whether they are entitled to attorneys' fees for their effort in securing the initial judgment in this case. That issue is currently on appeal (again) to the Sixth Circuit. Rather, they ask the Court to revise upward the award currently on appeal to reflect a nearly twenty percent rate hike. Moreover, Plaintiffs seek additional attorneys' fees for their work during the prior appeal in this case and, most recently, in convincing the Court to re-enter its earlier judgment. Neither of Plaintiffs' requests is warranted in this case.

Plaintiffs' request for an increase in their prior fee award lacks merit. They provide no support under ERISA for a court to revise upward a previously-entered fee award, *at the very rate Plaintiffs requested*, because of an intervening change in "market rate." Moreover, the evidence on which Plaintiffs base the "market" is thin at best, consisting of three nearly identical unpublished orders with no analysis and a longer unpublished order based on the other three. Indeed, their "new" data add little to the data provided by Plaintiffs in 2008. Finally, the twenty percent increase desired by Plaintiffs makes no economic sense considering that the period since the initial fee award consisted of a recession in which attorney rates remained constant or declined.

Even though Plaintiffs were successful on remand, the relevant factors demonstrate that additional attorneys' fees are not appropriate. Although CNH America LLC and CNH Global N.V. can satisfy such an order and Plaintiffs secured class-wide relief, Defendants acted in good faith, their position was supported amply by the Sixth Circuit's ruling in this very case, and an award of fees will have no deterrent effect. As for the prior appeal, attorneys' fees should not be awarded to either side, because neither side prevailed completely. *See Maurer v. Joy Techs., Inc.*, 212 F.3d 907, 919 (6th Cir. 2000) (affirming denial of attorneys' fees when only part of the class ultimately prevailed).

## ARGUMENT

In this circuit, whether a prevailing party is entitled to attorneys' fees under ERISA depends on the application of five factors:

> (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions.

*Sec'y of Dep't of Labor v. King*, 775 F.2d 666, 669 (6th Cir. 1985). None of these factors, standing alone, are necessarily dispositive. *Foltice v. Guardsman Prods., Inc.*, 98 F.3d 933, 937 (6th Cir. 1996). Moreover, there is no presumption that Plaintiffs are entitled to attorneys' fees merely because they prevailed. *Id.* at 936 (stating that the Sixth Circuit "recognizes no presumption as to whether attorney fees will be awarded").

### I. PLAINTIFFS ARE NOT ENTITLED TO A RATE HIGHER THAN THE RATE APPROVED BY THE COURT IN ITS REINSTATED FEE AWARD.

Plaintiffs now ask the Court to revise the reinstated award—which is already on appeal to the Sixth Circuit—upward to reflect a purported increase in market rates for attorneys. (R. 317, Pls.' 2d Mot. Att'y Fees 8–9.) To begin with, Plaintiffs cannot obtain modification from this Court of a matter already on appeal. *See, e.g., Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993) (stating the general rule that a notice of appeal transfers jurisdiction over a matter from the district court to the appellate court). They missed their opportunity to revise the earlier attorneys' fee award by failing to do so before the issue was placed before the Sixth Circuit.[1]

---

[1] Plaintiffs claim that their fee award should be increased because of "the three-year delay occasioned by CNH's appeal of this Court's initial judgment." (R. 317, Pls.' 2d Mot. Att'y Fees 9.) Defendants had no control over the pace at which their appeal progressed. In any event, Defendants prevailed in the appeal of a material issue—whether Plaintiffs' benefits are inalterable.

2

In addition, Plaintiffs cite no legal support, much less under ERISA, for the proposition that a court can revise a three-year old fee award based on an intervening increase in rates. *Missouri v. Jenkins* and *Barnes v. City of Cincinnati* stand for the unremarkable proposition that fee awards should reflect the market rates *when entered*, and not those that may have existed at the *commencement of a case*. 491 U.S. 274, 283–84 (1989); 401 F.3d 729, 745 (6th Cir. 2005). The Court's original fee award complied with this instruction by approving the rate requested by Plaintiffs based on extensive data they submitted, some of which was under seal. The effect of allowing Plaintiffs to "update" the previously requested rate would be to grant prejudgment interest, which is not authorized here. *See Pennington v. W. Atlas, Inc.*, 55 F. App'x 252, 254 (6th Cir. 2003) (explaining the interest on attorneys' fee award runs from the date of the order for the fees).

