UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK REESE, FRANCES ELAINE PIDDE,
JAMES CICHANOFSKY, ROGER
MILLER, GEORGE NOWLIN, and
RONALD HITT, on behalf of themselves
and a similarly situated class,

    Plaintiffs,                                    Case No. 04-70592

v.                                                  Honorable Patrick J. Duggan

CNH GLOBAL N.V. and
CNH AMERICA LLC,

    Defendants.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' SECOND MOTION FOR ATTORNEYS' FEES

       This matter presently is before the Court on Plaintiffs' Second Motion for Attorneys' Fees filed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(g)(1), on May 24, 2011. Defendants filed a response to the motion on June 10, 2011. Plaintiffs filed a reply brief on June 24, 2011. On June 21, 2011, this Court issued a notice informing the parties that it is dispensing with oral argument with respect to Plaintiffs' motion pursuant to Eastern District of Michigan Local Rule 7.1(f). For the reasons that follow, the Court grants in part and denies in part Plaintiffs' motion.

**Procedural Background**

Plaintiffs filed this lawsuit on February 18, 2004, pursuant to Section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185, and Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B).  Plaintiffs, on behalf of themselves and a Class of similarly situated persons, sought a declaratory judgment that they and their surviving spouses have a vested right to lifetime health care benefits from Defendants CNH America LLC and CNH Global N.V..  The parties subsequently filed cross-motions for summary judgment as to liability, which the Court resolved in Plaintiffs' favor in opinions and orders issued on August 29, 2007.  In accordance with the Court's decisions, on February 15, 2008, Judgment was entered "declar[ing], adjudg[ing], and decree[ing] that the plaintiff class is hereby entitled to vested lifetime retiree health care benefits from CNH America LLC as provided for in the labor agreements in effect at the time of their or their deceased spouses' retirement . . ."  (Doc. 227.)

Defendants filed a notice of appeal on February 19, 2008.

Plaintiffs thereafter filed a motion for attorneys' fees and costs pursuant to ERISA.  On June 20, 2008, this Court entered an opinion and order granting Plaintiffs' motion and awarding them attorneys' fees in the amount of $1,426,948.75, plus $55,430.09 in costs.  The attorneys' fees award was calculated using the following hourly rates:

| | |
|---|---|
| Rogers J. McClow and Samuel C. McKnight | $400 |
| Other Partners | $300 |
| Associate William J. Karges | $225 |
| Law Clerks and Paralegals | $ 90 |

(Doc. 242 at 3, 8.)

On July 3, 2008, Defendants appealed the Court's decision awarding fees and costs to Plaintiffs. On the same date, the parties stipulated to a stay of the attorneys' fees award pending appeal. (Doc. 245.)

The Sixth Circuit issued its decision with respect to Defendants' appeals on July 27, 2009. *Reese v. CNH America LLC*, 574 F.3d 315 (6th Cir. 2009). In its decision, the Sixth Circuit held *inter alia* that Plaintiffs are entitled to vested retiree health insurance benefits but reversed this Court's decision with respect to the "scope" of those benefits. The appellate court remanded the matter for this Court to determine "how and in what circumstances CNH may alter such benefits" and "what types of changes are permitted." *Id*. at 327. The appellate court also vacated the original fee award, reasoning that because it concluded that Plaintiffs "have not shown that they are entitled to unchangeable benefits"– an issue this Court previously concluded Plaintiffs prevailed upon– "the rationale for the fee award . . . may no longer be sound." *Id*. at 328. On October 6, 2009, the Sixth Circuit issued its mandate.

The parties subsequently filed cross-motions for summary judgment in this Court with respect to the issues the Sixth Circuit instructed this Court to resolve on remand. On March 3, 2011, this Court issued an opinion and order concluding *inter alia* that, to the extent Defendants can alter Plaintiffs' health insurance benefits, it is only through an agreement with the UAW. (Doc. 304 at 22.) Based on this conclusion, the Court further held that there was no reason to disturb its previous award of attorneys' fees and costs to Plaintiffs. (*Id*. at 23.) The Court therefore reinstated its June 20, 2008 award.

On March 16, 2011, Defendants appealed the Court's decision.

