UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK REESE, FRANCES ELAINE PIDDE,
JAMES CICHANOFSKY, ROGER MILLER,
GEORGE NOWLIN and RONALD HITT, on
behalf of themselves and
a similarly situated class,

    Plaintiffs,

v.

CNH GLOBAL N.V., formerly
known as Case Corporation,
and CNH AMERICA LLC,

    Defendants.

Hon. Patrick J. Duggan

Case No. 04-70592

**Class Action**

---

Roger J. McClow (P27170)
KLIMIST, McKNIGHT, SALE,
McCLOW & CANZANO, P.C.
Attorneys for Plaintiffs
400 Galleria Officentre, Suite 117
Southfield, MI 48034
(248) 354-9650

Norman C. Ankers (P30533)
HONIGMAN MILLER
SCHWARTZ AND COHN LLP
Attorneys for Defendants
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226
(313) 465-7000

Bobby R. Burchfield, Esq.
McDERMOTT WILL & EMERY
Attorneys for Defendants
600 Thirteenth Street, N.W.
Washington, D.C. 20005
(202) 756-8000

---

**PLAINTIFFS' MOTION FOR RECONSIDERATION OF
THE JUNE 30, 2011 ORDER RELATING TO ATTORNEY FEES**

Plaintiffs, by their attorneys, Klimist, McKnight, Sale, McClow & Canzano, P.C., move, pursuant to Local Rule 7.1(h), for reconsideration of this Court's June 30, 2011 Order to the extent that the Court denied Plaintiffs' request for attorney fees for work defending against CNH's two appeals. In support, Plaintiffs state as follows:

1. In its June 30, 2011 Opinion and Order, this Court granted in part and denied in part Plaintiffs' motion for attorney fees. (R. 322).

2. In its Opinion, the Court concluded that Plaintiffs were not entitled to an award of attorney fees or costs for work performed on appeal because they had only limited success on the merits; failed to prevail on the issue of whether they had a right to a jury trial; and saw the attorney fee award vacated. (*Id*. at 6-8).

3. In reaching this decision, the Court applied an incorrect legal standard. The correct legal standard is set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 435, 103 S.Ct. 1933 (1983), where the Court held that, "[w] a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee" that "should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit . . . . The result is what matters."

4. Here, Plaintiffs' defense of CNH's appeals was absolutely essential if Plaintiffs were to ultimately prevail on their *only* substantive claim for vested retiree health care benefits. Because of their defense of the appeals, this Court, on remand, held that Plaintiffs were entitled to all of the substantive relief they originally sought *and* reinstated the initial attorney fee award. Because these are the results that "matter," Plaintiffs are entitled to a fully compensatory fee for all services leading up to that result, including the defense of this Court's earlier judgment and initial attorney fee award on appeal.

5. This Court's application of the incorrect legal standard to Plaintiffs' request for attorney fees associated with defending against CNH's appeals was a "palpable defect" which, if corrected, would lead to a different disposition of Plaintiffs' motion.

5. Plaintiffs' counsel held a telephone conference with Defendant's counsel on July 14, 2011, explained the nature of the motion and its legal basis and requested but did not obtain Defendant's concurrence in the relief sought.

6. This motion is further supported by the attached Brief.

WHEREFORE, Plaintiffs respectfully request that this honorable Court reconsider its June 30, 2011 Opinion and Order and grant Plaintiffs attorney fees for the work performed defending the Court's initial judgment.

    Respectfully submitted,

    KLIMIST, McKNIGHT, SALE,
    McCLOW & CANZANO, P.C.

    By: /s/ Roger J. McClow
    Roger J. McClow (P27170)
    Attorneys for Plaintiffs
    400 Galleria Officentre, Suite 117
    Southfield, MI 48034
    (248) 354-9650    Fax: (248) 354-9650

Dated: July 14, 2011    Email: rmcclow@kmsmc.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK REESE, FRANCES ELAINE PIDDE,
JAMES CICHANOFSKY, ROGER MILLER,
GEORGE NOWLIN and RONALD HITT, on       Hon. Patrick J. Duggan
behalf of themselves and
a similarly situated class,             Case No. 04-70592

    Plaintiffs,

v.                                       **Class Action**

CNH GLOBAL N.V., formerly
known as Case Corporation,
and CNH AMERICA LLC,

    Defendants.

