UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK REESE, FRANCES ELAINE PIDDE,
JAMES CICHANOFSKY, ROGER MILLER,
and GEORGE NOWLIN  on
behalf of themselves and
a similarly situated class,

        Hon. Patrick J. Duggan

        Case No. 04-70592

      Plaintiffs,

v.

        **Class Action**

CNH GLOBAL N.V., formerly
known as Case Corporation,
and THE COMPANY LLC,

      Defendants.

_____/

| | |
|---|---|
| Roger J. McClow (P27170) | Norman C. Ankers (P30533) |
| David R. Radtke (P47016) | HONIGMAN MILLER |
| Darcie R. Brault (P43864) | SCHWARTZ AND COHN LLP |
| McKNIGHT, McCLOW, CANZANO | Attorneys for Defendants |
| SMITH & RADTKE, P.C. | 2290 First National Building |
| Attorneys for Plaintiffs Reese, et al. | 660 Woodward Avenue |
| 400 Galleria Officentre, Suite 117 | Detroit, MI 48226 |
| Southfield, MI  48034 | (313) 465-7000 |
| (248) 354-9650 | |
| | Bobby R. Burchfield, Esq. |
| | Douglas G. Edelschick, Esq. |
| | McDERMOTT WILL & EMERY |
| | Attorneys for Defendants |
| | 600 Thirteenth Street, N.W. |
| | Washington, D.C.  20005 |
| | (202) 756-8000 |

_____/

## PLAINTIFFS' MOTION FOR LEAVE TO EXCEED 25 INTERROGATORIES

     Plaintiffs, by and through their counsel, McKnight, McClow, Canzano, Smith & Radtke,

P.C., move this Honorable Court as follows:

     1.     The Court is familiar with the procedural posture of this matter.

2.      The Sixth Circuit Court remanded this matter to the District Court with direction to consider various questions on remand, including: How much did retirees pay for their health care under the old plan? How much did CNH pay? How much will the retirees and CNH each pay under the new plan, and how quickly are each side's costs likely to grow? How does the quality of care provided under the old plan compare to the quality of care under the new plan? Do the retirees' benefits differ in material respects from those offered to current employees and people retiring today? How do the benefits compare to benefits offered by other companies in similar industries? *Reese v. CNH Am. LLC*, 694 F.3d 681, 685 (6th Cir. 2012).

3.      Elsewhere in the opinion, the Sixth Circuit posed these questions: What is the average annual total out-of-pocket cost to retirees for their healthcare under the old plan (the 1998 Group Benefit Plan)? What is the equivalent figure for the new[1] plan (the 2005 Group Benefit Plan)? What is the average per-beneficiary cost to CNH under the old plan? What is the equivalent figure for the new plan? What premiums, deductibles and copayments must retirees pay under the old plan? What about under the new plan? How fast are the retirees' out-of-pocket costs likely to grow under the old plan? What about under the new plan? How fast are CNH's per-beneficiary costs likely to grow under each? What difference (if any) is there between the quality of care available under the old and new plans? What difference (if any) is there between the new plan and the plans CNH makes available to current employees and people retiring today? How does the new plan compare to plans available to retirees and workers at companies similar to CNH and with demographically similar employees? *Reese* at 685-686.

4.      Along with these factors, the Sixth Circuit invited the District Court to consider "others it considers relevant to the reasonableness question." *Reese* at 685.

---

[1] CNH has since indicated that its proposed plan is not the 2005 Group Plan, therefore requiring a modification of this inquiry, though some of the information regarding the 2005 Group Plan remains relevant in the consideration of, for example, the other plans which apply to CNH retirees.

5.      The parties appeared for two status conferences with the Court on December 12, 2012 and on February 4, 2013.

6.      Plaintiffs' counsel indicated a need to conduct substantial discovery related to the questions posed by the Sixth Circuit.

7.      The District Court set forth a schedule for discovery, indicating CNH was required to provide the precise plan it proposes for the class, respond to questions about the plan, allow Plaintiffs to consult with expert witnesses and then propose discovery requests by March 14, 2013.

8.      Plaintiffs made requests for discovery, including Plaintiffs' First Interrogatories to Defendants, **Exhibit A**.

9.      On March 15, 2013, Defendants' counsel advised that it intended to answer only 25 of the interrogatories.

10.     Plaintiffs request leave to exceed the 25 interrogatory limit for good cause: The questions posed by the Sixth Circuit Court involve extremely complex analyses and the interrogatories posed are reasonable in light of the complexities of the matter. See **Exhibit A**. These interrogatories are not duplicative, the answers are not available to the Plaintiffs independent of CNH, and the Sixth Circuit decision remanding this case described an unanticipated and new standard for this Court to apply.

