UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JACK REESE, FRANCES ELAINE PIDDE, JAMES CICHANOFSKY, ROGER MILLER, and GEORGE NOWLIN,<br><br>Plaintiffs,<br><br>v.<br><br>CNH GLOBAL N.V. and CNH AMERICA LLC,<br><br>Defendants. | Case 2:04-cv-70592-PJD-PJK<br><br>Hon. Patrick J. Duggan, U.S.D.J.<br><br>Hon. Paul J. Komives, U.S. Mag. J. |

**CNH'S OPPOSITION TO PLAINTIFFS' MOTION
FOR LEAVE TO EXCEED TWENTY-FIVE INTERROGATORIES**

Normal C. Ankers (P30533)
 (nankers@honigman.com)
Honigman Miller Schwartz and Cohn LLP
2290 First National Building
660 Woodward Avenue
Detroit, Michigan 48226
313.465.7306
313.465.7307 fax

Bobby R. Burchfield (bburchfield@mwe.com)
Joshua David Rogaczewski
 (jrogaczewski@mwe.com
McDermott Will & Emery LLP
The McDermott Building
500 North Capitol Street, Northwest
Washington, D.C. 20001
202.756.8000
202.756.8087 fax

*Attorneys for CNH Global N.V. and CNH America LLC*

## CONCISE STATEMENT OF THE ISSUES PRESENTED

1.      Should Plaintiffs be permitted to propound fifty-one interrogatories during limited remand proceedings, especially given that most of the interrogatories duplicate previous discovery requests, seek irrelevant information, or seek information that could be obtained by other means?

2.      Should Plaintiffs be permitted to ignore the rules governing how and when permission to exceed Federal Rule of Civil Procedure 33(a)(1)'s limit should be granted?

## CONTROLLING OR MOST
## APPROPRIATE AUTHORITY FOR THE RELIEF SOUGHT

Federal Rule of Civil Procedure 33

Federal Rule of Civil Procedure 26

*Reese v. CNH. Am. LLC*, 574 F.3d 315 (6th Cir. 2009)

*Reese v. CNH Am. LLC*, 694 F.3d 681 (6th Cir. 2012)

# INTRODUCTION

After nine years, two appeals, and two reversals, this case is on remand from the Sixth Circuit a second time. On the first remand in 2009, the Sixth Circuit directed this Court to focus on whether changes to Plaintiffs' retiree health benefits by CNH Global N.V. and CNH America LLC (referred to collectively as "CNH") were reasonable under the following standard:

> [T]he CBA—unless it says otherwise-should be construed to permit modifications to benefits plans that are [1] reasonably commensurate with the benefits provided in the 1998 CBA, [2] reasonable in light of changes in health care and [3] roughly consistent with the kinds of benefits provided to current employees.

*Reese v. CNH Am. LLC*, 574 F.3d 315, 326 (6th Cir. 2009) ("*Reese I*") (internal quotation marks omitted). On the first remand, at the urging of Plaintiffs, this Court reentered its prior judgment.

The Sixth Circuit again reversed, holding that "plaintiffs and the district court misread the panel opinion." *Reese v. CNH America LLC*, 694 F.3d 681, 685 (6th Cir. 2012) ("*Reese II*"). Although recognizing that "[t]his long-running dispute needs to come to an end, and it is particularly unfair to prolong the dispute when the status quo . . . not only favors just one party [i.e., the plaintiffs] but also risks mooting the economic stakes of the case for the other party [i.e., the defendants]," the Sixth Circuit remanded a second time for what it hoped would be truncated and expeditious proceedings. *Id.* at 685. Leaving little to chance, the Sixth Circuit *instructed* Plaintiffs on the questions to be addressed:

- What is the average annual total out-of-pocket cost to retirees for their healthcare under the old plan (the 1998 Group Benefit Plan)? What is the equivalent figure for the new plan (the 2005 Group Benefit Plan)?

- What is the average per-beneficiary cost to CNH under the old plan? What is the equivalent figure for the new plan?

