# EXHIBIT 6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK REESE, FRANCES ELAINE PIDDE,
JAMES CICHANOFSKY, ROGER MILLER,
GEORGE NOWLIN and RONALD HITT, on          Hon. Patrick J. Duggan
behalf of themselves and
a similarly situated class,                Case No. 04-70592

      Plaintiffs,

v.                                         Class Action

CNH AMERICA LLC,
formerly known as
CASE CORPORATION,

      Defendant.
_____/

Samuel C. McKnight (P23096)              Norman C. Ankers (P30533)
Roger J. McClow (P27170)                 HONIGMAN MILLER
KLIMIST, McKNIGHT, SALE,                 SCHWARTZ AND COHN LLP
McCLOW & CANZANO, P.C.                    Attorneys for Defendant CNH America LLC
Attorneys for Plaintiffs Reese, et al.   2290 First National Building
400 Galleria Officentre, Suite 117       660 Woodward Avenue
Southfield, MI 48034                     Detroit, MI 48226
(248) 354-9650                           (313) 465-7000

                                         Brian Sieve
                                         James C. Joslin
                                         Mark J. Nomellini
                                         Kathryn F. Taylor
                                         Jeffrey R. Miller
                                         KIRKLAND & ELLIS
                                         Attorneys for Defendant CNH America LLC
                                         200 East Randolph Drive
                                         Chicago, IL 60601
                                         (312) 861-2000
_____/

**PLAINTIFFS' FIRST REQUEST FOR**
**<u>PRODUCTION OF DOCUMENTS</u>**

Plaintiffs, by their attorneys, KLIMIST, McKNIGHT, SALE, McCLOW & CANZANO, P.C., request, pursuant to Rule 34 of the Federal Rules of Civil Procedure, that Defendant Case produce the documents and records described below for inspection and copying at the offices of KLIMIST, McKNIGHT, SALE, McCLOW & CANZANO, P.C., 400 Galleria Officentre, Suite 117, Southfield, Michigan 48034, on or before September 15, 2004.

### DEFINITIONS AND INSTRUCTIONS

1.      "Case" means the   J. I. Case, Tenneco, Case Equipment Corporation, Case Corporation, Case LLC, CNH America LLC, CNH Global N.V., Case New Holland, Inc., Fiatallis North America, Inc., their predecessors, parents, subsidiaries, divisions and the employees, representatives and agents of these entities.

2.      "UAW" means the United Automobile, Aerospace and Agricultural Implement Workers of America (UAW) and/or its Locals 152 (Hinsdale), 180 (Racine), 378 (Rockford), 689 (Terre Haute), 763 (St. Paul), 806 (Rock Island), 807 (Burlington), 858 (Bettendorf), 1004 (Southaven), 1304 (East Moline), 1306 (East Moline toolmakers), 1356 (East Moline clerical and technical), 1489 (Wausau) and 1571 (Indianapolis).

3.      "Retiree" means a retired hourly employee from one of Case's facilities who was represented by the UAW for purposes of collective bargaining while an employee and who retired under the Case Pension Plan for Hourly Paid Employees.

4.      "Surviving Spouse" means any surviving spouse of a retiree.

5.      "Plan" means the employee welfare benefit plan Case had established to provide health care benefits to retirees and surviving spouses.

6.      "Document" means any and all notes, statements, minutes, memoranda, summaries, correspondence, contracts, records, messages, instructions, financial statements, work papers, book

-1-

reports, diaries, articles, bills, billing statements, checks, checkbooks, ledgers, publications, charts, graphs, drawings, photographs, instruments, computer tapes or discs, program inputs, memories and outputs of every sort, and all other writings and papers of every kind or type (whether handwritten, typewritten, printed or other, regardless of form), tape recordings and other types of sound recordings in Case's possession, custody or control.  Note: This Request for Production does not require the production of documents previously produced by Case in the companion case *Yolton, et al. v. El Paso Tennessee Pipeline, et al.,* Case No. 02-75164 (E.D. Mich.) provided the parties develop a suitable procedure for identifying and cataloguing those documents for use in both the *Reese, et al* and *Yolton, et al* lawsuits.

7.     "Possession, custody or control" includes the possession, custody or control of any of Case's present or former directors, officers, employees, attorneys, accountants, agents or subsidiaries.

8.     "Person" and "persons" include any natural person, firm, corporation, government entity, labor organization, partnership association, joint venture, group association and any other form of business organization or arrangement.

9.     If a document which is within the scope of these requests can be identified but is not in your custody or control, please state:

  a.     a description of the document;

  b.     who has possession of it and its whereabouts;

  c.     whether you had possession of it any time;

  d.     whether you voluntarily or involuntarily transferred it to another; and if so,

  e.     the circumstances surrounding such transfer, the authorization for such transfer and the date of such transfer.

10.  With respect to any document for which you claim a privilege, identify the document, state the privilege involved, and state the factual and legal basis for the claimed privilege. Identify the document by stating:

   a.  the type of document (letter, memo, etc.);

   b.  the identity of the author;

   c.  the date authored or originated;

   d.  the identity of each person to whom the original or a copy was addressed or delivered;

   e.  the identity of every other person who has ever had possession of the document;

   f.  the subject matter of the document in sufficient detail to permit Plaintiffs to determine whether the asserted privilege applies.

11.  Unless otherwise stated, these Requests cover the period from whenever Case first engaged in negotiations with the UAW about health care benefits for retirees through the present. In particular, certain Requests pertaining to retirees and surviving spouses are limited to retirees who retired on or after July 1, 1994 and the surviving spouses of such retirees.

