# EXHIBIT 7

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JACK REESE, FRANCES ELAINE PIDDE, JAMES CICHANOFSKY, ROGER MILLER, GEORGE NOWLIN, and RONALD HITT, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 2:04CV70592 |
| CNH GLOBAL N.V. and CNH AMERICA LLC, | ) Hon. Patrick J. Duggan, U.S.D.J. |
| Defendants. | ) Hon. Wallace Capel, U.S. Mag. J. |

## CNH AMERICA LLC'S RESPONSE TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant CNH America LLC ("CNH America"), by and through its undersigned attorneys, hereby responds pursuant to Federal Rule of Civil Procedure 34 to Plaintiffs' First Request for Production of Documents as follows:

## GENERAL OBJECTIONS

1. CNH America objects to the requests to the extent that, through the "Definitions and Instructions" or otherwise, they purport to impose obligations on CNH America that exceed those provided in the Federal Rules of Civil Procedure and the Civil Rules of the United States District Court for the Eastern District of Michigan.

2. CNH America objects to the requests to the extent they purport to seek disclosure of information subject to the attorney-client communication privilege, the work product doctrine, or other applicable privileges or doctrines. Plaintiffs should not deem the inadvertent disclosure of privileged or protected information a waiver of the applicable privilege or protection.

1

3.  CNH America objects to the requests to the extent they purport to seek disclosure of information irrelevant to any claim or defense of any party or not reasonably calculated to lead to the discovery of admissible evidence. CNH America further objects to the requests to the extent they call for production of documents concerning contracts with the UAW that are not referenced in the Amended Complaint and negotiations pertaining to such contracts.

4.  CNH America objects to Plaintiffs' definitions of "Case" and "possession, custody or control" to the extent they purport to require CNH America to produce documents created or maintained by other corporate entities that are not within CNH America's "possession, custody or control." *See* FED. R. CIV. P. 34(a)(1). "CNH America" means the entity incorporated on April 22, 1994, as Case Equipment Corp.; known as Case Equipment Corp. from April 22, 1994, through July 1, 1994; known as Case Corp. from July 1, 1994, through September 30, 2002; known as Case, LLC, from September 30, 2002, through January 1, 2004; and known as CNH America LLC since January 1, 2004. Accordingly, CNH America interprets the term "Case" in the document requests to mean CNH America.

5.  CNH America objects to Plaintiffs' definition of "Retiree" to the extent it includes former employees of J.I. Case who retired on or before July 1, 1994. "J.I. Case" means the entity incorporated on June 15, 1970, as J.I. Case Co.; known as J.I. Case Co. from August 4, 1970, through January 23, 1990; known as Case Corp. from January 23, 1990, through June 27, 1994; known as Tenneco Equipment Corp. from June 27, 1994, through December 24, 1996; known as EPEC Equipment Corp. from December 24, 1996, through December 31, 1998; and known as EPEC Corp. from December 31, 1998, through the present.

6. CNH America objects to Plaintiffs' definition of "Surviving Spouse" to the extent it includes surviving spouses of former employees of J.I. Case who retired on or before July 1, 1994.

7. CNH America objects to Plaintiffs' definition of the term "document" to the extent it deviates from, or otherwise expands the scope of, the term as employed in the rules. Accordingly, CNH America interprets the term document as provided in Federal Rule of Civil Procedure 34(a)(1).

8. CNH America objects to the statement on page 2 of Plaintiffs' document requests to the extent it suggests that Plaintiffs may use documents produced and designated by CNH America as confidential under the Protective Order entered in *Yolton v. El Paso Tennessee Pipeline Co.*, Case No. 02-75216 (E.D. Mich. filed Dec. 23, 2002).

9. CNH America objects to the instruction concerning privileged documents as overly broad and unduly burdensome to the extent that it purports to require identification of documents generated in connection with the defense of litigation concerning retiree health care benefits. Subject to and without waiving this objection, CNH will produce a privilege log in accordance with Federal Rule of Civil Procedure 26(b)(5) at the conclusion of its ongoing document production.

10. CNH America reserves the ability to supplement or amend this response as it discovers additional responsive information.

