UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK REESE, FRANCES ELAINE PIDDE,
JAMES CICHANOFSKY, ROGER MILLER,
and GEORGE NOWLIN, on behalf of themselves
and a similarly situated class,

       Plaintiffs,

Hon. Patrick J. Duggan

Case No. 04-70592

v.                                                                                **Class Action**

CNH GLOBAL N.V., formerly
known as Case Corporation,
and CNH AMERICA LLC,

       Defendants.
_____/

| | |
|---|---|
| Roger J. McClow (P27170) | Norman C. Ankers (P30533) |
| David R. Radtke (P47016) | HONIGMAN MILLER |
| Darcie R. Brault (P43864) | SCHWARTZ AND COHN LLP |
| McKNIGHT, McCLOW, CANZANO | Attorneys for Defendants |
| SMITH & RADTKE, P.C. | 2290 First National Building |
| Attorneys for Plaintiffs Reese, et al. | 660 Woodward Avenue |
| 400 Galleria Officentre, Suite 117 | Detroit, MI 48226 |
| Southfield, MI 48034 | (313) 465-7000 |
| (248) 354-9650 | |
| | Bobby R. Burchfield, Esq. |
| | McDERMOTT WILL & EMERY |
| | McDermott Will & Emery |
| | The McDermott Building |
| | 500 North Capital Street, Northwest |
| | Washington, D.C. 20001 |
| | (202) 756-8000 |

_____/

## STIPULATED PROTECTIVE ORDER

      NOW COME the parties, through their respective counsel, and pursuant to Fed. R. Civ. P. 26 hereby stipulate to the entry of this protective order:

1. Defendant has requested personal and private financial and medical information from each of the Plaintiffs in this action. There is authority for sealing such personal and private information. *In re Knoxville News-Sentinel Co.*, 723 F.2d at 474.

2. Plaintiffs and Defendant, by and through their undersigned counsel, stipulate and agree that the following is considered "confidential information":  (i) financial information concerning Plaintiffs and their family members, including but not limited to their assets and liabilities; (ii) Plaintiffs' and Plaintiffs' family members' medical records and personal health information; (iii) Plaintiffs' and Plaintiffs' family members job, payroll history, other income and/or benefits, (iv) Plaintiffs' tax documents; (v) and such other documents that the parties may in good faith designate as "confidential."  The parties agree that confidential information produced, disclosed, or used in this action shall be treated as confidential and shall be utilized solely in connection with the above-captioned action by:

    (a) The Court, Court personnel and, if applicable, the jury;

    (b) Attorneys of record, and persons employed in said attorneys' offices who are shown a copy of this Order and agree to be bound by same by signing a copy of this Order and sending the executed copy to Plaintiffs' counsel; and;

    (c) Other persons retained in this action, including experts and persons employed and affiliated with such experts, provided that said persons are shown a copy of this Order and agree to be bound by same by signing a copy of this Order and sending the executed copy to Plaintiffs' counsel.

3. Defendant and their counsel shall not disclose confidential information to any person or entity other than the persons and entities listed in section 1(a)-(c) above.

4. If the Defendant wishes to disclose confidential information to the court, it must do so under seal, pursuant to Local Rule 5.3. This Order constitutes necessary and sufficient permission to file under seal.

5. If the non-designating party objects to the designating party's designation of particular material or documents as "confidential," the non-designating party shall so advise the designating party no later than 14 days after the designation, after which any right to object to the designation shall be deemed waived. If a timely objection is made, the parties shall discuss the matter in a good faith effort to resolve the issue prior to involving the Court. If the parties cannot agree on a resolution of the objection, the non-designating party may, subject to paragraph 2 above, file an application with the Court to resolve the issue, but must file such application within 14 days of its initial objection.

6. Nothing in this Order constitutes an admission or agreement that any document or information is subject to discovery or is admissible as evidence in this case, and nothing in this Order shall be construed to prohibit or limit the parties' attorneys from seeking to mark or introduce Confidential Information at any deposition taken in, or at the trial of, this action.

7. Within thirty (30) days after the conclusion of this action, by final judgment not subject to appeal or by settlement, all documents or other items constituting or containing confidential information and all copies (including electronic copies) thereof which are in the possession, custody or control of the parties or their attorneys shall be returned to the

...

attorneys for the opposing party or destroyed.

