UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK REESE, FRANCES ELAINE PIDDE,
JAMES CICHANOFSKY, ROGER MILLER,
and GEORGE NOWLIN on
behalf of themselves and
a similarly situated class,

Hon. Patrick J. Duggan

Case No. 04-70592

    Plaintiffs,

v.

**Class Action**

CNH GLOBAL N.V., formerly
known as Case Corporation,
and THE COMPANY LLC,

    Defendants.
_____/

| | |
|---|---|
| Roger J. McClow (P27170) | Norman C. Ankers (P30533) |
| David R. Radtke (P47016) | HONIGMAN MILLER |
| Darcie R. Brault (P43864) | SCHWARTZ AND COHN LLP |
| McKNIGHT, McCLOW, CANZANO | Attorneys for Defendants |
| SMITH & RADTKE, P.C. | 2290 First National Building |
| Attorneys for Plaintiffs Reese, et al. | 660 Woodward Avenue |
| 400 Galleria Officentre, Suite 117 | Detroit, MI 48226 |
| Southfield, MI 48034 | (313) 465-7000 |
| (248) 354-9650 | |
| | Bobby R. Burchfield, Esq. |
| | Douglas G. Edelschick, Esq. |
| | McDERMOTT WILL & EMERY |
| | Attorneys for Defendants |
| | 600 Thirteenth Street, N.W. |
| | Washington, D.C. 20005 |
| | (202) 756-8000 |

_____/

## REPLY TO OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO EXCEED 25 INTERROGATORIES

    Plaintiffs, by and through their counsel, McKnight, McClow, Canzano, Smith & Radtke, P.C., reply to CNH's opposition to Plaintiffs' Motion for Leave to Exceed 25 Interrogatories as follows:

**1. The Defendant's characterization of this matter as a "limited remand proceeding" is incorrect.**

Some background information will be helpful:

- This matter originated in 2004 when CNH filed a declaratory judgment action against the UAW seeking a declaration that it had the contractual right to modify health care benefits for certain retirees (whose benefits were part of the promises contained in the series of collective bargaining agreements negotiated between the UAW and CNH's predecessors).

- On February 18, 2004, the Plaintiffs in this case filed this lawsuit on behalf of a class of those retirees for breach of contract and ERISA violations. (R. 1)

- On August 29, 2007, this Court entered four separate decisions, including one that granted the Plaintiffs' motion for summary judgment (R. 214) and one denying CNH's motion for summary judgment. The Court found that the language tying eligibility of retiree health care benefits to a pension unambiguously demonstrated an intent to vest those benefits.[1] The retiree health care benefits are vested life-time benefits.

- On February 15, 2009, this Court entered Judgment in favor of the Plaintiffs. (R. 227).

- There was an appeal. In *Reese v. CNH America LLC*, 374 F.3d 315, 318 (6th Cir. 2009)(*Reese I*, attached as **Exhibit A**), the panel held that, although Plaintiffs' benefits had vested for life, "the application of the relevant CBA provisions suggests that the parties contemplated reasonable modifications" in those benefits. The panel then addressed the issue of "what does vesting mean" in the context of the 1998 negotiations where the UAW and CNH agreed to a managed care plan. The panel postulated that, in the 1998 negotiations, the parties had "reset" the rules for existing retirees by *reducing* choices and coverage for existing retirees. From that premise, it concluded that the CBA should be construed to permit other future modifications to vested retiree benefits, if "reasonable." *Id.* at 323-326.

In opposition to Plaintiffs' Motion to Exceed Twenty-Five Interrogatories, CNH

---

[1] This Court rejected CNH's defense based on Summary Plan Descriptions which explicitly stated that the labor agreements controlled. The district court rejected CNH's claim that a 1998 Letter of Understanding, which addressed payment of the excess cost of *optional* health care plans during the term of the 1998 agreement, limited CNH's obligation to retirees to pay the full cost of the for the contractual plan of retiree health care benefits. The district court rejected CNH's argument that the negotiation of a managed care plan in the 1998 negotiations demonstrated an intent that the benefits were not vested. Finally, the court held that the FAS 106 Letter, which had been eliminated during the 1998 contract negotiations, was intended only to address Case's FAS 106 accounting issues and was not a substantive limitation on Case's obligation to retirees.

selectively quoted from the *Reese I* opinion, suggesting that the parties or this Court considered whether the proposed plan changes were "reasonably commensurate" with the 1998 benefits, "reasonable in light of changes in health care," etc., in prior proceedings. No one had contemplated this result. Indeed, Judge Sutton acknowledged in his subsequent concurrence (quoted and cited below) in the denial of en banc review that neither party had advocated the standard.

