UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK REESE, FRANCES ELAINE PIDDE,
JAMES CICHANOFSKY, ROGER MILLER,
and GEORGE NOWLIN, on behalf of themselves
and a similarly situated class,

        Plaintiffs,

Hon. Patrick J. Duggan

Case No. 04-70592

v.

**Class Action**

CNH GLOBAL N.V., formerly
known as Case Corporation,
and CNH AMERICA LLC,

        Defendants.

_____/

# EXHIBIT B

Case Nos. 08-1234/1302/1912

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

### ORDER

JACK REESE, FRANCES ELAINE PIDDE,
JAMES CICHANOFSKY, ROGER MILLER,
and GEORGE NOWLIN,

    Plaintiffs-Appellees/Cross-Appellants,

v.

CNH AMERICA LLC (f/k/a Case Corporation) and CNH GLOBAL N.V.,

    Defendants-Appellants/Cross-Appellees.

BEFORE: RYAN, GIBBONS, and SUTTON, Circuit Judges.

Upon consideration of the petition for rehearing filed by the Appellees/Cross-Appellants,

It is **ORDERED** that the petition for rehearing be, and it hereby is, **DENIED**.

ENTERED BY ORDER OF THE COURT

Leonard Green, Clerk

Issued: September 24, 2009

*/s/ Leonard Green/lar*

SUTTON, Circuit Judge, concurring in the denial of panel rehearing. In their petition for rehearing, plaintiffs argue that the court resolved an issue "that CNH did not raise or litigate before the trial; that the trial court did not decide; and that CNH did not raise or argue on appeal." Pet. 1. That is true in one sense but not in another. The key premise of CNH's argument below and on appeal was that no vesting of retiree health care benefits had occurred under the relevant collective bargaining agreements (CBAs) because CNH continued to change the health-care benefits package for employees after they retired—including when CNH moved to a managed care plan in 1998. See CNH Br. at 21–24. And that became the key premise for reversing the district court's grant of summary judgment in favor of the plaintiffs, though not on the precise terms that CNH sought.

On appeal, the parties presented the court with two stark options. One option—advanced by the plaintiffs—was to affirm the district court's summary judgment ruling on the ground that the plaintiffs' health-care benefits had vested upon retirement and could not be changed in any respect thereafter, even though there was evidence that both sets of parties had treated the benefits as changeable with respect to individuals who had retired under prior CBAs. The other option—advanced by CNH—was to reverse the district court and rule as a matter of law that no vesting occurs when the parties have treated benefits as changeable in the past under similar CBAs.

Neither position, it seemed to the court, could be squared with precedent—and therefore the court rejected both of them. We could not square CNH's argument with the *UAW v. Yard-Man, Inc.*, 716 F.2d 1476 (6th Cir. 1983), line of cases and our recent decision in *Yolton v. El Paso Tenn. Pipeline Co.*, 435 F.3d 571 (6th Cir. 2006)—and thus concluded that some form of vesting had occurred as a matter of law. But at the same time, we could not ignore the reality that there was something different about this case—something that implicated the distinct question of what

"vesting" means in this context. As to that point, it blinked reality to say that the "vested" benefits were forever unchangeable, given that the parties had allowed them to change, even in some ways that did not favor prior retirees. Courts must decide cases, and that is true even when they disagree with the outcomes advanced by both parties. That is all that happened here: Plaintiffs received some relief, and so did CNH, though neither of them on the terms they requested.

Plaintiffs also protest our assessment of the factual record, arguing that the prior retirees approved the changes to their benefits or at the least that they helped them overall. But this argument overlooks the posture of this case—summary judgment—in which the inferences run in favor of the party that lost below: CNH. *See Crawford v. Metro. Gov. of Nashville & Davidson County*, ___ U.S. ___, 129 S. Ct. 846, 849 n.1 (2009). On remand, the parties are free to develop evidence on this point. That evidence may show that plaintiffs should win as a matter of law because the prior retirees either approved the changes or they did not diminish the nature of the benefits package that existed upon retirement. Or it may show that CNH should be allowed to make reasonable modifications to the health-care benefits of retirees, consistent with the way the parties have interpreted and implemented prior CBAs containing similar language.