UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JACK REESE, FRANCES ELAINE PIDDE, JAMES CICHANOFSKY, ROGER MILLER, and GEORGE NOWLIN, <br><br> Plaintiffs, <br><br> v. <br><br> CNH GLOBAL N.V. and CNH AMERICA LLC, <br><br> Defendants. | Case 2:04-cv-70592-PJD-PJK <br><br> Hon. Patrick J. Duggan, U.S.D.J. <br><br> Hon. Paul J. Komives, U.S. Mag. J. |

# CNH'S OPPOSITION TO PLAINTIFFS' MOTION FOR EXTENSION OF SCHEDULING ORDER

Norman C. Ankers (P30533)
 (nankers@honigman.com)
Honigman Miller Schwartz and Cohn LLP
2290 First National Building
660 Woodward Avenue
Detroit, Michigan 48226
313.465.7306
313.465.7307 fax

Bobby R. Burchfield (bburchfield@mwe.com)
Joshua David Rogaczewski
 (jrogaczewski@mwe.com)
Laura J. Capotosto (lcapotosto@mwe.com)
McDermott Will & Emery LLP
The McDermott Building
500 North Capitol Street, Northwest
Washington, D.C. 20001
202.756.8000
202.756.8087 fax

*Attorneys for CNH Global N.V. and CNH America LLC*

**CONCISE STATEMENT OF THE ISSUE PRESENTED**

Should Plaintiffs be granted an extension of the discovery schedule during limited remand proceedings when the Court already rejected their proposed extended schedule, Plaintiffs failed to tailor their discovery requests to the current schedule or the directions of the Sixth Circuit, and the extension would prejudice CNH?

## CONTROLLING OR MOST
## APPROPRIATE AUTHORITY FOR THE RELIEF SOUGHT

Federal Rule of Civil Procedure 16

*Reese v. CNH. Am. LLC*, 574 F.3d 315 (6th Cir. 2009)

*Reese v. CNH Am. LLC*, 694 F.3d 681 (6th Cir. 2012)

**INTRODUCTION**

When the Sixth Circuit remanded this case for the first time—in 2009—it directed the Court "to determine what types of changes are permitted" by CNH America LLC to Plaintiffs' health benefits. *See Reese v. CNH Am. LLC*, 574 F.3d 315, 318 (6th Cir. 2009) ("*Reese I*"). During the previous remand, Plaintiffs' strategy was to ignore the issue and argue that the Sixth Circuit's opinion need not be followed by this Court. It has become apparent that their strategy during this remand is to delay resolution as long as possible. CNH America and CNH Global N.V. (referred to collectively as "CNH") have waited long enough. As the Sixth Circuit exhorted, "This long-running dispute needs to come to an end . . . ." *Reese v. CNH Am. LLC*, 694 F.3d 681, 685 (6th Cir. 2012) ("*Reese II*"). Plaintiffs' requested delay in the schedule should be denied, and the Court should proceed as expeditiously as possible to answer the question posed by the Sixth Circuit over three years ago.

Plaintiffs' motion is flawed for several reasons. *First*, the Court rejected the schedule proposed in the motion when Plaintiffs presented it at the February status conference, and there have been no material intervening events that justify revision of the Court's carefully considered schedule. *Second*, Plaintiffs have not satisfied the standard for modifying the scheduling order. Specifically, Plaintiffs have been far from diligent in seeking discovery central to the issue on remand, but have instead embarked on a number of frolics and detours, including propounding 51 interrogatories without permission. Their decision to seek discovery far afield from the *Reese I* factors cannot justify additional time for discovery. Relatedly, the delay sought by Plaintiffs prejudices CNH, which has desired to change Plaintiffs' health benefits since 2004, obtained a holding from the Sixth Circuit that it *could* change Plaintiffs' benefits, and has labored under a de facto preliminary injunction while Plaintiffs drag their feet in these proceedings. Enough. The Court should adhere to its existing schedule.

