UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK REESE,
FRANCES ELAINE PIDDE,[1]
JAMES CICHANOPSKY,
ROGER MILLER,
GEORGE NOWLIN and
RONALD HITT,

      Plaintiffs,

                               CASE NO. 2:04-CV-70592
                               JUDGE PATRICK J. DUGGAN
                               MAGISTRATE JUDGE PAUL J. KOMIVES

   v.

CNH AMERICA, L.L.C. and
CNH GLOBAL N. V.,

      Defendants.
_____/

### ORDER GRANTING IN PART PLAINTIFFS' MARCH 21, 2013 MOTION FOR LEAVE TO EXCEED TWENTY-FIVE INTERROGATORIES (Doc. Ent. 337)

**A.    Background**

**1.**    This case was filed on February 18, 2004. Doc. Ent. 1. The May 6, 2005 first amended complaint sets forth causes of action for (I) violation of the collective bargaining agreement and (II) violation of ERISA plan. Doc. Ent. 59.

      On January 11, 2008, Judge Duggan entered a stipulated order terminating CNH Global N.V. as a defendant. Doc. Ent. 225. Approximately one month later, on February 15, 2008, judgment was entered in favor of plaintiffs. Doc. Ent. 227.

---

[1] On May 19, 2013, plaintiffs informed the Court of the death of plaintiff Frances Elaine Pidde. Doc. Ent. 343.

**2.** On July 27, 2009, the Sixth Circuit affirmed in part and reversed in part this Court's judgment and remanded the case. Doc. Ent. 247; *see also* Doc. Entries 248 and 249 (6th Cir. Case No. 08-01234); *Reese v. CNH*, 574 F.3d 315 (6th Cir. July 27, 2009) (*Reese I*).

In *Reese I*, the Sixth Circuit stated: "the CBA-unless it says otherwise-should be construed to permit modifications to benefits plans that are [1] 'reasonably commensurate' with the benefits provided in the 1998 CBA, [2] 'reasonable in light of changes in health care' and [3] roughly consistent with the kinds of benefits provided to current employees." *Reese I*, 574 F.3d at 326 (citations omitted).[2]

**3.** On June 30, 2010, CNH filed a motion for approval of reasonable changes to plaintiffs' health-care benefits. Doc. Ent. 271. Among the attachments to this motion was the June 30, 2010 declaration of Scott J. Macey, which opined on (a) material differences between pension and retiree health benefits; (b) the key changes to the CNH America plan previously agreed to by the UAW that diminished retiree health benefits; and (c) the reasons why CNH America's proposed changes are reasonable. Doc. Ent. 271-2. Within a section of the affidavit labeled, "[o]ther unions have agreed to significant plan changes for existing retirees and these changes reflect the reasonableness of the proposed changes to the CNH America plan[,]" Macey mentions "Aon Consulting." Doc. Ent. 271-2 ¶ 27. Also attached to the motion was the June 30, 2010 declaration of Sharif Amin, within which are cost projections. Doc. Ent. 271-3 ¶¶ 12-13.

On March 3, 2011, Judge Duggan entered an opinion and order (Doc. Ent. 304) denying CNH's motion (Doc. Ent. 271), granting plaintiffs' motion for summary judgment relating to all

---

[2]The petition for rehearing was denied. *Reese v. CNH*, 583 F.3d at 956 (6th Cir. Sept. 24, 2009) (*Reese I*).

class members (Doc. Ent. 273), denying defendants' motion for summary judgment (Doc. Ent. 282), granting plaintiffs' second motion for summary judgment regarding the East Moline Shutdown Agreement (Doc. Ent. 290), denying defendants' motion for summary judgment related to the East Moline Shutdown Agreement (Doc. Ent. 293) and reinstating the Court's previous ruling with respect to plaintiffs' request for attorneys' fees (Doc. Ent. 242).

4. In the Court's May 10, 2011 final judgment, the Court "declares, adjudges, and decrees that the plaintiff class is hereby entitled to vested lifetime retiree health care benefits from CNH America LLC as provided for in the labor agreements in effect at the time of their or their deceased spouses' retirement." Doc. Ent. 316 ¶ 2.

5. However, on September 13, 2012, the Sixth Circuit reversed this Court's judgment and remanded the case. Doc. Ent. 330; *see also* Doc. Ent. 333 (6th Cir. Case No. 11-01359); *Reese v. CNH*, 694 F.3d at 685 (6th Cir. Sept. 13, 2012) (*Reese II*).

