UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK REESE, FRANCES ELAINE PIDDE,
JAMES CICHANOFSKY, ROGER MILLER,
and GEORGE NOWLIN on                                              Hon. Patrick J. Duggan
behalf of themselves and
a similarly situated class,                                       Case No. 04-70592

    Plaintiffs,

v.                                                                **Class Action**

CNH GLOBAL N.V., formerly
known as Case Corporation,
and THE COMPANY LLC,

    Defendants.
_____/

| | |
|---|---|
| Roger J. McClow (P27170) | Norman C. Ankers (P30533) |
| David R. Radtke (P47016) | HONIGMAN MILLER |
| Darcie R. Brault (P43864) | SCHWARTZ AND COHN LLP |
| McKNIGHT, McCLOW, CANZANO | Attorneys for Defendants |
| SMITH & RADTKE, P.C. | 2290 First National Building |
| Attorneys for Plaintiffs Reese, et al. | 660 Woodward Avenue |
| 400 Galleria Officentre, Suite 117 | Detroit, MI 48226 |
| Southfield, MI 48034 | (313) 465-7000 |
| (248) 354-9650 | |
| | Bobby R. Burchfield, Esq. |
| | McDERMOTT WILL & EMERY |
| | Attorneys for Defendants |
| | The McDermott Building |
| | 500 North Capital Street, Northwest |
| | Washington, D.C. 20001 |
| | (202) 756-8000 |

_____/

**REPLY TO CNH'S OPPOSITION TO PLAINTIFFS' MOTION FOR
EXTENSION OF SCHEDULING ORDER**

The Court should give the Plaintiff class of retirees a fair opportunity to answer the questions posed by the Sixth Circuit in *Reese v. CNH,* 694 F.3d 681 (*Reese II*).

In opposition to Plaintiffs' request to extend the scheduling order in this matter, the Defendant offered bluster. Defendant rigidly adhered to its contrived "limited remand" characterization of these proceedings and uses that characterization to attempt to bully the Plaintiffs and the Court into something less than a full exercise of the rights of the Plaintiff Class. Defendant's arguments exalt form over substance at every opportunity, which necessarily perverts the intent of the substantive law.

### I. Plaintiffs have diligently pursued discovery under the schedule set forth at the scheduling conference in this matter.

Defendant argues that, at the scheduling conference in this matter early this year, the "Court rejected the schedule" proposed by Plaintiff and entered a different one. Defendant goes on to argue that because there have been no intervening events, then, therefore, no modification of the scheduling order is permitted. This is neither the rule, nor the reality.

This Court is permitted to amend its scheduling order upon good cause shown, in its discretion. *Fed. R. Civ. P. 16 (b)(4)*. Good cause exists when the relevant deadline cannot reasonably be met despite the diligence in seeking the extension. *Inge v. Rock Fin. Corp.* 281 F.3d 613 (6th Cir. 2002). It is true that Plaintiffs diligently sought more time than was originally granted for discovery at the scheduling conference and that the Court provided less than the time requested. Class counsel indicated a need for comprehensive discovery relative to the new standard announced in *Reese v. CNH*, 694 F.3d 681 (6th Cir. 2012) (Reese *II*). The Court's decision to order less time was presumably based upon the Defendant's contentions that it planned to conduct *no* discovery, to use *only the experts* from whom it had submitted affidavits on the first remand, and that Defendant was committed to completing the discovery within the

2

period the Court provided (implying that it would not erect time-consuming barriers to Plaintiffs' discovery).

Since then, Defendant has conducted discovery, requiring the class representatives to respond to voluminous interrogatories[1] and requests to produce, and further requiring the entry of a protective order against disclosure of personal financial and medical information. Also, since the scheduling conference, the Defendant objected to the number of interrogatories posed by Plaintiffs (including one asking them to identify their experts), requiring motion practice on the issue of whether the Plaintiffs could pose more than twenty five interrogatories. Plaintiffs filed a Motion for Leave to Exceed Twenty-Five Interrogatories on March 21, 2013, as soon as it determined that Defendant would not voluntarily answer and well before the answers were due, on April 13, 2013. R. 337.

