UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK REESE, FRANCES ELAINE PIDDE,
JAMES CICHANOFSKY, ROGER MILLER,
and GEORGE NOWLIN on behalf of themselves
and a similarly situated class,

      Hon. Patrick J. Duggan
      Case No. 04-70592

    Plaintiffs,

v.

**Class Action**

CNH GLOBAL N.V., formerly
known as Case Corporation,
and THE COMPANY LLC,

    Defendants.

_____/

| | |
|---|---|
| Roger J. McClow (P27170) | Norman C. Ankers (P30533) |
| David R. Radtke (P47016) | HONIGMAN MILLER |
| Darcie R. Brault (P43864) | SCHWARTZ AND COHN LLP |
| McKNIGHT, McCLOW, CANZANO | Attorneys for Defendants |
| SMITH & RADTKE, P.C. | 2290 First National Building |
| Attorneys for Plaintiffs Reese, et al. | 660 Woodward Avenue |
| 400 Galleria Officentre, Suite 117 | Detroit, MI 48226 |
| Southfield, MI 48034 | (313) 465-7000 |
| (248) 354-9650 | |
| | Bobby R. Burchfield, Esq. |
| | McDERMOTT WILL & EMERY |
| | Attorneys for Defendants |
| | The McDermott Building |
| | 500 North Capital Street, Northwest |
| | Washington, D.C. 20001 |
| | (202) 756-8000 |

_____/

### MOTION FOR RECONSIDERATION OF ORDER GRANTING IN PART PLAINTIFFS' MARCH 21, 2013 MOTION FOR LEAVE TO EXCEED TWENTY-FIVE INTERROGATORIES (Doc. Ent. 346)

*Introduction*

On May 20, 2013, the Magistrate Judge entered its "Order Granting in Part Plaintiffs' March 21, 2013 Motion for Leave to Exceed Twenty-five Interrogatories. Doc. Ent. 346. Plaintiffs seek reconsideration of the denial of the motion (in part) with respect to Interrogatories Numbered 3, 4, 33 and 48.

*Procedural Facts*

Plaintiffs filed a motion for leave to exceed twenty-five (25) interrogatories in this case. Doc. Ent. 337. CNH filed its response on April 8, 2013. Doc. Ent. 339 On April 16, 2013, Plaintiffs filed a reply. Doc. Ent. 342. Oral argument was heard April 23, 2013. On May 20, 2013, the Magistrate Judge entered its "Order Granting in Part Plaintiffs' March 21, 2013 Motion for Leave to Exceed Twenty-Five Interrogatories. Doc. Ent. 346.

In its order, the Magistrate Judge found:

> As to **Interrogatory Nos. 32, 3, 4 & 48**, which CNH claims are duplicative of other written requests by plaintiffs\* and the parties' mandatory-disclosure requirements (Doc. Ent. 339 at 8), plaintiffs' contention that "this is the first time Plaintiffs have submitted any interrogatories in this case[,]" Doc. Ent. 342 at 5 ¶ 4, does not address the objections defendant sets forth in its response. Therefore, at this time, CNH need not provide further answers to these four interrogatories. However, **plaintiffs have leave to seek reconsideration of my ruling with respect to these four interrogatories if they are able to rebut or address the related argument set forth by CNH in its response.**

At Doc. Ent. 346, Pg ID 12317 (emphasis added) (footnote\* "Here, CNH cites plaintiffs' first requests for admission (*see* Doc. Ent. 339-6). Doc. Ent. 339 at 8.").

1

The interrogatories in question are:

3. Identify each person the Company expects to testify and/or provide information in support of its claims or defenses, and state the subject matter about which the witness has knowledge.

4. Identify each person the Company expects to use as an expert witness in this matter.

32. Identify each person on whose behalf the Company made contributions to the Retiree Medical Savings Account (RMSA). As to each such person, state the amount of contributions, by type (initial, vacation pay, on Medicare eligibility and training fund) and by year and state the account balance by plan year end and as of the date of the Company's answers to these Interrogatories.

