UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JACK REESE, FRANCES ELAINE PIDDE, JAMES CICHANOFSKY, ROGER MILLER, and GEORGE NOWLIN,<br><br>Plaintiffs,<br><br>v.<br><br>CNH GLOBAL N.V. and CNH AMERICA LLC,<br><br>Defendants. | Case 2:04-cv-70592-PJD-PJK<br><br>Hon. Patrick J. Duggan, U.S.D.J.<br><br>Hon. Paul J. Komives, U.S. Mag. J. |

# CNH'S OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR LEAVE TO EXCEED TWENTY-FIVE INTERROGATORIES

Norman C. Ankers (P30533)
Honigman Miller Schwartz and Cohn LLP
2290 First National Building
660 Woodward Avenue
Detroit, Michigan 48226
313.465.7306
nankers@honigman.com

Bobby R. Burchfield
Joshua David Rogaczewski
Laura J. Capotosto
McDermott Will & Emery LLP
The McDermott Building
500 North Capitol Street, Northwest
Washington, D.C. 20001
202.756.8000
bburchfield@mwq.com
jrogaczewski@mwe.com
lcapotosto@mwe.com

*Attorneys for CNH Global N.V. and CNH America LLC*

## CONCISE STATEMENT OF THE ISSUE PRESENTED

Was the magistrate judge's decision that four of Plaintiffs' interrogatories in excess of the twenty-five permitted by Federal Rule of Civil Procedure 33(a)(1) were improper, because they duplicated either other discovery propounded by Plaintiffs or the mandatory disclosure provisions under Rule 26(a), clearly erroneous or contrary to law?

## CONTROLLING OR MOST
## APPROPRIATE AUTHORITY FOR THE RELIEF SOUGHT

Federal Rule of Civil Procedure 26

Federal Rule of Civil Procedure 33

Federal Rule of Civil Procedure 72

## INTRODUCTION

Plaintiffs' motion, which seeks partial reconsideration of the magistrate judge's order that granted nearly all the relief sought in their motion to exceed Federal Rule of Civil Procedure 33(a)(1)'s interrogatory limit, fails for two reasons. *First*, the magistrate judge's decision that one of Plaintiffs' excess interrogatories is impermissible because it duplicates other written requests by Plaintiffs is neither clearly erroneous nor contrary to law. Indeed, the magistrate judge was correct, because several of Plaintiffs' requests for admission provide them with the information to which they might be entitled. *Second*, the magistrate judge correctly refused to allow Plaintiffs to use excess interrogatories to duplicate the parties' mandatory disclosure requirements under Federal Rule of Civil Procedure 26(a)(1) and (a)(2). Plaintiffs' desire for the identities of the experts retained by CNH Global N.V. and CNH America LLC (referred to collectively as "CNH") prior to CNH's expert disclosure deadline does not justify exceeding Rule 33(a)(1)'s interrogatory limit. Further, Plaintiffs' decision to eschew the initial procedures of Rule 26—which include initial disclosures—does not entitle Plaintiffs to duplicate those requirements with excess interrogatories.

## BACKGROUND

Without asking the Court or CNH for permission, on March 14, Plaintiffs served CNH with fifty-one interrogatories—more than double the amount permitted by the Federal Rules of Civil Procedure. (R. 337 Ex. A, Pls.' 1st Interrs. Def. 6–14.) After CNH objected to the excess interrogatories (prior to responding to them), Plaintiffs filed on March 21 a motion for leave to exceed Rule 33(a)(1)'s limit of twenty-five interrogatories, which the Court referred to the magistrate judge under 28 U.S.C. § 636(b)(1)(A) (2006). (R. 338, Order Ref. 1.) While this motion was pending, Plaintiffs filed a second motion, this one seeking an extension of the Court's scheduling order, and claimed that they needed more time in part because of the extra

interrogatories they had propounded without permission. (R. 344, Pls.' Mot. Extend ¶¶ 7–9.) The motion to extend the schedule remains pending, and the parties are proceeding under the existing schedule.

