UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK REESE,
FRANCES ELAINE PIDDE,[1]
JAMES CICHANOPSKY,
ROGER MILLER,
GEORGE NOWLIN and
RONALD HITT,

        Plaintiffs,

                              CASE NO. 2:04-CV-70592
                              JUDGE PATRICK J. DUGGAN
                              MAGISTRATE JUDGE PAUL J. KOMIVES

   v.

CNH AMERICA, L.L.C. and
CNH GLOBAL N. V.,

        Defendants.
_____/

**ORDER DENYING PLAINTIFFS' MAY 28, 2013 MOTION FOR RECONSIDERATION OF MAY 20, 2013 ORDER (Doc. Ent. 346) GRANTING IN PART PLAINTIFFS' MARCH 21, 2013 MOTION FOR LEAVE TO EXCEED TWENTY-FIVE INTERROGATORIES (Doc. Ent. 337)**

**A.    Background**

On March 14, 2013, plaintiffs served their first interrogatories (Nos. 1-51) to defendant CNH. Doc. Ent. 337-1. One week later, on March 21, 2013, plaintiffs filed a motion for leave to exceed twenty-five (25) interrogatories. Doc. Ent. 337. CNH filed its response on April 8, 2013. Doc. Ent. 339. On April 16, 2013, plaintiffs filed a reply. Doc. Ent. 342.

---

[1]On May 19, 2013, plaintiffs informed the Court of the death of plaintiff Frances Elaine Pidde. Doc. Ent. 343.

Judge Duggan referred the motion to me for hearing and determination.  Doc. Ent. 338.  A hearing on the motion was noticed for April 23, 2013.  Doc. Ent. 340.[2]  On the date set for hearing, attorneys Darcie R. Brault and Joshua D. Rogaczewski (Washington, D.C.) appeared in my courtroom.

On May 20, 2013, I entered an order (Doc. Ent. 346) granting in part plaintiffs' March 21, 2013 motion for leave to exceed twenty-five (25) interrogatories (Doc. Ent. 337).  Specifically, my order required defendant to serve supplemental answers to Interrogatory Nos. 5-9, 34-38, 40-47 and 49-50 within thirty (30) days of the date of this order.  However, my order also provided that defendant need not serve supplemental answers to Interrogatory Nos. 32, 3, 4 and 48.  *See* Doc. Ent. 346 at 11.

**B.      Instant Motion**

Currently before the Court is plaintiffs' May 28, 2013 motion (Doc. Ent. 348) for reconsideration of my May 20, 2013 order (Doc. Ent. 346) with regard to its ruling on Interrogatory Nos. 32, 3, 4 and 48.

E.D. Mich. LR 7.1(h) governs motions for rehearing or reconsideration.  With respect to the grounds for such a motion, the Local Rules of the E.D. Mich. provide that "[g]enerally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but

---

[2]On April 15, 2013, Judge Duggan entered a stipulated protective order regarding personal and private financial and medical information from plaintiffs.  Doc. Ent. 341.

2

also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3).

**C.     Discussion**

In my May 20, 2013 order, I concluded that CNH should not be required to answer Interrogatory Nos. 32, 3, 4 and 48. Doc. Ent. 346 at 8. As to these interrogatories, which CNH claimed were duplicative of other written requests by plaintiffs[3] and the parties' mandatory-disclosure requirements (Doc. Ent. 339 at 8), I noted that plaintiffs' contention that "this is the first time Plaintiffs have submitted any interrogatories in this case[,]" Doc. Ent. 342 at 5 ¶ 4, did not address the objections defendant set forth in its response. Therefore, I concluded that CNH need not provide further answers to these four interrogatories. However, I also noted that plaintiffs had leave to seek reconsideration of my ruling with respect to those four interrogatories if they were able to rebut or address the related argument set forth by CNH in its response. *See* Doc. Ent. 346 at 9.

In their May 28, 2013 motion for reconsideration, plaintiffs claim that the requests to admit and Interrogatory No. 32 are not duplicative, because "[w]hile Defendants admit that payments were made, they do not include in their answer the specific requests for information contained in Interrogatory [No.] 32, to wit: to whom the payments were made, the amount, the[] type of payment made, the year and the account balance at the time of answering." Doc. Ent. 348 at 3-4.

---

[3]Here, CNH cites plaintiffs' first requests for admission (*see* Doc. Ent. 339-6). Doc. Ent. 339 at 8. CNH served its response on April 18, 2013. *See* Doc. Ent. 348-2.

