UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JACK REESE, FRANCES ELAINE PIDDE, JAMES CICHANOFSKY, ROGER MILLER, and GEORGE NOWLIN,<br><br>Plaintiffs,<br><br>v.<br><br>CNH GLOBAL N.V. and CNH AMERICA LLC,<br><br>Defendants. | Case 2:04-cv-70592-PJD-PJK<br><br>Hon. Patrick J. Duggan, U.S.D.J.<br><br>Hon. Paul J. Komives, U.S. Mag. J. |

**CNH'S OPPOSITION TO PLAINTIFFS'
OBJECTIONS TO ORDER DENYING PLAINTIFFS'
MOTION FOR RECONSIDERATION OF ORDER
GRANTING IN PART PLAINTIFFS' MOTION FOR
LEAVE TO EXCEED TWENTY-FIVE INTERROGATORIES**

Norman C. Ankers (P30533)
 (nankers@honigman.com)
Honigman Miller Schwartz and Cohn
 LLP
2290 First National Building
660 Woodward Avenue
Detroit, Michigan 48226
313.465.7306
313.465.7307 fax

Bobby R. Burchfield
 (bburchfield@mwe.com)
Joshua David Rogaczewski
 (jrogaczewski@mwe.com)
Laura J. Capotosto
 (lcapotosto@mwe.com)
McDermott Will & Emery LLP
The McDermott Building
500 North Capitol Street, Northwest
Washington, D.C. 20001
202.756.8000
202.756.8087 fax

*Attorneys for CNH Global N.V. and CNH America LLC*

## CONCISE STATEMENT OF THE ISSUE PRESENTED

Did the magistrate judge clearly err or act contrary to law when denying Plaintiffs leave to serve interrogatories in excess of the twenty-five permitted by Federal Rule of Civil Procedure 33(a)(1) that duplicated the mandatory disclosure provisions of Rule 26(a)?

# CONTROLLING OR MOST
# APPROPRIATE AUTHORITY FOR THE RELIEF SOUGHT

28 U.S.C. § 636 (2006)

Federal Rule of Civil Procedure 26

Federal Rule of Civil Procedure 33

Federal Rule of Civil Procedure 72

## INTRODUCTION

The magistrate judge has *twice* correctly denied Plaintiffs leave to serve interrogatories on CNH Global N.V. and CNH America LLC (referred to collectively as "CNH") that are in excess of Federal Rule of Civil Procedure 33(a)(1)'s limit and duplicate mandatory disclosure requirements under Rule 26(a)(1) and (a)(2). Plaintiffs' continued litigation of this issue is baffling. The interrogatories seek identities of expert witnesses (interrogatory 4), identities of fact witnesses (interrogatory 3), and the documents CNH plans to use on the merits (interrogatory 48). This information falls squarely within the initial disclosures under Rule 26(a)(1) and expert disclosures mandated by Rule 26(a)(2). Plaintiffs should not be heard now that Rule 26(a)(1) disclosures were not made, because *they* waived their rights to such information by opting at the start of this case to not participate in the process that would have led to the disclosures. As for expert disclosures and dispositive motions, Plaintiffs will receive that information in accordance with the scheduling order *they* sought. Because it is not clearly erroneous or contrary to law to refuse permission for extra interrogatories seeking information that the rules already afford Plaintiffs the opportunity to obtain, the magistrate judge's decision should be upheld.

## BACKGROUND

Plaintiffs sought permission to serve 26 interrogatories above the interrogatory limit provided in Rule 33(a)(1), and the magistrate judge granted Plaintiffs leave for 20 of the excess interrogatories and denied it for four others because they duplicates other written requests by Plaintiffs or the parties' mandatory disclosure requirements (Plaintiffs withdrew their request for two of the interrogatories). (*See* R. 351, CNH's Opp'n Pls.' Mot. Recons. 1–3 (citing R. 345, Order 9, 11).)[1]

The magistrate judge denied Plaintiffs' motion for reconsideration of that small portion of the initial order that did not go their way. (R. 352, Order 5–6.) At the same time, Plaintiffs were seeking a three-month extension of the remand schedule. (R. 344, Pls.' Mot. Extension Sched. Order 1.) The Court granted in part Plaintiffs' extension motion, which among other deadlines, extended CNH's expert disclosure deadline to August 26, 2013. (R. 353, New Sched. Order 4.) Plaintiffs continue to object, asking the Court to reverse the magistrate judge's decision "with respect to Interrogatories 3, 4, and 48." (R. 354, Pls.' Objs. Mag. J. Order 3–4.)

---

[1] Although CNH does not agree with the magistrate judge's ruling that the twenty interrogatories should be permitted, in the interest of moving this second set of remand proceedings along, CNH did not object and complied with the magistrate judge's order on June 19.

## ARGUMENT

The Court must modify or set aside any portion of the magistrate judge's order that is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A) (2006). Plaintiffs have not met this high burden, because they fail to demonstrate (again) clear error or legal error in the magistrate judge's decision that three of Plaintiffs' extra interrogatories are sufficiently objectionable that they are impermissible under Rule 33(a)(1).

