UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK REESE, JAMES
CICHANOFSKY, ROGER MILLER, and
GEORGE NOWLIN, on behalf of
themselves and a similarly situated class,

      Plaintiffs,

v.                                    Case No. 04-70592

CNH GLOBAL N.V. and              Honorable Patrick J. Duggan
CNH AMERICA LLC,

      Defendants.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' APPEAL OF THE MAGISTRATE JUDGE'S ORDERS AND *SUA SPONTE* AMENDING SCHEDULING ORDER**

      The above-captioned matter is before this Court on remand from the Sixth Circuit Court of Appeals to determine whether CNH America, LLC's proposed unilateral changes to Plaintiffs' vested retiree health insurance benefits are reasonable. At issue currently are Plaintiffs' efforts to obtain discovery from CNH America, LLC (hereafter "CNH") relevant to that determination. More specifically, the Court has before it Plaintiffs' objections to Magistrate Judge Paul J. Komives' decisions, dated May 20 and June 11, 2013, denying Plaintiffs'

requests to have three interrogatories answered by CNH.[1]  For the reasons that follow, the Court grants in part and denies in part Plaintiffs' appeal.

## Background

The interrogatories at issue in Plaintiffs' pending appeal are:

3.  Identify each person the Company expects to testify and/or provide information in support of its claims or defenses, and state the subject matter about which the witness has knowledge.

4.  Identify each person the Company expects to use as an expert witness in this matter.

. . .

48.  Identify all documents the Company intends to use, either in summary judgment proceedings or at trial, to support its position that the benefits in the Proposed Plan are reasonable.

CNH objected to these interrogatories, claiming that they "duplicate . . . the parties' mandatory-disclosure requirements." (*See* ECF No. 339 at 8.)  In his May 20, 2013 decision, Magistrate Judge Komives found that Plaintiffs failed to address CNH's objections when they replied that it was "the first time [they] . . . submitted any interrogatories in this case." (*See* ECF No. 346 at 9, quoting ECF No. 342 at

---

[1] Having served CNH with fifty-one (51) interrogatories, Plaintiffs originally sought leave to exceed the twenty-five (25) interrogatories permitted under Federal Rule of Civil Procedure 33.  Magistrate Judge Komives issued a decision on May 20, 2013, granting Plaintiffs leave to serve twenty (20) of the excess interrogatories but denying their request to serve four others (Plaintiffs had withdrawn two). (ECF No. 346.)  Plaintiffs now are challenging Magistrate Judge Komives' decision with respect to only three of the four interrogatories the magistrate judge ruled CNH need not answer.

5.) Magistrate Judge Komives invited Plaintiffs to seek reconsideration of his decision if they could "rebut or address" CNH's objection. (*Id.*)

Plaintiffs in fact filed a motion for reconsideration on May 28, 2013. (ECF No. 348.) Plaintiffs argued that while there is overlap between interrogatories 3 and 48 and the initial disclosures required under Federal Rule of Civil Procedure 26(a)(1), "[t]here is . . . no duplication because CNH never filed any Initial Disclosures in this matter." (*Id.* at 4, emphasis removed.) Even if CNH had filed such disclosures in 2004, Plaintiffs argued, those disclosures would require supplementation "given the new 'proposed plan' [by CNH to provide Plaintiffs' health care benefits] and new legal standards the parties have been asked to apply." (*Id.*) Because CNH has not identified its expert witnesses, Plaintiffs also argued that interrogatory 4 is not duplicative. (*Id.* at 5.) Magistrate Judge Komives denied Plaintiffs' motion for reconsideration on June 11, 2013, explaining only that he "agree[s] with CNH that '[P]laintiffs have not demonstrated that [his] determination that the four additional interrogatories at issue . . . violate Rule 26(b) is clearly erroneous or contrary to law.'" (ECF No. 352, quoting ECF No. 351 at 12.)

While the matter of Plaintiffs' interrogatories was being litigated before the magistrate judge, this Court had before it Plaintiffs' motion to extend the

scheduling order established for the remand proceedings. In light of Magistrate Judge Komives' May 20, 2013 order requiring CNH to respond to more than twenty-five of Plaintiffs' interrogatories and the fact that the deadline for CNH to respond to Plaintiffs' discovery requests per the initial scheduling order already had passed, this Court granted Plaintiffs' motion and entered the following amended scheduling order:

| | |
|---|---|
| 6/19/13 | Defendants to respond to Plaintiffs' discovery requests |
| 8/6/13 | Reports due from Plaintiffs' experts |
| 8/26/13 | Reports due from Defendants' experts |
| 9/25/13 | Discovery closes |
| 10/21/13 | Dispositive motion cut-off |
| 11/11/13 | Dispositive motion(s) responses(s) due |
| 11/18/13 | Dispositive motion(s) reply brief(s) due. |

(ECF No. 353.)

## Applicable Standard

A party may object to a magistrate judge's non-dispositive orders. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The magistrate judge's decision must be affirmed unless the objecting party demonstrates that the decision is "clearly erroneous" or "contrary to law." *Id*. A district court may not reverse a magistrate

judge's ruling on a non-dispositive matter simply because the court would have decided the matter differently. *See, e.g., Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 573-74, 105 S. Ct. 1504, 1511 (1985). Instead, the court may reverse only "'. . .when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Id.* at 573, 105 S. Ct. at 1511 (quoting *United States v. U.S. Gypsum Co.*, 33 U.S. 364, 395, 68 S. Ct. 525, 542 (1948)).

