CNH's Opposition to Plaintiffs'
Motion to Compel Further Interrogatory Responses

Exhibit 1

Letter from Joshua David Rogaczewski to Darcie R. Brault (July 16, 2013)



# McDermott Will & Emery

Boston  Brussels  Chicago  Düsseldorf  Frankfurt  Houston  London  Los Angeles  Miami
Milan  Munich  New York  Orange County  Paris  Rome  Seoul  Silicon Valley  Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Joshua David Rogaczewski
Attorney at Law
jrogaczewski@mwe.com
+1 202 756 8195

July 16, 2013

BY E-MAIL

Darcie R. Brault
McKnight, McClow, Canzano, Smith & Radtke, P.C.
400 Galleria Officentre, Suite 117
Southfield, Michigan 48034

Re:   *Reese v. CNH Global N.V.*, Case 2:04-cv-70592-PJD-PJK (E.D. Mich. filed Feb. 18, 2004)

Dear Darcie:

I write to follow up on our conversation yesterday evening regarding what Plaintiffs perceive as deficiencies in CNH's discovery responses. As you know, CNH's principal desire is to litigate this matter expeditiously and obtain a result from the Court as soon as possible. It is not in CNH's interest to introduce potential delay into this case, and CNH's discovery responses have been crafted with this in mind. As explained below, we believe that CNH's original interrogatory responses (which Plaintiffs have had for three months) and supplemental responses (which Plaintiffs have had for almost one month) represent complete, good-faith responses to the questions Plaintiffs posed.

**Interrogatories 3–4:** These interrogatories ask CNH to provide names of fact and expert witnesses. The magistrate judge twice determined CNH need not answer these interrogatories. CNH recognizes that Plaintiffs have appealed the matter to the Court, but it is unclear how Plaintiffs can move to compel on interrogatories CNH does not have to answer.

**Interrogatories 5–9:** These interrogatories ask CNH to provide biographical data about members of the plaintiff class, the amount of class members' "gross pensions," and the changes in pension amounts experienced by class members. The supplemental response provided the class members' biographical data (Exhibit C). Further, we understand from our client that any changes in pension amount would have been effected by collective-bargaining agreements between CNH America LLC and the UAW, all of which have been produced to Plaintiffs. Finally, the "gross pension"—by which we understand Plaintiffs to mean the pension related to a class member's work for CNH America and the pre-reorganization Case Corporation—is not contained in any of CNH's databases. As I have tried to explain, CNH does not have a database showing what pensions class members are paid for their pre-July 1994 Case work. To gather that information, CNH would have to do what we understand Plaintiffs are doing now: reviewing the

U.S. practice conducted through McDermott Will & Emery LLP.
500 North Capitol Street N.W. Washington, D.C. 20001-1531 Telephone: +1 202 756 8000 Facsimile: +1 202 756 8087 www.mwe.com

Darcie R. Brault
July 16, 2013
Page 2

information in class members' pension and benefit files (e.g., CNHA008159 and CNHA008160 for George Nowlin). Because Plaintiffs can do that as easily as CNH can, Federal Rule of Civil Procedure 33(d) applies.

**Interrogatories 14–31:** These interrogatories ask CNH to project expenses to the company and class members under Plaintiffs' current plan and CNH's proposed plan and the way in which the projections were developed. Towers Watson made those projections, and Towers Watson's results were included in CNH's interrogatory responses (Exhibit B). The supplemental response updated the projections to go out to 2032, to be consistent with Plaintiffs' expert. Exhibit B, which Towers Watson prepared, includes the methodology employed to make the projections. We are not sure what other information CNH could provide in response to these interrogatories, but we note that Plaintiffs have made no effort to take discovery from Towers Watson on this issue.

**Interrogatory 32:** This interrogatory asks CNH to provide RMSA amounts for non-class members. The magistrate judge concluded twice that CNH need not answer this interrogatory, because CNH Global N.V.'s responses to Plaintiffs' requests for admission provided sufficient detail about the RMSA program. Further, Plaintiffs have not included this interrogatory in their current "appeal" to the Court. We do not understand how Plaintiffs can move to compel a response that is not required.

