CNH's Opposition to Plaintiffs'
Motion to Compel Further Interrogatory Responses

Exhibit 5

Plaintiff Reese's Responses to CNH's Second Set of Interrogatories to Plaintiffs
(Redacted)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK REESE, FRANCES ELAINE PIDDE,
JAMES CICHANOFSKY, ROGER MILLER,
and GEORGE NOWLIN, on behalf of themselves
and a similarly situated class,

    Plaintiffs,

v.

CNH GLOBAL N.V., formerly
known as Case Corporation,
and CNH AMERICA LLC,

    Defendant.

Hon. Patrick J. Duggan

Case No. 04-70592

**Class Action**

---

| | |
|---|---|
| Roger J. McClow (P27170)<br>David R. Radtke (P47016)<br>Darcie R. Brault (P43864)<br>McKNIGHT, McCLOW, CANZANO<br>SMITH & RADTKE, P.C.<br>Attorneys for Plaintiffs Reese, et al.<br>400 Galleria Officentre, Suite 117<br>Southfield, MI 48034<br>(248) 354-9650 | Norman C. Ankers (P30533)<br>HONIGMAN MILLER<br>SCHWARTZ AND COHN LLP<br>Attorneys for Defendant<br>2290 First National Building<br>660 Woodward Avenue<br>Detroit, MI 48226<br>(313) 465-7000<br><br>Bobby R. Burchfield, Esq.<br>McDERMOTT WILL & EMERY<br>McDermott Will & Emery<br>The McDermott Building<br>500 North Capital Street, Northwest<br>Washington, D.C. 20001<br>(202) 756-8000 |

---

## PLAINTIFF REESE'S RESPONSES TO CNH'S SECOND SET OF INTERROGATORIES TO PLAINTIFFS

1

Now comes Plaintiff Jack Reese, by and through his attorneys, and responds to CNH's Second Set of Interrogatories to Plaintiffs as follows:

### *General Objections*

1. Defendant's request for discovery is improper. At the status conferences held in this matter since remand, Defendant contended that there was no need for further discovery and indicated that they did not intend to pursue additional discovery. Plaintiffs, however, requested and were given time to conduct discovery. The period of time allowed by the Court for discovery did not contemplate discovery requests from Defendant to Plaintiffs.

2. Defendant requests information not in the Class Representatives' possession or control and thereby exceed the scope of permissible discovery under Fed. R. Civ. Proc. 26.

3. Defendant's requests are unduly burdensome.

4. Defendant's requests for information are overly broad and not substantially related to resolving the merits of this case. The detailed information requested from the four remaining class representatives is insufficient to establish a sample from which to characterize the "financial condition" of the class of approximately 2,400 members. While Plaintiffs concede that the impact of the changes proposed to their healthcare plan on the class members may be more or less acutely felt based upon the individuals' financial condition, proof or disproof of that financial condition by reference to each class representative or members' monthly grocery, clothing or automobile expenditures, etc., is not warranted or feasible.

5. Defendant requests information to which it has equal or greater access, to wit; the amount of pension from CNH America received in the years 2010 through the present.

6. The information requested of the Plaintiffs is personal in nature, contains confidential information and should be protected per order of the Court against use outside of this case, against dissemination to those who do not agree to keep the information confidential, and against publication.

NOTWITHSTANDING THE OBJECTIONS, Plaintiff Reese responds as follows:

INTERROGATORY No. 12: Do you contend that your financial condition is relevant to whether CNH America's proposed changes to your health benefits are permitted under the standard articulated in *Reese v. CNH America LLC*, 574 F.3d 315, 326 (6th Cir. 2009) and explained further in *Reese v. CNH America LLC*, 694 F.3d 681, 685-86 (6th Cir. 2012)?

2

ANSWER: Plaintiffs object to the characterization of the decisions cited. Plaintiffs further object to the extent that this Interrogatory requests a legal conclusion. Plaintiff Class Representatives are not qualified to determine what evidence is relevant, or to apply the standards articulated in the cases cited.

Notwithstanding the objections, the financial condition of the class members, generally, is relevant to the evaluation of the impact of the proposed changes to health care benefits.

