UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK REESE, JAMES CICHANOFSKY,
ROGER MILLER,
and GEORGE NOWLIN  on                        Hon. Patrick J. Duggan
behalf of themselves and
a similarly situated class,                  Case No. 04-70592

      Plaintiffs,

v.                                           **Class Action**

CNH GLOBAL N.V., formerly
known as Case Corporation,
and THE COMPANY LLC,

      Defendants.

                                                               /

| | |
|---|---|
| Roger J. McClow (P27170) | Norman C. Ankers (P30533) |
| David R. Radtke (P47016) | HONIGMAN MILLER |
| Darcie R. Brault (P43864) | SCHWARTZ AND COHN LLP |
| McKNIGHT, McCLOW, CANZANO | Attorneys for Defendants |
| SMITH & RADTKE, P.C. | 2290 First National Building |
| Attorneys for Plaintiffs Reese, et al. | 660 Woodward Avenue |
| 400 Galleria Officentre, Suite 117 | Detroit, MI 48226 |
| Southfield, MI  48034 | (313) 465-7000 |
| (248) 354-9650 | |
| | Bobby R. Burchfield, Esq. |
| | McDERMOTT WILL & EMERY |
| | Attorneys for Defendants |
| | The McDermott Building |
| | 500 North Capital Street, Northwest |
| | Washington, D.C.  20001 |
| | (202) 756-8000 |

                                                               /

## <u>PLAINTIFFS' SECOND MOTION FOR<br>EXTENSION OF SCHEDULING ORDER AND REQUEST FOR<br>IMMEDIATE CONSIDERATION</u>

Plaintiffs, by and through their counsel, McKnight, McClow, Canzano, Smith & Radtke, P.C., move this Honorable Court as follows:

1.     At the status conference in this matter and after discussing the case with counsel the Court set a scheduling order. See Minute Entry dated February 4, 2013.

2.     At the initial conference on remand, Defendant was required to identify its precise proposed benefits plan so that the parties could begin discovery of whether that proposed plan was reasonably commensurate with the vested lifetime benefits that the retirees have received since their retirements. Defendant finally identified its precise proposed plan on March 1, 2013.

3.     Plaintiffs submitted their initial discovery requests on March 14, 2013.

4.     Defendant CNH responded on April 18, 2013 to the Plaintiffs' First Request for Admissions, CNH's Response to Plaintiffs' Fourth Request for Production of Documents, and CNH's Response to Plaintiffs' First Interrogatories. This production was subject to numerous general and specific objections, including that the number of Interrogatories exceeded the limits of the Federal Rules of Civil Procedure. Defendants left approximately 25 interrogatories unanswered.

5.     Plaintiffs filed a Motion for Leave to Exceed 25 Interrogatories. R. 337 on March 21, 2013. After the matter was fully briefed, Magistrate Judge

1

Komives heard oral argument on April 23, 2013. Magistrate Judge Komives entered an order on May 20, 2013. R. 346. Plaintiffs moved for reconsideration. R. 348. Magistrate Judge Komives ruled upon the motion on June 11, 2013 (granting in part and denying in part). R. 352. Plaintiffs appealed. R. 354. The matter was decided on July 30, 2013. R. 360. That order required responses from the Defendants within 14 days of that order, or August 14, 2013.

6.     Plaintiffs filed a Motion to Extend Scheduling Order on May 9, 2013. R. 344, which was granted in part and denied in part on June 19, 2013. R. 353.

7.     On July 30, 2013, in conjunction with the Court's ruling regarding the Motion for Leave to Exceed 25 Interrogatories, the Court, *sua sponte*, extended the scheduling order to reflect the following:

| | |
|---|---|
| 8/13/13 | Defendants to respond to Plaintiffs' discovery requests |
| 9/27/13 | Reports due from Plaintiffs' experts |
| 10/17/13 | Reports due from Defendants' experts |
| 11/18/13 | Discovery closes |
| 12/3/13 | Dispositive motion cut-off |
| 1/3/14 | Dispositive motion(s) response(s) due |
| 1/10/14 | Dispositive motion(s) reply brief(s) due |

R. 360.

8.     On July 19, 2013 Plaintiff filed a Motion to Compel Answers to First Interrogatories. R. 356. The motion was referred to the Magistrate and was argued on September 19, 2013. An order was issued granting in part and denying in part the relief requested on September 23, 2013. R. 369.

