UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JACK REESE, FRANCES ELAINE PIDDE, JAMES CICHANOFSKY, ROGER MILLER, and GEORGE NOWLIN,<br><br>Plaintiffs,<br><br>v.<br><br>CNH GLOBAL N.V. and CNH AMERICA LLC,<br><br>Defendants. | Case 2:04-cv-70592-PJD-PJK<br><br>Hon. Patrick J. Duggan, U.S.D.J.<br><br>Hon. Paul J. Komives, U.S. Mag. J. |

# CNH'S OPPOSITION TO
# PLAINTIFFS' MOTION TO EXTEND THE SCHEDULE

Norman C. Ankers (P30533)
 (nankers@honigman.com)
Honigman Miller Schwartz and Cohn
 LLP
2290 First National Building
660 Woodward Avenue
Detroit, Michigan 48226
313.465.7306
313.465.7307 fax

Bobby R. Burchfield
 (bburchfield@mwe.com)
Joshua David Rogaczewski
 (jrogaczewski@mwe.com)
Laura J. Capotosto
 (lcapotosto@mwe.com)
McDermott Will & Emery LLP
The McDermott Building
500 North Capitol Street, Northwest
Washington, D.C. 20001
202.756.8000
202.756.8087 fax

*Attorneys for CNH Global N.V. and CNH America LLC*

## CONCISE STATEMENT OF THE ISSUE PRESENTED

Does good cause exist to extend the current schedule by more than 30 days, when the sole material change in circumstances since the previous scheduling order is Plaintiffs' opportunity to serve rebuttal expert disclosures within 30 days of receiving CNH's expert disclosures?

# CONTROLLING OR MOST APPROPRIATE AUTHORITY FOR THE RELIEF SOUGHT

Federal Rule of Civil Procedure 16

## INTRODUCTION

This Court carefully considered Plaintiffs' demand for extensive post-remand discovery and entered a fair discovery schedule on February 4, 2013—nearly nine months ago. Notwithstanding the Sixth Circuit's admonition that "[t]his long-running dispute needs to come to an end, and it is particularly unfair to prolong the dispute [under this] status quo," *Reese v. CNH Am. LLC*, 694 F.3d 681, 685 (6th Cir. 2012), Plaintiffs have sought and this Court has already granted two extensions totaling four months (original deadline of July 21; current deadline of November 18). Recently, Magistrate Judge Komives granted Plaintiffs' request to serve rebuttal expert reports on the discovery deadline (R. 369, Order 8, 9). Although the discovery period may need to be extended for a short time to allow CNH to depose Plaintiffs' experts after service of their rebuttal reports, there is no conceivable need to extend it by 90 days (to mid-February 2014) as requested by Plaintiffs.

Indeed, when Plaintiffs raised their request for a 90 day extension with CNH, CNH proposed 30 days, the length of time granted by the magistrate judge for Plaintiffs to prepare their rebuttal expert disclosures. (Ex. 1, Oct. 16, 2013, 13:33 Burchfield–Brault E-mail 1.) Plaintiffs eventually agreed to prepare a stipulated order to effect a 30 day extension of the schedule. (Ex. 2, Oct. 18, 2013, 8:38 Brault–Burchfield E-mail 1.) Rather than sending the stipulated order,

however, Plaintiffs reneged on their bargain and filed the instant motion requesting 90 days. (Ex. 3, Oct. 23, 2013, 15:21 Brault–Rogaczewski E-mail 1.) CNH's proposal was fair and we respectfully urge the Court to grant the 30 day extension (to December 17) to which Plaintiffs agreed.

## ARGUMENT

This Court's post-remand scheduling orders have consistently called for a discovery deadline of approximately one month following the final expert disclosure deadline. The *only* material event that has occurred since the last scheduling order is that, in resolving Plaintiffs' motion to compel further interrogatory responses, the magistrate judge granted Plaintiffs an opportunity to submit rebuttal expert reports on November 18, corresponding to the current discovery deadline. Plaintiffs still have as much time—30 days—to take the depositions of CNH's experts as they had before this change. "Good cause" exists only to add an equivalent 30 days to the scheduling order so that CNH can take depositions of the Plaintiffs' experts after receiving their rebuttal reports. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

CNH disputes Plaintiffs' assertion that a 30 day extension would be insufficient. (*See* R. 370, Pls.' Mot. Ext. Sched. 3–5.) Indeed, the Court has—through its previous scheduling orders—expected the parties to complete discovery

2

a month following the final expert disclosure. CNH is prepared to accomplish that objective. CNH has provided multiple dates on which its experts will be available for deposition before the current discovery deadline of November 18. Thus, the only discovery remaining after the current deadline will be CNH's depositions of the Plaintiffs' experts, whose reports are due on the deadline. CNH anticipates that Plaintiffs will make those experts available for deposition promptly thereafter.[1]

Plaintiffs' other arguments are equally unconvincing. They say that they have diligently sought pension information through interrogatories and motions practice (R. 370, Pls.' Mot. Ext. Sched. iii, 1–2), but they can identify no discovery request or court order with which CNH has not complied. Indeed, CNH believes it fully discharged its discovery obligations on this point by complying with the magistrate judge's order on October 3.

