UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK REESE, JAMES CICHANOFSKY,
ROGER MILLER,
and GEORGE NOWLIN on
behalf of themselves and
a similarly situated class,

Plaintiffs,

v.

CNH GLOBAL N.V., formerly
known as Case Corporation,
and THE COMPANY LLC,

Defendants.

Hon. Patrick J. Duggan

Case No. 04-70592

**Class Action**

_____/

| | |
|---|---|
| Roger J. McClow (P27170) | Norman C. Ankers (P30533) |
| David R. Radtke (P47016) | HONIGMAN MILLER |
| Darcie R. Brault (P43864) | SCHWARTZ AND COHN LLP |
| McKNIGHT, McCLOW, CANZANO | Attorneys for Defendants |
| SMITH & RADTKE, P.C. | 2290 First National Building |
| Attorneys for Plaintiffs Reese, et al. | 660 Woodward Avenue |
| 400 Galleria Officentre, Suite 117 | Detroit, MI 48226 |
| Southfield, MI 48034 | (313) 465-7000 |
| (248) 354-9650 | |
| | Bobby R. Burchfield, Esq. |
| | McDERMOTT WILL & EMERY |
| | Attorneys for Defendants |
| | The McDermott Building |
| | 500 North Capital Street, Northwest |
| | Washington, D.C. 20001 |
| | (202) 756-8000 |

_____/

**PLAINTIFFS' MOTION TO COMPEL
THIRD PARTY SUBPOENA RESPONSE**

Plaintiffs, by and through their counsel, McKnight, McClow, Canzano, Smith & Radtke, P.C., move this Honorable Court as follows:

1. On October 29, 2013, Plaintiffs served two subpoenas by delivery to John Stahl at the Towers Watson office in Chicago where Mr. Stahl works. One of the subpoenas was personally addressed to John Stahl, the other was addressed to the Keeper of Records for Towers Watson.

2. John Stahl has been designated as an expert witness in this matter by CNH.

3. Mr. Stahl is a Senior Consulting Actuary at Towers Watson who lists Defendant CNH Global as one of his clients.

4. On November 7, 2013, via e-mail, Class Counsel received correspondence from "Paul Meyer" purporting to be in-house counsel for Towers Watson. Mr. Meyer raised several issues related to the subpoena, advised that "no documents" would be produced until his objections were addressed and asked Class Counsel to "please contact [him]."

5. On November 8, 2013, November 11, 2013 and November 13, 2013 Class Counsel called and left messages for Mr. Meyer using the number provided. On November 13, 2013, Class Counsel replied to the November 7, 2013 email again asking Mr. Meyer to call back, providing both office and cell phone numbers.

1

6. Having had no response, Plaintiffs served the subpoena on Mr. Meyer as counsel for Towers Watson by registered mail.

7. On November 15, 2013, Class Counsel received correspondence from Mr. Meyer, acknowledging receipt of the subpoena "as of today" but offering no explanation for the failure to communicate with Class Counsel.

8. Mr. Meyer reiterated that no documents will be produced.

9. Defendant's counsel has been copied on all of the operative correspondence and has also failed to reply to direct questions regarding the subpoena.

10. Plaintiffs move to compel a response to the subpoena.

11. Plaintiffs also served Defendant CNH's expert witness, Scott Macey, with a subpoena requesting information upon which he relied and some additional requests. On November 8, 2013, the date for compliance with the subpoena, Plaintiffs received correspondence from Defendant CNH's counsel purporting to state objections to certain of the documents requested.

12. Defense counsel has also objected to producing information which it contends is proprietary. While it states that it will produce the information subject to a protective order, no protective order has been provided to counsel for review.

13. In correspondence dated November 13, 2013, Class Counsel responded to the objections, indicated agreement with the concept of a protective

order and requested assurance that Mr. Macey would fully comply with the subpoena.

14. No response has been received.

15. Class counsel attempted to obtain concurrence in the relief sought under Local Rule 7.1 but was unable to reach either Mr. Meyer or obtain concurrence from defense counsel.

