UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK REESE, JAMES CICHANOFSKY,
ROGER MILLER,
and GEORGE NOWLIN  on                           Hon. Patrick J. Duggan
behalf of themselves and
a similarly situated class,                     Case No. 04-70592

     Plaintiffs,

v.                                              **Class Action**

CNH GLOBAL N.V., formerly
known as Case Corporation,
and THE COMPANY LLC,

     Defendants.

---

**EXHIBIT C**

**TO**

**PLAINTIFFS' MOTION TO COMPEL
THIRD PARTY SUBPOENA RESPONSE**

## Darcie Brault

| | |
|---|---|
| **From:** | Meyer, Paul (Legal - Arlington) <Paul.Meyer@towerswatson.com> |
| **Sent:** | Thursday, November 07, 2013 6:43 PM |
| **To:** | Darcie Brault |
| **Cc:** | Capotosto, Laura |
| **Subject:** | Re: Subpoean to Towers Watson |
| **Attachments:** | Ltr to Darcie R  Brault.pdf |

Dear Ms. Brault;

Attached is Towers Watson's response to the subpoena delivered to our Chicago office.

Regards,

Paul A. Meyer

_____

Paul A. Meyer
Managing Counsel
Global E-Discovery and Data Management

Towers Watson
901 N. Glebe Rd. | Arlington VA 22203

T +1 703 258 7564
M +1 202 285 5585
paul.meyer@towerswatson.com<mailto:paul.meyer@towerswatson.com>
towerswatson.com


Notice of Confidentiality
This transmission contains information that may be confidential. It has been prepared for the sole and exclusive use of the intended recipient and on the basis agreed with that person. If you are not the intended recipient of the message (or authorized to receive it for the intended recipient), you should notify us immediately; you should delete it from your system and may not disclose its contents to anyone else.


This e-mail has come to you from Towers Watson Delaware Inc. or Towers Watson Pennsylvania Inc.


**TOWERS WATSON**

Paul Meyer
Managing Counsel
E-Discovery & Data Management

901 North Glebe Road
Arlington, VA 22203

T +1 703 258 8000
D +1 703-258-7564
F +1 703 258 7498

paul.meyer@towerswatson.com
towerswatson.com

November 7, 2013

**Via email to DBrault@MichWorkLaw.com**

Darcie R. Brault, Esq.
McKnight, McClow, Canzano, Smith & Radtke, P.C.
400 Galleria Officentre
Suite 117
Southfiled, MI 48034

**Subject:**   **Non-party Subpoena to Keeper of Records of Towers Watson** *In re: Jack Reese, et al., v. CNH Global N.V. and CNH America LLC,* **Civ. No. 0470592 (E.D. Mich.)**

Dear Ms. Brault:

I am writing as legal counsel for Towers Watson  ("Towers Watson") in response to your subpoena dated October 28, 2013 and addressed to the Keeper of Records of Towers Watson, 711 South Wacker Drive, Suite 2600, Chicago, Illinois 60606 (the "Non-Party Subpoena).

This letter does not address the subpoena addressed to John Stahl of Towers Watson (the "Expert Witness Subpoena").

**Jurisdictional Defects**

The Non-Party Subpoena issued by the United States District Court for the Eastern District of Michigan was hand delivered to an employee at our offices in Chicago, Illinois.

The first requirement of a valid subpoena under the Federal Rule of Civil Procedure is that every subpoena "(A) shall state the name of the court from which it is issued; and (B) state the titled of action, the name of the court in which it is pending and its civil action number".

A subpoena must be served either in the district of the issuing court or within 100 miles of its jurisdiction. See, Fed.R.Civ.P. 45(b)(2).  Since the Eastern District of Michigan is the only court identified in the Non-Party Subpoena it must be the issuing court.  However, since that Court is outside of Illinois and more than 100 miles from Chicago, the Non-Party Subpoena exceeds the jurisdictional threshold of Rule 45 and is a nullity.

