UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK REESE, JAMES CICHANOFSKY, ROGER MILLER, and GEORGE NOWLIN on behalf of themselves and a similarly situated class,

Plaintiffs,

v.

CNH GLOBAL N.V., formerly known as Case Corporation, and THE COMPANY LLC,

Defendants.

Hon. Patrick J. Duggan

Case No. 04-70592

**Class Action**

---

**EXHIBIT E**

**TO**

**PLAINTIFFS' MOTION TO COMPEL THIRD PARTY SUBPOENA RESPONSE**

**Darcie Brault**

**From:** Paul.Meyer@towerswatson.com on behalf of Meyer, Paul (Legal - Arlington) <Paul.Meyer@towerswatson.com>
**Sent:** Friday, November 15, 2013 4:48 PM
**To:** Darcie Brault
**Cc:** Lcapotosto@mwe.com; jrogaczewski@mwe.com; bburchfield@mwe.com
**Subject:** Registered: RE: Subpoena to Towers Watson
**Attachments:** Ltr to Darcie R Brault.pdf; M0360445133025999700.pdf



This is a Registered Email® message from **Meyer Paul (Legal - Arlington)**.

---

Dear Ms. Brault,

Today, I see that you have accepted my invitation that you serve your subpoena on Towers Watson by sending it to me, as legal counsel for Towers Watson. I accept service as of today subject to objections I suggested that you cure in my letter of November 7, 2013. As noted in my prior letter, I reassert the objections made in the attached November 7, 2013 letter as Towers Watson's written objections under Federal Rule of Civil Procedure 45. That letter is attached.

I am disappointed, however, that you did not take to effort to address the objections raised in that letter but simply repackaged the prior problematic subpoena. If, as you claim, you are subject to a demanding schedule I would have expected you redraft the subpoena in a manner calculated to expedite production. This did not occur.

I see that you did not even correct the production date but maintained the original date which now *precedes* the issuing and service date of the subpoena we accepted today. There is much authority that this would render the subpoena a nullity so I am surprised that production date was not corrected to reflect the timing mandated by Rule 34(b)2)(A).

As a threshold issue, even limiting the subpoena to the two CNH entities identifies and excluding the unidentified entities, the subpoena provides no identification of which "benefit plans" are sought, and it provides no limitation of scope in terms of time other than the most recent decade of 'plan amendments.' Such a vague and over-broad request makes it difficult to even guess at what you seek, and we should not need to guess. We need you to identify what you seek with reasonable specificity.

The requests for detailed data regarding information regarding participants in these mysterious benefit plans are equally problematic. The requests, as worded, could encompass vast volumes of documents with little bearing to the litigation -- or no bearing whatsoever. This would render compliance with the request to be grossly disproportionate, especially as applied to a non-litigant.

Additionally, any attempts to search for these vaguely described data groups could be extremely burdensome and expensive and we would expect you, as the party with the obligation to reduce of offset this burden, to bear that cost. To illustrate the impact of scope on costs, word searches over email archives for a half dozen or so custodians over a range of 5 years typically results in a $25,000 processing expense. Searches over

broader data sets that may be required to meet your request would require much larger data sets: our experience of the cost of searches through data in the terabyte range runs in the $1 million range, not counting hosting costs or legal fees required for review.

Again, I request that you reduce the burden by identifying what, exactly, you want and providing proportional limits and a reimbursement proposal. We also request your proposal on how you intend to meet each of our objections such as protection of personal and confidential materials, and how you intend to address our costs.

I look forward to reading either a revised subpoena or your specific proposal to satisfy our objections. In the meantime, I will be in touch with local counsel to prepare our motion for a protective order or, in the alternative, to quash the subpoena.

