UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK REESE, JAMES CICHANOFSKY,
ROGER MILLER,
and GEORGE NOWLIN on                           Hon. Patrick J. Duggan
behalf of themselves and
a similarly situated class,                    Case No. 04-70592

    Plaintiffs,

v.                                             **Class Action**

CNH GLOBAL N.V., formerly
known as Case Corporation,
and THE COMPANY LLC,

    Defendants.

---

# EXHIBIT I

## TO

### PLAINTIFFS' MOTION TO COMPEL
### THIRD PARTY SUBPOENA RESPONSE

# McDermott Will & Emery

Boston  Brussels  Chicago  Düsseldorf  Frankfurt  Houston  London  Los Angeles  Miami
Milan  Munich  New York  Orange County  Paris  Rome  Seoul  Silicon Valley  Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Joshua David Rogaczewski
Attorney at Law
jrogaczewski@mwe.com
+1 202 756 8195

November 8, 2013

BY FEDEX

Darcie R. Brault
McKnight, McClow, Canzano, Smith & Radtke, P.C.
400 Galleria Officentre, Suite 117
Southfield, Michigan 48034-8460

Re:   *Reese v. CNH Global N.V.*, Case 2:04-cv-70592-PJD-PJK (E.D. Mich. Filed Feb. 18, 2004)

Dear Darcie:

We have the subpoena for documents dated October 28 that Plaintiffs have attempted to serve on Scott Macey. We note that Mr. Macey has not been served with the subpoena, and that the subpoena is legally inoperative because it was issued from a court lacking jurisdiction over Mr. Macey. Nevertheless, with the intent of moving matters along as expeditiously as possible, Mr. Macey is voluntarily complying with the subpoena and has asked us to send to you documents that he has and that are responsive to it.

Mr. Macey's production will include all documents to which Plaintiffs are entitled under Federal Rule of Civil Procedure 26(a)(2) and (b)(4), including specifically all documents containing facts or data considered by Mr. Macey in forming his opinions (to the degree not already in Plaintiffs' possession). In short, Mr. Macey is not withholding any discoverable material within his custody and control.

Mr. Macey has also asked us to inform you of several objections to Plaintiffs' document requests. *First*, Mr. Macey finds objectionable Plaintiffs' attempt to define him as more than himself. It is unduly burdensome for Plaintiffs to expect Mr. Macey to collect documents from individuals or entities he does not control. Mr. Macey will provide Plaintiffs with the responsive documents that he has.

*Second*, Mr. Macey objects to Plaintiffs' demand for information related to his 2006 expert report and his June 2010 declaration. As you know, Plaintiffs asked in 2006 for the material relied upon by Mr. Macey in his expert report. Mr. Macey complied with that request with productions on June 5 and 6, 2006. As you also know, in March 2010, Plaintiffs asked CNH Global N.V. or CNH America LLC (referred to collectively as "CNH") for material related to portions of the June 2010 declaration. CNH complied with Plaintiffs' request. (CNHA055662–CNHA059030 and CNHA059332–CNHA059368.) It is highly burdensome—and cumulative—for Mr. Macey

U.S. practice conducted through McDermott Will & Emery LLP.
500 North Capitol Street N.W.  Washington, D.C.  20001-1531  Telephone: +1 202 756 8000  Facsimile: +1 202 756 8087  www.mwe.com

Darcie R. Brault
November 8, 2013
Page 2

to produce material to Plaintiffs that they have already requested and received in this case, and Mr. Macey need not produce them again.

*Third*, Mr. Macey objects to Plaintiffs' request for documents that were generated by Plaintiffs themselves, such as their discovery responses and their document productions. Plaintiffs obviously already have these documents, and it is cumulative to have Mr. Macey provide Plaintiffs with additional copies of their own documents. Accordingly, he is not doing so.

*Finally*, Mr. Macey objects to Plaintiffs' request for highly confidential material related to the ERISA Industry Committee. Although Mr. Macey is the president of ERIC, that group has nothing to do with the *Reese* case, and Mr. Macey has no obligation to obtain ERIC's records from ERIC—indeed, he is not authorized to remove those records—and produce them pursuant to a subpoena to him. Further, Mr. Macey has not used ERIC resources in his work for CNH, he has not pursued this matter while operating in his part-time employment with ERIC, and ERIC is not being compensated by CNH for Mr. Macey's work. Finally, aside from being irrelevant to Mr. Macey's expert report, much of the ERIC information sought by the subpoena is covered by several confidentiality obligations. For all these reasons, Mr. Macey is not producing ERIC's documents to Plaintiffs.

In sum, Mr. Macey is providing copies of any material he relied upon in his current expert report that Plaintiffs do not already have. They are enclosed.

Sincerely,

Joshua David Rogaczewski

Enclosures

DM_US 46585662-2.071485.0013