Moreover, Plaintiffs' new evidence does not demonstrate a shift in the market. Three of the unpublished orders provided by Plaintiffs are—in effect—the *same order* entered in the litigation brought by the UAW against the "Big Three" automakers. (*See* R. 317 Ex. 3, *UAW v. Gen. Motors* Order 1–2; R. 317 Ex. 4, *UAW v. Chrysler* Order 1–2; R. 317 Ex. 5, *UAW v. Ford* Order 1–2.) The fourth unpublished order relies exclusively on the Big Three orders. (R. 317 Ex. 6, *Leonhardt v. ArvinMeritor* Order ¶ 6.) Three of these orders involve the same law firm. More importantly, the new data do not materially alter the analysis. Plaintiffs' 2008 motion cited several examples of approved rates as high as $450 for experienced ERISA attorneys. (R. 236,

---

Further, the length of the remand proceedings is in part due to Plaintiffs' conduct. For several months after the case was remanded, the parties engaged in settlement discussions. Once in the remand proceedings, Plaintiffs filed not one but two summary judgment motions. It is simply incorrect to suggest that Defendants are completely responsible for how much time has passed since the initial fee award.

Moreover, Defendants have kept Plaintiffs' benefits in place while this litigation is pending. For this reason, it is Defendants who have an interest in a prompt resolution whereas Plaintiffs are benefited by delay.

3

Pls.' Rev. & Supp'l Mot. Att'ys' Fees 12.) Nevertheless, Plaintiffs sought—and the Court approved—a top rate of $400. The fact that one firm and several lawyers received an approved rate $25 higher than the maximum rate in the 2008 data does not justify the $75 increase sought by Plaintiffs.

Finally, the nearly twenty percent rate increase Plaintiffs seek is inconsistent with the market trend for attorney rates over the last three years. During that period, the nation was mired in an economic recession and attorneys saw their rates flattened, if not reduced. *See, e.g.,* Thomas S. Clay, "2010 Billing Rates: An Altman Weil Survey" 7, 10 (Dec. 1, 2009) (Ex. 1) (noting firms "are finding it difficult to get any rate changes from most of [their] clients" and "[m]ost clients are not honoring rate increase in 2010, just like 2009"). It makes no economic sense to give Plaintiffs' attorneys a retroactive twenty percent rate hike in this market.

## II.   PLAINTIFFS ARE NOT ENTITLED TO FEES EARNED ON REMAND OR IN AN APPEAL ON WHICH NEITHER SIDE PREVAILED COMPLETELY.

### A.   Because Neither Side Prevailed on Appeal, No Fees Should Be Awarded for the Appeal.

Attorneys' fees should not be awarded for the appeal, in which, to quote Judge Sutton, "Plaintiffs received some relief, and so did CNH." *Reese v. CNH Am. LLC*, 583 F.3d 955, 956 (6th Cir. 2009) (Sutton, J., concurring). Indeed, in vacating the original fee award, the Sixth Circuit observed:

> The district court's award of fees relied in part on its conclusion that the retirees "prevailed on the dispositive issue in this case," which meant that one of the factors in the fee-shifting analysis, "the relative merits of the parties' positions," favored their fee claim. *This is no longer so.* While the plaintiffs have succeeded in showing that they are entitled to lifetime benefits, they have not shown that they are entitled to unchangeable benefits.

*Reese v. CNH Am. LLC*, 574 F.3d 315, 328 (6th Cir. 2009) (emphasis added) (citations omitted). To be precise, Plaintiffs prevailed on two issues (venue and vesting), and lost on *three*

(scope of benefits, right to a jury trial, and attorneys' fees). Since neither side prevailed completely on appeal, *no* fees should be awarded for the appellate proceedings. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (granting lower courts discretion to reduce fee awards when plaintiffs achieve only partial or limited success); *see also Maurer*, 212 F.3d at 919 (affirming district court's decision to deny plaintiffs attorneys' fees based, in part, on finding that benefits vested for only some plaintiffs).