Plaintiffs filed their pending second motion for attorneys' fees on May 24, 2011.  In their motion, Plaintiffs ask the Court to adjust the previous fee award upward to reflect subsequent increases in hourly billing rates.  Plaintiffs argue that such an adjustment is appropriate where, as here, there is a delay in payment resulting from the prolonged nature of the proceedings.  Plaintiffs seek an additional $274,099.95 in attorneys' fees as an adjusted award (or $1,701,048.70 compared to the initial award of $1,426,948.75).  This adjustment is based on the following requested increases in the hourly rates of Plaintiffs' legal staff:

| | |
|---|---|
| Roger J. McClow and Samuel C. McKnight: | $400 to $475 |
| Other Partners: | $300 to $370 |
| Associates: | $225 to $230 |
| Law Clerks and Paralegals: | $90 to $125 |

(*Compare* Doc. 242 at 3 *with* Doc. 317 ¶ 11.)  Plaintiffs also ask the Court to award additional attorneys' fees and costs for the work performed on appeal and on remand.  Plaintiffs specifically ask for an additional fee award of $446,086.26 and costs of $21,328.73.

In response, Defendants first argue that Plaintiffs are not entitled to an upward adjustment of the earlier award of attorneys' fees.  Defendants indicate that, because this matter (including the reinstatement of the previous award) is on appeal, this Court lacks jurisdiction to modify the award.  In any event, Defendants argue that there is no legal support for Plaintiffs' request to revise a three-year old fee award based on an alleged

4

intervening increase in hourly billing rates.  Defendants lastly argue with respect to this issue that there is no support for Plaintiffs' assertion that billing rates have increased since the Court entered the initial award in June 2008.

With respect to Plaintiffs' request for an additional award to reflect attorneys' fees and costs expended on appeal and on remand, Defendants argue that Plaintiffs are not entitled to such an award.  Defendants argue that neither side prevailed on appeal and that the record does not support an award of additional attorneys' fees for the proceedings on remand.

## Analysis

This Court agrees with Defendants that the reinstated June 20, 2008 award of attorneys' fees should not be adjusted upward by 19% (according to Plaintiffs' calculation) to reflect current, higher hourly rates of counsel.  The Court based its earlier award on the then-current market rates for attorneys with expertise and experience comparable to Plaintiffs' counsel.  This is all that the Supreme Court held to be permissible in the decisions that Plaintiff relies upon for the upward adjustment: *Missouri v. Jenkins*, 491 U.S. 284, 109 S. Ct. 2463 (1989) (holding that an award of attorney's fees based on the market rates *when the award is made* is an appropriate adjustment for delay in payment); *Barnes v. City of Cincinnati*, 401 F.3d 729, 745 (6th Cir. 2005) (approving the district court's use of the current market rate rather than historical hourly rates to calculate the fee award to adjust for the delay in payment).  Plaintiffs cite no legal support for their proposition that a court can revise a previously declared fee award based on a

5

subsequent increase in market rates.

Moreover, as Defendants point out, the evidence Plaintiffs submit to support the requested increase does not demonstrate a shift in the market since the initial award. While Plaintiffs previously only sought compensation for Mr. McClow and Mr. McKnight based on an hourly rate of $400, they indicated in their initial motion for attorneys' fees that judges at the time were awarding counsel in similar cases (including Mr. McClow and Mr. McKnight) $450 per hour. (Doc. 236 at 11-13.) The cases Plaintiffs now rely on to argue that courts in this District have approved increased hourly rates during the intervening three-year delay occasioned by CNH's appeal and the proceedings on remand in fact were decided around the same time as this Court's June 20, 2008 initial fee award. *See UAW v. General Motors Corp.*, No. 04-14074, Op. and Order Granting Class Representatives' Motion for Attorneys' Fees and Expenses (E.D. Mich. July 31, 2008) (Cleland, J.); *UAW v. Chrysler LLC*, No. 07-14310, Order (E.D. Mich. May 16, 2008) (Cleland, J.); *UAW v. Ford Motor Co.*, No. 07-14845, Order Confirming Entitlement to Attorney Fees (E.D. Mich. July 7, 2008); *Leonhardt v. ArvinMeritor, Inc.*, No. 04-72845, Corrected Op. and Order Granting Motion for Attorney Fees and Expenses (E.D. Mich. Oct. 10, 2008) (Edmunds, J.) Thus Plaintiffs fail to demonstrate that the market rate has fluctuated significantly while the payment of the fee award to Plaintiffs has been delayed.