_____/

| | |
|---|---|
| Roger J. McClow (P27170) | Norman C. Ankers (P30533) |
| KLIMIST, McKNIGHT, SALE, | HONIGMAN MILLER |
| McCLOW & CANZANO, P.C. | SCHWARTZ AND COHN LLP |
| Attorneys for Plaintiffs | Attorneys for Defendants |
| 400 Galleria Officentre, Suite 117 | 2290 First National Building |
| Southfield, MI  48034 | 660 Woodward Avenue |
| (248) 354-9650 | Detroit, MI 48226 |
| | (313) 465-7000 |
| | |
| | Bobby R. Burchfield, Esq. |
| | McDERMOTT WILL & EMERY |
| | Attorneys for Defendants |
| | 600 Thirteenth Street, N.W. |
| | Washington, D.C.  20005 |
| | (202) 756-8000 |

_____/

**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION
OF THE JUNE 30, 2011 ORDER RELATING TO ATTORNEY FEES**

## ISSUES PRESENTED

**Are Plaintiffs Entitled to Attorney Fees For Their Defense of CNH America's Appeals?**

**Did the Court Apply an Incorrect Legal Standard When It Denied Attorney Fees For Services Plaintiffs' Counsel Performed On Appeal and Would The Disposition of Plaintiffs' Motion Have Been Different Under the Correct Legal Standard?**

## MOST RELEVANT AUTHORITIES

*Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933 (1983)

*Deja Vu v. Nashville and Davidson County*, 421 F.3d 417 (6th Cir. 2005)

*DiLaura v. Township of Ann Arbor*, 471 F.3d 666 (6th Cir. 2006)

*Harper v. BP Exploration & Oil, Inc.*, 3 Fed. Appx. 204 (6th Cir. 2001)

*Ustrak v. Fairman*, 851 F.2d 983 (7th Cir. 1988)

*DiLaura v. Township of Ann Arbor*, 471 F.3d 666 (6th Cir. 2006)

## I.   PLAINTIFFS ARE ENTITLED TO A FULLY COMPENSATORY FEE AWARD THAT INCLUDES THEIR DEFENSE OF CNH'S APPEALS

In its June 30, 2011 Order, this Court denied Plaintiffs' request for attorney fees for their defense of CNH's appeals on the grounds that Plaintiffs had not been entirely successful on the merits or on the attorney fee award and had lost its appeal on the jury trial issue. (R.322 at 6-8).[1] The proper focus of the attorney fee inquiry, however, is Plaintiffs' *ultimate* success on their claims. Plaintiffs' defense of CNH's appeals was necessary to keep their claims alive and, therefore, essential to their ultimate success -- summary judgment in their favor on remand and a reinstated the attorney fee award. Consequently, Plaintiffs are entitled to a "fully compensatory" award of attorney fees, including attorney fees for their defense of CNH's two appeals.

In *Hensley v. Eckerhart*, 461 U.S. 424, 435, 103 S.Ct. 1933 (1983), the Supreme Court stated:

> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation . . . . ***In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit***. . . . . Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters. (citation and footnote omitted)(emphasis added).

*Accord Imwalle v. Reliance Medical Prodcuts, Inc.*, 515 F.3d 531, 551-52 (6th Cir. 2008); *DiLaura v. Township of Ann Arbor*, 471 F.3d 666, 673 (6th Cir. 2006)(abuse of discretion to reduce fee when plaintiff obtained complete relief).

---

[1] Although, as the Court noted that the Sixth Circuit vacated the attorney fee award, it *rejected* CNH's challenges to the fee award. The Sixth Circuit based its decision to vacate the fee award on its decision on the merits, a decision based on an issue that CNH had never raised before this Court or the Sixth Circuit. Nevertheless, the Sixth Circuit contemplated that this Court would award attorney fees on remand – the question being "what award is appropriate in the context of [the district court's] final decision." *Reese v. CNH America LLC*, 574 F.2d 315, 328 (6th Cir. 2009).

In *Deja Vu v. Nashville and Davidson County*, 421 F.3d 417 (6th Cir. 2005), the plaintiff filed four separate fee applications with the district court, two for work before the trial court, one for "fees associated with the appeal" to the Sixth Circuit and one after the Supreme Court denied certiorari. 421 F.3d at 421. The district court granted all four motions and the defendant appealed. The Sixth Circuit affirmed, citing *Hensley* for the proposition that prevailing parties who obtain "excellent results," as plaintiffs did, are entitled to a "fully compensatory fee" even if they were unsuccessful on some issues.