11.     Plaintiffs can demonstrate a particularized need for this discovery:

   a. Interrogatories 5 through 9 request information related to the income of the retirees and the real and potential changes in income relative to the question of the impact of an increase in health care costs to them.

   b. Interrogatories 11 through 17, 24 through 28 and 49 through 50 pertain to costs to the Company for medical and prescription drug benefits for Medicare and Non-Medicare eligible class members for the proposed plan, the 2005 plan and the current plan, both historically, and as projected into the future.

3

c. Interrogatories 18 through 23 and 29 through 31 and 51, seek information regarding the costs and projected costs to the class members: Premium contributions and costs broken down by plan and whether the participants are eligible for Medicare.

d. Interrogatories 32 and 33 seek clarity regarding Retiree Medical Savings Account contributions.

e. Interrogatories 34 and 35 seek information regarding other factors the parties may wish the Court to consider.

f. Interrogatories 36 through 38 and 51 are focused on specific language of the Sixth Circuit opinion, e.g. "How does the new plan compare to plans available to retirees and workers at companies similar to CNH and with demographically similar employees?"

g. Interrogatories 39 through 43 relate to defenses raised by Defendants.

h. Interrogatories 44 through 47 relate directly to the affidavits of expert witnesses submitted by Defendant and which Defendants' counsel indicated they would be using in their motion for summary disposition.

i. Interrogatory 48 seeks to identify documents CNH intends to use in support of its motion for summary disposition.

12. Pursuant to Local Rule 7.1, Plaintiffs sought concurrence in the relief requested without success.

WHEREFORE, for the above-cited reasons, Plaintiffs respectfully request leave to exceed the 25 interrogatory limit.

Respectfully submitted,

McKNIGHT, McCLOW, CANZANO,
SMITH & RADTKE, P.C.

By:/s/Darcie R. Brault
David R. Radtke (P47016)
Darcie R. Brault (P43864)
Attorneys for Class Plaintiffs
400 Galleria Officentre, Suite 117
Southfield, MI 48034
(248) 354-9650
dbrault@michworklaw.com

Dated: March 21, 2013

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK REESE, FRANCES ELAINE PIDDE,
JAMES CICHANOFSKY, ROGER MILLER,
GEORGE NOWLIN and RONALD HITT, on             Hon. Patrick J. Duggan
behalf of themselves and
a similarly situated class,                   Case No. 04-70592

        Plaintiffs,

v.                                            **Class Action**

CNH GLOBAL N.V., formerly
known as Case Corporation,
and THE COMPANY LLC,

        Defendants.
                                                                    /
_____

Roger J. McClow (P27170)              Norman C. Ankers (P30533)
David R. Radtke (P47016)              HONIGMAN MILLER
Darcie R. Brault (P43864)             SCHWARTZ AND COHN LLP
McKNIGHT, McCLOW, CANZANO             Attorneys for Defendants
SMITH & RADTKE, P.C.                  2290 First National Building
Attorneys for Plaintiffs Reese, et al. 660 Woodward Avenue
400 Galleria Officentre, Suite 117    Detroit, MI 48226
Southfield, MI  48034                 (313) 465-7000
(248) 354-9650
                                      Bobby R. Burchfield, Esq.
                                      Douglas G. Edelschick, Esq.
                                      McDERMOTT WILL & EMERY
                                      Attorneys for Defendants
                                      600 Thirteenth Street, N.W.
                                      Washington, D.C.  20005
                                      (202) 756-8000
                                                                    /
_____


## BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO EXCEED 25 INTERROGATORIES

Plaintiffs rely upon the Fed. R. Civ. Pr. 33 and 26.

Respectfully submitted,

McKNIGHT, McCLOW, CANZANO,
SMITH & RADTKE, P.C.

By:/s/Darcie R. Brault
David R. Radtke (P47016)
Darcie R. Brault (P43864)
Attorneys for Class Plaintiffs
400 Galleria Officentre, Suite 117
Southfield, MI 48034
(248) 354-9650
dbrault@michworklaw.com

Dated: March 21, 2013

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2013 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system.

Respectfully Submitted,

McKNIGHT, McCLOW, CANZANO,
SMITH & RADTKE, P.C.

By: /s/Darcie R. Brault
David R. Radtke (P47016)
Darcie R. Brault (P43864)
Attorneys for Class Plaintiffs
400 Galleria Officentre, Suite 117
Southfield, MI 48034
(248) 354-9650
dbrault@michworklaw.com

Dated: March 21, 2013

P:\RHC Cases\Case Corp\Case - Reese litigation\Pleadings\Motion to Exceed 25 Interrogatories.docx