- What premiums, deductibles and copayments must retirees pay under the old plan? What about under the new plan?

- How fast are the retirees' out-of-pocket costs likely to grow under the old plan? What about under the new plan? How fast are CNH's per-beneficiary costs likely to grow under each?

- What difference (if any) is there between the quality of care available under the old and new plans?

- What difference (if any) is there between the new plan and the plans CNH makes available to current employees and people retiring today?

- How does the new plan compare to plans available to retirees and workers at companies similar to CNH and with demographically similar employees?

*Id.* at 685–86.

Again misreading the Sixth Circuit's decision, Plaintiffs elected not to follow this roadmap for limited remand proceedings. Instead, they propounded more than twice the number of interrogatories—fifty-one—than the amount to which they would be entitled for an entire case. In doing so, Plaintiffs violated Federal Rule of Civil Procedure 33 in two respects. *First*, Plaintiffs failed to follow the simple and clear process of seeking CNH's consent or the Court's approval before serving discovery requests in excess of the rules. *Second*, even if they *had* followed the process in the rules, Plaintiffs cannot justify their purported need for the additional discovery. For *either* reason, Plaintiffs' motion to exceed Rule 33(a)(1)'s limits must be denied.

## BACKGROUND

This is the second set of remand proceedings before the Court. This remand commenced on December 12, 2012, when the Court held a status conference. At the conference, the parties discussed how to proceed. Plaintiffs said that they needed to know the plan CNH was proposing for them, and the Court ordered CNH to provide the proposed plan to Plaintiffs.

On February 4, 2013, the Court held a second status conference after Plaintiffs received CNH's proposed plan. During this conference the parties discussed the schedule for the remand proceedings. The Court gave Plaintiffs a period of time in which to ask questions about the

2

proposed plan. Also at the February 4 conference, the Court inquired of Plaintiffs how much time they needed to conduct discovery about CNH's proposed changes. Plaintiffs were clear that they intended to propound written discovery on CNH, and they agreed to do so on or before March 14, and the Court required all discovery to be completed by July 21, 2013. Throughout the conference, Plaintiffs said *nothing* about needing more discovery than permitted by the Federal Rules of Civil Procedure.

Plaintiffs asked a limited number of questions about the plan, which CNH answered on March 1. (Ex. 1, Mar. 1, 2013, Burchfield–Brault Ltr. 1.) In their letter asking eleven questions about the plan, Plaintiffs said *nothing* about needing discovery in excess of the limits in the Federal Rules of Civil Procedure. (*See* Ex. 2, Feb. 20, 2013, Brault–Burchfield Fax 1–3.) On March 14, Plaintiffs served CNH with fifty-one interrogatories. (R. 337 Ex. A, Pls.' 1st Interrs. Def. 6–14.) Rather than wait until its deadline for responding to Plaintiffs' interrogatories, CNH informed Plaintiffs on March 15 that their interrogatories ran afoul of Federal Rule of Civil Procedure 33(a)(1) and asked Plaintiffs to identify on March 18 the twenty-five interrogatories to which they wanted CNH to respond. (Ex. 3, Mar. 15, 2013, Burchfield–Brault Ltr. 1.) Plaintiffs responded on March 18 that they wanted responses to all fifty-one interrogatories, stated their intent to file a motion for leave, and inferred that CNH did not concur in the motion. CNH attempted to confer with Plaintiffs, offering to inform Plaintiffs of the twenty-five interrogatories to which CNH would respond and asking whether Plaintiffs would be willing to discuss a negotiated resolution for the remaining interrogatories. (Ex. 4, Rogaczewski Decl. ¶ 2.) Plaintiffs responded by filing this motion. (*See id.* ¶ 3.)

## ARGUMENT

The rules could not be more clear: "Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete

subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2)." Fed. R. Civ. P. 33(a)(1).[1] This limit was added in 1993 "because [interrogatories] can be costly and may be used as a means of harassment." *Id.* R. 33 advisory committee note (1993). The limit is especially appropriate given where the parties are in the proceeding.