## DOCUMENT REQUESTS

1.  All collective bargaining agreements, including negotiated insurance plans or agreements, between Case and the UAW and all documents relating to negotiations between the UAW and Case to the extent these negotiations dealt in any way with health care benefits for retirees, including, but not limited to:

   a.  notes, transcripts or other recordings of the negotiations;

   b.  drafts (including final drafts) of proposals and agreements, whether they take the form of memoranda, letters of understanding, formalized collective bargaining agreements, plan booklets, etc.

    c.    documents generated in preparation for collective bargaining negotiations;

    d.    documents summarizing or explaining the agreements reached in the negotiations;

    e.    documents relating to the process of the drafting of agreements arising out of negotiations.

2.    All documents provided to employees upon retirement and to retirees and/or surviving spouses after retirement which in any way describe or refer to health care benefits, including but not limited to insurance plans, insurance agreements, summary plan descriptions, booklets, leaflets, benefit summaries and correspondence and all documents relating to the preparation of those documents.

3.    All documents, including but not limited to drafts of and comments upon drafts of documents, which were available to representatives of Case as a guide to or for use during pre-retirement interviews with employees who were retiring or contemplating retiring.

4.    All documents generated or reviewed as part of the decision making process leading up to the February 2004 announcement by Case of its intent to modify, reduce and/or terminate health care benefits under the plan for former employees and the surviving spouses of former employees who retired on or after July 1, 1994, including but not limited to all recommendations and opinions from Case's attorneys or other persons.

5.    All documents relating to plant closings of Case facilities at Bettendorf, Rock Island, Terre Haute, Wausau, Rockford, Southaven, Hinsdale etc. that refer to retirement benefits and special early retirement options.

6.    All documents relating to special early retirement incentives offered by Case which refer to health care benefits for retirees and surviving spouses.

7.    All documents relating to studies or analyses of the cost of the health care benefits for retirees and surviving spouses, including but not limited to, any analyses or projections done of what the cost of these benefits would be over the lifetimes of the retirees and surviving spouses.

8.    All documents showing any change in the health care benefits for retirees who retired on or after July 1, 1994 and surviving spouses of such retirees since they were first provided.

9.    All documents relating to any communication between Case and the insurance carriers or third party administrators who provided health care benefits for retirees and surviving spouses during the last twenty years.

10.    All documents relating to any communication between Case and the UAW regarding health care benefits for retirees and surviving spouses.

11.    All summary plan descriptions for the plan since its creation.

12.    Corporate annual reports for the period 1994 through the present.

13.    All documents referring or relating to the Financial Accounting Standard Board's requirements for disclosure of Case's liability for post-retirement welfare benefits for retirees and surviving spouses under FAS No. 81 or FAS No. 106.

14.    All financial statements in which any reference is made to Case's obligation to provide health care benefits for retirees and surviving spouses, including but not limited to any documents created as a result of or pursuant to the requirements of FAS No. 81 and FAS No. 106.

15.    All documents pertaining to the financial relationship between any of the Defendants defined herein as Case such as periodic reports, financial statements, balance sheets, intra-corporate reports and financial statements, inter- corporate reports and financial statements, and records of both intra-corporate and inter-corporate transactions.

-5-

16.     All documents regarding, reflecting and/or establishing the legal structure (i.e., corporation, division, wholly owned subsidiary, partnership, LLC, etc.) of each of the Defendants defined herein as Case, including but not limited to articles of incorporation, partnership agreements, and filings with governmental agencies including state and federal agencies.

17.     All corporate documents, including agreements and documents relating to mergers, sales, and/or acquisitions, which refer or relate to Case's obligations for health care benefits for retirees and surviving spouses.

18.     All contracts and any additions, modifications or deletions thereto between Case and its health care benefit providers, including insurance companies, third party administrators and servicing agents, which have been in effect since the initial implementation of health care benefits covering retirees and surviving spouses.

19.     All minutes and notes of all meetings of officers, the Board of Directors, or officials of Case which relate or refer, in any way to health care benefits for retirees and surviving spouses.

20.     All documents given or mailed by Case to retirees and spouses or surviving spouses regarding health care benefits.

21.     All documents containing the names of retirees who retired on or after July 1, 1994 and the surviving spouses of such retirees, whether living or deceased, which discloses any or all of the following information:

    a.     Social security number;

    b.     Address;

    c.     Area code and telephone number;

    d.     Date of birth;

    e.     Marital status;

    f.     Date of death;

    g.     Names of spouse and dependents;

    h.     Seniority date or date of hire;

    i.     Credited service;

    j.     Retirement date;

    k.     Amount of pension payments;

    l.     Company payments for health care benefits.

22.    All documents relating to the continuation, termination or modification of health care benefits for employees, retirees and surviving spouses when a collective bargaining agreement was not in effect between Case and the UAW.

23.    All Case letters, newsletters and press releases relating to health care benefits for retirees and surviving spouses.

24.    All personnel and benefit files for all retirees who retired on or after July 1, 1994, and the surviving spouses of such retirees, both living and deceased.

Respectfully submitted,

KLIMIST, McKNIGHT, SALE,
McCLOW & CANZANO, P.C.

By: _____

Roger J. McClow (P27170)
Samuel C. McKnight (P23096)
Attorney for Plaintiffs
400 Galleria Officentre, Suite 117
Southfield, MI 48034

Dated: August 12, 2004

P:\UAW\International\Case Post IPO 04-70592\Pleadings\POD Request2Case.01.wpd

-7-