## DOCUMENT REQUESTS AND SPECIFIC RESPONSES

1. All collective bargaining agreements, including negotiated insurance plans or agreements, between Case and the UAW and all documents relating to negotiations between the UAW and Case to the extent these negotiations dealt in any way with health care benefits for retirees, including, but not limited to:

3

    a.    notes, transcripts or other recordings of the negotiations;

    b.    drafts (including final drafts) of proposals and agreements, whether they take the form of memoranda, letters of understanding, formalized collective bargaining agreements, plan booklets, etc.

    c.    documents generated in preparation for collective bargaining negotiations;

    d.    documents summarizing or explaining the agreements reached in the negotiations;

    e.    documents relating to the process of the drafting of agreements arising out of negotiations.

**RESPONSE:** CNH America incorporates each of the General Objections set forth above. CNH America also objects to this request because it is overly broad, unduly burdensome, not reasonably limited in scope, and calls for information irrelevant to this litigation or not reasonably calculated to lead to the discovery of admissible evidence. CNH America further objects to the request because it calls for documents subject to the attorney-client communication privilege or the work product doctrine. Subject to and without waiving these objections, CNH America will produce responsive documents.

2.    All documents provided to employees upon retirement and to retirees and/or surviving spouses after retirement which in any way describe or refer to health care benefits, including but not limited to insurance plans, insurance agreements, summary plan descriptions, booklets, leaflets, benefit summaries and correspondence and all documents relating to the preparation of those documents.

**RESPONSE:** CNH America incorporates each of the General Objections set forth above. Subject to and without waiving these objections, CNH America will produce responsive documents.

3.    All documents, including but not limited to drafts of and comments upon drafts of documents, which were available to representatives of Case as a guide to or for use during pre-retirement interviews with employees who were retiring or contemplating retiring.

4

**RESPONSE:** CNH America incorporates each of the General Objections set forth above. CNH America also objects to this request because it is overly broad, vague, and ambiguous. CNH America further objects to the request because it calls for documents subject to the attorney-client communication privilege or the work product doctrine. Subject to and without waiving these objections, CNH America will produce responsive documents.

    4.    All documents generated or reviewed as part of the decision making process leading up to the February 2004 announcement by Case of its intent to modify, reduce and/or terminate health care benefits under the plan for former employees and the surviving spouses of former employees who retired on or after July 1, 1994, including but not limited to all recommendations and opinions from Case's attorneys or other persons.

**RESPONSE:** CNH America incorporates each of the General Objections set forth above. CNH America also objects to this request, because it is overly broad, unduly burdensome, not reasonably limited in scope, and calls for information irrelevant to this litigation or not reasonably calculated to lead to the discovery of admissible evidence. CNH America further objects to the request because it calls for documents subject to the attorney-client communication privilege or the work product doctrine. Subject to and without waiving these objections, CNH America will produce responsive documents.

    5.    All documents relating to plant closings of Case facilities at Bettendorf, Rock Island, Terre Haute, Wausau, Rockford, Southaven, Hinsdale etc. that refer to retirement benefits and special early retirement options.

**RESPONSE:** CNH America incorporates each of the General Objections set forth above. CNH America also objects to this request because it is overly broad, vague, ambiguous, unduly burdensome, not reasonably limited in scope, and calls for information irrelevant to this litigation or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, CNH America will produce responsive documents.

6. All documents relating to special early retirement incentives offered by Case which refer to health care benefits for retirees and surviving spouses.

**RESPONSE:** CNH America incorporates each of the General Objections set forth above. CNH America also objects to this request because it is overly broad, vague, ambiguous, unduly burdensome, not reasonably limited in scope, and calls for information irrelevant to this litigation or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, CNH America will produce responsive documents.

7. All documents relating to studies or analyses of the cost of the health care benefits for retirees and surviving spouses, including but not limited to, any analyses or projections done of what the cost of these benefits would be over the lifetimes of the retirees and surviving spouses.

**RESPONSE:** CNH America incorporates each of the General Objections set forth above. CNH America also objects to this request, because it is overly broad, unduly burdensome, not reasonably limited in scope, and calls for information irrelevant to this litigation or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, CNH America will produce responsive documents.

8. All documents showing any change in the health care benefits for retirees who retired on or after July 1, 1994 and surviving spouses of such retirees since they were first provided.

**RESPONSE:** CNH America incorporates each of the General Objections set forth above. CNH America also objects to this request, because it is overly broad, unduly burdensome, not reasonably limited in scope, and calls for information irrelevant to this litigation or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, CNH America will produce responsive documents.

9. All documents relating to any communication between Case and the insurance carriers or third party administrators who provided health care benefits for retirees and surviving spouses during the last twenty years.