    IT IS SO ORDERED.

                  s/Patrick J. Duggan
                  Patrick J. Duggan
                  United States District Judge

Dated:  April 15, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 15, 2013, by electronic and/or ordinary mail.

                  s/Marilyn Orem
                  Case Manager

The parties through their undersigned counsel agree to the form and content of this Order, and stipulate to its entry:

| McKNIGHT, MCCLOW, CANZANO, SMITH & RADTKE, P.C. | McDERMOTT WILL & EMERY LLP |
|---|---|
| By: /s/ Darcie R. Brault<br>Darcie R. Brault (P43864)<br>Attorneys for Plaintiffs<br>400 Galleria Officentre, Suite 117<br>Southfield, MI  48034<br>(248) 354-9650 | By: /s/ Bobby R. Burchfield w/consent<br>Bobby R. Burchfield<br>Attorneys for Defendants<br>500 North Capital Street, N.W.<br>Washington, D.C.  20001<br>(202) 756-8000 |

Dated:  April 15, 2013

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK REESE, FRANCES ELAINE PIDDE,
JAMES CICHANOFSKY, ROGER MILLER,
and GEORGE NOWLIN, on behalf of themselves
and a similarly situated class,

                                                                                      Hon. Patrick J. Duggan

    Plaintiffs,

                                                                                      Case No. 04-70592

v.                                                                        **Class Action**

CNH GLOBAL N.V., formerly
known as Case Corporation,
and CNH AMERICA LLC,

    Defendants.
_____/

| | |
|---|---|
| Roger J. McClow (P27170) | Norman C. Ankers (P30533) |
| David R. Radtke (P47016) | HONIGMAN MILLER |
| Darcie R. Brault (P43864) | SCHWARTZ AND COHN LLP |
| McKNIGHT, McCLOW, CANZANO | Attorneys for Defendants |
| SMITH & RADTKE, P.C. | 2290 First National Building |
| Attorneys for Plaintiffs Reese, et al. | 660 Woodward Avenue |
| 400 Galleria Officentre, Suite 117 | Detroit, MI 48226 |
| Southfield, MI  48034 | (313) 465-7000 |
| (248) 354-9650 | |
| | Bobby R. Burchfield, Esq. |
| | McDERMOTT WILL & EMERY |
| | McDermott Will & Emery |
| | The McDermott Building |
| | 500 North Capital Street, Northwest |
| | Washington, D.C.  20001 |
| | (202) 756-8000 |

_____/

**BRIEF IN SUPPORT OF PROPOSED STIPULATED PROTECTIVE ORDER**

1

The parties wish to exchange information in discovery with the understanding that the information will be kept confidential and which information and documents containing it will be filed with the Court, if at all, only under seal.

It is well established that this Court, as every other court, "has supervisory power over its own records and files." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978). This authority includes fashioning protective orders that limit access to certain court documents. See Fed. R. Civ. P. 26(c). *Sami v. Detroit Med. Ctr.*, 2012 U.S. Dist. LEXIS 128186 (E.D. Mich. Sept. 10, 2012).

In exercising its discretion to seal judicial records, the Court must balance the public's common law right of access against the interests favoring nondisclosure. See *Nixon*, 435 U.S. at 599 (court must consider "relevant facts and circumstances of the particular case"); *Belo Broad. Corp. v. Clark*, 654 F.2d 423, 434 (5th Cir. 1981); see also *Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986) (court has a duty to "balance the factors favoring secrecy against the common law presumption of access"); *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983) ("The historic presumption of access to judicial records must be considered in the balance of competing interests."). But as noted above, "there is a strong presumption that court files will be open to the public," which may be overcome only "where a party's interest in privacy . . . outweigh[s] the public interest in disclosure." *Smith v. SEC*, 129 F.3d 356, 359 n.1 (6th Cir. 1997).

The information requested, and which Plaintiffs are prepared to provide, contain (i) financial information concerning Plaintiffs and their family members, including but not limited to their assets and liabilities; (ii) Plaintiffs' and Plaintiffs' family members' medical records and

2

personal health information (particularly usage of their health care benefits); (iii) Plaintiffs' and Plaintiffs' family members job, payroll history, other income and/or benefits, (iv) Plaintiffs' tax documents; (v) and such other documents that the parties may in good faith designate as "confidential," e.g. statements regarding annuity accounts/savings accounts.

If the information or documents are filed as exhibits with the Court, sealing is necessary to protect the privacy interests of the Plaintiffs and their family members. Redaction would likely render the information nonsensical.

The parties have complied with Local Rule 5.3 and request that this stipulation be entered.

| | |
|---|---|
| McKNIGHT, MCCLOW, CANZANO, SMITH & RADTKE, P.C. | McDERMOTT WILL & EMERY LLP |
| By: /s/ Darcie R. Brault<br>Darcie R. Brault (P43864)<br>Attorneys for Plaintiffs<br>400 Galleria Officentre, Suite 117<br>Southfield, MI  48034<br>(248) 354-9650 | By: /s/ Bobby R. Burchfield w/consent<br>Bobby R. Burchfield<br>Attorneys for Defendants<br>500 North Capital Street, N.W.<br>Washington, D.C.  20001<br>(202) 756-8000 |

Dated: April 15, 2013