- Plaintiffs filed a petition for rehearing, arguing that the panel had decided an issue that CNH had never raised and that, contrary to the panel's assessment of the facts, retiree benefits had been *improved* in 1998. The panel denied Plaintiffs' petition but Judge Sutton, in a concurrence to the denial (hereafter "concurrence"), informed Plaintiffs that their argument:

  > overlooks the posture of this case - summary judgment - in which all inferences run in favor of the party that lost below - CNH. . . . On remand, **the parties are free to develop evidence on this point. That evidence may show that plaintiffs should win as a matter of law because . . . the changes . . . did not diminish the nature of the benefit package that existed upon retirement."**

*Reese v. CNH America LLC*, 583 F.3d at 956 (emphasis added), attached as **Exhibit B** and referred to as "the concurrence" hereinafter.

- On the first remand, relying on the concurrence (written by Judge Sutton), and viewing the evidence presented on remand most favorably to CNH, this Court concluded that the UAW had *never* agreed to *any* reduction in the level of retiree benefits and that, as a consequence, CNH could not alter Plaintiffs' benefits. (R.304 at 23-24). This Court entered judgment for Plaintiffs and never reached the question of whether any proposed modifications were reasonable.

It was not until the 2012 Sixth Circuit opinion and consequent remand that the parties began a course of discovery relative to the "reasonableness" of the proposed changes.[2] Judge

---

[2] Plaintiffs did not ignore *Reese I* when they pursued the first part of the offered disjunctive (from the concurrence): Prove that there were no previous reductions in benefits *or* if modifications are permitted, what would be reasonable in the context of vested benefits. On summary judgment, Plaintiffs argued the first part of this disjunctive and won. This Court never reached the second part. Defendant's argument that the interrogatories posed could have been raised previously assumes prognostication of *Reese II* and CNH's newly proposed plan and

3

Sutton, in part of his opinion which was not quoted by CNH admitted that "The case turns in part on facts not in the record..." As stated in the original motion, the questions posed by the Sixth Circuit are quite detailed and are not a complete list: Judge Sutton also indicated the Court should take evidence on other factors which "it considers relevant to the reasonableness question." *Reese v. CNH,* 694 F.3d. at 685 (*Reese II* attached as **Exhibit C**).

Contrary to CNH's assertion, the Sixth Circuit did not direct a truncated or expeditious proceeding. Indeed, the Sixth Circuit created a new standard, posed a multitude questions that can only be answered and resolved through extensive fact-finding and remanded for further proceedings.

At the post-remand status conferences, the District Court entered a scheduling order governing the discovery. Plaintiffs timely complied with the Court's order and sought leave to file excess interrogatories upon learning of the Defendant's objection (which was not raised at either of the status conferences).

2. **The Sixth Circuit advised the Court, on remand, to apply a new, multiple factor legal test, which was not contemplated by either of the parties or this Court prior to the issuance of *Reese II*.**

The Sixth Circuit Court remanded this matter to the District Court with direction to consider the articulated factors and various questions on remand which are cited at length in Plaintiff's motion. The Sixth Circuit also indicated that the Court should consider "other factors" as it determines are relevant. See also *Reese II* at 685. This is, essentially, a new case. In *Reese II*, the parties and this Court have been given a new legal standard to apply.

3. **In addition to the legal standard, the parties are also working with a *new proposed plan* that incorporates the changes that the Defendant claims are "reasonably commensurate" with the class's vested benefits.**

---

deliberately ignores the fact of the remand (and the reasons for it).

4

Before 2013, Defendant has never provided a plan that incorporates their proposed changes and which it has offered as being "reasonably commensurate" with the current plan. Rather, it took the alternative legal position that it has had the right to unilaterally modify the benefits at will. Defendant has not yet responded to the request for admission whereby Plaintiffs seek assurance that this is the precise plan – that there are no additional plan documents which limit or broaden the proposed plan terms.

### 4. Plaintiffs' interrogatories are not duplicative.

Plaintiffs posed interrogatories designed to provide information that will animate the new legal standard. The interrogatories posed are not duplicative of any previous interrogatory. Defendant fails to identify a single instance of duplication because **this is the first time Plaintiffs have submitted any interrogatories in this case**.