**BACKGROUND**

The Court set the schedule for this second set of remand proceedings at a status conference on February 4, 2013. During that conference Plaintiffs requested nine months of discovery—six months of fact discovery and three months of expert discovery—that would have concluded on or about November 4, 2013. Taking to heart the Sixth Circuit's admonition that "[t]his long-running dispute needs to come to an end," *Reese II*, 694 F.3d at 685, the Court rejected Plaintiffs' requested schedule and required all discovery to be completed by July 21, 2013. At no point during the conference did Plaintiffs ask for more discovery than permitted by the Federal Rules of Civil Procedure. For its part, CNH did not waive any of its rights under the Federal Rules of Civil Procedure at this conference or the protections in the rules against improper or excessive discovery.

The Court directed that written discovery be propounded on or before March 14, and on that day the parties exchanged written discovery requests. Plaintiffs served CNH with seven requests for admission, 41 requests for the production of documents, and 51 interrogatories. Many of the document requests and interrogatories asked for information unrelated to Plaintiffs' current health benefits or the benefits that CNH has proposed to provide Plaintiffs. The irrelevant discovery covered topics such as Plaintiffs' pension benefits, CNH's tax benefits related to the provision of health benefits, plans considered by CNH but not proposed to Plaintiffs, and portions of the Plaintiffs' health plan that will not be implemented by CNH's proposed plan for Plaintiffs. (*See* Ex. 1, CNH's Corrected Resp. Pls.' 4th Req. Prod. Docs. 10–11, 12 (requests 33–37, 40-41); Ex. 2, CNH's Resp. Pls.' 1st Interrs. 3–4, 8–9, 11, 12 (interrogatories 5–9, 32–33, 38, 40–43, 50).)

Plaintiffs' interrogatories more than doubled the amount permitted by the Federal Rules of Civil Procedure. (Ex. 2, CNH's Resp. Pls.' 1st Interrs. 3–13.) As detailed elsewhere, CNH

2

raised the impropriety of the interrogatories immediately upon receiving them, Plaintiffs refused to negotiate limitations to the interrogatories, and the issue is the subject of a pending motion. (R. 339, CNH's Opp'n Pls.' Mot. Leave Exceed 25 Interrs. 3.) In the meantime, on April 18, the deadline under the rules, CNH served responses and objections to Plaintiffs' discovery requests. (*See* Ex. 1, CNH's Corrected Resp. Pls.' 4th Req. Prod. Docs. 3–12; Ex. 2, CNH's Resp. Pls.' 1st Interrs. 3–13; Ex. 3, CNH Global's Resp. Pls.' 1st Req. Admiss. 2–4.) To date, Plaintiffs have identified no deficiencies in CNH's responses.

## ARGUMENT

### I. THE COURT ALREADY CONSIDERED AND REJECTED PLAINTIFFS' PROPOSED EXTENDED SCHEDULE.

Plaintiffs' proposed schedule should look familiar to the Court, because it is the one they proposed in February, and it is the schedule that the Court correctly rejected as not sufficiently expeditious. In effect, Plaintiffs are moving for reconsideration of the Court's decision at the status conference. And as the Court knows well, it should "*not* grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. R. Civ. P. 7.1(h) (emphasis added). Nothing in the case has changed since the status conference that would make additional time reasonable.

Specifically, Plaintiffs seek to extend discovery to October 28 (R. 344, Pls.' Mot. Extend ¶ 18), a mere week earlier than the November 4 deadline the Court refused to enter at the status conference. Aside from being unnecessary, Plaintiffs' proposed extension undermines this Court's effort to implement the Sixth Circuit's directive that it resolve the issue of the reasonableness of CNH's proposed changes to Plaintiffs' benefits in a timely fashion. *See Reese II*, 694 F.3d at 685 ("This long-running dispute needs to come to an end, and it is

3

particularly unfair to prolong the dispute when the status quo . . . not only favors just one party but also risks mooting the economic stakes of the case for the other party.").

## II. PLAINTIFFS HAVE NOT SHOWN GOOD CAUSE FOR EXTENDING THE SCHEDULING ORDER.

Once entered, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).[1] "Good cause" is measured by the movant's "diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (internal quotation marks omitted). "Another important consideration for a district court deciding whether Rule 16's 'good cause' standard is met is whether the opposing party will suffer prejudice by virtue of the amendment." *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003). Plaintiffs' request for an extension is doomed by both their lack of diligence and the prejudice the extension would cause CNH.