In *Reese II*, the Sixth Circuit directed that, in gauging whether CNH's proposed modifications to its health care benefits for retirees are reasonable, the Court should consider the aforementioned three factors. In doing so, *Reese II* instructs the Court to take evidence on the following seven (7) questions ("and others it considers relevant to the reasonableness question"):

> • What is the average annual total out-of-pocket cost to retirees for their healthcare under the old plan (the 1998 Group Benefit Plan)? What is the equivalent figure for the new plan (the 2005 Group Benefit Plan)?
>
> • What is the average per-beneficiary cost to CNH under the old plan? What is the equivalent figure for the new plan?
>
> • What premiums, deductibles and copayments must retirees pay under the old plan? What about under the new plan?

3

&bull; How fast are the retirees' out-of-pocket costs likely to grow under the old plan? What about under the new plan? How fast are CNH's per-beneficiary costs likely to grow under each?

&bull; What difference (if any) is there between the quality of care available under the old and new plans?

&bull; What difference (if any) is there between the new plan and the plans CNH makes available to current employees and people retiring today?

&bull; How does the new plan compare to plans available to retirees and workers at companies similar to CNH and with demographically similar employees?

*Reese II*, 694 F.3d at 685-686.

**B.    Instant Motion**

On December 12, 2012, Judge Duggan conducted a status conference. During the February 4, 2013 status conference, Judge Duggan set the discovery deadline for July 21, 2013 and the dispositive motion cut-off for August 15, 2013.[3]

Currently before the Court is plaintiffs' March 21, 2013 motion for leave to exceed twenty-five (25) interrogatories. Doc. Ent. 337. CNH filed its response on April 8, 2013. Doc. Ent. 339. On April 16, 2013, plaintiffs filed a reply. Doc. Ent. 342.

Judge Duggan has referred this motion to me for hearing and determination. Doc. Ent. 338. A hearing on this motion was noticed for April 23, 2013. Doc. Ent. 340.[4]

On the date set for hearing, attorneys Darcie R. Brault and Joshua D. Rogaczewski (Washington, D.C.) appeared in my courtroom.

**C.    Fed. R. Civ. P. 33 ("Interrogatories to Parties")**

---

[3] By their pending May 9, 2013 motion (Doc. Ent. 344), plaintiffs seek extension of the scheduling dates. On May 14, 2013, CNH filed a response (Doc. Ent. 345).

[4] On April 15, 2013, Judge Duggan entered a stipulated protective order regarding personal and private financial and medical information from plaintiffs. Doc. Ent. 341.

Interrogatories to parties are governed by Fed. R. Civ. P. 33. With regard to number, Rule 33 provides: "Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2)." Fed. R. Civ. P. 33(a)(1).

Fed. R. Civ. P. 26(b) concerns the scope and limits of discovery. With respect to the limitations on the frequency and extent of discovery, Rule 26 provides:

> **(A) When Permitted.** By order, the court may alter the limits in these rules on the number of depositions and interrogatories or on the length of depositions under Rule 30. By order or local rule, the court may also limit the number of requests under Rule 36.
>
> **(B) Specific Limitations on Electronically Stored Information.** A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
>
> **(C) When Required.** On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> > (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> >
> > (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> >
> > (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at

>            stake in the action, and the importance of the discovery in
>            resolving the issues.

Fed. R. Civ. P. 26(b)(2) ("Limitations on Frequency and Extent.").

**D.     Discussion**

**1.**    According to plaintiffs, the February 4, 2013 status conference yielded a deadline of March 14, 2013 by which plaintiffs were to submit discovery requests to CNH. Doc. Ent. 344 ¶ 2. Attached to the motion at bar are plaintiffs' March 14, 2013 first interrogatories to defendant (Nos. 1-51). Doc. Ent. 337-1.

By a March 15, 2013 letter, defense counsel invited plaintiffs "to inform us by the close of business on March 18 which twenty-five interrogatories they want our clients to answer[,]" and stated, "[i]f we do not year from you, we will choose the twenty-five interrogatories to which CNH will respond." Doc. Ent. 339-4.

Defense counsel attests that, on March 20, 2013, he phoned plaintiff's counsel and left a message stating that CNH was "prepared to identify the twenty-five interrogatories to which they would respond[.]" Doc. Ent. 339-5 ¶ 2. According to defense counsel, plaintiff's counsel responded on March 21, 2013 that plaintiffs "wanted responses to each of their interrogatories and promis[ed] to file a motion seeking leave to serve more than twenty-five interrogatories." Doc. Ent. 339-5 ¶ 3.

**2.**    By their March 21, 2013 motion, plaintiffs seek "leave to exceed the 25 interrogatory limit." Doc. Ent. 337 at 4. In its April 8, 2013 response, CNH argues that (I) "it is far too late in these proceedings for plaintiffs to serve their sweeping, overbroad, and irrelevant interrogatories[;]" and (II) "plaintiffs failed to seek leave before serving interrogatories in excess of twenty-five[;]" Doc. Ent. 339 at 7-10.