The interrogatories posed track the questions raised in *Reese II* by Judge Sutton. Defendant contends that Plaintiffs have waived the right to discovery because they failed to request the information after the first remand. This position is untenable because 1) discovery had not closed prior to the motion practice that resulted in judgment for the Plaintiff Class, 2) much of the information requested was not available in 2004, 3) the new proposed plan was not revealed until early 2013, and 4) the legal standard set forth in *Reese II* was not anticipated and could not have been foretold by either parties – a fact acknowledged by the Sixth Circuit in its determination to remand the matter for factual development. Clearly, there was no waiver.

Plaintiffs filed their motion to extend the scheduling order when it became apparent that they could not meet the deadlines in the scheduling order, particularly the date for expert reports,

---

[1] Notably, Defendant posed eighteen interrogatories to each of the named Plaintiffs. Class counsel responded as to four of the representatives (one has since passed away), answering a total of 72 interrogatories - far more than were posed to Defendant.

3

June 1, 2013, where the Defendant failed to provide the answers to interrogatories needed by the expert.

In short, Plaintiffs have diligently pursued discovery and this request for extension of the scheduling order despite the resistance of the defense.

## II.     Defendant's actions have caused delay

While Defendant characterizes the Plaintiffs as having "embarked on a number of frolics and detours," Magistrate Judge Komives disagreed and has ruled that there is good cause to exceed the limits of Fed. R. Civ. P. 33 and has ordered CNH to provide answers to all but four of the interrogatories by June 19, 2013.[2]

Plaintiffs intend to file a motion to compel indicating the deficiencies in the responses submitted by CNH. Contrary to Defendant's assertion Plaintiffs have identified deficiencies in CNH's responses. First, Defendant did not answer many interrogatories. Second, Plaintiffs requested information regarding the codes provided relative to claims data on May 10, 2013. No response has been received to date. Third, there are a number of issues with the Defendant's discovery responses, particularly the extent to which the answers have been limited by its numerous and general and specific objections. Fourth, Plaintiffs anticipate disputes over the answers to the currently unanswered interrogatories. Rather than file two motions or more as the

---

[2] The Magistrate Judge noted that Plaintiffs failed to address CNH's claim that Interrogatory Nos. 3, 4, 32 and 48 are "duplicative" of other requests made by the Plaintiffs (citing to Plaintiffs' First Requests for Admissions) and the parties' mandatory –disclosure requirements. However, Magistrate Judge Komives indicated "plaintiffs have leave to seek reconsideration of my ruling with respect to these four interrogatories if they are able to rebut or address the related argument set forth by CNH in its response."  Pg ID 12317.  Plaintiffs intend to seek reconsideration as their Requests for Admission do not duplicate the specified interrogatories. Also, no initial disclosures have been filed since remand and therefore, any previous iterations do not incorporate the new standard on remand.

4

Defendant provides piecemeal discovery, Plaintiffs urge that it would be more efficient to file a comprehensive motion after the discovery responses have been received in their entirety.

In conclusion, Plaintiffs request that the scheduling order be extended as follows:

| | |
|---|---|
| September 3, 2013 | Plaintiffs' experts' reports due |
| September 24, 2013 | CNH experts' reports due |
| October 28, 2013 | Discovery closes |
| November 22, 2013 | Dispositive motion cutoff date |
| December 13, 2013 | Dispositive motion responses due |
| December 23, 2013 | Dispositive motion reply briefs due |

                Respectfully submitted,

                McKNIGHT, McCLOW, CANZANO,
                SMITH & RADTKE, P.C.

                By:/s/Darcie R. Brault
                David R. Radtke (P47016)
                Darcie R. Brault (P43864)
                Attorneys for Class Plaintiffs
                400 Galleria Officentre, Suite 117
                Southfield, MI  48034
Dated: May 21, 2013        (248) 354-9650
                dbrault@michworklaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2013 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system.

        Respectfully Submitted,

        McKNIGHT, McCLOW, CANZANO,
        SMITH & RADTKE, P.C.

        By: /s/Darcie R. Brault
        David R. Radtke (P47016)
        Darcie R. Brault (P43864)
        Attorneys for Class Plaintiffs
        400 Galleria Officentre, Suite 117
        Southfield, MI  48034
        (248) 354-9650
        dbrault@michworklaw.com

Dated: May 21, 2013