48. Identify all documents the Company intends to use, either in summary judgment proceedings or at trial, to support its position that the benefits in the Proposed Plan are reasonable.

**Exhibit A** (Plaintiffs' First Interrogatories to Defendant).

CNH, in its response, argued that these interrogatories are duplicative of other written requests by plaintiffs, citing the plaintiffs' first requests for admission and the parties' mandatory disclosure requirements. Doc. Ent. 339 at p. 8.

CNH contends that interrogatory number 32 is duplicative of Plaintiffs' Requests for Admissions regarding payments 2005 Plan Participants received that the Plaintiffs, under the proposed plan, will not receive. See CNH's Response to Plaintiffs' First Requests for Admission, p. 2-3. **Exhibit B**. While Defendants admit that payments were made, they do not include in their answer the specific requests for information contained in Interrogatory number 32, to wit: to whom the

payments were made, the amount, they type of payment made, the year and the account balance at the time of answering. In short, the requests to admit and interrogatory are not duplicative.

The per capita value of the RMSAs that CNH provided to the participants who retired under the 2005 plan is clearly relevant to the questions posed by the Sixth Circuit: "Do the retirees' benefits differ in material respects from those offered to current employees and people retiring today? *Reese v. CNH Am. LLC,* 694 F.3d 681, 685 (6th Cir. 2012).

With respect to interrogatories numbered 3, 4, and 48, the Defendant contends that the interrogatories duplicate the parties' mandatory-disclosure requirements.

Plaintiffs agree that there is overlap between interrogatories 3 and 48 and the Initial Disclosures required by Fed. R. Civ. Proc. 26 (a)(1). There is, however, no duplication because **CNH never filed any Initial Disclosures in this matter.** CNH cannot point to any disclosure or interrogatory answer that it has made that is responsive to interrogatories number 3 and 48 in this matter. Even if it had filed Initial Disclosures back in 2004, the content of the disclosures would have required supplementation under Fed. R. Civ. Proc. 26 (e) given the new "proposed plan" and new legal standards the parties have been asked to apply.

With respect to interrogatory number 4, Plaintiffs are requesting that CNH identify their expert witnesses. Fed. R. Civ. Proc. 26 (a)(2) addresses expert witness reports but does not require those disclosures until 90 days prior to trial or by order of the Court. At this time, the scheduling order does not require expert witness reports to be filed by Defendant until after the close of discovery, and after the Plaintiffs' expert witness reports are filed. The timing is currently the subject of a motion to extend the scheduling order. However, it is clear that no duplication of effort is being requested with respect to interrogatory number 4 because **CNH has not identified its expert witnesses** in response to any discovery request or in any disclosures that it has actually made.

In conclusion, Plaintiffs have addressed and rebutted CNH's argument and ask that the Court reconsider its decision to exclude interrogatories 3, 4, 32 and 44 from the relief provided in its "Order Granting in Part Plaintiffs' March 21, 2013 Motion for Leave to Exceed Twenty-Five Interrogatories" Doc. Ent. 346.

Respectfully submitted,

McKNIGHT, McCLOW, CANZANO,
SMITH & RADTKE, P.C.

By:/s/Darcie R. Brault
Darcie R. Brault (P43864)
Attorneys for Class Plaintiffs
400 Galleria Officentre, Suite 117
Southfield, MI 48034
(248) 354-9650
dbrault@michworklaw.com

Dated:      May 28, 2013

4

**CERTIFICATE OF SERVICE**

I hereby certify that on May 28, 2013 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system.

>Respectfully Submitted,
>
>McKNIGHT, McCLOW, CANZANO,
>SMITH & RADTKE, P.C.
>
>By: /s/Darcie R. Brault
>Darcie R. Brault (P43864)
>Attorneys for Class Plaintiffs
>400 Galleria Officentre, Suite 117
>Southfield, MI  48034
>(248) 354-9650
>dbrault@michworklaw.com

Dated:      May 28, 2013