The parties fully briefed the issue of Plaintiffs' excess interrogatories and the magistrate judge held a hearing on April 23. On May 20, the magistrate judge exercised his discretion by ordering CNH to serve supplemental answers to twenty of Plaintiffs' twenty-six excess interrogatories. (R. 346, Order 11 (interrogatories 5–9, 34–38, 40–47, 49–50).)[1] The magistrate judge found CNH did not have to supplement its answers to four interrogatories that duplicate other written requests by Plaintiffs or the parties' mandatory disclosure requirements:

> 3. Identify each person the Company expects to testify and/or provide information in support of its claims or defenses, and state the subject matter about which the witness has knowledge.
>
> 4. Identify each person the Company expects to use as an expert witness in this matter.
>
> . . .
>
> 32. Identify each person on whose benefit the Company made contributions to the Retiree Medical Savings Account (RMSA). As to each such person, state the amount of contributions, by type (initial, vacation pay, on Medicare eligibility and training fund) and by year and state the account balance by plan year end and as of the date of the Company's answers to these Interrogatories.
>
> . . .

---

[1] To be clear, CNH does not agree with the magistrate judge's ruling that these twenty interrogatories are consistent with Federal Rule of Civil Procedure 26(b)(2) and should be permitted in excess of Rule 33(a)(1)'s limit of twenty-five. Indeed, each of Plaintiffs' excess interrogatories is irrelevant, duplicative of other discovery, seeks information that could be obtained elsewhere, or is unduly burdensome. (R. 339, CNH's Opp'n Pls.' Mot. Leave Exceed 25 Interrs. 4–5.) Nevertheless, in the interest of moving this second set of remand proceedings along, CNH did not object and will comply with the magistrate judge's order. *See Reese v. CNH Am. LLC*, 694 F.3d 681, 685 (6th Cir. 2012) ("This long-running dispute needs to come to an end, and it is particularly unfair to prolong the dispute when the status quo . . . not only favors just one party [i.e., Plaintiffs] but also risks mooting the economic stakes for the other party [i.e., CNH].").

> 48. Identify all documents the Company intends to use, either in summary judgment proceedings or at trial, to support its position that the benefits in the Proposed Plan are reasonable.

(*See id.* at 9, 11 (interrogatories 3–4, 32, 48).)[2] Plaintiffs filed their "motion for reconsideration" of that small portion of the magistrate judge's order that was not decided in their favor.

## ARGUMENT

The Court must modify or set aside any portion of the magistrate judge's order that is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."). Importantly, "[t]his standard does not empower a reviewing court to reverse the Magistrate Judge's finding because it would have decided the matter differently." *Visteon Global Techs., Inc. v. Garmin Int'l, Inc.*, 903 F. Supp. 2d 521, 524 (E.D. Mich. 2012). Plaintiffs have not met this high burden, because they fail to demonstrate clear error or legal error in the magistrate judge's decision that four of Plaintiffs' extra interrogatories are sufficiently objectionable that they are impermissible under Federal Rule of Civil Procedure 33(a)(1). *See* Fed. R. Civ. P. 33(a)(1) (providing standard of Rule 26(b)(2) for motions for leave to exceed Rule 33(a)(1)'s limits).

---

[2] During the April 23 hearing, Plaintiffs withdrew their motion as it related to two of their twenty-six excess interrogatories. (R. 346, Order 7 (interrogatories 1 and 33).)

3

## I. IT IS NOT CLEARLY ERRONEOUS OR CONTRARY TO LAW TO REFUSE PERMISSION FOR AN EXTRA INTERROGATORY THAT DUPLICATES OTHER WRITTEN REQUESTS.

The magistrate judge correctly found that CNH did not have to supplement its answer to interrogatory 32 regarding the Retiree Medical Savings Account ("RMSA") provided by CNH America to post-2004 retirees, because this excess interrogatory duplicates other written requests by Plaintiffs. (R. 346, Order 9 (citing R. 339, CNH's Opp'n Pls.' Mot. Leave Exceed 25 Interrs. 5)); *see also* Fed. R. Civ. P. 26(b)(2)(C)(i) ("[T]he court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the discovery sought is unreasonably cumulative or duplicative . . . .").

Plaintiffs ask CNH to "[i]dentify each person on whose benefit the Company made contributions to the Retiree Medical Savings Account (RMSA)." (R. 337 Ex. A, Pls.' 1st Interrs. Def. 11.) Plaintiffs further ask CNH to "state the amount of contributions, by type (initial, vacation pay, on Medicare eligibility and training fund) and by year" for each person and also to "state the account balance by plan year end and as of the date of the Company's answers to these Interrogatories." (*Id.*) This interrogatory, which asks CNH about non-health benefits provided to individuals who are neither plaintiffs nor class members, is both irrelevant and unduly burdensome, and it invades the privacy of retirees who are not members of the plaintiff class. *See* Fed. R. Civ. P. 26(b)(1), (b)(2)(C)(iii).