Furthermore, with regard to Interrogatory Nos. 3 and 48, plaintiffs "agree that there is overlap between [Interrogatory Nos.] 3 and 48 and the Initial Disclosures required by Fed. R. Civ. P[.] 26(a)(1)." However, plaintiffs further contend that there is "no duplication because CNH never filed any Initial Disclosures in this matter." Plaintiffs go on to state:

> CNH cannot point to any disclosure or interrogatory answer that it has made that is responsive to [Interrogatory Nos.] 3 and 48 in this matter. Even if it had filed Initial Disclosures back in 2004, the content of the disclosures would have required supplementation under Fed. R. Civ. P[.] 26(e) given the new 'proposed plan' and new legal standards the parties have been asked to apply.

Doc. Ent. 348 at 4.

Finally, after referring to Fed. R. Civ. P. 26(a)(2), the current scheduling order which allegedly does not require defendants' expert witness reports to be filed until after the close of discovery and after plaintiffs' expert witness reports are filed,[4] and plaintiff's pending May 9, 2013 motion for extension of the scheduling dates (Doc. Ent. 344), plaintiffs claim, "it is clear that no duplication of effort is being requested with respect to [I]nterrogatory [No.] 4 because CNH has not identified its expert witnesses in response to any discovery request or in any disclosures that it has actually made." Doc. Ent. 348 at 5.

On June 11, 2013, CNH filed an opposition (Doc. Ent. 351) to plaintiffs' motion for reconsideration (Doc. Ent. 348) of order (Doc. Ent. 346) granting in part plaintiffs' motion (Doc.

---

[4]On May 9, 2013, plaintiffs filed a motion for extension of the scheduling dates set on February 4, 2013. Doc. Ent. 344. According to this motion, plaintiffs' experts' reports were due June 1, 2013, CNH experts' reports are due June 21, 2013 and discovery closes on July 21, 2013. Doc. Ent. 344 at 2.

Ent. 337) for leave to exceed twenty-five (25) interrogatories.[4] Therein, CNH presents two arguments:

> I. IT IS NOT CLEARLY ERRONEOUS OR CONTRARY TO LAW TO REFUSE PERMISSION FOR AN EXTRA INTERROGATORY THAT DUPLICATES OTHER WRITTEN REQUESTS.
>
> II. IT IS NOT CLEARLY ERRONEOUS OR CONTRARY TO LAW TO REFUSE PERMISSION FOR EXTRA INTERROGATORIES THAT DUPLICATE MANDATORY DISCLOSURE REQUIREMENTS.

Doc. Ent. 351 at 7-11. With respect to the latter argument, CNH contends that (A) "[p]laintiffs' extra interrogatory asking CNH to identify its expert witnesses duplicates CNH's disclosure requirements under Rule 26(a)(2)[,]" and (B) "[p]laintiffs' extra interrogatories asking CNH to identify individuals with information and supporting documents duplicate[s] the disclosure requirements under Rule 26(a)(1)." Doc. Ent. 351 at 8-11.

Upon consideration, I agree with CNH that "[p]laintiffs have not demonstrated that [my] determination that the four additional interrogatories at issue in their motion violate Rule 26(b) is clearly erroneous or contrary to law." Doc. Ent. 351 at 12. As a result, defendant need not serve supplemental answers to Interrogatory Nos. 32, 3, 4 & 48.

**D.  Order**

---

[4]E.D. Mich. LR 7.1(h) provides, in part, that "[n]o response to the motion and no oral argument are permitted unless the court orders otherwise." E.D. Mich. LR 7.1(h)(2). CNH did not seek leave to file its June 11, 2013 opposition (Doc. Ent. 251). Nonetheless, the Court will consider it in its disposition of the instant motion (Doc. Ent. 348).

Also, I note CNH's statement that it "does not agree with [my] ruling that the[] twenty interrogatories are consistent with the Federal Rules of Civil Procedure 26(b)(2) and should be permitted in excess of Rule 33(a)(1)'s limit of twenty-five." According to CNH, "each of Plaintiffs' excess interrogatories is irrelevant, duplicative of other discovery, seeks information that could be obtained elsewhere, or is unduly burdensome. . . . Nevertheless, in the interest of moving this second set of remand proceedings along, CNH did not object and will comply with [my] order." Doc. Ent. 351 at 5 n.1.

Accordingly, plaintiffs' May 28, 2013 motion (Doc. Ent. 348) for reconsideration of the Court's May 20, 2013 order (Doc. Ent. 346) granting in part plaintiffs' March 21, 2013 motion for leave to exceed twenty-five (25) interrogatories (Doc. Ent. 337) is DENIED. As a result, defendant need not serve supplemental answers to Interrogatory Nos. 32, 3, 4 & 48.

IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

Dated: June 11, 2013

s/ Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

## Proof of Service

I hereby certify that a copy of this order was served upon Counsel of Record on this date.

Dated: June 11, 2013

s/ Lisa C. Bartlett
Case Manager