It was not clear error or contrary to law for the magistrate judge to find two of Plaintiffs' interrogatories cumulative of Rule 26(a)(1) disclosures and, thus, impermissible. Interrogatories 3 and 48 seek information that Plaintiffs could have obtained had they exercised their right to initial disclosures at the outset of this case. *See* Fed. R. Civ. P. 26(a)(1); (R. 352, Order 5 (citing R. 351, CNH's Opp'n Pls.' Mot. Recons. 7–8)). Plaintiffs concede the duplicative nature of their interrogatories, but their position is that the interrogatories are not cumulative because the parties did not actually exchange initial disclosures. (*See* R. 354, Pls.' Objs. Mag. J. Order 3.)

The only reason initial disclosures were not exchanged is Plaintiffs' refusal to participate in the pre-discovery process called for by the rules. Plaintiffs made a conscious decision to forego the Rule 26(f) conference and, as a result, the

3

requirements for Rule 26(a)(1) disclosures were never set.[2] Having waived the right to initial disclosures and the information they would have provided, Plaintiffs cannot now use excess interrogatories to obtain that information.

The magistrate judge was also correct to find that CNH does not have to supplement its answer to interrogatory 4, which asks CNH to identify all expert witnesses it intends to use in this matter. (R. 352, Order 5 (citing R. 351, CNH's Opp'n Pls.' Mot. Recons. 6–7).) This additional interrogatory duplicates the requirement that CNH "must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2). Expert disclosures—including the identities of experts—are due "at the times and in the sequence *that the court orders*." Fed. R. Civ. P. 26(a)(2)(D) (emphasis added). Responding to *Plaintiffs'* motion for an extension of the scheduling order, the Court extended the schedule and required

---

[2] In January 2005, Plaintiffs moved to compel production of documents requested of CNH America during the initial stay of this case. (R. 33, Pls.' Mot. Compel Prod. Docs. 2.) CNH America's principal objection to the document requests was that the parties had not yet met and conferred pursuant to Federal Rule of Civil Procedure 26(f). See Fed. R. Civ. P. 26(d)(1) (stating general rule that discovery cannot proceed under Rule 26(f) conference); (R. 33 Ex. C, Aug. 25, 2004, Edelschick–McKnight Ltr. 1). Plaintiffs, however, refused to engage in a Rule 26(f) conference before proceeding with discovery. (*E.g.*, R. 33 Ex. D, Sept. 20, 2004, McKnight–Edelschick Ltr. 1.) One of the purposes of the Rule 26(f) conference is to "make or arrange for the disclosures required by Rule 26(a)(1)." Fed. R. Civ. P. 26(f)(2).

4

CNH's expert disclosures to be served on or before August 26.[3] Plaintiffs are not entitled to excess interrogatories to evade this Court's schedule or Rule 26(a)(2).

Finally, the revised scheduling order that *Plaintiffs* requested provides that dispositive motions be filed by October 21, 2013. Plaintiffs will find out the information sought in interrogatory 48 at that time and, if needed, at trial.

---

[3] Under the original schedule for the remand—that CNH sought to maintain—Plaintiffs would already have CNH's expert disclosures. The original deadline was June 21. (R. 353, New Sched. Order 2.)

## CONCLUSION

Plaintiffs have not demonstrated that the magistrate judge's determination that the three additional interrogatories at issue in their motion violate Rule 26(b) is clearly erroneous or contrary to law. The magistrate judge's decision should be upheld.

Dated: July 12, 2013                               Respectfully submitted,

s/Norman C. Ankers                                 s/ with consent of Bobby R. Burchfield
Norman C. Ankers (P30533)                          Bobby R. Burchfield
 (nankers@honigman.com)                             (bburchfield@mwe.com)
Honigman Miller Schwartz and Cohn                  Joshua David Rogaczewski
 LLP                                                (jrogaczewski@mwe.com)
2290 First National Building                       Laura J. Capotosto
660 Woodward Avenue                                 (lcapotosto@mwe.com)
Detroit, Michigan 48226                            McDermott Will & Emery LLP
313.465.7306                                       The McDermott Building
313.465.7307 fax                                   500 North Capitol Street, Northwest
                                                   Washington, D.C. 20001
                                                   202.756.8000
                                                   202.756.8087 fax

*Attorneys for CNH Global N.V. and CNH America LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2013, I electronically filed the foregoing **CNH's Opposition to Plaintiffs' Objections to Order Denying Plaintiffs' Motion for Reconsideration of Order Granting in Part Plaintiffs' Motion for Leave To Exceed Twenty-Five Interrogatories** with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants.

                        s/Norman C. Ankers
                        Norman C. Ankers (P30533)
                        (nankers@honigman.com)
                        Honigman Miller Schwartz and Cohn LLP
                        2290 First National Building
                        660 Woodward Avenue
                        Detroit, Michigan  48226
                        313.465.7306
                        313.465.7307 fax