## Analysis

Plaintiffs initiated this action in 2004 in response to CNH's announced intent to reduce or terminate their retiree health care benefits. Plaintiffs argued that, pursuant to the applicable collective bargaining agreements, those benefits vested upon their retirement and thus Plaintiffs were entitled for their lifetime to the negotiated insurance provisions made part of the agreement governing their employment. CNH took the position that it lawfully could reduce or terminate Plaintiffs' benefits because they were not vested. (*See, e.g.*, ECF No. 125.)

The issue of what modifications CNH could make if Plaintiffs' benefits were *vested* did not arise until after this Court's August 27, 2007 ruling that Plaintiffs are entitled to vested retiree health insurance benefits from CNH. In fact, more accurately, the issue did not arise until the Sixth Circuit Court of Appeals affirmed

this Court's decision that the benefits vested but held that "vesting" does not mean that the scope of those benefits is "fixed and irreducible." *See Reese v. CNH Am. LLC*, 574 F.3d 315, 324-27 (2009); *see also Reese*, 583 F.3d 955 (6th Cir. 2009) (denying Plaintiffs' motion for reconsideration in which Plaintiffs argued "that the court resolved an issue 'that CNH did not raise or litigate before the trial; that the trial court did not decide; and that CNH did not raise or argue on appeal.'"). The Sixth Circuit remanded the matter for this Court "to decide how and in what circumstances CNH may alter such benefits . . .." *Reese*, 574 F.3d at 327. When the case returned to this Court, after the Sixth Circuit entered its mandate on October 6, 2009, no procedure was established for litigating those issues.

Interestingly, at that time, CNH propounded various discovery requests to the UAW seeking information CNH deemed relevant to the issues raised by the Sixth Circuit's decision. When Plaintiffs sought a protective order and to quash CNH's discovery requests– citing the discovery deadlines set by this Court in May 2006 (*see* ECF No. 252 at 2)– CNH responded in part that "the pre-appeal discovery deadline upon which Plaintiffs now rely is irrelevant because the Sixth Circuit specifically remanded the case to this Court for further evidentiary development" and that "Defendants waived nothing by failing previously to seek the information now sought in their subpoenas to the UAW, because only the

6


recent Sixth Circuit decision in this case has required this new discovery." (ECF No. 258 at 1.) The parties eventually reached an agreement concerning the discovery CNH sought. (ECF No. 270.) Shortly thereafter, they filed cross-motions addressing whether, and if so to what extent, CNH may modify Plaintiffs' benefits. (ECF Nos. 271, 273, 280, 282.)

This Court then ruled on the modification issues (ECF No. 304), CNH appealed the decision, and the Sixth Circuit rejected the Court's analysis and once again remanded the matter for adjudication. *See Reese v. CNH America, LLC*, 694 F.3d 681 (6th Cir. 2012). This time, the Sixth Circuit panel plainly set forth the facts it finds relevant to decide what modifications reasonably can be made to Plaintiffs' benefits.[2] *Id*. at 685. The panel noted that those facts were not in the lower court record. *Id*. Of course those facts had not been developed because the ability to modify Plaintiffs' benefits if they were found to be vested had not been previously accepted by this Court based on its interpretation of controlling precedent, the language of the governing agreements, and the parties' collective bargaining history. Nor was the mutability of vested benefits contemplated by Plaintiffs when they initially sought discovery from CNH. Moreover, it was not

---

[2]As such, the Court rejects CNH's argument that Plaintiffs should have sought the current disclosures when the Sixth Circuit first remanded the matter and that Plaintiffs' failure to do so should preclude them from doing so now.

7

until far later that CNH proposed the plan changes now at issue and thus any disclosures that had been made would not have covered the discovery Plaintiffs currently seek.

For these reasons, Magistrate Judge Komives clearly erred when he found that interrogatories 3, 4, and 48 are duplicative of other written requests by Plaintiffs and the parties' Rule 26 mandatory disclosure requirements. With respect to interrogatory 4, however, the Court's current scheduling order provides a specific deadline for expert witness disclosures. As such, Magistrate Judge Komives' ruling that CNH did not need to respond to interrogatory 4 at this time was not clearly erroneous. *See* Fed. R. Civ. P. 26(a)(2)(D). In other words, CNH need not identify any person it expects to use as an expert witness until its expert reports are due. However, CNH must answer interrogatories 3 and 48 within fourteen (14) days of the date of this Order. Accordingly, the Court grants in part and denies in part Plaintiffs' objections to the magistrate judge's orders.

As set forth earlier, pursuant to the amended scheduling order, CNH was required to respond to Plaintiffs' discovery requests by June 19, 2013. As a result of the conflict concerning Plaintiffs' interrogatories, this was not done. To account for this, the Court is *sua sponte* amending the scheduling order as follows:

| | |
|---|---|
| 8/13/13 | Defendants to respond to Plaintiffs' discovery requests |
| 9/27/13 | Reports due from Plaintiffs' experts |
| 10/17/13 | Reports due from Defendants' experts |
| 11/18/13 | Discovery closes |
| 12/3/13 | Dispositive motion cut-off |
| 1/3/14 | Dispositive motion(s) response(s) due |
| 1/10/14 | Dispositive motion(s) reply brief(s) due |

**SO ORDERED**.

Dated: July 30, 2013          s/PATRICK J. DUGGAN
                              UNITED STATES DISTRICT JUDGE


Copies to:
Counsel of Record

9