**Interrogatory 34:** This interrogatory asks CNH to identify the *Reese* factors it will ask the Court to consider. CNH's response makes its position clear: there are only three *Reese* factors and CNH will not ask the Court to go beyond them. The questions posed by the Sixth Circuit in *Reese II* exhaustively elucidate these three criteria, and CNH does not anticipate going beyond them.

**Interrogatory 36:** This interrogatory asks CNH to identify the plans to which it will compare the plan proposed for Plaintiffs. As indicated in the supplemental interrogatory response, CNH will undoubtedly compare the proposed plan to the one in place for post-2004 CNH retirees as well as the plan agreed to by the UAW and CNH's competitors, Caterpillar and Deere. In addition, CNH will compare the terms of the proposed plan with survey data collected by the federal government and Towers Watson. The survey data will be used by CNH's expert witnesses, and Plaintiffs will have ample opportunity to ask the experts about the surveys.

**Interrogatory 37:** This interrogatory asks CNH to identify the "changes in health care" relevant to the case and what witnesses CNH will use at trial on the subject. The supplemental interrogatory response explains the changes on which CNH plans to focus—new drugs, new procedures, new economics of care, and advances in medical technology. But Plaintiffs seem to want CNH to identify specific drugs, specific procedures, and specific advances. CNH disagrees that such specificity is warranted. Further, CNH has not decided who its witnesses will be if a trial should be necessary.

Darcie R. Brault
July 16, 2013
Page 3

**Interrogatory 38:** This interrogatory asks CNH to describe any alternatives it considered to the plan it is proposing for Plaintiffs. To the extent alternatives were considered, they would obviously be protected by the attorney–client privilege and attorney work product doctrine.

**Interrogatories 41–43:** These interrogatories ask CNH about the Medicare-related letter of understanding in the 1998 CBA, which the Sixth Circuit cited in the *Reese II* decision. The first two interrogatories ask simply in what pleading the letter was first raised, and CNH appropriately directed Plaintiffs to the Court's docket (which includes the sparse pleadings in this matter) for the answer. The third interrogatory seeks the identification of documents related to CNH's consideration of the letter in the context of the issues of this case. If Plaintiffs are interested in documents related to the genesis of the letter in 1998, those documents were produced early in the case as documents related to the negotiation of the health benefits at the center of the case. To the extent Plaintiffs are interested in documents related to the remand proceedings, all those documents are privileged or protected as attorney work product.

**Interrogatories 45–47:** These interrogatories ask CNH for information related to the 2010 declaration of Scott Macey. CNH has worked with Mr. Macey regarding these interrogatories, and these are the best answers that can be provided. Further, notwithstanding the fact that Plaintiffs forewent their opportunity to depose Mr. Macey in 2010 regarding his declaration, they will have a chance to do so this summer, after issuance of his supplemental expert report in accordance with the scheduling order. To the extent the matters addressed in the interrogatories remain relevant to the case, Plaintiffs can ask Mr. Macey about them.

**Interrogatory 48:** This interrogatory asks CNH to identify the documents it plans to use on the merits of this case. Like interrogatories 3 and 4, CNH does not have to respond to this interrogatory. It cannot be the basis for a motion to compel.

**Interrogatory 50:** This interrogatory asks CNH to describe the subsidies, tax incentives, tax advantages, and other benefits it has received in connection with Plaintiffs' current plan and whether it could receive similar benefits under the proposed plan. CNH answered the question, indicating what benefits it has not received, identifying the benefit it has received, and explaining that it no longer receives that benefit. CNH is unaware of how it could further supplement its response.

Darcie R. Brault
July 16, 2013
Page 4

We believe that CNH has responded fully and fairly to each of Plaintiffs' interrogatories that is appropriate, as determined by the magistrate judge. CNH strongly encourages Plaintiffs to refrain from filing a needless and dilatory motion to compel. If Plaintiffs persist in this discovery fight, CNH reserves the right to seek appropriate sanctions.

Sincerely,

Joshua David Rogaczewski

DM_US 43683755-2.071485.0013