INTERROGATORY No. 13: If your answer to Interrogatories 12 is not an unqualified, "No," then provide all bases that support your answer.

ANSWER: See General Objections, above. Plaintiffs further object to this Interrogatory as overly broad and because it seeks legal conclusions from a lay witness.

INTERROGATORY No. 14: If your answer to Interrogatory 12 is not an unqualified, "No," then provide the annual income that you and your spouse received in 2010, 2011, and 2012, and the monthly income that you and your spouse have received so far in 2013, and break the income down into the following categories:

      a.      Employment;
      b.      Pension from CNH America;
      c.      Pensions from other entities (please identify the entities);
      d.      Social Security or disability income;
      e.      Annuities;
      f.      Investment income (including, without limitation, rental income, dividends, interest); and
      g.      Other income (including, without limitation, gifts)

ANSWER: Plaintiff objects to this interrogatory as unduly burdensome, unnecessarily invasive of the Class Representative's privacy and not likely to lead to admissible evidence. Notwithstanding the objection, Plaintiff Reese responds:



This information is confidential and should be treated as confidential under the Protective Order entered in this action.

INTERROGATORY No. 15: If your answer to Interrogatory 12 is not an unqualified, "No," then identify all interests you or your spouse have in real estate, including the address of the real estate, a description of the real estate, the most recent assessed value of the real estate, and the equity you or your spouse own in the real estate.

ANSWER: Plaintiff objects to this interrogatory as unduly burdensome, unnecessarily invasive of the Class Representative's privacy and not likely to lead to admissible evidence. Notwithstanding the objection, Plaintiff Reese responds:



This information is confidential and should be treated as confidential under the Protective Order entered in this action.

INTERROGATORY No. 16: If your answer to Interrogatory 12 is not an unqualified, "No," then provide the monthly expenses that you and your spouse have incurred in 2012 and so far in 2013 and break the expenses down into the following categories:

   a.  Housing (e.g., rent or mortgage payment);
   b.  Utilities;
   c.  Automobile (e.g., car payment, gasoline, service);
   d.  Health benefits;
   e.  Groceries;
   f.  Federal, state and local taxes;
   g.  Savings;
   h.  Dining;
   i.  Travel;
   j.  Clothing;
   k.  Entertainment;
   l.  Hobbies;
   m.  Charitable donations;
   n.  Gifts; and
   o.  Other expenses.

ANSWER: Plaintiff objects to this interrogatory as unduly burdensome, unnecessarily invasive of the Class Representative's privacy and not likely to lead to admissible evidence. Notwithstanding the objection, Plaintiff Reese responds:



This information is confidential and should be treated as confidential under the Protective Order entered in this action.

INTERROGATORY No. 17: If your answer to Interrogatory 12 is not an unqualified, "No," then provide the net worth (current value of all assets minus liabilities) of you and your spouse.

ANSWER: Plaintiff objects to this interrogatory as unduly burdensome, unnecessarily invasive of the Class Representative's privacy and not likely to lead to admissible evidence. Notwithstanding the objection, Plaintiff Reese responds:

This information is confidential and should be treated as confidential under the Protective Order entered in this action.

INTERROGATORY No. 18: If your answer to Interrogatory 12 is not an unqualified, "No," then provide the information demanded by Interrogatories 13 through 17 for each member of the plaintiff class that you have been certified to represent.

ANSWER: Plaintiff objects to this interrogatory as unduly burdensome, unnecessarily invasive of the Class Member's privacy and not likely to lead to admissible evidence. Notwithstanding the objection, Plaintiff Reese responds: I do not have this information.

Sworn under oath by:

_____
Jack Reese

                              As to objections only:

                              McKnight, McClow, Canzano,
                              Smith & Radtke, P.C.

                              By:___/s/ *Darcie R. Brault*_____
                                  Darcie R. Brault  (P43864)
                                  Attorneys for Plaintiff
                                  400 Galleria Officentre, Suite 117
                                  Southfield, MI  48034
                                  (248) 354-9650
                                  dbrault@michworklaw.com