9.      In the order dated September 23, 2013, the Magistrate Judge exhorted the parties to continue to discuss the responses to Interrogatories 5 – 9 related to the pension benefits of the class members. Pg ID 12800. Since March, the Plaintiffs have diligently pursued these **pension data** and the **92 files that have been missing** from the pre-remand production by CNH (in which CNH claims all the information needed to calculate the benefits reside). Plaintiffs continue to be unable to use the data provided by CNH to duplicate the benefits known to be received by any particular retiree. Plaintiffs requested the data and files as recently as September 24, 2013 and October 3, 2013. Defendant promised to address the issue, but did not respond until October 23, 2013 (offering no solution).

10.     Also in the order dated September 23, 2013, R. 369, Magistrate Judge Komives determined that Defendants would be allowed to provide answers responsive to Interrogatories 36 (requesting information about whether CNH intends to compare its proposed plan with plans available to retirees and workers at similar companies and, if so, the details of those companies/plans) and 37 (requesting information regarding whether the Company contends that there are any "changes in health care" that are relevant on remand) along with its expert report - which was not due until October 17, 2013.

11.     At oral argument, Class Counsel repeatedly expressed concern that there would be too little time between expert disclosures and the discovery cutoff

3

date to conduct any follow up discovery regarding the information included in the
Defendants' expert witness reports (which Plaintiffs would have for the first time).
Rather than provide an extension of time, the Magistrate Judge instead allowed
thirty days for "rebuttal" reports. R. 369. Thereby placing the due date for rebuttal
reports outside of the discovery period for all practical purposes.

12.    Plaintiffs seek a ninety day extension of the current scheduling order,
beginning with the discovery cut-off date for the following reasons, which reasons
constitute good cause under Fed. R. Civ. Pr. 16(b)(4):

a.    This Court has determined, and the Sixth Circuit has affirmed,
that Defendant CNH promised the Class vested lifetime healthcare benefits. The
Sixth Circuit has held that the benefits can be modified, but only so long as the
proposed changes are reasonably commensurate with the current vested lifetime
healthcare benefits. CNH has the burden of proving that its proposed changes are
reasonable within the parameters discussed within the *Reese II* opinion, including
additional factors impacting "reasonableness" that this Court determines are
relevant.

b.    Plaintiffs have provided extensive responses to discovery;

c.    Plaintiffs have conscientiously pursued discovery they
requested of Defendant CNH through several motions and orders, the latest of
which was entered late last month.

4

d.    Defendants have not provided sufficient data to ascertain the pension benefits of the Class Members which Plaintiffs have diligently sought since March of 2013. Plaintiffs continue to seek that information.

e.    Defendants expert reports, served by electronic mail on the due date of October 17, 2013, contain information heretofore undisclosed to Plaintiffs and which require clarification through a number of discovery requests. For example, Defendants, for the first time, identify other plans to which it purports to compare the proposed plan, including plans that cover several different companies (AT&T, Lucent, Goodyear, U.S. Steel, CNH America (for other groups of participants), General Motors, Ford, EMBARQ, Honeywell), Medicare, federal employees and retirees in this judicial district, and others. In the CNH Answer to Interrogatory 36 only Deere and Caterpillar are mentioned. October 17 is the first time Plaintiffs learned of these other company comparisons. CNH also purports to use historical medical claims data provided by a medical claims administrator and drug claims data provided "in summary reports" by a third party. CNH also purports to make statistical comparisons based upon a "proprietary" Towers Watson database which has not been provided to Plaintiffs and which purports to summarize plan features for nearly 1,000 companies in the United States, and to use a "proprietary" valuation system which has not been provided. Several of the "exhibits" to the expert report reflect some analysis of these databases. Plaintiffs