Since July 26, Plaintiffs have had information about the amount of their pensions *paid by CNH*.[2] Not content with this information, Plaintiffs have demanded from CNH information about the amounts of their pensions *paid by the prior owner of Case Corporation*—information that CNH does not have. Rather

---

[1] On October 28, 2013, Plaintiffs demanded depositions of two fact witnesses whose names and positions Plaintiffs have known for months. These are the only fact depositions Plaintiffs have sought since remand. CNH is in the process of scheduling these depositions before the current discovery deadline.

[2] CNH contends that pension information is not relevant under the remand standards set forth by the Sixth Circuit.

than seek the information by subpoena from Pactiv, which now pays the pre-IPO portion of their pensions, or from Plaintiffs themselves, Plaintiffs continue to seek delays in discovery while demanding from CNH what it does not have. Had Plaintiffs sought the information from Pactiv by subpoena, they would have had the information months ago.

Plaintiffs also assert that they need additional time to evaluate new data contained in CNH's expert disclosures. (R. 370, Pls.' Mot. Ext. Sched. v.) But that is precisely the purpose of expert depositions, to take discovery on the contents of the expert disclosure. The Court fully anticipated any such need by scheduling the discovery deadline 30 days after CNH submitted its expert reports. Further, Plaintiffs exaggerate the amount of new information in CNH's expert disclosures. As CNH told Plaintiffs in its June 19 interrogatory responses, Scott Macey compares the plan proposed for Plaintiffs to UAW retiree plans at Caterpillar, Deere, and for current CNH retirees, and to survey data collected by the federal government and Towers Watson. Other information was disclosed in Mr. Macey's 2010 declaration. Much of the information related to other companies is anecdotal in nature based on Mr. Macey's experience and Plaintiffs may question Mr. Macey about it. In addition, CNH's interrogatory responses also contained much of the data contained in John Stahl's expert report. There is material in CNH's disclosures that will be new to Plaintiffs, but that is the very reason the rules require expert

disclosures, and give Plaintiffs the opportunity to depose CNH's experts, and the reason Magistrate Judge Komives allowed Plaintiffs to submit rebuttal reports.

Finally, concerns about CNH's discovery of Plaintiffs and their experts are overblown. (R. 370, Pls.' Mot. Ext. Sched. vi.) Months ago, in its original post-remand discovery, CNH asked Plaintiffs for all materials provided to their experts. CNH followed up on that request by subpoenaing Plaintiffs' experts for non-protected communications and materials provided to or relied upon by them. Such requests are standard and predictable and should be easy to comply with. CNH has also asked Plaintiffs the *same* contention interrogatories that they propounded to CNH, about public meetings with class members, and about class-member communications Plaintiffs have received and *not* passed along to one of their experts. These requests are neither onerous nor unusual, and require responses well before December 17 (the current deadline extended by 30 days).

## CONCLUSION

For the reasons set forth above, CNH urges the Court to deny Plaintiffs' motion to extend the schedule and instead extend the discovery deadline and other remaining deadlines by 30 days.

Dated: October 29, 2013

Respectfully submitted,

s/Bobby R. Burchfield

| | |
|---|---|
| Norman C. Ankers (P30533) <br> (nankers@honigman.com) <br> Honigman Miller Schwartz and Cohn LLP <br> 2290 First National Building <br> 660 Woodward Avenue <br> Detroit, Michigan 48226 <br> 313.465.7306 <br> 313.465.7307 fax | Bobby R. Burchfield <br> (bburchfield@mwe.com) <br> Joshua David Rogaczewski <br> (jrogaczewski@mwe.com) <br> Laura J. Capotosto <br> (lcapotosto@mwe.com) <br> McDermott Will & Emery LLP <br> The McDermott Building <br> 500 North Capitol Street, Northwest <br> Washington, D.C. 20001 <br> 202.756.8000 <br> 202.756.8087 fax |

*Attorneys for CNH Global N.V. and CNH America LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2013, I electronically filed the foregoing **CNH's Opposition to Plaintiffs' Motion To Extend the Schedule** with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants.

                                             s/Bobby R. Burchfield
                                             Bobby R. Burchfield
                                             (bburchfield@mwe.com)
                                             McDermott Will & Emery LLP
                                             The McDermott Building
                                             500 North Capitol Street, Northwest
                                             Washington, D.C. 20001
                                             202.756.8195
                                             202.591.2757 fax