Respectfully submitted,
McKNIGHT, McCLOW, CANZANO,
SMITH & RADTKE, P.C.

By:/s/Darcie R. Brault
David R. Radtke (P47016)
Darcie R. Brault (P43864)
Attorneys for Class Plaintiffs
400 Galleria Officentre, Suite 117
Southfield, MI 48034
(248) 354-9650
dbrault@michworklaw.com

Dated: November 19, 2013

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK REESE, JAMES CICHANOFSKY,
ROGER MILLER,
and GEORGE NOWLIN on
behalf of themselves and
a similarly situated class,

Hon. Patrick J. Duggan

Case No. 04-70592

    Plaintiffs,

v.

**Class Action**

CNH GLOBAL N.V., formerly
known as Case Corporation,
and THE COMPANY LLC,

    Defendants.
_____/

| | |
|---|---|
| Roger J. McClow (P27170)<br>David R. Radtke (P47016)<br>Darcie R. Brault (P43864)<br>McKNIGHT, McCLOW, CANZANO<br>SMITH & RADTKE, P.C.<br>Attorneys for Plaintiffs Reese, et al.<br>400 Galleria Officentre, Suite 117<br>Southfield, MI  48034<br>(248) 354-9650 | Norman C. Ankers (P30533)<br>HONIGMAN MILLER<br>SCHWARTZ AND COHN LLP<br>Attorneys for Defendants<br>2290 First National Building<br>660 Woodward Avenue<br>Detroit, MI 48226<br>(313) 465-7000<br><br>Bobby R. Burchfield, Esq.<br>McDERMOTT WILL & EMERY<br>Attorneys for Defendants<br>The McDermott Building<br>500 North Capital Street, Northwest<br>Washington, D.C.  20001<br> (202) 756-8000 |

_____/

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL
THIRD PARTY SUBPOENA RESPONSE**

# TABLE OF CONTENTS

Introduction ............................................................................................................. 1

Background............................................................................................................. 1

Facts Related to this Discovery Dispute ................................................................ 4

Subpoena to Towers Watson................................................................................... 5

Subpoena to Scott Macey ........................................................................................ 6

    I.    Should the third party subpoena to Defendant's actuary, Towers Watson be enforced ............................................................................... 7

    II.    Should the third party subpoena to Defendant's expert witness, Scott Macey, be enforced ................................................................... 10

Conclusion............................................................................................................. 10

# **TABLE OF AUTHORITIES**

Rules

*Fed. R. Civ. P. 45* ............................................................................................. 1,7,10

Cases

*Reese v. CNH America LLC,* 374 F.3d 315 (6th Cir. 2009) ........................................ 2

*Reese v. CNH America LLC,* 583 F.3d at 956 ............................................................ 2

*Reese v. CNH Am. LLC,* 694 F.3d 681 (6th Cir. 2012) .............................................. 3

## INTRODUCTION

Plaintiffs request the Court's assistance in enforcing their third party subpoena to Towers Watson and designated expert witness Scott Macey. *Fed. R. Civ. P. 45.*

## BACKGROUND

Some background information may be helpful. This matter originated in 2004 when CNH filed a declaratory judgment action against the UAW seeking a declaration that it had the contractual right to modify health care benefits for certain retirees (whose benefits were part of the promises contained in the series of collective bargaining agreements negotiated between the UAW and CNH's predecessors).

On February 18, 2004, the Plaintiffs in this case filed this lawsuit on behalf of a class of those retirees for breach of contract and ERISA violations. (R. 1)

On August 29, 2007, this Court entered four separate decisions, including one that granted the Plaintiffs' motion for summary judgment (R. 214) and one denying CNH's motion for summary judgment. The Court found that the language tying eligibility of retiree health care benefits to a pension unambiguously demonstrated an intent to vest those benefits. The retiree health care benefits are vested life-time benefits. On February 15, 2009, this Court entered Judgment in favor of the Plaintiffs. (R. 227).