**No Proper Service.**

Under Federal Rule or Civil Procedure 45, delivery of subpoenas must be by personal service, and the use of the word 'delivery' in the rule is construed literally. 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2454 at 17133 n.5 (3d ed. 2008). Valid service of a subpoena under Rule 45 must comply with the same rules of service set forth in

**TOWERS WATSON** 

Darcie R. Brault, Esq.
November 7, 2013
Page 2

Federal Rule of Civil Procedure 4 for a summons and complaint. The prerequisites of proper service under Rule 4 are clear:

> . . . a domestic or foreign corporation . . . must be served:
>
> by delivering a copy of the summons and complaint to an *officer, a managing or general agent authorized by appointment or by law to receive service of process* and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant . . .

Fed.R.Civ.P. 4(h)(1)(B)(in pertinent part)(emphasis added). Delivery to a receptionist or employee rather than a proper officer or resident agent is ineffective as service. *Plotzker v. Lamberth*, 2008 WL 4706255 (W.D. Va. Oct. 22, 2008); *Smith v. Midland Brake*, 162 F.R.D. 683 (D. Kan. 1995); *Free State Receivables, Ltd. V. Claims Processing Corp. of New Jersey*, 76 F.R.D. 85 (D. Md. 1977); *cf., U.S. v. Southwestern Fertility Center*, 743 F.Supp. 783, 787, (D.Okla.1990)(service on receptionist good only for non-judicial subpoenas). Thus, the Non-Party Subpoena, even if jurisdictionally valid, was never served.

Please appreciate that our need to insist on a *de jure* subpoena is mandated by legal obligations that we must meet. Our clients and their employees and retirees have confidentiality expectations with respect to information entrusted to us, and rightly so. We are therefore not at liberty to provide any documents unless we either have their express consent or we have received legal process compelling production that is proper in all respects.

Towers Watson is willing to consider waiving the requirement of formal service and consent to service by certified mail or messenger to the Legal Department here in Arlington, Virginia to my attention, effective upon receipt. In consenting to service the Legal Department does not waive any objections under Federal Rule of Civil Procedure 45, or any other defects that may be evident.

If you choose to serve Towers Watson, I suggest you also propose how you would satisfy the objections noted below. If you do not address these by limiting the scope of any subpoena you may serve, these objections would apply to that subpoena.

**Objections.**

This letter constitutes Towers Watson's written objections to any request for documents that are identical or similar to those raised in your invalid Non-Party Subpoena for purposes of Federal Rule of Civil Procedure 45(c)(2)(B) for the following reasons:

1. The Non-Party Subpoena is unduly burdensome and oppressive under Rule 45(c)(1) because it seeks the production of documents in less than the 30 day period for parties under Federal Rule of Civil Procedure 34(b)(2)(A). The obligation to avoid the burden imposed upon a non-party is not satisfied by imposing greater burdens that could be imposed on the litigants themselves.

 TOWERS WATSON

Darcie R. Brault, Esq.
November 7, 2013
Page 3

2.  The Non-Party Subpoena is unduly burdensome and oppressive under Rule 26(b)(2)(c) in that the document request is not reasonably targeted, clear and specific, and imposes disproportionate burdens on a non-party.

3.  In particular, the Non-Party Subpoena is unduly burdensome and oppressive under Rule 45(c)(1) in that it appears to seek documents that are completely irrelevant to the claims at issue in the suit identified in the caption of the subpoena.

4.  The Non-Party Subpoena is vague and ambiguous as applied to any "parent of subsidiary" not specifically identified in the subpoena, and it cannot reasonably be applied to any unidentified entity.

5.  The Non-Party Subpoena is vague and ambiguous by virtue of its open and uninformative definition of unidentified "Benefit Plans" of numerous entities, and purports to encompass any type benefit plan, since the beginning of time, "in which any current of former CNHY executive officer participates," not a single one of whom is identified. This objection and defect carries through to any each and every request for the production of any document related to "each Benefit Plan" in the Non-Party Subpoena.