Regards,

Paul Meyer

---

Paul A. Meyer

Managing Counsel

E-Discovery & Data Management

Senior Counsel - Risk & Litigation

Towers Watson

D +1 703 258 7564

M +1 202 285 5585

<<...>> <<...>>

*Notice of Confidentiality*
This transmission contains information that may be confidential. It has been prepared for the sole and exclusive use of the intended recipient and on the basis agreed with that person. If you are not the intended recipient of the message (or authorized to receive it for the intended recipient), you should notify us immediately; you should delete it from your system and may not disclose its contents to anyone else.

This e-mail has come to you from Towers Watson Delaware Inc. or Towers Watson Pennsylvania Inc.

Click here to send a Registered Email® message to anyone.



Paul Meyer
Managing Counsel
E-Discovery & Data Management

901 North Glebe Road
Arlington, VA 22203

T +1 703 258 8000
D +1 703-258-7564
F +1 703 258 7498

paul.meyer@towerswatson.com
towerswatson.com

November 7, 2013

**Via email to DBrault@MichWorkLaw.com**

Darcie R. Brault, Esq.
McKnight, McClow, Canzano, Smith & Radtke, P.C.
400 Galleria Officentre
Suite 117
Southfiled, MI 48034

**Subject:** **Non-party Subpoena to Keeper of Records of Towers Watson** ***In re: Jack Reese, et al., v. CNH Global N.V. and CNH America LLC,*** **Civ. No. 0470592 (E.D. Mich.)**

Dear Ms. Brault:

I am writing as legal counsel for Towers Watson ("Towers Watson") in response to your subpoena dated October 28, 2013 and addressed to the Keeper of Records of Towers Watson, 711 South Wacker Drive, Suite 2600, Chicago, Illinois 60606 (the "Non-Party Subpoena).

This letter does not address the subpoena addressed to John Stahl of Towers Watson (the "Expert Witness Subpoena").

**Jurisdictional Defects**

The Non-Party Subpoena issued by the United States District Court for the Eastern District of Michigan was hand delivered to an employee at our offices in Chicago, Illinois.

The first requirement of a valid subpoena under the Federal Rule of Civil Procedure is that every subpoena "(A) shall state the name of the court from which it is issued; and (B) state the titled of action, the name of the court in which it is pending and its civil action number".

A subpoena must be served either in the district of the issuing court or within 100 miles of its jurisdiction. See, Fed.R.Civ.P. 45(b)(2). Since the Eastern District of Michigan is the only court identified in the Non-Party Subpoena it must be the issuing court. However, since that Court is outside of Illinois and more than 100 miles from Chicago, the Non-Party Subpoena exceeds the jurisdictional threshold of Rule 45 and is a nullity.

**No Proper Service.**

Under Federal Rule or Civil Procedure 45, delivery of subpoenas must be by personal service, and the use of the word 'delivery' in the rule is construed literally. 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2454 at 17133 n.5 (3d ed. 2008). Valid service of a subpoena under Rule 45 must comply with the same rules of service set forth in





Federal Rule of Civil Procedure 4 for a summons and complaint. The prerequisites of proper service under Rule 4 are clear:

> . . . a domestic or foreign corporation . . . must be served:
>
> by delivering a copy of the summons and complaint to an *officer, a managing or general agent authorized by appointment or by law to receive service of process* and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant . . .

Fed.R.Civ.P. 4(h)(1)(B)(in pertinent part)(emphasis added). Delivery to a receptionist or employee rather than a proper officer or resident agent is ineffective as service. *Plotzker v. Lamberth*, 2008 WL 4706255 (W.D. Va. Oct. 22, 2008); *Smith v. Midland Brake*, 162 F.R.D. 683 (D. Kan. 1995); *Free State Receivables, Ltd. V. Claims Processing Corp. of New Jersey*, 76 F.R.D. 85 (D. Md. 1977); *cf., U.S. v. Southwestern Fertility Center*, 743 F.Supp. 783, 787, (D.Okla.1990)(service on receptionist good only for non-judicial subpoenas). Thus, the Non-Party Subpoena, even if jurisdictionally valid, was never served.