The Sixth Circuit recognized as much when it issued its mandate, which taxed "no costs" on appeal. (R. 249, 6th Cir. Mandate 1.) If Plaintiffs had prevailed on appeal, costs would have been taxed in their favor, and they would have been eligible to recover their fees. *See* Fed. R. App. P. 39(a)(2). If Defendants had prevailed, costs would have been taxed in their favor, and they would have been eligible for fees. *See id.* R. 39(a)(3). Where, as here, both sides prevailed, the Sixth Circuit had discretion to assign costs. *Id.* R. 39(a)(4). The Sixth Circuit ordered both sides to bear their own costs, providing strong evidence that both sides should be responsible for their own attorneys' fees as well.

**B.     The Record Does Not Support an Award of Additional Attorneys' Fees for the Proceedings on Remand.**

After a period of time in which the parties discussed settling this case, CNH America followed the Sixth Circuit's remand mandate, which instructed the Court to determine "how and in what circumstances CNH may alter such benefits" and "what types of changes are permitted." *Reese*, 574 F.3d at 318, 327. CNH America asked the Court to approve changes to Plaintiffs' benefits. Plaintiffs responded to this motion and filed two summary judgment motions of their own, arguing for re-entry of the judgment that the Sixth Circuit held "is not supported by the 1998 CBA, extrinsic evidence provided by the parties or common sense." *Id.* at 327.

Now, Plaintiffs seek an award of their attorneys' fees for all of this work. But application of the *King* factors requires denial of their request. The record demonstrates that Defendants did not act in bad faith on remand (or previously in this case).[2] Further, ordering Defendants to pay Plaintiffs' attorneys' fees will not deter other employers from asserting what they believe are their contractual rights. In view of these (and the other) *King* factors, Plaintiffs are entitled to no additional fees.

### 1. Plaintiffs Confuse Quality Advocacy With Bad Faith.

According to Plaintiffs, Defendants litigated this case on remand in bad faith and "unnecessarily required Plaintiffs to expend an inordinate amount of time addressing these issues." (R. 317, Pls.' 2d Mot. Att'y Fees 3–6.) Plaintiffs claim further that "CNH must be deterred from the kind of litigation it practiced here." (*Id.* at 6.) It was the Sixth Circuit, however, that remanded the case "to determine what types of changes [to Plaintiffs' benefits] were permitted." *Reese*, 574 F.3d at 318. Consistent with this instruction, CNH America advocated conforming Plaintiffs' benefits to those of employees who have retired since December 2004.

---

[2] McDermott Will & Emery LLP lawyers have litigated against the Klimst, McKnight, Sale, McClow & Canzano, P.C., law firm in this case and in *Yolton* since 2004, and we have come to respect and admire Plaintiffs' counsel as knowledgeable and tenacious adversaries. In our discussions with Roger McClow and his colleagues, we have tried to be professional and accommodating on scheduling and other issues, and they have often reciprocated. Although our clients strongly disagree with their clients' positions in these cases, we have, as good professionals, carefully avoided personalizing the case toward Plaintiffs or their counsel.

Mr. McClow and his colleagues have chosen a different path. They have often resorted to vituperative and accusatory advocacy. (*E.g.*, R. 190, Pls.' Resp. CNH Am.'s Mot. Summ. J. 9 (falsely accusing CNH America of hiding from the Court the elimination in 1998 of the cap letter for post-July 1994 retirees); *id.* at 20 ("[T]his argument was conceived by CNH lawyers to try to win a lawsuit at the expense of the truth."); R. 278, Pls.' Resp. CNH Am.'s Mot. Approval Changes 8–9 (accusing CNH America several times of intentionally deceiving the Court).) These attacks are unfounded, unnecessary, and unprofessional. They go beyond the bounds of appropriate disagreement about facts and law. It is unacceptable for Plaintiffs' counsel to persist in these antics. We urge the Court to so instruct Plaintiffs counsel.

Plaintiffs assert that Defendants' position that they may unilaterally alter Plaintiffs' benefits lacked legal support. (R. 317, Pls.' 2d Mot. Att'y Fees 3–4.) Defendants' position is based on the plain language of the Sixth Circuit's decision in this case:

> [T]o the extent [the prior district court judgment] suggests that [the plaintiff class's health care] benefits must be maintained precisely at the level provided for in the 1998 CBA, it is *not supported by the 1998 CBA, extrinsic evidence provided by the parties or common sense.* CNH, in short, cannot terminate all health care benefits for retirees, but *may reasonably alter them.*

*Reese*, 574 F.3d at 327 (emphasis added). To be sure, Plaintiffs did not like the Sixth Circuit's ruling. They stated that "the *Reese* panel has it entirely wrong" and that "Plaintiffs disagree with the *Reese* panel." (R. 289, Pls.' Summ. J. Reply 18.) But even though Plaintiffs (and this Court) have a different interpretation of the Sixth Circuit's decision, that difference of interpretation does not mean that CNH America's interpretation was advanced in bad faith.