The Court also agrees with Defendants that Plaintiffs should not be awarded attorneys' fees for the appeal. The Sixth Circuit has set forth the following factors for

courts to consider when deciding whether to award attorney's fees under ERISA:

> (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions.

*Sec'y of Dep't of Labor v. King*, 775 F.2d 666, 669 (6th Cir. 1985). No single factor is determinative. *Wells v. U.S. Steel*, 76 F.3d 731, 736 (6th Cir. 1996) (citing *Armistead v. Vernitron Corp.*, 944 F.2d 1287, 1304 (6th Cir. 1991)).

This Court does not believe that Defendants engaged in bad faith when they challenged this Court's decisions on appeal. It is evident from the Sixth Circuit's decision that the appellate court did not view Defendants' appeal as meritless or lacking good faith. For the reasons discussed in the Court's June 20, 2008 decision granting Plaintiffs' initial motion for an award of attorneys' fees, the second through fourth factors favor an award. However, the fifth factor does not favor an award as Plaintiffs failed to prevail on appeal with respect to the issue of whether their health insurance benefits are unchangeable (a result which, in this Court's view, substantially undermined any success achieved by the finding that their benefits vested). Plaintiffs also failed to prevail on the issue of whether they had a right to a jury trial and they saw the Sixth Circuit vacate the initial fee award. As the Sixth Circuit reasoned in vacating the award: "The district court's award of fees relied in part on its conclusion that the retirees 'prevailed on the dispositive issue in this case,' which meant that one of the factors in the fee-shifting

7

analysis, 'the relative merits of the parties' positions,' favored their fee claim.  This is no longer so. . . ."  *Reese*, 574 F.3d at 328.

This last factor, however, favors an award for the hours Plaintiffs' legal team expended on the remand proceedings.[1]  On remand, Plaintiffs successfully demonstrated that Defendants cannot unilaterally change their benefits.  This was a dispositive issue in this case.  In light of the relevant bargaining history and agreements between CNH and the UAW, the Court found no merit to Defendants' position that CNH could unilaterally reduce Plaintiffs' retiree health insurance benefits or that the Sixth Circuit reached such a holding in its July 27, 2009 decision.

## The Amount of the Award

The Court must apply the "lodestar" approach in determining the amount of attorneys' fees and costs that should be awarded to Plaintiffs, which is the proven number of hours reasonably expended on the case by an attorney, multiplied by the attorney's court-ascertained reasonable hourly rate.  Plaintiffs apply the following hourly rates to calculate the amount requested for an additional attorneys' fee award:

| | |
|---|---|
| Roger McClow and Samuel McKnight: | $475.00 |
| John R. Canzano: | $370.00 |
| Associates: | $230.00 |

---

[1]Based on the same reasoning set forth in the Court's June 20, 2008 decision, the second through fourth *King* factors also favor an award of attorneys' fees.   The Court additionally notes with respect to the fourth factor that the issue of whether vested welfare benefits may be reduced unilaterally by an employer and, if so, under what circumstances is a "significant legal question[] regarding ERISA."  *King*, 775 F.3d at 669.

While Defendants object to these hourly rates for purposes of enhancing the initial fee award and argue that Plaintiffs are not entitled to an award for the remand proceedings, Defendants do not challenge the reasonableness of these hourly rates as applied to the work Plaintiffs' counsel performed since the initial award.  Plaintiffs demonstrate that the requested rates are consistent with current market rates charged by attorneys with comparable skills, experience, and reputation and for similar services.

Attached to their pending motion, Plaintiffs submit detailed records of the time expended by their counsel on appeal and through the filing of their motion.  These records reflect the following total hours billed by Plaintiffs' counsel during that period:

| | |
|---|---:|
| Roger McClow: | 877.25 |
| Samuel McKnight: | 41.75 |
| John Canzano: | 6.25 |
| Associates: | 31.00 |

(Pls.' Mot. Ex. A.)  While Defendants argue that Plaintiffs are not entitled to a fee award, they do not take issue with the reasonableness of any of the hours billed by Plaintiffs' counsel.