As *Deja Vu* makes clear, for purposes of attorney fees, no litigation is over until there is a final result. The final result is what "matters" because the final result determines who ultimately prevails. 421 F.3d at 423. Up to this point, Plaintiffs here have obtained an "excellent result" and *that* "result is what matters." To obtain that result, Plaintiffs necessarily had to defend against CNH's appeals in order to litigate this case to a successful conclusion and to obtain attorney fees on remand. Under *Hensley*, it does not matter that Plaintiffs were not entirely successful on appeal. Plaintiffs were entirely successful on their basic claims on remand -- this Court's May 11, 2011 Judgment provides Plaintiffs with vested, unalterable benefits. All of the time Plaintiffs "reasonably expended on the litigation," including time spent defending CNH's appeals, must be included in a "fully compensatory fee." *Hensley*, 461 U.S. at 424.

In *Gierlinger v. Gleason*, 160 F.3d 858, 880-82 (2d Cir. 1998), the court held that it was an abuse of discretion for the district court to deny plaintiff's request for attorney fees for work performed on an appeal that was only partly successful. The court stated that plaintiff's eligibility for attorney fees "does not depend on success at interim stages of the litigation, but rather depends on the ultimate outcome of the litigation." *Accord Cabrales v. County of Los Angeles*, 935 F.2d 1050, 1053 (9th Cir. 1991)("a plaintiff who is unsuccessful at a stage of litigation that was a

2

necessary step to her ultimate victory is entitled to attorney's fees even for the unsuccessful stage"); *Marisol v. Giuliani*, 111 F. Supp.2d 381, 392-93 (S.D.N.Y. 2000)(attorney time spent on unsuccessful motion to dismiss interlocutory appeal compensable). The same holds true here

The rationale for awarding attorney fees to a plaintiff who defends a judgment on appeal was succinctly explained in *Ustrak v. Fairman*, 851 F.2d 983, 990 (7th Cir. 1988):

> [W]hen the defendant appeals and the plaintiff incurs expenses in defending against the appeal that are reasonable even though they are not crowned by complete success, ordinarily he should be entitled to reimbursement of those fees; he had no choice but to incur them or forfeit his victory in the district court.

The Seventh Circuit also stated that, as the prevailing party in the underlying action, "[plaintiff] is entitled to reimbursement of fees reasonably incurred, whether they are fees incurred in the original civil rights trial and appeal, fees incurred in proving those fees, or fees incurred in defending the district court's fee award." The court concluded that the plaintiff was "entitled, prima facie, to reimbursement of his entire fees in this court." *Id*. So too are Plaintiffs entitled to reimbursement of their entire fees in defending this Court's initial Judgment (R.214) and the initial attorney fee order (R.242).

The Sixth Circuit cited *Ustrak* for the rationale that "if fees are not awarded for appeal work defending the judgment, plaintiff would not be represented on appeal and would thus forfeit his judgment . . . ." *Harper v. BP Exploration & Oil, Inc.*, 3 Fed. Appx. 204, 208 (6th Cir. 2001). The *Harper* court then stated that "[Plaintiff] continues to be entitled to fees for defending the claims on which he prevailed in the district court – even if he is only partially successful in doing so – since those claims are related by reason of a single appeal."

Likewise, here, Plaintiffs had no choice but to defend against CNH's two appeals. If Plaintiffs had not done so, they would have forfeited *any* claim to relief on their substantive claims and they would have forfeited any right to attorney fees. By defending against CNH's appeals,

3

Plaintiffs obtained a fundamental victory on appeal - an appellate decision that they were entitled to vested, lifetime benefits – *and* Plaintiffs ultimately prevailed *completely* on *all* of their substantive claims *and* on their attorney fee claim. Under *Ustrak* and *Harper*, Plaintiffs are entitled to an award of fees for "appeal work defending [this court's] judgment," even if they were not completely successful *on appeal*. Plaintiffs *were* entirely successful on remand – on the merits and on attorney fees – a result obviously unattainable if Plaintiffs had not defended against CNH's two appeals.