## I.   IT IS FAR TOO LATE IN THESE PROCEEDINGS FOR PLAINTIFFS TO SERVE THEIR SWEEPING, OVERBROAD, AND IRRELEVANT INTERROGATORIES.

Acting as if their case has commenced anew, Plaintiffs propounded to CNH more interrogatories than permitted during the entire nine years the case has been pending. This is improper for at least three reasons.

*First*, this is not a new case. Both sides have engaged in significant discovery of each other and nonparties. Accordingly, the parties should limit their discovery during this remand to the information on which they have been directed to focus by the Sixth Circuit. *See Reese II*, 694 F.3d at 685–86. In view of its explicit concern about further delay, the Sixth Circuit did not contemplate discovery such as that propounded by Plaintiffs, which threatens to expand and delay the remand proceeding.

*Second*, most of Plaintiffs' discovery could have been sought in the *first* remand proceeding but was not pursued and therefore waived. Indeed, during the first remand, Plaintiffs did everything possible to avoid application of *Reese I*. They ignored the *Reese I* standard, and they sought no discovery, much less any regarding the three *Reese I* "reasonableness" factors. Instead, they simply argued that the Court should ignore the Sixth's Circuit decision and should

---

[1] Rule 26(b)(2), in turn, authorizes courts to alter Rule 33's limits, *id.* R. 26(b)(2)(A); discusses limits on discovery of electronically stored information, *id.* R. 26(b)(2)(B); and contains the familiar prohibitions on discovery that is cumulative, could have been (but was not) sought before, or unduly burdensome, *id.* R. 26(b)(2)(C). *See also id.* R. 26(b)(1) (limiting discovery to information relevant to parties' claims and defenses)."

not apply *Reese I*, because "the *Reese* panel ha[d] it entirely wrong" and the Sixth Circuit should "have affirmed *this* Court which *did* faithfully appl[y] the governing law." (R. 289, Pls.' Resp. CNH's 2d Mot. Summ. J. & Reply Supp. Pls.' 1st Mot. Summ. J. 18, 19.) As the Sixth Circuit said, they "misread" its decision. Having forgone discovery during the first remand proceeding, Plaintiffs should be provided only a limited amount of discovery for this remand.

*Finally*, the vast majority of Plaintiffs' interrogatories are sufficiently objectionable that they should not be permitted in excess of Rule 33(a)(1)'s limit. *See* Fed. R. Civ. P. 33(a)(1) (providing standard of Rule 26(b)(2) for motions for leave to exceed Rule 33(a)(1)'s limits).

- Many of Plaintiffs' interrogatories are irrelevant to the *Reese I* factors or the *Reese II* questions because they ask for information that is incoherent (1 and 34), or relates to pension benefits (5 through 9), plans considered by CNH but not proposed for Plaintiffs (38), CNH's tax benefits from the plans (50), and purported defenses no longer at issue in the case (40 through 43) (*see* R. 337 Ex. A, Pls.' 1st Interrs. Def. 4, 6, 11–14); *see also* Fed. R. Civ. P. 26(b)(1);[2]

- Other interrogatories duplicate other written requests by Plaintiffs (32 and 33) and the parties' mandatory-disclosure requirements (3, 4, and 48) (R. 337 Ex. A, Pls.' 1st Interrs. Def. 6, 11, 13; Ex. 5, Pls.' 1st ); *see also* Fed. R. Civ. P. 26(b)(2)(C)(i); and

- Still other interrogatories seek information that could (and should) be provided by someone else (*see* R. 337 Ex. A, Pls.' 1st Interrs. Def. 11–14 (Interrs. 35–37, 44, 49)); *see also* Fed. R. Civ. P. 26(b)(2)(C)(i).

The extra interrogatories do not meet Rule 26(b) and, therefore, are impermissible under Rule 33(a)(1).