**RESPONSE:** CNH America incorporates each of the General Objections set forth above. CNH America also objects to this request, because it is overly broad, unduly burdensome, not reasonably limited in scope, and calls for information irrelevant to this litigation or not reasonably calculated to lead to the discovery of admissible evidence. CNH America further objects to the request because it calls for documents subject to the attorney-client communication privilege or the work product doctrine. Subject to and without waiving these objections, CNH America will produce responsive documents.

10. All documents relating to any communication between Case and the UAW regarding health care benefits for retirees and surviving spouses.

**RESPONSE:** CNH America incorporates each of the General Objections set forth above. CNH America also objects to Plaintiffs' request, because it is overly broad, unduly burdensome, not reasonably limited in scope, and calls for information irrelevant to this litigation or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, CNH America will produce responsive documents.

11. All summary plan descriptions for the plan since its creation.

**RESPONSE:** CNH America incorporates each of the General Objections set forth above. Subject to and without waiving these objections, CNH America will produce responsive documents.

12. Corporate annual reports for the period 1994 through the present.

**RESPONSE:** CNH America incorporates each of the General Objections set forth above. Subject to and without waiving these objections, CNH America will produce responsive documents.

13. All documents referring or relating to the Financial Accounting Standard Board's requirements for disclosure of Case's liability for post-retirement welfare benefits for retirees and surviving spouses under FAS No. 81 or FAS No. 106.

**RESPONSE:** CNH America incorporates each of the General Objections set forth above. CNH America also objects to Plaintiffs' request because it is overly broad, unduly burdensome, not reasonably limited in scope, and calls for information irrelevant to this litigation or not reasonably calculated to lead to the discovery of admissible evidence. CNH America further objects to Plaintiffs' characterization of FAS 81 and 106 and to the extent the request calls for production of documents revealing accounting practices for calculating and disclosing the cost of benefits currently provided to employees and retirees. Finally, CNH America objects to the request because it calls for documents subject to the attorney-client communication privilege or the work product doctrine. Subject to and without waiving these objections, CNH America will produce responsive documents.

14. All financial statements in which any reference is made to Case's obligation to provide health care benefits for retirees and surviving spouses, including but not limited to any documents created as a result of or pursuant to the requirements of FAS No. 81 and FAS No. 106.

**RESPONSE:** CNH America incorporates each of the General Objections set forth above. CNH America also objects to Plaintiffs' request, because it is overly broad, unduly burdensome, not reasonably limited in scope, and calls for information irrelevant to this litigation or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, CNH America will produce responsive documents.

8

15. All documents pertaining to the financial relationship between any of the Defendants defined herein as Case such as periodic reports, financial statements, balance sheets, intra-corporate reports and financial statements, inter-corporate reports and financial statements, and records of both intra-corporate and inter-corporate transactions.

**RESPONSE:** CNH America incorporates each of the General Objections set forth above. CNH America also objects to Plaintiffs' request, because it is overly broad, unduly burdensome, not reasonably limited in scope, and calls for information irrelevant to this litigation or not reasonably calculated to lead to the discovery of admissible evidence. CNH America further objects to the request because it calls for documents subject to the attorney-client communication privilege or the work product doctrine. Subject to and without waiving these objections, CNH America will produce responsive documents.

16. All documents regarding, reflecting and/or establishing the legal structure (i.e., corporation, division, wholly owned subsidiary, partnership, LLC, etc.) of each of the Defendants defined herein as Case, including but not limited to articles of incorporation, partnership agreements, and filings with governmental agencies including state and federal agencies.

**RESPONSE:** CNH America incorporates each of the General Objections set forth above. CNH America also objects to the request because it calls for documents subject to the attorney-client communication privilege or the work product doctrine. Subject to and without waiving these objections, CNH America will produce responsive documents.

17. All corporate documents, including agreements and documents relating to mergers, sales, and/or acquisitions, which refer or relate to Case's obligations for health care benefits for retirees and surviving spouses.

**RESPONSE:** CNH America incorporates each of the General Objections set forth above. CNH America also objects to Plaintiffs' request, because it is overly broad, unduly burdensome, not reasonably limited in scope, and calls for information irrelevant to this litigation or not reasonably calculated to lead to the discovery of admissible evidence. CNH America

further objects to the request because it calls for documents subject to the attorney-client communication privilege or the work product doctrine. Subject to and without waiving these objections, CNH America will produce responsive documents.