5. The **interrogatories are appropriate**, given the factors and questions identified in *Reese II* as the subject matter of the remand proceedings:

   a. 1 and 34 are not "incoherent." Interrogatory 1 simply requests the identity of the person answering the interrogatories. Interrogatory 34 requests information regarding any other factors (other than those listed explicitly by the Court) that the defense intends to present. Cross-referencing the Sixth Circuit opinion in *Reese II*, it is clear that the Court invites the District Court to consider other information it may find relevant to the "reasonably commensurate" analysis and, therefore, the parties are allowed to advocate for consideration of other information and other factors. Plaintiffs should be permitted to ask the defense what other information or factors that they will advocate to the District Court.

   b. Pension benefits (the subject of interrogatories 5 through 9) relate to the income of the retirees. Defendant admits that Plaintiffs' (fixed) income is relevant to consideration of the impact upon the retirees of changes in their health care benefits when it recently propounded eight sets (one set each of interrogatories and requests to produce per current named plaintiff) of discovery requests to the named Plaintiffs relating to their income, expenses and net worth.

    c. Defendant argues that because it produced personnel and benefit files back in 2004 that it has answered the questions about pension that were posed in Interrogatories 5 through 9. First, much of the information requested was not available in 2004. Second, CNH can produce the requested information is available to the Defendant in a single very simply prepared pension data report. Plaintiffs have requested the information in Interrogatory form, in part, to avoid the virtually unavoidable human error that would occur if Plaintiffs' counsel's employees were to painstakingly review each file and record the information in a newly created database that could then be subject to challenge by CNH to accuracy and authenticity of that review.

    d. With respect to Interrogatory 38, if CNH considered and rejected plans which provided better benefits than the current proposed plan, that should inform the questions posed by the Sixth Circuit about reasonableness.

    e. Whether CNH receives tax benefits as a result of changing the plan (Interrogatory 50) affects the total cost of the plan to CNH which is clearly a factor the Sixth Circuit asked this Court to consider. ("What is the average per-beneficiary cost to CNH under the old plan? What is the equivalent figure for the new plan?" at 686).

    f. Interrogatories 40 through 43 were posed because at the status conference in this matter Defendant's counsel explicitly stated CHN planned to raise a defense regarding the subject of Interrogatories 40 through 43. If CNH does not intend to pursue that defense, then they should specifically disclaim it.

    g. Plaintiffs are not required to request information (not documents) from third parties where the information is in the possession of the Defendant and there is an evidentiary efficiency in obtaining the information directly from CNH. Moreover, the questions posed (which Defendant claims should be directed to a third party) relate directly to the Defendant, not a third party, e.g. Interrogatory 49: "Describe each method by which the Company manages the costs under the Plan to minimize year-to-year increases in health care costs."

6. Plaintiffs are requesting relief from the 25 interrogatory limit for good cause:

    a. This is a class action affecting the health care benefits of approximately 4,100 retirees, surviving spouses and dependents.

    b. This Court is directed by the Sixth Circuit to apply a new, multiple factor test, which could not have been contemplated by the parties before the test was identified in *Reese II*.

    c. Each of the expressed factors involve necessary discovery.

6

WHEREFORE, for the above-cited reasons and those stated in their original motion, Plaintiffs respectfully request leave to exceed the 25 interrogatory limit.

                Respectfully submitted,

                McKNIGHT, McCLOW, CANZANO,
                SMITH & RADTKE, P.C.

                By:/s/Darcie R. Brault
                David R. Radtke (P47016)
                Darcie R. Brault (P43864)
                Attorneys for Class Plaintiffs
                400 Galleria Officentre, Suite 117
                Southfield, MI 48034
Dated: April 16, 2013      (248) 354-9650
                dbrault@michworklaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK REESE, FRANCES ELAINE PIDDE,
JAMES CICHANOFSKY, ROGER MILLER,
and GEORGE NOWLIN on
behalf of themselves and
a similarly situated class,

Hon. Patrick J. Duggan

Case No. 04-70592

    Plaintiffs,

v.

**Class Action**

CNH GLOBAL N.V., formerly
known as Case Corporation,
and THE COMPANY LLC,

    Defendants.

_____/

Roger J. McClow (P27170)
David R. Radtke (P47016)
Darcie R. Brault (P43864)
McKNIGHT, McCLOW, CANZANO
SMITH & RADTKE, P.C.
Attorneys for Plaintiffs Reese, et al.
400 Galleria Officentre, Suite 117
Southfield, MI 48034
(248) 354-9650

Norman C. Ankers (P30533)
HONIGMAN MILLER
SCHWARTZ AND COHN LLP
Attorneys for Defendants
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226
(313) 465-7000

Bobby R. Burchfield, Esq.
Douglas G. Edelschick, Esq.
McDERMOTT WILL & EMERY
Attorneys for Defendants
600 Thirteenth Street, N.W.
Washington, D.C. 20005
(202) 756-8000

_____/

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2013 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system.

8

        Respectfully Submitted,

        McKNIGHT, McCLOW, CANZANO,
        SMITH & RADTKE, P.C.

        By: /s/Darcie R. Brault
        David R. Radtke (P47016)
        Darcie R. Brault (P43864)
        Attorneys for Class Plaintiffs
        400 Galleria Officentre, Suite 117
        Southfield, MI  48034
        (248) 354-9650
        dbrault@michworklaw.com

Dated: April 16, 2013