### A. Plaintiffs Have Not Acted Diligently To Meet the Current Scheduling Order.

Plaintiffs complain that they need more time to digest the very information they requested, much of which is of questionable relevance to the limited issue on remand: the reasonableness of CNH's proposed changes to Plaintiffs' benefits. (R. 344, Pls. Mot. Extend ¶ 10.) At the bottom of Plaintiffs' complaints is a simple fact: Plaintiffs failed to tailor the volume of their discovery requests to the timeframe established by the Court at the status conference. Absent from their motion is any argument that CNH provided Plaintiffs with material that is not responsive to their numerous and broad requests. Rather, any difficulty Plaintiffs, or their expert witness, are having getting through the material is because Plaintiffs

---

[1] Although Rule 16 provides the framework for the issue raised by Plaintiffs, the rule appears nowhere in their motion.

asked for too much information.[2] Plaintiffs' lack of diligence in tailoring their requests to fit the schedule should not be rewarded by granting them additional time and further delay.

Further, discovery in this second remand proceeding does not need to be complicated as Plaintiffs' extensive discovery requests suggest. On the first remand in 2009, the Sixth Circuit directed this Court to determine whether CNH's proposed changes to Plaintiffs' benefits are reasonable under three specific factors:

> [T]he CBA—unless it says otherwise-should be construed to permit modifications to benefits plans that are [1] reasonably commensurate with the benefits provided in the 1998 CBA, [2] reasonable in light of changes in health care and [3] roughly consistent with the kinds of benefits provided to current employees.

*Reese I*, 574 F.3d at 326. During the first remand, Plaintiffs sought no discovery, much less any regarding these three factors. Even when faced with CNH's 2010 motion for approval of changes to their benefits—which they characterized as a motion for summary judgment—Plaintiffs did not seek to take discovery. *See* Fed. R. Civ. P. 56(d) (allowing non-movant to request discovery in the face of a summary-judgment motion). Had Plaintiffs taken discovery during the first remand, they would have less discovery to accomplish during this remand.[3] Plaintiffs' waiver of their discovery opportunities during the first remand cannot be overlooked.

After this Court reentered its prior judgment at the urging of Plaintiffs, the Sixth Circuit reversed and remanded a second time for what it hoped would be expeditious proceedings. *Reese II*, 694 F.3d at 685. Leaving little to chance, the Sixth Circuit instructed Plaintiffs on the

---

[2] It is unclear why the work Plaintiffs' expert witness is doing with the spreadsheets (*see* R. 344, Pls.' Mot. Extend ¶ 13) is necessary given that CNH provided historical-cost and projected-cost data for both Plaintiffs' current plan and CNH's proposed plan in an easy-to-read format as part of its interrogatory responses (*see* Ex. 2, CNH's Resp. Pls.' 1st Interrs. Exs. A, B). Plaintiffs should not receive more time to reinvent the wheel.

[3] Plaintiffs may sing their refrain that *Reese II* set forth a new standard, but this is a pure canard, as the 2012 opinion confirmed and restated the standard articulated in 2009, prior to the first remand. 694 F.3d at 685–86.

precise questions to be addressed. *See id.* at 685–86. Yet Plaintiffs have *not* followed this roadmap for limited remand proceedings. Many of Plaintiffs' discovery requests are irrelevant to the *Reese I* factors or the *Reese II* questions, asking for information that relates to pension benefits, CNH's tax benefits from the plans, plans considered by CNH but not proposed for Plaintiffs, and purported defenses no longer at issue in the case. (Ex. 1, CNH's Corrected Resp. Pls.' 4th Req. Prod. Docs. 10–11, 12 (requests 33–37, 40-41); Ex. 2, CNH's Resp. Pls.' 1st Interrs. 3–4, 8–9, 11, 12 (interrogatories 5–9, 32–33, 38, 40–43, 50).) Plaintiffs should not now be rewarded with additional time for going afield of the core issues central to resolving this case once and for all.