In their April 16, 2013 reply, plaintiffs claim that (I) "defendant's characterization of this matter as a 'limited remand proceeding' is incorrect[;]" (II) "the Sixth Circuit advised the Court, on remand, to apply a new, multiple factor legal test, which was not contemplated by either of the parties or this Court prior to the issuance of *Reese II*[;]" (III) "in addition to the legal standard, the parties are also working with a *new proposed plan* that incorporates the changes that the defendant claims are 'reasonably commensurate' with the class's vested benefits[;]" (IV) "plaintiffs' interrogatories are not duplicative[;]" (V) "the interrogatories are appropriate, given the factors and questions identified in *Reese II* as the subject matter of the remand proceedings[;]" and (VI) "plaintiffs are requesting relief from the 25 interrogatory limit for good cause[.]"  Doc. Ent. 342 at 2-6.

3.      During the April 23, 2013 hearing, defense counsel provided the Court with a binder which included, among other things, a copy of CNH's April 18, 2013 response to plaintiffs' first interrogatories.  It also contained a demonstrative chart of the "*Reese I* Factors" and the "*Reese II* Questions."  *See Reese I*, 574 F.3d at 326, *Reese II*, 694 F.3d at 685-686.

By a submission of the same date, plaintiffs maintain that defendant answered Interrogatory Nos. 2, 10-31, 39 and 51 (25 interrogatories) but did not answer Nos. 1, 3-9, 32-38 and 40-50 (26 interrogatories).  During the hearing, plaintiff's counsel withdrew her motion as it related to defendant's answers to Interrogatory Nos. 1 and 33.

4.      Thus, the Court is left to consider whether plaintiff should be granted leave to serve, or in this case whether defendant should be required to answer, the following twenty-four (24) interrogatories:  Interrogatory Nos. 3-9, 32, 34-38 and 40-50.

With respect to the unanswered interrogatories, CNH made the following specific statements in its response:

> Citing Fed. R. Civ. P. 26(b)(1) ("Scope in General."), CNH contends that "[m]any of Plaintiffs' interrogatories are irrelevant to the *Reese I* factors or the *Reese II* questions because they ask for information that is incoherent (1 and 34), or relates to pension benefits (5 through 9), plans considered by CNH but not proposed for Plaintiffs (38), CNH's tax benefits from the plans (50), and purported defenses no longer at issue in the case (40 through 43)[.]"
>
> Citing Fed. R. Civ. P. 26(b)(2)(C)(i),[5] CNH contends that "[o]ther interrogatories duplicate other written requests by Plaintiffs (32 and 33) and the parties' mandatory-disclosure requirements (3, 4, and 48)[.]"
>
> Still, citing Fed. R. Civ. P. 26(b)(2)(C)(i), CNH contends that "other interrogatories seek information that could (and should) be provided by someone else ([35-37, 44, 49])[.]"

Doc. Ent. 339 at 8. Additionally, citing plaintiffs' August 12, 2004 first request for production of documents (Doc. Ent. 339-7), CNH's July 7, 2005 response to plaintiffs' first request for production of documents (Doc. Ent. 339-8) and a July 30, 2003 redacted "CNH U.S. Pension Plan Application for Retirement Benefits" (Doc. Ent. 339-9), CNH maintains that "[t]he interrogatories related to pension benefits–five through nine–are independently problematic because Plaintiffs already have the data." Doc. Ent. 339 at 8 n.2.

**5.** Upon consideration, I conclude that CNH should be required to answer Interrogatory Nos. 5-9, 34-38, 40-47 and 49-50 but not 32, 3, 4 and 48. As an initial matter, I conclude that the procedural history of this case warrants interrogatories in excess of those permitted by Fed.

---

[5]"On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive[.]" Fed. R. Civ. P. 26(b)(2)(C)(i).

R. Civ. P. 33, provided that the information sought meets Fed. R. Civ. P. 26's standard for discoverability. For this reason, I decline to rule upon plaintiff's motion on a procedural basis such as waiver or failure to seek leave to serve interrogatories in excess of twenty-five.

As to **Interrogatory Nos. 32, 3, 4 & 48**, which CNH claims are duplicative of other written requests by plaintiffs[6] and the parties' mandatory-disclosure requirements (Doc. Ent. 339 at 8), plaintiffs' contention that "this is the first time Plaintiffs have submitted any interrogatories in this case[,]" Doc. Ent. 342 at 5 ¶ 4, does not address the objections defendant sets forth in its response. Therefore, at this time, CNH need not provide further answers to these four interrogatories. However, plaintiffs have leave to seek reconsideration of my ruling with respect to these four interrogatories if they are able to rebut or address the related argument set forth by CNH in its response.