More fundamentally, to the extent Plaintiffs are entitled to information about the RMSA benefit, they acquired all to which they could be entitled in CNH Global's responses to Plaintiffs' requests for admission. (*See* R. 348 Ex. B, CNH Global's Resp. Pls.' 1st Req. Admiss. 2–3.) Plaintiffs asked CNH Global to admit or deny that post-2004 retirees received an RMSA with initial funding upon retirement and that Plaintiffs would not under CNH's proposed plan for them. (*Id.*) CNH Global defined the group that received the RMSA benefit and admitted that the

4

proposed plan provides no RMSA benefit to Plaintiffs. (*Id.*) Plaintiffs also asked CNH Global to admit that Medicare-eligible post-2004 retirees received specific additional deposits to their RMSA accounts and that Plaintiffs would not under the proposed plan. (*Id.* at 3.) CNH Global admitted these facts. (*Id.*)

Plaintiffs contend that their requests for admission do not duplicate their interrogatory's request for individualized RMSA data (R. 348, Pls.' Mot. Recons. 2–3), but they are not entitled to know such data about individuals that are not participants in this lawsuit. Indeed the individualized data Plaintiffs seek has no bearing on whether CNH's proposed health benefits for Plaintiffs are "reasonably commensurate with the benefits provided in the 1998 CBA, reasonable in light of changes in health care and roughly consistent with the kinds of benefits provided to current employees." *Reese v. CNH Am. LLC*, 574 F.3d 315, 326 (6th Cir. 2009) (internal quotation marks omitted); *see* Fed. R. Civ. P. 26(b)(1). Given the slight (at best) relevance of the RMSA data to this matter, it would be unduly burdensome for CNH to collect it in response to Plaintiffs' discovery request. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii) (prohibiting discovery the burden of which outweighs its likely benefit).

Plaintiffs' requests for admission confirmed for Plaintiffs what comprised the RMSA benefit and that they would not receive one under the proposed plan. The magistrate judge did not commit clear error or act contrary to law in finding this sufficient for Plaintiffs' purposes.

## II. IT IS NOT CLEARLY ERRONEOUS OR CONTRARY TO LAW TO REFUSE PERMISSION FOR EXTRA INTERROGATORIES THAT DUPLICATE MANDATORY DISCLOSURE REQUIREMENTS.

The magistrate judge correctly found that three of Plaintiffs' excess interrogatories duplicate mandatory disclosure requirements under Federal Rule of Civil Procedure 26(a)(1) and (a)(2) and, therefore, no justification exists to exceed Rule 33(a)(1)'s limit on interrogatories. (R. 346, Order 9.) The rules already afford Plaintiffs the opportunity to obtain this information.

5

Neither the reality that Plaintiffs have to wait for expert disclosures nor their decision to forego their opportunity to obtain initial disclosures provides a basis for excess interrogatories in this case.

> A. **Plaintiffs' Extra Interrogatory Asking CNH To Identify Its Expert Witnesses Duplicates CNH's Disclosure Requirements Under Rule 26(a)(2).**

The magistrate judge was correct to find that CNH does not have to supplement its answer to interrogatory 4, which asks CNH to identify all expert witnesses it intends to use in this matter. (R. 346, Order 9.) This additional interrogatory duplicates the requirement that CNH "must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2). Plaintiffs' excess interrogatory is simply unnecessary, a point made by the Advisory Committee on Rules's gloss on Rule 33(a)(1): "Because Rule 26(a)(1)–(3) requires disclosure of much of the information previously obtained by this form of discovery, there should be less occasion to use it." Fed. R. Civ. P. 33 advisory committee note (1993).

Plaintiffs bemoan that without their interrogatory they will not learn the identities of CNH's experts "until after the close of discovery, and after the Plaintiffs' expert witness reports are filed." (R. 348, Pls.' Mot. Recons. 4.) It's unclear on what they base this assertion, but Plaintiffs are simply wrong. Expert disclosures—including the identities of experts—are due "at the times and in the sequence *that the court orders*." Fed. R. Civ. P. 26(a)(2)(D) (emphasis added). At the February status conference, the Court constructed a schedule for the remand in consultation with the parties. That schedule required Plaintiffs' expert disclosures to be served on or before June 1 and CNH's disclosures served on or before June 21. If Plaintiffs objected to this sequence of expert disclosures, they should have voiced their objection then. Further, CNH's expert disclosure deadline is an entire month before the discovery deadline of July 21. Plaintiffs

6

are not entitled to excess interrogatories to circumvent this Court's carefully constructed schedule or Rule 26(a)(2).