5

will need a substantial period of time to 1) review the CNH expert reports and exhibits, 2) obtain and review the underlying data, 3) consult with their experts to formulate necessary additional discovery, 4) request and obtain that necessary discovery and 5) depose the experts.

      f.    During this same period, Defendants have requested discovery from Plaintiffs, including duces tecum subpoenas of each of Plaintiffs' three expert witnesses, a set of interrogatories, a set of requests to produce, and a request for deposition dates for each of the Plaintiffs' experts. Additionally, Judge Komives indicated that any rebuttal expert reports are due November 17, 2013.

      g.    Both Plaintiffs and Defendants seek the depositions of the several experts identified in this matter. It would be extremely difficult to schedule each of these depositions within the few dates available prior to the current discovery cutoff date. To complicate matters, Plaintiffs have been advised that the Defendant's expert is available on only one date during the discovery period. Plaintiffs' counsel have a number of professional obligations to other clients in November and December, including collective bargaining and multiple arbitrations.

     13.    CNH proposes to make a massive cost shift to the retirees and reduce their benefits, including but not limited to eliminating fully paid prescription drug benefits for Medicare eligible class members. Class counsel seeks to be as prepared

as possible to rebut the claim that these modifications to the retirees' vested lifetime benefits are reasonable as defined in *Reese II*. Under these circumstances, asking for a ninety day extension of discovery to review newly disclosed and voluminous information and conduct follow-up discovery is not unreasonable.

14.     Plaintiffs request immediate consideration or expedited consideration of this request.

15.     Pursuant to Local Rule 7.1, Plaintiffs' counsel requested concurrence in the relief sought on October 16, 2013, October 22, 2013 and again on October 23, 2013. Defense counsel does not concur in the relief requested.

WHEREFORE Plaintiffs respectfully request that the following schedule be ordered:

| | |
|---|---|
| December 16, 2013 | Rebuttal Expert Reports Due |
| February 17, 2014 | Discovery closes |
| March 3, 2014 | Dispositive motion cut-off |
| April 3, 2014 | Dispositive motion(s) response(s) due |
| April 14, 2014 | Dispositive motion(s) reply brief(s) due |

Respectfully submitted,
McKNIGHT, McCLOW, CANZANO,
SMITH & RADTKE, P.C.

By:/s/Darcie R. Brault
David R. Radtke (P47016)
Darcie R. Brault (P43864)
Attorneys for Class Plaintiffs
400 Galleria Officentre, Suite 117
Southfield, MI  48034
Dated: October 24, 2013           (248) 354-9650
dbrault@michworklaw.com

7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK REESE, JAMES CICHANOFSKY,
ROGER MILLER,
and GEORGE NOWLIN  on
behalf of themselves and
a similarly situated class,

       Hon. Patrick J. Duggan

       Case No. 04-70592

     Plaintiffs,

v.

       **Class Action**

CNH GLOBAL N.V., formerly
known as Case Corporation,
and THE COMPANY LLC,

     Defendants.

                                         /

| | |
|---|---|
| Roger J. McClow (P27170) | Norman C. Ankers (P30533) |
| David R. Radtke (P47016) | HONIGMAN MILLER |
| Darcie R. Brault (P43864) | SCHWARTZ AND COHN LLP |
| McKNIGHT, McCLOW, CANZANO | Attorneys for Defendants |
| SMITH & RADTKE, P.C. | 2290 First National Building |
| Attorneys for Plaintiffs Reese, et al. | 660 Woodward Avenue |
| 400 Galleria Officentre, Suite 117 | Detroit, MI 48226 |
| Southfield, MI  48034 | (313) 465-7000 |
| (248) 354-9650 | |
| | Bobby R. Burchfield, Esq. |
| | McDERMOTT WILL & EMERY |
| | Attorneys for Defendants |
| | The McDermott Building |
| | 500 North Capital Street, Northwest |
| | Washington, D.C.  20001 |
| | (202) 756-8000 |

                                         /

## <u>BRIEF IN SUPPORT OF PLAINTIFFS' SECOND MOTION FOR EXTENSION OF SCHEDULING ORDER AND REQUEST FOR IMMEDIATE CONSIDERATION</u>