There was an appeal. In *Reese v. CNH America LLC*, 374 F.3d 315, 318 (6th Cir. 2009), the panel held that, although Plaintiffs' benefits had vested for life, "the application of the relevant CBA provisions suggests that the parties contemplated reasonable modifications" in those benefits. The panel then addressed the issue of "what does vesting mean" in the context of the 1998 negotiations where the UAW and CNH agreed to a managed care plan. The panel postulated that, in the 1998 negotiations, the parties had "reset" the rules for existing retirees by *reducing* choices and coverage for existing retirees. From that premise, it concluded that the CBA should be construed to permit other future modifications to vested retiree benefits, if "reasonable." *Id.* at 323-326.

Plaintiffs filed a petition for rehearing, arguing that the panel had decided an issue that CNH had never raised and that, contrary to the panel's assessment of the facts, retiree benefits had been *improved* in 1998. The panel denied Plaintiffs' petition but Judge Sutton, in a concurrence to the denial (hereafter "concurrence"), informed Plaintiffs that their argument:

> overlooks the posture of this case - summary judgment - in which all inferences run in favor of the party that lost below - CNH. . . . On remand, the parties are free to develop evidence on this point. That evidence may show that plaintiffs should win as a matter of law because . . . the changes . . . did not diminish the nature of the benefit package that existed upon retirement."

*Reese v. CNH America LLC*, 583 F.3d at 956.

2

On the first remand, relying on the concurrence (written by Judge Sutton), and viewing the evidence presented on remand most favorably to CNH, this Court concluded that the UAW had *never* agreed to *any* reduction in the level of retiree benefits and that, as a consequence, CNH could not alter Plaintiffs' benefits. (R.304 at 23-24). This Court entered judgment for Plaintiffs and never reached the question of whether any proposed modifications were reasonable.

It was not until the 2012 Sixth Circuit opinion and consequent remand that the parties began a course of discovery relative to the "reasonableness" of the proposed changes. The Sixth Circuit Court remanded this matter to the District Court with direction to consider various questions on remand, including: How much did retirees pay for their health care under the old plan? How much did CNH pay? How much will the retirees and CNH each pay under the new plan, and how quickly are each side's costs likely to grow? How does the quality of care provided under the old plan compare to the quality of care under the new plan? Do the retirees' benefits differ in material respects from those offered to current employees and people retiring today? How do the benefits compare to benefits offered by other companies in similar industries? *Reese v. CNH Am. LLC,* 694 F.3d 681, 685 (6th Cir. 2012).

Elsewhere in the opinion, the Sixth Circuit posed these questions: What is the average annual total out-of-pocket cost to retirees for their healthcare under the

3

old plan (the 1998 Group Benefit Plan)? What is the equivalent figure for the new[1] plan (the 2005 Group Benefit Plan)? What is the average per-beneficiary cost to CNH under the old plan? What is the equivalent figure for the new plan? What premiums, deductibles and copayments must retirees pay under the old plan? What about under the new plan? How fast are the retirees' out-of-pocket costs likely to grow under the old plan? What about under the new plan? How fast are CNH's per-beneficiary costs likely to grow under each? What difference (if any) is there between the quality of care available under the old and new plans? What difference (if any) is there between the new plan and the plans CNH makes available to current employees and people retiring today? How does the new plan compare to plans available to retirees and workers at companies similar to CNH and with demographically similar employees? *Reese* at 685-686.

Along with these factors, the Sixth Circuit invited the District Court to consider "others it considers relevant to the reasonableness question." *Reese* at 685.

## FACTS RELATED TO THIS DISCOVERY DISPUTE

Defendants first provided to Plaintiffs their proposed plan in March of 2013. Since then, this Court has entered multiple discovery orders in this matter, see

---

[1] CNH has since indicated that its proposed plan is not the 2005 Group Plan, therefore requiring a modification of this inquiry, though some of the information regarding the 2005 Group Plan remains relevant in the consideration of, for example, the other plans which apply to CNH retirees.

4

docket numbers 346, 353 and 360. Defendants have elected to produce the gross majority of the documents and information relative to their position that the proposed benefits are reasonably commensurate with the benefits currently provided to the class through their purported expert witnesses. The expert witness disclosures were made on October 17, 2013 and extend over 100 pages, not including the documents and data relied upon by the experts.