6.  The Non-Party Subpoena is unduly oppressive in that it purports to compel Towers Watson to produce documents that are not under its custody or control.

7.  The Non-Party Subpoena is unduly burdensome and oppressive under Rule 45(c)(1) in that the scope of documents sought is unlimited in time and requires the production of anything ever created regardless of proportionality, relevance or likelihood that they may lead to admissible evidence.

8.  The Non-Party Subpoena is overbroad, unduly burdensome and oppressive under Rule 26(b)(2)(C) to the extent that it requires the production of documents and redundant discovery from a non-party which should be readily available from the parties or from sources other than Towers Watson more conveniently and at a lesser expense.

9.  The Non-Party Subpoena is unduly burdensome and oppressive in that it requires production of electronically stored information within an unreasonable period in a manner and form that will impose unreasonable costs and burdens upon a non-party under Rule 45(c)(2)(B).

10. The Non-Party Subpoena is unduly burdensome and oppressive in that it requires the production of electronic information that is not reasonably accessible under Rule 45(d)(1)(D) and will create undue burden or cost under Rule 26(b)(2)(C).

11. The Non-Party Subpoena is unduly burdensome under Rule 45(c)(3) in that it requires the production of confidential and proprietary information of others that Towers Watson has a legal duty to protect.

**TOWERS WATSON** 

12. The Non-Party Subpoena is unduly burdensome under Rule 45(c)(3) in that it seeks confidential and proprietary information of Towers Watson, including information created and maintained in software and processes proprietary to Towers Watson.

13. The Non-Party Subpoena is unduly burdensome under Rule 45(c)(3)(a)(iii) in that it may seek, in whole or in part, production of documents which may contain information protected by attorney-client privilege and the work product doctrine.

Accordingly, no documents will be produced until these objections have been addressed. Please appreciate that these objections address important concerns on our part, which I will illustrate.

*Undue Time and Scope Burden.* The Non-Party Subpoena calls for the production, manipulation and culling of potentially several terabytes of electronic discovery dating back to an indefinite time within a about a week. Mandating a vaguely described large scale production within such a short period of time is squarely within the prohibited burden described in Rule 45(c)(3)(a)(i). *See Thomas v. IEM*, 2008 WL 695230, *3 (M.D. La. Mar. 12, 2008) (short notice subpoena not enforced); *Haka v. Lincoln County*, 246 F.R.D. 577, 579 (W.D. Wis. 2007) (overbroad scope requires limitation). *Mann v. University of Cincinnati*, 824 F. Supp.1190, 1202, *aff'd*, 152 F.R.D. 119 (S.D. Ohio 1993) (issuing subpoena on one week's notice unreasonable). A reasonable period within which to comply combined with a redefinition of the scope of the subpoena could cure this defect.

*Undue Cost Burden.* The Federal Rules of Civil Procedure clarify the obligations of litigants who impose discovery burdens on non-parties.

> A party or attorney responsible for issuing a subpoena *must take reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena.* The issuing court *must* enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorneys' fees -- on a party or attorney who fails to comply.

Fed. R. Civ. P. 45(c)(1)(2008) (emphasis added).    Your subpoena fails to address this obligation.

We are entitled to be reasonably compensated for the costs of production. Rules 45(c)(3)(C)(2) and 45(d); *Guy Chemical Co. Inc. v. Romaco AG, et al.*, 243 F.R.D. 310 (N.D. Ind. 2007); *United States v. Premera Blue Cross*, 2007 WL 852080 (S.D. Ohio Mar. 16, 2007). The cost to your client can be limited by excluding requests for documents that could be produced by the parties and refining the scope to what is at issue.