Please appreciate that our need to insist on a *de jure* subpoena is mandated by legal obligations that we must meet. Our clients and their employees and retirees have confidentiality expectations with respect to information entrusted to us, and rightly so. We are therefore not at liberty to provide any documents unless we either have their express consent or we have received legal process compelling production that is proper in all respects.

Towers Watson is willing to consider waiving the requirement of formal service and consent to service by certified mail or messenger to the Legal Department here in Arlington, Virginia to my attention, effective upon receipt. In consenting to service the Legal Department does not waive any objections under Federal Rule of Civil Procedure 45, or any other defects that may be evident.

If you choose to serve Towers Watson, I suggest you also propose how you would satisfy the objections noted below. If you do not address these by limiting the scope of any subpoena you may serve, these objections would apply to that subpoena.

**Objections.**

This letter constitutes Towers Watson's written objections to any request for documents that are identical or similar to those raised in your invalid Non-Party Subpoena for purposes of Federal Rule of Civil Procedure 45(c)(2)(B) for the following reasons:

1. The Non-Party Subpoena is unduly burdensome and oppressive under Rule 45(c)(1) because it seeks the production of documents in less than the 30 day period for parties under Federal Rule of Civil Procedure 34(b)(2)(A). The obligation to avoid the burden imposed upon a non-party is not satisfied by imposing greater burdens that could be imposed on the litigants themselves.






2. The Non-Party Subpoena is unduly burdensome and oppressive under Rule 26(b)(2)(c) in that the document request is not reasonably targeted, clear and specific, and imposes disproportionate burdens on a non-party.

3. In particular, the Non-Party Subpoena is unduly burdensome and oppressive under Rule 45(c)(1) in that it appears to seek documents that are completely irrelevant to the claims at issue in the suit identified in the caption of the subpoena.

4. The Non-Party Subpoena is vague and ambiguous as applied to any "parent of subsidiary" not specifically identified in the subpoena, and it cannot reasonably be applied to any unidentified entity.

5. The Non-Party Subpoena is vague and ambiguous by virtue of its open and uninformative definition of unidentified "Benefit Plans" of numerous entities, and purports to encompass any type benefit plan, since the beginning of time, "in which any current of former CNHY executive officer participates," not a single one of whom is identified. This objection and defect carries through to any each and every request for the production of any document related to "each Benefit Plan" in the Non-Party Subpoena.

6. The Non-Party Subpoena is unduly oppressive in that it purports to compel Towers Watson to produce documents that are not under its custody or control.

7. The Non-Party Subpoena is unduly burdensome and oppressive under Rule 45(c)(1) in that the scope of documents sought is unlimited in time and requires the production of anything ever created regardless of proportionality, relevance or likelihood that they may lead to admissible evidence.

8. The Non-Party Subpoena is overbroad, unduly burdensome and oppressive under Rule 26(b)(2)(C) to the extent that it requires the production of documents and redundant discovery from a non-party which should be readily available from the parties or from sources other than Towers Watson more conveniently and at a lesser expense.

9. The Non-Party Subpoena is unduly burdensome and oppressive in that it requires production of electronically stored information within an unreasonable period in a manner and form that will impose unreasonable costs and burdens upon a non-party under Rule 45(c)(2)(B).

10. The Non-Party Subpoena is unduly burdensome and oppressive in that it requires the production of electronic information that is not reasonably accessible under Rule 45(d)(1)(D) and will create undue burden or cost under Rule 26(b)(2)(C).

11. The Non-Party Subpoena is unduly burdensome under Rule 45(c)(3) in that it requires the production of confidential and proprietary information of others that Towers Watson has a legal duty to protect.





12. The Non-Party Subpoena is unduly burdensome under Rule 45(c)(3) in that it seeks confidential and proprietary information of Towers Watson, including information created and maintained in software and processes proprietary to Towers Watson.