Next, Plaintiffs take issue with the qualifications and opinions of Defendants' benefits expert, Scott Macey. (R. 317, Pls.' 2d Mot. Att'y Fees 4.) Notably, Plaintiffs did not seek to depose Mr. Macey about his declaration, nor did they seek to exclude it. Mr. Macey has thirty years of experience with collectively bargained retiree health benefits, and set forth the factual basis for each of his conclusions.

Nevertheless, Plaintiffs suggest that Mr. Macey's declaration is "demonstrably untrue" because he testified that the 1998 Group Benefit Plan reduced the value of Plaintiffs' benefits but also that the plan paid a large share of the cost of Plaintiffs' benefits. (*Id.*) Plaintiffs cannot deny, however, that the move to managed care *reduced* the cost of the benefits to CNH America. (R. 282 Ex. 6, Apr. 6, 1998, UAW Negotiations Update 3 (reporting that CNH America expected to save $18.3 million over the term of the 1998 CBA by implementing managed care).) Further, Plaintiffs continue to ignore the Sixth Circuit's statement that "[p]re-1998 retirees thus saw their coverage downgraded in at least one respect: Unlike the prior plan, . . . they generally had to pay

7

more for choosing an out-of-plan doctor." *Reese*, 574 F.3d at 325. Thus, the reduced value related to the increased costs Plaintiffs would experience if they selected out-of-network services. (R. 271 Ex. 1, Macey Decl. ¶¶ 9–10.) Although Plaintiffs disagree with this view, this difference of opinion does not make Defendants' reliance on Mr. Macey bad faith.

Finally, Plaintiffs contend that Defendants "demonstrated a marked lack of candor with this Court," citing several purported examples. (R. 317, Pls.' 2d Mot. Att'y Fees 5.)³ Plaintiffs complain most about CNH America's proposal that Medicare-eligible class members coordinate their prescription drug benefits with Medicare Part D. (*Id.*) To make this argument, Plaintiffs must ignore the clear language in the 1998 Group Benefit Plan that *requires* the coordination proposed by Defendants:

> This confirms our understanding that if, during the term of the 1998 Collective Bargaining Agreement, any Federal or State health security act is enacted or amended to provide hospital, surgical, medical, *prescription drug*, dental benefits, vision care, or hearing care for employees, retired employees, surviving spouses and dependents, which duplicate or may be integrated with the benefits of the Group Benefit Plan, then in such event, *the benefits under the Group Benefit Plan will be modified so as to integrate or eliminate the duplication of such benefits with the benefits provided by such Federal or State law*.

(R. 273 Ex. A Ex. 50: 1998 GBP 78 (emphasis added).) In 2003, during the term of the 1998 plan, Congress passed and President Bush signed legislation creating Medicare Part D. *See* Social Security Act § 1860D-1(a)(2), 42 U.S.C. § 1395w-101(a)(2) (2006). Thus, even before *Reese*, the change to the prescription drug benefits to conform to Medicare Part D was

---

³ Plaintiffs are correct that Defendants have the ability to satisfy a fee award (R. 317, Pls.' 2d Mot. Att'y Fees 6), but this *King* factor alone is not determinative. *See Firestone Tire & Rubber Co. v. Neusser*, 810 F.2d 550, 557–58 (6th Cir. 1987) (holding mere "ability to pay" does not justify fee award "when examination of all other relevant factors indicates that fees should not be awarded"). Further, the fact that Plaintiffs have prevailed does not justify a fee award. *See Armistead v. Vernitron Corp.*, 944 F.2d 1287, 1304 (6th Cir. 1991) (affirming denial of fee award when losing party's "position appears no more devoid of merit than that of any other losing litigant").

mandated by the controlling contract. Plaintiffs fail to acknowledge this important fact. Surely he who preaches candor must himself be candid.[4]