For the reasons discussed above, the Court is deducting the hours billed while the matter was on appeal and during settlement discussions subsequent to the Sixth Circuit's decision to find that Plaintiffs are entitled to an award based on the following hours billed by their counsel:

9

    Roger McClow:        533.00[2]
    Samuel McKnight:    31.75[3]
    John Canzano:        6.25
    Associates:          31.00[4]

(*Id.*)  Based on these total hours and the hourly rates set forth above, the Court further finds that Plaintiffs are entitled to an award of the following reasonable attorneys' fees:

    Roger McClow:      $253,175.00
    Samuel McKnight:  $ 15,081.25
    John Canzano:      $  2,312.50
    Associates:        $  7,130.00
    **Total:**           **$277,698.75**

Plaintiffs also seek an award of the costs they incurred in this litigation from March 1, 2008 through April 30, 2011.  In support of their request, Plaintiffs attach to their pending motion a summary of their litigation expenses and documentation supporting most of those expenses.  (Pls.' Mot. Ex. B.)  While Defendants argue that Plaintiffs should not be awarded their costs, they do not contend that any costs identified by Plaintiffs are unreasonable.

Reviewing Plaintiffs' supporting documentation, the Court was able to separate the expenses related to the appeal and those related to the remand for most of the categories

---

[2]Based on the description provided in the billing records attached to Plaintiffs' motion, the Court finds that 344.25 hours of Mr. McClow's billed hours relate to the appeal or settlement negotiations subsequent to the Sixth Circuit's decision.

[3]Based on the description provided in the billing records attached to Plaintiffs' motion, the Court finds that 10.0 hours of Mr. McKnight's billed hours relate to the appeal or settlement negotiations subsequent to the Sixth Circuit's decision.

[4]Based on the description provided in the billing records attached to Plaintiffs' motion, the Court finds that 3.0 hours of the associates' billed hours relate to the appeal.

of expenses Plaintiffs identify, with the exception of the costs for fax, postage, express mail, and clerical services.[5]  Deducting costs associated with the appeal and those for which the Court is unable to determine the association, the Court finds that Plaintiffs are entitled to an award for the following costs:

| | |
|---|---|
| Photocopies: | $1,741.50 |
| Electronic Court Documents: | $ 105.44 |
| Legal Research: | $4,156.66 |
| Local Travel: | $ 36.87 |
| Consulting Services: | $3,054.00 |
| Mass Mailing: | $1,256.84 |

The total of the costs awarded to Plaintiffs is $10,351.31.

## Conclusion

For the reasons set forth above, the Court concludes that Plaintiffs are not entitled to an adjustment of the Court's June 20, 2008 award of attorneys' fees to reflect subsequent increases in hourly billing rates.  Considering the relevant criteria, the Court also is not granting Plaintiffs' request for an additional award of attorneys' fees and costs for the appeal.  The Court, however, is awarding Plaintiffs reasonable attorneys' fees of $277,698.75 and costs of $10,351.31 incurred during the remand proceedings.

Accordingly,

**IT IS ORDERED**, that Plaintiffs' Second Motion for Attorney Fees is **GRANTED**

---

[5]Relatively, the expenses for fax, postage, express mail, and clerical services are not substantial.  Considering the amount of the award, the Court has decided to avoid additional briefing to determine the portion of these expenses that are associated with the remand proceedings and is exercising its discretion to eliminate these costs from the award.

**IN PART AND DENIED IN PART**;

      **IT IS FURTHER ORDERED**, that Plaintiffs are **AWARDED** attorneys' fees in the amount of $277,698.75 and costs in the amount of $10,351.31, for a total additional award of $288,050.06.

Date: June 30, 2011                                      s/PATRICK J. DUGGAN
                                                                   UNITED STATES DISTRICT JUDGE

Copies to:
Roger J. McClow, Esq.
Norman C. Ankers, Esq.
Bobby R. Burchfield, Esq.