The Court erred in denying Plaintiffs a fully compensatory fee that includes the time that they necessarily spent in defending CNH's appeals of this Court's initial judgment and its initial attorney fee award. Had the Court followed *Hensley* and governing Sixth Circuit law, it would have arrived at a different disposition.  For these reasons, Plaintiffs ask this Court to reconsider its June 30, 2011 decision and grant  Plaintiffs their attorney fees for defending both of CNH's appeals.

## II.     PLAINTIFFS' CROSS APPEAL OF THE JURY TRIAL ISSUE

There is the separate issue of whether Plaintiffs are entitled to a fee award for time spent on Plaintiffs' cross appeal of the jury trial decision.  In *Harper* (and in *Ustrak*), the court held that the rationale entitling a plaintiff to an award of fees for *defending* an appeal does not apply in the context of a *cross appeal* where a plaintiff, who loses on a distinct claim, attempts "to increase the scope of his victory by obtaining a reversal of the trial court's judgment." 3 Fed. Appx. at 208-09.

As the Court noted in is June 30, 2011 Opinion, Plaintiffs cross appealed the jury trial decision and lost. (R.322 at 7).  Plaintiffs' cross appeal did not involve a *distinct* claim, but the procedural issue of how Plaintiffs' substantive claim (for lifetime health care benefits) would be tried.  Under *Hensley*, Plaintiffs should be entitled to a "fully compensatory fee" for these services despite the Sixth Circuit's rejection of their jury trial appeal.

4

In the event the Court decides that Plaintiffs should not receive attorney fees for prosecuting their cross appeal, Plaintiffs have identified 55.75 hours (McClow only) related to their cross appeal on the jury trial issue.[2]  This time spent on the cross appeal is allocated as follows:

| | | |
|---|---|---|
| Initiation of Cross Appeal | July 23, 27 and 28, 2008 | 4.00 hours |
| Principal Brief | May 27 to June 12, 2009 | 14.25 hours |
| Reply Brief | August 12-25, 2009 | 30.00 hours |
| Oral Argument (Including Preparation) | February 22-March 3, 2009 | 7.50 hours |
| | | **55.75 hours** |

If the Court decides exclude the time spent on the cross appeal of the jury trial decision, it should deduct no more than the 55.75 hours attributable to that cross appeal.

### III. CONCLUSION

For the reasons stated, Plaintiffs respectfully requests that this Honorable Court reconsider its June 30, 2011 Order and award Plaintiffs their fees and costs in defense of CNH's appeals.

                                              Respectfully submitted,

                                              KLIMIST, McKNIGHT, SALE,
                                              McCLOW & CANZANO, P.C.

                                              By:  /s/ Roger J. McClow
                                              Roger J. McClow (P27170)
                                              Attorneys for Plaintiffs
                                              400 Galleria Officentre, Suite 117
                                              Southfield, MI 48034
                                              (248) 354-9650    Fax: (248) 354-9650
Dated: July 14, 2011                      Email: rmcclow@kmsmc.com

---

[2] Plaintiffs' Principal Brief and the oral argument addressed all of the issues before the Sixth Circuit.  Plaintiffs devoted 10 of 68 pages (or about 15% of that Brief) of their Principal Brief to the jury trial issue.  Because Plaintiffs spent 94.25 hours working on the Principal Brief, they allocated 14.25 hours of that time to the jury trial issue.  Plaintiffs applied the same percentage to the 49.75 hours they spent preparing for, traveling to and attending the oral argument in Cincinnati.  Plaintiffs' Reply Brief addressed only the jury trial issue.

5

## CERTIFICATE OF SERVICE

     I hereby certify that on July 14, 2011, I electronically filed Plaintiffs' Motion for Reconsideration with the Clerk of the Court using the ECF system.

                     KLIMIST, McKNIGHT, SALE,
                     McCLOW & CANZANO, P.C.

                     By: /s/ Roger J. McClow
                     Roger J. McClow (P27170)
                     Attorneys for Plaintiffs
                     400 Galleria Officentre, Suite 117
                     Southfield, MI 48034
                     (248) 354-9650    Fax: (248) 354-9650
                     Email: rmcclow@kmsmc.com

Dated: July 14, 2011

P:\RHC Cases\Case Corp\Case - Reese litigation\Pleadings\motion for reconsideration 110713.wpd