---

[2] The interrogatories related to pension benefits—five through nine—are independently problematic because Plaintiffs already have the data. Two of Plaintiffs' first document requests to CNH were for documents showing class members' pension payments and each class member's "personnel and benefit files." (Ex. 6, Pls.' 1st Req. Prod. Docs. 6–7.) CNH responded to these requests by making available to Plaintiffs the class members' personnel and benefit files. (*See* Ex. 7, CNH Am.'s Resp. Pls.' 1st Req. Prod. Docs. 11, 13.) Plaintiffs reviewed those files, which included documents showing what pension benefits a class member received at the time of retirement and how that benefit would change in the future. (Ex. 8, Redacted Pension Disc. 1)

## II.   PLAINTIFFS FAILED TO SEEK LEAVE BEFORE SERVING INTERROGATORIES IN EXCESS OF TWENTY-FIVE.

The text of the rule suggests strongly that parties should not—as Plaintiffs did—serve interrogatories in excess of Rule 33(a)(1)'s limit *unless* they have the consent of the other side or they have a court order permitting them to do so. This Court understands the importance of this rule, warning that it "has had occasion to strike interrogatories served by the parties that exceed the authorized number." Patrick J. Duggan, "Practice Guidelines: Discovery," *available at* http://www.mied.uscourts.gov/Judges/guidelines/topic.cfm?topic_id=115. Rule 33(a)(1) exists "because the device can be costly and may be used as a means of harassment." Fed. R. Civ. P. 33 advisory committee note (1993). Leading commentators agree: "[T]he preferred solution would be agreement among the parties to disregard the limitation or a court order allowing more questions." 8B Charles Alan Wright et al., *Federal Practice and Procedure* § 2168.1, at 43 (3d ed. 2010). Plaintiffs had neither.

Plaintiffs' failure to seek permission is inexplicable, because they had ample opportunity to ask the Court for leave. They could have sought to discuss the issue at either the December 2012 status conference, or at the February conference, at which the discovery schedule was discussed. *See, e.g.*, 7 James Wm. Moore, *Moore's Federal Practice* § 33.30[3][c], at 33-39 (Dec. 2011) ("The court may also grant permission to pose additional interrogatories at a pretrial conference."). They could have filed a motion like the instant one sufficiently early that it would have been resolved prior to March 14 and prevented any delay in discovery.

Instead, Plaintiffs served their discovery first and *then* sought leave of the Court. Their inability to follow the rules is sufficient to deny their motion. Further, their approach to "ask for forgiveness rather than seek permission" threatens to delay the Court's carefully considered

schedule, which requires all discovery to be completed by July 21. Their motion must be denied and the schedule confirmed.

## CONCLUSION

Plaintiffs have not demonstrated that their excessive number of interrogatories is warranted under the rules. Their motion should be denied, and CNH should be required to answer only twenty-five of Plaintiffs' interrogatories.

Dated: April 8, 2013                          Respectfully submitted,


                                              /s/ Norman C. Ankers
Bobby R. Burchfield (bburchfield@mwe.com)     Norman C. Ankers (P30533)
Joshua David Rogaczewski                      (nankers@honigman.com)
(jrogaczewski@mwe.com)                        Honigman Miller Schwartz and Cohn LLP
McDermott Will & Emery LLP                    2290 First National Building
The McDermott Building                        660 Woodward Avenue
500 North Capitol Street, Northwest           Detroit, Michigan 48226
Washington, D.C. 20001                        313.465.7306
202.756.800                                   313.465.7307 fax
202.756.8087 fax

*Attorneys for CNH Global N.V. and CNH America LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on I hereby certify that on April 8, 2013, I electronically filed the foregoing **CNH's Opposition to Plaintiffs' Motion for Leave To Exceed Twenty-Five Interrogatories** with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants.

/s/ Norman C. Ankers
Normal C. Ankers (P30533)
(nankers@honigman.com)
Honigman Miller Schwartz and Cohn LLP
2290 First National Building
660 Woodward Avenue
Detroit, Michigan 48226
313.465.7306
313.465.7307 fax