18. All contracts and any additions, modifications or deletions thereto between Case and its health care benefit providers, including insurance companies, third party administrators and servicing agents, which have been in effect since the initial implementation of health care benefits covering retirees and surviving spouses.

**RESPONSE:** CNH America incorporates each of the General Objections set forth above. CNH America also objects to Plaintiffs' request, because it is overly broad, unduly burdensome, not reasonably limited in scope, and calls for information irrelevant to this litigation or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, CNH America will produce responsive documents.

19. All minutes and notes of all meetings of officers, the Board of Directors, or officials of Case which relate or refer, in any way to health care benefits for retirees and surviving spouses.

**RESPONSE:** CNH America incorporates each of the General Objections set forth above. CNH America also objects to Plaintiffs' request, because it is overly broad, unduly burdensome, not reasonably limited in scope, and calls for information irrelevant to this litigation or not reasonably calculated to lead to the discovery of admissible evidence. CNH America further objects to the request because it calls for documents subject to the attorney-client communication privilege or the work product doctrine.

20. All documents given or mailed by Case to retirees and spouses or surviving spouses regarding health care benefits.

**RESPONSE:** CNH America incorporates each of the General Objections set forth above. CNH America also objects to Plaintiffs' request, because it is overly broad, unduly

burdensome, not reasonably limited in scope, and calls for information irrelevant to this litigation or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, CNH America will produce responsive documents.

21. All documents containing the names of retirees who retired on or after July 1, 1994 and the surviving spouses of such retirees, whether living or deceased, which discloses any or all of the following information:

    a. Social security number;

    b. Address;

    c. Area code and telephone number;

    d. Date of birth;

    e. Marital status;

    f. Date of death;

    g. Names or spouse and dependents;

    h. Seniority date or date of hire;

    i. Credited service;

    j. Retirement date;

    k. Amount of pension payments;

    l. Company payments for health care benefits.

**RESPONSE:** CNH America incorporates each of the General Objections set forth above. CNH America also objects to the request because it calls for documents subject to the attorney-client communication privilege or the work product doctrine. Subject to and without waiving these objections, CNH America has produced a spreadsheet identifying retirees and surviving spouses enrolled in health care plans sponsored by CNH America, and CNH America will produce responsive documents.

22.    All documents relating to the continuation, termination or modification of health care benefits for employees, retirees and surviving spouses when a collective bargaining agreement was not in effect between Case and the UAW.

**RESPONSE:** CNH America incorporates each of the General Objections set forth above. CNH America also objects to Plaintiffs' request, because it is overly broad, unduly burdensome, not reasonably limited in scope, and calls for information irrelevant to this litigation or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, CNH America will produce responsive documents.

23.    All Case letters, newsletters and press releases relating to health care benefits for retirees and surviving spouses.

**RESPONSE:** CNH America incorporates each of the General Objections set forth above. CNH America also objects to Plaintiffs' request, because it is overly broad, unduly burdensome, not reasonably limited in scope, and calls for information irrelevant to this litigation or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, CNH America will produce responsive documents.

24.    All personnel and benefit files for all retirees who retired on of after July 1, 1994, and the surviving spouses of such retirees, both living and deceased.

**RESPONSE:** CNH America incorporates each of the General Objections set forth above. CNH America also objects to the request because it calls for documents subject to the attorney-client communication privilege or the work product doctrine. Subject to and without waiving these objections, CNH America will produce responsive documents.

Dated: July 7, 2005

Respectfully submitted,

*/s/ Douglas G. Edelschick*

Bobby R. Burchfield
Douglas G. Edelschick
MCDERMOTT WILL & EMERY LLP
600 13th Street N.W.
Washington, D.C. 20005
Telephone: (202) 756-8000
Facsimile: (202) 756-8087

Norman C. Ankers (Mich. Bar. No. P30533)
HONIGMAN MILLER SCHWARTZ AND COHN LLP
2290 First National Building
600 Woodward Avenue
Detroit, Michigan 48226
Telephone: (313) 465-7000
Facsimile: (313) 465-8000

*Attorneys for CNH America LLC*

13

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **RESPONSE OF CNH AMERICA LLC TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** was served on July 7, 2005, by FedEx, on:

Roger J. McClow
KLIMIST, MCKNIGHT, SALE, MCCLOW & CANZANO, P.C.
400 Galleria Officentre, Suite 117
Southfield, Michigan 48034.

Joshua David Rogaczewski