Ironically, in the same breath that Plaintiffs ask for more time to review the material they asked for, Plaintiffs complain they also need *more* material. (R. 344, Pls. Mot. Extend ¶¶ 7–9.) As explained elsewhere, Plaintiffs do not need interrogatories in excess of those permitted by the rules (s*ee* R. 339, CNH's Opp'n Pls.' Mot. Leave Exceed 25 Interrs. 3–7), but any delay in resolving the interrogatory issue was caused solely by *Plaintiffs*. If Plaintiffs had acted diligently, they would have raised their alleged need for more than the allowed number of interrogatories at the February status conference, or at least in advance of serving the offending interrogatories. Instead, Plaintiffs served their discovery and *then* sought permission after CNH objected, which CNH did immediately after receiving Plaintiffs' 51 interrogatories. The fact that Plaintiffs await resolution of the improperly served interrogatories cannot be laid at CNH's doorstep.[4]

---

[4] Plaintiffs' several attempts to blame CNH for their lack of diligence fail. *First*, Plaintiffs raise the specter that CNH is holding back responsive documents because its written responses indicate that CNH will "produce responsive, non-privileged documents to the extent they can be located after a reasonable search" (R. 344, Pls.' Mot. Extend ¶ 11), but CNH has completed its document production, and the quoted language merely accounts for CNH's duty to supplement under Federal Rule of Civil Procedure 26(e)(2). *Second*, Plaintiffs complain that CNH "has not
(continued…)

6

### B. CNH Would Be Prejudiced By Any Extension of the Schedule.

The Sixth Circuit recognized the prejudice to CNH of even remanding this case for a second time: "it is *particularly unfair* to prolong the dispute when the status quo . . . not only favors just one party but also risks mooting the economic stakes of the case for the other party." *Reese II*, 694 F.3d at 685 (emphasis added). Extending the discovery schedule on remand would only magnify this inequity. Seeking a discovery extension is Plaintiffs' latest foot-dragging attempt to extend this unlawful de facto preliminary injunction for as long as possible. Plaintiffs may not like it, but resolving this dispute is long overdue. *See id.* ("This long-running dispute needs to come to an end . . . ."). The time has come for this Court "to determine what types of changes [to Plaintiffs' benefits] are permitted." *Reese I*, 574 F.3d at 318. While further delay may work in Plaintiffs' favor, it does nothing but prejudice CNH, and should not be permitted.

---

indicated which documents are responsive to which requests" (R. 344, Pls.' Mot. Extend ¶ 11), but CNH has no obligation to make such designations provided that CNH produce—as it did—the documents in the order in which they are kept in the ordinary course of business, *see* Fed. R. Civ. P. 34(b)(2). *Finally*, Plaintiffs gripe that CNH's document production was "subject to numerous general and specific objections" (R. 344, Pls.' Mot. Extend ¶¶ 6, 15–16), but it would be irrational, unreasonable, and ironic for Plaintiffs to have expected CNH to waive the protections of the Federal Rules of Civil Procedure, when their own discovery requests *violated* the rules by propounding 51 interrogatories without seeking leave of the Court or CNH's permission, *see* Fed. R. Civ. P. 33(a)(1).

7

## CONCLUSION

Plaintiffs have not shown good cause for extending the scheduling order. Their motion should be denied, and the remand proceedings should continue under the current schedule.

Dated: May 14, 2013                                    Respectfully submitted,

<table>
<tr><td>

Norman C. Ankers (P30533)
 (nankers@honigman.com)
Honigman Miller Schwartz and Cohn LLP
2290 First National Building
660 Woodward Avenue
Detroit, Michigan 48226
313.465.7306
313.465.7307 fax

</td><td>

s/Bobby R. Burchfield
Bobby R. Burchfield (bburchfield@mwe.com)
Joshua David Rogaczewski
 (jrogaczewski@mwe.com)
Laura J. Capotosto (lcapotosto@mwe.com)
McDermott Will & Emery LLP
The McDermott Building
500 North Capitol Street, Northwest
Washington, D.C. 20001
202.756.8000
202.756.8087 fax

</td></tr>
</table>

*Attorneys for CNH Global N.V. and CNH America LLC*

8

## CERTIFICATE OF SERVICE

I hereby certify that on I hereby certify that on May 14, 2013, I electronically filed the foregoing **CNH's Opposition to Plaintiffs' Motion for Extension of Scheduling Order** with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants.

                                                s/Bobby R. Burchfield
                                                Bobby R. Burchfield (bburchfield@mwe.com)
                                                McDermott Will & Emery LLP
                                                The McDermott Building
                                                500 North Capitol Street, Northwest
                                                Washington, D.C. 20001
                                                202.756.8000
                                                202.756.8087 fax