With regard to the Sixth Circuit's September 13, 2012 judgment (Doc. Ent. 330) and **Interrogatory No. 34**, I agree that plaintiffs "should be permitted to ask the defense what . . . information or factors [other than the seven (7) questions set forth in *Reese II*] they will advocate to the District Court." Doc. Ent. 342 at 5 ¶ a.

As to pension benefits (the subject of **Interrogatory Nos. 5-9**), which plaintiffs contend relate to the income of the retirees, I am persuaded by plaintiffs' representation that CNH "admits that Plaintiffs' (fixed) income is relevant to consideration of the impact upon the retirees of changes in their health care benefits when it recently propounded eight sets . . . of discovery requests to the named Plaintiffs relating to their income, expenses and net worth." Doc. Ent. 342

---

[6]Here, CNH cites plaintiffs' first requests for admission (*see* Doc. Ent. 339-6). Doc. Ent. 339 at 8.

9

at 5 ¶ b. Furthermore, plaintiffs represent that "much of the information requested was not available in 2004[,]" and "the requested information is available to the Defendant in a single very simply prepared pension data report." Doc. Ent. 342 at 6 ¶ c.

With regard to **Interrogatory No. 38**, which asked, "[o]ther than the Proposed Plan, did the Company explore any other potential changes to the Current Plan that would generate savings to the Company with a lesser financial impact on Class Members[,]" I agree with plaintiffs that "if CNH considered and rejected plans which provided better benefits than the current proposed plan, that should inform the questions posed by the Sixth Circuit about reasonableness." Doc. Ent. 342 at 6 ¶ d.

As to **Interrogatory No. 50**, which concerns CNH's tax benefits from the plans, I agree with plaintiffs that "[w]hether CNH receives tax benefits as a result of changing the plan . . . affects the total cost of the plan to CNH[,]" which is a factor *Reese II* asked this Court to consider. Doc. Ent. 342 at 6 ¶ e.

With regard to **Interrogatory Nos. 40-43**, plaintiffs appear to allege that these interrogatories were drafted in response to anticipated defenses mentioned by defense counsel at the February 4, 2013 status conference. Doc. Ent. 342 at 6 ¶ f. As such, CNH should answer these interrogatories. If, as CNH claims, these questions concern "purported defenses no longer at issue in the case[,]" Doc. Ent. 339 at 8, then, as plaintiffs assert, CNH "should specifically disclaim it." Doc. Ent. 342 at 6 ¶ f.

Furthermore, as to **Interrogatory Nos. 35, 36, 37, 44 & 49**, I agree with plaintiffs that they "are not required to request information (not documents) from third parties where the information is in the possession of the Defendant and there is an evidentiary efficiency in

obtaining the information directly from CNH." Doc. Ent. 342 at 6 ¶ g. CNH shall answer these interrogatories to the extent it possesses such information. If CNH does not possess the information sought, then it may disclose in its answer the individual or entity from which plaintiffs should seek responsive information.

Finally, **Interrogatory Nos. 45, 46 & 47**, which mention the June 30, 2010 Macey declaration and/or "Aon Consulting," are not specifically addressed in CNH's response (s*ee* Doc. Ent. 339 at 8) or in plaintiffs' reply (Doc. Ent. 342 at 5-6). However, having reviewed CNH's April 18, 2013 answers, which contain general and/or specific objections, I conclude that CNH should provide a supplemental answer to Interrogatory No. 45 and should also provide supplemental answers to Interrogatory Nos. 46 and 47, but need not provide the documents requested in those two interrogatories. However, plaintiffs have leave to serve a further related request(s) for production of documents once it receives CNH's written answer to Interrogatory Nos. 46 and 47. Of course, if a related motion to compel or motion for protective order becomes necessary, the parties are reminded of their obligation to comply with E.D. Mich. LR 7.1(a) ("Seeking Concurrence in Motions and Requests.").

**E.    Order**

Accordingly, plaintiffs' March 21, 2013 motion for leave to exceed 25 interrogatories (Doc. Ent. 337) is GRANTED IN PART. Defendant SHALL serve supplemental answers to Interrogatory Nos. 5-9, 34-38, 40-47 and 49-50 within thirty (30) days of the date of this order. However, at this time, defendant need not serve supplemental answers to Interrogatory Nos. 32, 3, 4 & 48.

IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

|  |  |
|---|---|
| Dated: May 20, 2013 | s/ Paul J. Komives<br>PAUL J. KOMIVES<br>UNITED STATES MAGISTRATE JUDGE |

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

|  |  |
|---|---|
| Dated: May 20, 2013 | s/ Lisa C. Bartlett<br>Case Manager |