### B. Plaintiffs' Extra Interrogatories Asking CNH To Identify Individuals with Information and Supporting Documents Duplicate the Disclosure Requirements Under Rule 26(a)(1).

It was neither clear error nor contrary to law for the magistrate judge to find Plaintiffs' efforts to use excess interrogatories to obtain information that they could have gained elsewhere—but opted not to—duplicative under Rule 26(b)(2)(C)(i) and, therefore, impermissible. Interrogatories 3 and 48 both seek information that Plaintiffs would have been entitled to had they exercised their right to initial disclosures when this matter commenced. *See* Fed. R. Civ. P. 26(a)(1); (R. 346, Order 9 (citing R. 339, CNH's Opp'n Pls.' Mot. Leave Exceed 25 Interrs. 5)). Plaintiffs concede this duplication, and instead complain that no initial disclosures were exchanged and CNH would have a duty to supplement them at this point. Neither argument—even if correct—would justify interrogatories in excess of the limit provided by Rule 33(a)(1).

It is true that the parties did not exchange initial disclosures, but that is because Plaintiffs refused to participate in the pre-discovery process called for in the rules. As the Court may recall, in January 2005, Plaintiffs moved to compel production of documents requested of CNH America during the initial stay of this case. (R. 33, Pls.' Mot. Compel Prod. Docs. 2.) CNH America's principal objection to the document requests was that the parties had not yet met and conferred pursuant to Federal Rule of Civil Procedure 26(f). *See* Fed. R. Civ. P. 26(d)(1) (stating general rule that discovery cannot proceed under Rule 26(f) conference); (R. 33 Ex. C, Aug. 25, 2004, Edelschick–McKnight Ltr. 1). Plaintiffs, however, refused to engage in a Rule 26(f) conference before proceeding with discovery. (*E.g.*, R. 33 Ex. D, Sept. 20, 2004, McKnight–Edelschick Ltr. 1.)

7

One of the purposes of the Rule 26(f) conference is to "make or arrange for the disclosures required by Rule 26(a)(1)." Fed. R. Civ. P. 26(f)(2). Indeed, the discovery plan that comes out of a Rule 26(f) conference must address "what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made." *Id.* R. 26(f)(3)(A). Plaintiffs made a conscious decision to forego the Rule 26(f) conference and, as a result, the requirements for Rule 26(a)(1) disclosures were never set. If initial disclosures did not occur in this case, it is because Plaintiffs effectively opted out of them. Having waived initial disclosures, there is nothing for CNH to supplement, and CNH's rule-based duty to supplement discovery responses and disclosures, *id.* R. 26(e), is irrelevant.

## CONCLUSION

Plaintiffs have not demonstrated that the magistrate judge's determination that the four additional interrogatories at issue in their motion violate Rule 26(b) is clearly erroneous or contrary to law. Their "motion for reconsideration" should be denied, and CNH should not be required to provide supplemental answers to these excess interrogatories.

Dated: June 11, 2003

s/Norman C. Ankers
Honigman Miller Schwartz and Cohn LLP
2290 First National Building
660 Woodward Avenue
Detroit, Michigan 48226
313.465.7306
P30533
nankers@honigman.com

Respectfully submitted,

s/ with consent of Bobby R. Burchfield
McDermott Will & Emery LLP
The McDermott Building
500 North Capitol Street, Northwest
Washington, D.C. 20001
202.756.8000
bburchfield@mwe.com

*Attorneys for CNH Global N.V. and CNH America LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on I hereby certify that on June 11, 2013, electronically filed the foregoing **CNH's Opposition to Plaintiffs' Motion for Reconsideration of Order Granting in Part Plaintiffs' Motion for Leave To Exceed Twenty-Five Interrogatories** with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants.

s/Norman C. Ankers
Honigman Miller Schwartz and Cohn LLP
2290 First National Building
660 Woodward Avenue
Detroit, Michigan 48226
313.465.7306
P30533
nankers@honigman.com