# TABLE OF CONTENTS

I.    Plaintiffs Should Be Allowed Meaningful Post-Expert Report Discovery Where Defendant Is Relying Solely Upon Expert Witness Testimony To Support Its Claim That The Retiree Health Care Benefits Under The Proposed Plan Are "Reasonably Commensurate" With The Vested Benefits The Retirees Currently Receive? ................................................................... 1

II.   Plaintiffs Have Demonstrated Diligence Where They Have Filed Three Discovery Motions And Obtained Multiple Orders Requiring Discovery? ............................................................... 1

III.  It Is Not Practically Possible To Complete The Discovery Planned By Both Parties Within The Time Allotted Under The Current Scheduling Order. ........................................................ 2

## <u>TABLE OF AUTHORITIES</u>

*Inge v. Rock Fin. Corp.* 281 F.3d 613 (6th Cir. 2002) .............................................. 1

*Reese v. CNH,* 694 F.3d 681 (*Reese II*) .................................................................. 1

*Fed. R. Civ. P. 16 (b)(4)* ........................................................................................... 1

This Court is permitted to amend its scheduling order upon good cause shown, in its discretion. *Fed. R. Civ. P. 16 (b)(4)*.

**I.**    ***Should Plaintiffs be Allowed Meaningful Post-Expert Report Discovery Where Defendant is Relying Solely upon Expert Witness Testimony to Support its Claim that the Retiree Health Care Benefits under the Proposed Plan are "Reasonably Commensurate" with the Vested Benefits the Retirees Currently Receive?***

This Court has determined, and the Sixth Circuit has affirmed, that Defendant CNH promised the Class vested lifetime healthcare benefits. The Sixth Circuit has held that the benefits can be modified, but only so long as the proposed changes are "reasonably commensurate" with the current vested lifetime healthcare benefit, *Reese v. CNH,* 694 F.3d 681 (*Reese II*). CNH has the burden of proving that its proposed changes are reasonable within the parameters discussed within the *Reese II* opinion, including additional factors impacting "reasonableness" that this Court determines are relevant.

**II.**    ***Have Plaintiffs Demonstrated Diligence where They Have Filed Three Discovery Motions and Obtained Multiple Orders Requiring Discovery?***

Good cause exists when the relevant deadline cannot reasonably be met despite the diligence in seeking the extension. *Inge v. Rock Fin. Corp.* 281 F.3d 613 (6th Cir. 2002). Plaintiffs have been diligently pursuing discovery of CNH's proffered reasons upon which it bases the claim that the proposed benefits are "reasonably commensurate" with the current benefits.

1

Plaintiffs have conscientiously pursued discovery requested of Defendant CNH through several motions and orders, the latest of which was entered late last month, see body of motion, above.

Despite these efforts, Defendants have still not provided sufficient data to ascertain the pension benefits of the Class Members which Plaintiffs have diligently sought since March of 2013. See R. 369 re: Interrogatories 5-9. Class Counsel has corresponded twice with Defendants in an attempt to reach a resolution as recently as October 16, 2013 and October 22, 2013. On October 23, 2013, CNH indicated it was not offering any solution to the problems articulated by Plaintiffs.

Moreover, despite these efforts, Defendants have revealed voluminous information upon which their experts base their opinions for the first time in the expert reports filed October 17, 2013. Defendants' expert reports contain information heretofore undisclosed to Plaintiffs and which require clarification and further discovery, see motion above, prior to depositions.

Meanwhile, Plaintiffs have provided extensive responses to discovery.[1]

---

[1] Defendant posed eighteen interrogatories to each of the named Plaintiffs. Class counsel responded as to four of the representatives (one has since passed away), answering a total of 72 interrogatories - far more than were posed to Defendant. Plaintiff has made expert disclosures for expert witnesses twice. Plaintiffs were served with additional discovery requests which are due in mid-November 2013 and which will require time and effort and which will likely raise issues of privilege which may, in turn, cause additional motion practice. Defendants have

**III.    _It Is Not Practically Possible to Complete the Discovery Planned by Both Parties within the Time Allotted under the Current Scheduling Order._**

In the discovery order dated September 23, 2013, R. 369, Magistrate Judge Komives determined that Defendants would be allowed to provide answers responsive to Interrogatories 36 (requesting information about whether CNH intends to compare its proposed plan with plans available to retirees and workers at similar companies and, if so, the details of those companies/plans) and 37 (requesting information regarding whether the Company contends that there are any "changes in health care" that are relevant on remand) along with its expert report - which was not due until October 17, 2013.