### *Subpoena to Towers Watson*

On October 29, 2013, Plaintiffs served two subpoenas by delivery to John Stahl at the Towers Watson office in Chicago where Mr. Stahl works. One of the subpoenas was personally addressed to John Stahl[2] (and is not at issue here), The other was addressed to the Keeper of Records for Towers Watson, **Exhibit A**. The subpoenas were both served on Mr. Stahl. **Exhibit B**.

On November 7, 2013, via e-mail, Class Counsel received lengthy correspondence from "Paul Meyer," purporting to be in-house counsel for Towers Watson. Mr. Meyer raised several issues related to the subpoena, advised that "no documents" would be produced until his objections were addressed and asked Class Counsel to "please contact me at your earliest convenience." **Exhibit C**.

On November 8, 2013, November 11, 2013 and November 13, 2013 Class

---

[2] John Stahl has been designated as an expert witness in this matter by CNH. Mr. Stahl is a Senior Consulting Actuary at Towers Watson who lists Defendant CNH Global as one of his clients.

5

Counsel called and left messages for Mr. Meyer using the number provided. On November 13, 2013, Class Counsel replied to the November 7, 2013 email again asking Mr. Meyer to call back, providing both office and cell phone numbers. **Exhibit D**.

Having had no response, Plaintiffs served the subpoena on Mr. Meyer as counsel for Towers Watson by registered mail.

On November 15, 2013, Class Counsel received correspondence from Mr. Meyer, acknowledging receipt of the subpoena "as of today" but offering no explanation for the failure to communicate with Class Counsel. Mr. Meyer reiterates that no documents will be produced but threatens that the cost of compliance (which Plaintiffs would be expected to bear) could be $1,000,000 "not counting hosting costs or legal fees required for review." **Exhibit E**.

Mr. Meyer failed to return Class Counsel's voice message left November 18, 2013 as well. Defendant's counsel has been copied on all of the operative correspondence and has also failed to reply to direct questions regarding the subpoena. **Exhibit F**.

### *Subpoena to Scott Macey*

Plaintiffs also served Defendant CNH's expert witness, Scott Macey, with a subpoena requesting information related to his expert disclosures dated October 17, 2013. **Exhibit G**. He was served on October 30, 2013. **Exhibit H**. On November

8, 2013, the date for compliance with the subpoena, Plaintiffs received correspondence from Defendant CNH's counsel, objecting to certain of the documents requested. **Exhibit I**.

Defense counsel has also objected to producing information which it contends is proprietary. While CNH states that it will produce the information subject to a protective order, no protective order has been provided to counsel for review.[3]

In correspondence dated November 13, 2013, Class Counsel responded to the objections, indicated agreement with the concept of a protective order and requested assurance that Mr. Macey would fully comply with the subpoena. **Exhibit J**. No response has been received.

To date, no protective order addenda has been proposed.

I. *Should the third party subpoena to Defendant's actuary, Towers Watson be enforced?*

Federal Rules of Civil Procedure, Rule 45 governs subpoena duces tecum requests served upon third parties. Paul Meyer, purporting to be counsel for Towers Watson, accepted service of the subpoena. Despite many attempts to contact Mr. Meyer, he refuses to communicate with class counsel regarding the scope of the subpoena or the objections he claims.

---

[3] Plaintiffs followed up their subpoenas with a Request to Produce under Rule 34 requesting all of the documents listed in the duces tecum subpoenas which were not provided directly by the deponents.

Plaintiffs requested a narrow set of documents relating to unfunded benefits afforded executive officers of CNH Global N.V. and CNH America, LLC. Plaintiffs included parent and subsidiaries in the definition of CNH in the subpoena because CNH Global N.V. merged with Fiat Industrial in October 2013 and it is unclear if CNH Global N.V. continues to exist as a separate entity or if there is a successor entity, or even if Fiat Industrial is the successor entity. Plaintiffs are seeking information regarding this question via requests to admit and requests to produce documents.