*Not Reasonably Accessible.* Many of the documents and information sought may not be reasonably accessible for purposes of Federal Rules 26(b)(2)(B) and 45(d)(1)(D). In fact, overbroad and untailored requests for electronically stored information -- by themselves -- can render the information sought "not reasonably accessible" under Rule 26(b)(2)(B), particularly if demanded within an unreasonably short period of time. *Ameriwood Industries, Inc. v. Liberman*, 2007 WL 496716 (E.D. Mo. Feb. 13, 2007).    This objection can be cured by limiting your

**TOWERS WATSON** 

requests to the least burdensome method of production, reasonably limiting the scope of requests and providing a reasonable period of time within which to comply.

*Personnel Data and Confidences.* In the course of providing our services, we are often required to analyze and use data that contains personal financial information of individuals and confidential communications with sponsors of employee benefit plans. Clients have privacy expectations in this data, and rightly so, and requests for electronic information on persons not related to the litigation are overbroad. *See Regan-Touhy v. Walgreen Co.,* 526 F.3d 641, 648 (10th Cir. 2008) (requests for sensitive information must be narrowly tailored). We routinely address this issue with a confidentiality agreement.

*Proprietary Information.* Documents and information sought contain proprietary information and trade secrets of Towers Watson developed at great expense over many years. Loss of trade secrets, proprietary information and software would obviously result in irreparable injury to Towers Watson. Since many of our work papers contain information that could disclose how our proprietary systems operate or reveal trade secrets, a confidentiality agreement binding each attorney, expert and party *must* be in place if you intend to review any documents with proprietary information or trade secrets.

*Privilege Issues.* Responsive documents may include communications with legal counsel for benefit plan sponsors that may be subject to attorney-client privilege. *See, e.g., Becher v. LILCO,* 129 F.3d 268 (2d Cir. 1997); *Coachman Industries Inc. v. Kemlite,* 2007 WL 3256654 (N.D. Ind. Nov. 2, 2007) (common interest work product). We will be in a better position to determine if this is the case once we have located and reviewed the documents sought.

Additionally, the documents you request likely include substantial quantities of electronically stored evidence requiring review – at your expense. Accordingly, a clawback agreement should be in place with all parties that may have access to Towers Watson's production of documents that will ensure that the protections against inadvertent waiver of privilege set forth in Federal Rule of Evidence 502 are fully ensured.

In the spirit of the Federal Rules of Civil Procedure and for the mutual benefit of all parties involved, please contact me at your earliest convenience so that we may to set forth guidelines binding on all parties regarding:

1. Reasonably limiting preservation obligations and offsetting non-party costs;

2. Reasonably limiting the volume and scope of any production;

3. Reasonably limiting the timeline of any production;

4. Reasonably limiting the format of any production;

5. A clawback and confidentiality order to address inadvertent waiver of privilege consistent with Federal Rule of Evidence 502; and

6. A confidentiality agreement.

Until such time as we meet and confer on these issues, Towers Watson will meet its reasonable preservation obligations at your expense but refrain from any collection or production efforts.

**TOWERS WATSON** 

Darcie R. Brault, Esq.
November 7, 2013
Page 6

*Default Release of Litigation Holds.* We expect to confer with you and we must also address our right to release litigation holds in time. If you fail to respond to this letter within 60 days, we will take your non-action as evidence of abandonment of the subpoena and release our litigation hold. If we have produced responsive documents and not heard any additional requests within 60 days we will similarly treat our production obligation as satisfied and release all litigation holds. If you do not agree or expressly request us not to release all litigation holds, we will maintain the holds in place entirely at your cost and expense.

We will be in touch but in the meantime, please refrain from direct communications with any Towers Watson employees and direct all further communications to me. If you have any questions, contact me at 703-258-7464.

Very truly yours,

Paul A. Meyer
Managing Counsel
Global eDiscovery & Data Management

<u>Certificate of Service</u>

I hereby certify that on November 7, 2013, I served the attached document on the parties listed below via email:

| By email to Darcie R. Brault, Esq. at DBrault@MichWorkLaw.com | By email to Laura Capotosto at Lcapotosto@MWE.com |
| --- | --- |

Paul A. Meyer