13. The Non-Party Subpoena is unduly burdensome under Rule 45(c)(3)(a)(iii) in that it may seek, in whole or in part, production of documents which may contain information protected by attorney-client privilege and the work product doctrine.

Accordingly, no documents will be produced until these objections have been addressed. Please appreciate that these objections address important concerns on our part, which I will illustrate.

*Undue Time and Scope Burden.* The Non-Party Subpoena calls for the production, manipulation and culling of potentially several terabytes of electronic discovery dating back to an indefinite time within a about a week. Mandating a vaguely described large scale production within such a short period of time is squarely within the prohibited burden described in Rule 45(c)(3)(a)(i). *See Thomas v. IEM*, 2008 WL 695230, *3 (M.D. La. Mar. 12, 2008) (short notice subpoena not enforced); *Haka v. Lincoln County*, 246 F.R.D. 577, 579 (W.D. Wis. 2007) (overbroad scope requires limitation). *Mann v. University of Cincinnati*, 824 F. Supp.1190, 1202, *aff'd*, 152 F.R.D. 119 (S.D. Ohio 1993) (issuing subpoena on one week's notice unreasonable). A reasonable period within which to comply combined with a redefinition of the scope of the subpoena could cure this defect.

*Undue Cost Burden.* The Federal Rules of Civil Procedure clarify the obligations of litigants who impose discovery burdens on non-parties.

> A party or attorney responsible for issuing a subpoena *must take reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena*. The issuing court *must* enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorneys' fees -- on a party or attorney who fails to comply.

Fed. R. Civ. P. 45(c)(1)(2008) (emphasis added). Your subpoena fails to address this obligation.

We are entitled to be reasonably compensated for the costs of production. Rules 45(c)(3)(C)(2) and 45(d); *Guy Chemical Co. Inc. v. Romaco AG, et al.*, 243 F.R.D. 310 (N.D. Ind. 2007); *United States v. Premera Blue Cross*, 2007 WL 852080 (S.D. Ohio Mar. 16, 2007). The cost to your client can be limited by excluding requests for documents that could be produced by the parties and refining the scope to what is at issue.

*Not Reasonably Accessible.* Many of the documents and information sought may not be reasonably accessible for purposes of Federal Rules 26(b)(2)(B) and 45(d)(1)(D). In fact, overbroad and untailored requests for electronically stored information -- by themselves -- can render the information sought "not reasonably accessible" under Rule 26(b)(2)(B), particularly if demanded within an unreasonably short period of time. *Ameriwood Industries, Inc. v. Liberman*, 2007 WL 496716 (E.D. Mo. Feb. 13, 2007). This objection can be cured by limiting your





requests to the least burdensome method of production, reasonably limiting the scope of requests and providing a reasonable period of time within which to comply.

*Personnel Data and Confidences.* In the course of providing our services, we are often required to analyze and use data that contains personal financial information of individuals and confidential communications with sponsors of employee benefit plans. Clients have privacy expectations in this data, and rightly so, and requests for electronic information on persons not related to the litigation are overbroad. *See Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648 (10th Cir. 2008) (requests for sensitive information must be narrowly tailored). We routinely address this issue with a confidentiality agreement.

*Proprietary Information.* Documents and information sought contain proprietary information and trade secrets of Towers Watson developed at great expense over many years. Loss of trade secrets, proprietary information and software would obviously result in irreparable injury to Towers Watson. Since many of our work papers contain information that could disclose how our proprietary systems operate or reveal trade secrets, a confidentiality agreement binding each attorney, expert and party *must* be in place if you intend to review any documents with proprietary information or trade secrets.

*Privilege Issues.* Responsive documents may include communications with legal counsel for benefit plan sponsors that may be subject to attorney-client privilege. *See, e.g., Becher v. LILCO,* 129 F.3d 268 (2d Cir. 1997); *Coachman Industries Inc. v. Kemlite,* 2007 WL 3256654 (N.D. Ind. Nov. 2, 2007) (common interest work product). We will be in a better position to determine if this is the case once we have located and reviewed the documents sought.