### 2. Awarding Attorneys' Fees in This Case Will Have No Deterrent Effect.

Plaintiffs state that a fee award is required to deter future employers from "violat[ing] [their] contractual obligations to provide benefits." (R. 317, Pls.' 2d Mot. Att'y Fees 6–7.) Plaintiffs do not—and cannot—explain what Defendants did in this matter that should be deterred. As early as 2004, CNH America sought a judicial ruling that would permit it to make changes to Plaintiffs' health benefits. As long as this litigation has been pending, Defendants have *not* adjusted Plaintiffs' benefits. Indeed, even with the Sixth Circuit's ruling in *Reese* that they "may alter" Plaintiffs' benefits, 574 F.3d at 327, Defendants have awaited final adjudication of their rights before acting. Through all of this, Plaintiffs have experienced *no* harm. CNH America acted appropriately by bringing this dispute to a court for resolution. Plaintiffs are seeking to deter an appropriate use of the judicial process.

Moreover, it is unreasonable to expect fee awards to deter employers from asserting (or defending) what they perceive to be their rights to alter retiree health benefits. For the employers, hundreds of millions of dollars are at stake. The specter of fee awards appears to have had *no* impact on the amount of litigation in this circuit regarding retiree health benefits. Computer-

---

[4] Plaintiffs also challenge the evidence Defendants used to show that the UAW rejected previous managed care proposals. (R. 317, Pls.' 2d Mot. Att'y Fees 5.) Jack Reese, the UAW's Rule 30(b)(6) designee, testified that "[t]wo or three times previously" the UAW had "declined to agree to a managed care plan in prior collective bargaining negotiations." (R. 282 Ex. 3, Reese Dep. 266:24–267:4.) They next assert that CNH America's contemporaneous statements about the network plan show that it was an "improvement." (R. 317, Pls.' 2d Mot. Att'y Fees 5.) But Plaintiffs have repeatedly ignored the warning contained in the very same documents: "[I]f you go out-of-network, *you'll receive a lower benefit*." (*E.g.*, R. 273 Ex. F, Case July 1998 Bens. Newsletter 2 (emphasis added); *see also id.* at 3 (warning of a "reduced benefit" if out-of-network services received).)

assisted research located approximately fifty accessible district court decisions and thirty appellate decisions. Contrary to Plaintiffs' contentions, there is no legitimate reason to punish employers for trying to understand their obligations and ability to make changes, especially when such punishment will not deter future conduct.[5]

## CONCLUSION

For the foregoing reasons, Defendants urge the Court to deny Plaintiffs' motion for additional attorneys' fees and an upward revision of the fees already awarded to them.

Dated: 6/10/2011                                                Respectfully submitted,

/s with consent of Bobby R. Burchfield          s/ Norman C. Ankers
(bburchfield@mwe.com)                            Honigman Miller Schwartz and Cohn LLP
Joshua David Rogaczewski                         2290 First National Building
(jrogaczewski@mwe.com)                           660 Woodward Avenue
McDermott Will & Emery LLP                       Detroit, Michigan 48226
600 13th Street N.W.                             Telephone: 313.465.7306
Washington, D.C. 20005                           Facsimile: 313.465.7307
Telephone: 202.756.8000                          nankers@honigman.com
Facsimile: 202.756.8087                          (P30533)

*Attorneys for Defendants*

---

[5] Plaintiffs also complain that without fee awards, future plaintiffs would have a difficult time locating competent counsel and will be deterred from pursuing their rights under ERISA. (R. 317, Pls.' 2d Mot. Att'y Fees 6–7.) Again, Plaintiffs' position is undermined by the facts in this case because their counsel is already being paid by the UAW. (R. 239 Ex. 1, Atwood Dep. 70:2–71:5.) If the litigation experience in this circuit is any guide, unionized retirees have no difficulty locating attorneys, despite the fact that *no* reported appellate opinion affirms a fee award in a retiree health benefit case. *Reese*, 574 F.3d at 328 (vacating award); *Maurer*, 212 F.3d at 919–20 (affirming denial of fees); *Armistead*, 944 F.2d at 1303–05 (same).

## CERTIFICATE OF SERVICE

I hereby certify that on 6/10/2011, I electronically filed the foregoing paper(s) with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants.

s/ Norman C. Ankers
Honigman Miller Schwartz and Cohn LLP
2290 First National Building
660 Woodward Avenue
Detroit, Michigan 48226
313.465.7306
nankers@honigman.com
(P30533)