Plaintiffs have follow up discovery regarding the new information provided in the reports of the Defendants' expert witnesses. Plaintiffs will need a substantial period of time to 1) review the reports and exhibits (110 pages), 2) obtain and review the underlying data carefully, 3) consult with their experts to determine necessary discovery, 4) request and obtain that necessary discovery and 5) depose the experts. This additional discovery will provide Plaintiffs with information needed to allow the depositions of the experts to be conducted as efficiently as possible. But, Plaintiff's discovery would not be returned until after discovery ends

also stated they intend to depose each of the three Plaintiffs' expert witnesses.

3

under the current scheduling order, making it impossible to obtain the information needed *prior* to the depositions.

Both Plaintiffs and Defendants seek the depositions of the several experts identified in this matter (five total). Plaintiffs also seek the deposition of at least one lay witness relative to the ongoing dispute over the calculation of pension benefits. It would be extremely difficult to schedule each of these depositions within the few dates available prior to the current discovery cutoff date. Only one of the witnesses is local, the other two Plaintiffs' expert witnesses are located in Baltimore and Washington, D.C. The lay witness is in Racine, Wisconsin. It is not clear when Defendants intend to take the depositions and have not suggested any date within the current discovery period. Defendants' experts are located in Washington D.C. and Chicago.

Judge Komives indicated that rebuttal expert reports are due 30 days after the Defendants' experts: November 18, 2013 (the first business day after the 30th day). This is the same date as the discovery cutoff. Defendants have recently served discovery requests that will become due shortly before November 18, 2013. CNH has sent document subpoenas to Plaintiffs' three expert witnesses and stated its intent to schedule their depositions, after rebuttal reports are due. These activities will further reduce the time Plaintiffs' counsel has available to address Plaintiffs' discovery, including conducting the depositions.

4

While Plaintiffs intend to cooperate with opposing counsel in completing the requested discovery, during the time period between now and the close of discovery, Class Counsel also have commitments in other cases, including an arbitration scheduled on November 15, 2013 and collective bargaining scheduled beginning at the end of October for an indefinite period, possible weeks. Another arbitration is scheduled at the end of November and beginning of December, 2013. It will be very difficult (if not impossible) to comply with all of the requests made by the Defendant in the approximately nineteen business days between the requests and the discovery cutoff. For these reasons, Plaintiffs also request immediate or expedited consideration of this motion.

CNH proposes to make a massive cost shift to the retirees and reduce their benefits, including but not limited to eliminating fully paid prescription drug benefits for Medicare eligible class members. Class counsel seeks to be as prepared as possible to rebut the claim that these modifications to the retirees' vested lifetime benefits are reasonable as defined in *Reese II*. Under these circumstances, asking for a ninety day extension of discovery to review newly disclosed information is not unreasonable and good cause supports such an extension.

Respectfully submitted,

McKNIGHT, McCLOW, CANZANO,
SMITH & RADTKE, P.C.

By:/s/Darcie R. Brault
David R. Radtke (P47016)
Darcie R. Brault (P43864)
Attorneys for Class Plaintiffs
400 Galleria Officentre, Suite 117
Southfield, MI  48034
(248) 354-9650
dbrault@michworklaw.com

Date:  October 24, 2013

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2013 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will serve it on all parties.

Respectfully submitted,

McKNIGHT, McCLOW, CANZANO,
SMITH & RADTKE, P.C.

By:  /s/Darcie R. Brault
David R. Radtke (P47016)
Darcie R. Brault (P43864)
Attorneys for Plaintiffs
400 Galleria Officentre, Suite 117
Southfield, MI  48034
(248) 354-9650
dbrault@michworklaw.com

Dated:        October 24, 2013