The initial question that should be answered is whether Towers Watson was the actuary for any CNH Global plans in which a current or former executive officer participates? If yes, then Plaintiffs requested current Plan documents, the Summary Plan Descriptions (SPDs),[4] recent valuations, documents listing participants, the amount they receive(d), and records of contributions to the Plan.

CNH reported a $493 million defined benefit obligation for pension plans that CNH is not currently required to fund. Presumably that unfunded obligation includes plans in which executive officers participate. Plaintiffs are seeking information to confirm that the number of individuals who participate in these plans is relatively small and that the portion of the unfunded obligation to the group is relatively high. Conversely, the share of the unfunded obligation

---

[4] Notably, the plan documents and SPDs must be provided to participants at no greater charge than .25 per copy. 29 C.F.R. § 2520.104b-30.

8

attributable to the Plaintiffs' health plan is relatively small and the number of participants is relatively high. Plaintiffs contend that this information is relevant and informs the question of whether the proposed changes are reasonable, particularly in relation to the parties' relative ability to absorb the impact of cost changes – the economic stakes of the parties.

Pursuant to the last 20-F filing for 2012, CNH lists a variety of plans in which its executive officers participate, including:

      a. CNH Supplemental Retiree Medical Plan
      b. Top Hat Plan (described as a "special severance allowance")
      c. Two listed deferred compensation plans
      d. CNH Global N.V. Outside Directors' Compensation Plan
      e. CNH Global N.V. Directors' Compensation Plan
      f. 2008 Performance and Leadership Bonus Plan (PLB)
      g. Equity Incentive Plan of CNH Global N.C. (two plans)
      h. Non-qualified Performance Stock Option Award Agreement (two agreements)
      i. 2010 Performance Share Unit Award Agreement
      j. 2010 Restricted Stock Unit Award Agreement
      k. CNH Global N.V. Equity Incentive Plan (two plans)

Plaintiffs did not use the titles of these plans in the subpoena because an error, no matter how small, would likely delay or even excuse production. Also, there may have been changes in the names per the merger. Plaintiffs cannot guess what the new names for the plans may be or be expected to simply hope they have not changed.

Given the very small number of executive officers at CNH Global N.V. over the last several years, it is very likely that the number of responsive documents is

9

very small.

Class Counsel has been more than willing to speak to Towers Watson to discuss the specifics of production, a timetable and a protective order. Plaintiffs have received no response other than the vague and threatening correspondence from Mr. Meyer.

Pursuant to Fed R Civ Proc 45, Plaintiffs seek an order compelling production.

## II. *Should the third party subpoena to Defendant's expert witness, Scott Macey, be enforced?*

Similarly, the requests for the documents referenced in Scott Macey's October 17, 2013 report are a legitimate and necessary part of discovery of his opinions and his credibility.

Plaintiffs have addressed the stated objections (see Exhibit J) and are simply seeking a full response so that 1) Plaintiffs can consider whether a rebuttal expert will be required and 2) Plaintiffs can prepare to depose the expert.

## CONCLUSION

Plaintiffs have conscientiously pursued discovery requested of Defendant CNH through several motions and orders. Plaintiffs seek an order compelling production in response to the subpoenas pursuant to Fed R Civ Proc 45.

Respectfully submitted,

McKNIGHT, McCLOW, CANZANO,
SMITH & RADTKE, P.C.

By:/s/Darcie R. Brault
David R. Radtke (P47016)
Darcie R. Brault (P43864)
Attorneys for Class Plaintiffs
400 Galleria Officentre, Suite 117
Southfield, MI 48034
(248) 354-9650
dbrault@michworklaw.com

Date: November 19, 2013

**CERTIFICATE OF SERVICE**

I hereby certify that on November 19, 2013 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will serve it on all parties.

                Respectfully submitted,

                McKNIGHT, McCLOW, CANZANO,
                SMITH & RADTKE, P.C.

                By: /s/Darcie R. Brault
                David R. Radtke (P47016)
                Darcie R. Brault (P43864)
                Attorneys for Plaintiffs
                400 Galleria Officentre, Suite 117
                Southfield, MI 48034
                (248) 354-9650
                dbrault@michworklaw.com

Dated: November 19, 2013