Additionally, the documents you request likely include substantial quantities of electronically stored evidence requiring review – at your expense. Accordingly, a clawback agreement should be in place with all parties that may have access to Towers Watson's production of documents that will ensure that the protections against inadvertent waiver of privilege set forth in Federal Rule of Evidence 502 are fully ensured.

In the spirit of the Federal Rules of Civil Procedure and for the mutual benefit of all parties involved, please contact me at your earliest convenience so that we may to set forth guidelines binding on all parties regarding:

1. Reasonably limiting preservation obligations and offsetting non-party costs;
2. Reasonably limiting the volume and scope of any production;
3. Reasonably limiting the timeline of any production;
4. Reasonably limiting the format of any production;
5. A clawback and confidentiality order to address inadvertent waiver of privilege consistent with Federal Rule of Evidence 502; and
6. A confidentiality agreement.

Until such time as we meet and confer on these issues, Towers Watson will meet its reasonable preservation obligations at your expense but refrain from any collection or production efforts.





*Default Release of Litigation Holds.* We expect to confer with you and we must also address our right to release litigation holds in time. If you fail to respond to this letter within 60 days, we will take your non-action as evidence of abandonment of the subpoena and release our litigation hold. If we have produced responsive documents and not heard any additional requests within 60 days we will similarly treat our production obligation as satisfied and release all litigation holds. If you do not agree or expressly request us not to release all litigation holds, we will maintain the holds in place entirely at your cost and expense.

We will be in touch but in the meantime, please refrain from direct communications with any Towers Watson employees and direct all further communications to me. If you have any questions, contact me at 703-258-7464.

Very truly yours,

Paul A. Meyer
Managing Counsel
Global eDiscovery & Data Management

<u>Certificate of Service</u>

I hereby certify that on November 7, 2013, I served the attached document on the parties listed below via email:

| By email to Darcie R. Brault, Esq. at DBrault@MichWorkLaw.com | By email to Laura Capotosto at Lcapotosto@MWE.com |
|---|---|

Paul A. Meyer

McKNIGHT, McCLOW, CANZANO, SMITH & RADTKE, P.C.
*Attorneys at Law*
400 GALLERIA OFFICENTRE • SUITE 117
SOUTHFIELD, MI 48034-8460

TELEPHONE (248) 354-9650
FAX (248) 354-9656

SAMUEL C. McKNIGHT
JOHN R. CANZANO
LISA M. SMITH
DAVID R. RADTKE
DARCIE R. BRAULT
PATRICK J. RORAI

ELLEN F. MOSS 1956-2011

OF COUNSEL
JUDITH A. SALE
ROGER J. McCLOW

October 28, 2013

Keeper of the Records
Towers Watson
711 South Wacker Drive, Suite 2600
Chicago, IL 60606

Re: Reese v. CNH America

Dear custodian:

Enclosed please find a subpoena for documents regarding the above matter.

If you have any questions please contact me.

Sincerely,

McKNIGHT, McCLOW, CANZANO
SMITH & RADTKE, P.C.

Darcie R. Brault

DRB/sjc
Enclosure

# United States District Court
# Eastern District of Michigan



## *Subpoena in a Civil Case and Return of Service Form*

| Plaintiff(s): | | Defendant(s): |
|---|---|---|
| Jack Reese, et al | v. | CNH Global N.V. and CNH America LLC |

**TO:** Keeper of the Records
Towers Watson
711 South Wacker Drive, Suite 2600
Chicago, IL 60606

CASE NO. 04-70592
JUDGE Patrick J. Duggan

☐ SUBPOENA FOR ATTENDANCE AT TRIAL
☐ SUBPOENA FOR ATTENDANCE AT A DEPOSITION
☒ DOCUMENT PRODUCTION REQUEST ONLY
☐ PROPERTY INSPECTION REQUEST ONLY

| **COMMAND TO APPEAR** | YOU ARE HEREBY COMMANDED to appear at the place, date and time specified below to give testimony in the above case, and, if so indicated, to bring certain documents with you. |
|---|---|
| Place: | Date:<br>Time:<br>☐ APPEARANCE WITH DOCUMENTS (SEE DESCRIPTION BELOW)<br>☐ APPEARANCE WITHOUT DOCUMENTS |

| **COMMAND FOR DOCUMENTS** | YOU ARE HEREBY COMMANDED to have the following documents, objects or things delivered to the place listed below, or allow the inspection of the below-listed property at the date and time specified. |
|---|---|
| Place: Cornfield & Feldman LLP<br>25 East Washington, Suite 1400<br>Chicago, IL 60602 | Date: November 8, 2013<br>Time 10: AM |

Description of documents/items to be produced or property to be inspected:
All documents listed in Attachment A attached.

| This subpoena is issued by (name, address and telephone number of attorney:) | Date of execution | Signature of issuing attorney/court officer |
|---|---|---|
| Darcie R. Brault<br>McKnight, McClow, Canzano, Smith & Radtke, P.C.<br>400 Galleria Officentre, Suite 117<br>Southfield, MI 48034 | October 28, 2013<br>On behalf of the<br>☒ Plaintiff ☐ Defendant | [signature] |

**ATTACHMENT A**

**To Towers Watson Subpoena**

**INSTRUCTIONS AND DEFINITIONS**

A. For purposes of interpreting or construing the scope of this requests, the terms used shall be given their most expansive and inclusive interpretation.

B. The documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in the requests. See Fed. R. Civ. P. 34(b)(2)(E).

C. With respect to any document or information which you withhold, do not disclose. or exert a claim of privilege of non-disclosure, a statement shall be provided by your counsel which:

1. states the nature of the claim of non-disclosure or privilege;
2. states the names of the authors of the document;
3. states the names of the persons to whom the document was addressed and any other persons to whom the document was sent;
4. states the date of the document; or if no date appears, the dates on which it was prepared, sent, or received;
5. states the number of pages, attachments, and appendices of the document;
6. describes generally the nature, and subject matter of the document; and
7. states the name of the persons who have custody of the documents.

See Fed. R. Civ. P. 26(b)(5).

D. These requests shall be deemed to be continuing so as to require prompt, further, and supplemental response if you discover additional documents or information that should have been included in response to these requests after the time of initial response. See Fed. R. Civ. P. 26(e)(l).

E. CNH means Defendants CNH Global N.V. and CNH America LLC, its employees, officers, agents and lawyers, as well as any parent or subsidiary, including but not limited to CNH Industrial, Fiat Industrial, CNH Capital LLC and Fiat SpA.

F. Benefit Plan means any and all benefit plan sponsored in whole or in part by CNH in which any current or former CNH executive officer participates, including but not limited to, incentive pay plans, health insurance plans, health insurance plans, retirement plans, pension plans, 401(k) plans, deferred compensation plans, outsider directors compensation plans, performance and leadership bonus plans, equity incentive plans, stock option plans, non-qualified performance stock option award agreements; performance share unit award agreement restricted stock unit award agreements and equity incentive plan and pension plans, including both funded and unfunded pension plans and other plans.

**DOCUMENTS TO BE PRODUCED**

1. As to each Benefit Plan, and by plan, produce the following documents:

   A. The current Plan documents, including all amendments within the last ten (10) years;

   B. The current Summary Plan Description;

   C. The five most recent annual valuations of the Plan;

   D. Documents showing current Plan participants;

   E. Documents showing participants currently receiving a Plan benefit and, if the benefit is one paying a periodic payment, the amount of that payment;

   F. Records of contributions made to the Plan by the Plan sponsor or any other person, including but not limited to, participants.