UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK REESE, JAMES CICHANOFSKY,
ROGER MILLER,
and GEORGE NOWLIN on                           Hon. Patrick J. Duggan
behalf of themselves and
a similarly situated class,                    Case No. 04-70592

    Plaintiffs,

v.                                             **Class Action**

CNH GLOBAL N.V., formerly
known as Case Corporation,
and THE COMPANY LLC,

    Defendants.

---

# EXHIBIT J

## TO

### PLAINTIFFS' MOTION TO COMPEL
### THIRD PARTY SUBPOENA RESPONSE

McKnight, McClow, Canzano, Smith & Radtke, P.C.

*Attorneys at Law*
400 Galleria Officentre • Suite 117
Southfield, MI 48034-8460

Telephone (248) 354-9650
Fax (248) 354-9656
email address:
dbrault@michworklaw.com

Samuel C. McKnight
John R. Canzano
Lisa M. Smith
David R. Radtke
Darcie R. Brault
Patrick J. Rorai

Ellen F. Moss 1956-2011

OF COUNSEL
Judith A. Sale
Roger J. McClow

November 13, 2013

**By Email and Regular Mail**
Joshua David Rogaczewski, Esq.
McDermott Will & Emery LLP
The McDermott Building
500 North Capital Street, Northwest
Washington, D.C. 20001

    Re:    *Reese v. CNH Global N.V.*

Dear Mr. Rogaczewski:

I am in receipt of your November 8, 2013 correspondence.

The documents you provided in response to the Macey and Stahl subpoenas were in .pdf form. Please provide them, as you have in the past, in dii format so we can load them into our document data base. If they can be sent to us electronically, that would be preferable.

Also, please identify by Bates numbers, which documents relate to which subpoena request so we can determine to which requests Mr. Macey has responded.

As to the individual objections, we likely disagree as to what is "discoverable" and what is not. We are requesting all documents that are responsive to the Subpoena regardless of whether CNH or Mr. Macey considers them to be "discoverable." If there are documents to which CNH or Mr. Macey objects to producing, please provide a detailed objection log.

Mr. Macey's first objection is to Plaintiffs' request for documents for individuals or entities he does not control. However, you do not identify any such individual or entity. Please do so that we can subpoena the documents from the appropriate persons and entities.

To the extent any of these documents are "confidential" or "proprietary," we agree to the entry of a protective order limiting the use of the documents to this litigation.

Mr. Macey's second objection is to documents relating to his 2006 expert report and 2010 declaration. Those documents were produced to us several years ago without Bates numbers and in binders with exhibit tabs. The documents were identified by Mr. Macey in his June 8, 2006 deposition generally. In order that all parties and Mr. Macey can easily refer to these documents, they should be Bates stamped and produced in response to the current subpoena.



McKnight, McClow, Canzano, Smith & Radtke, P.C.

Joshua David Rogaczewski, Esq.  *Attorneys at Law*
November 13, 2013
Page 2

The fact that Mr. Macey produced documents before his 2006 deposition or that CNH produced some documents in response to Plaintiffs' March 2013 document request (not a "March 2010" request), does not mean that Mr. Macey has fulfilled his obligations under the subpoena.

The subpoena is not "highly burdensome," given that is seeking documents relevant to two "expert" reports totaling nearly 100 pages and a 20 page declaration.

Mr. Macey's third objection is that he should not have to produce documents that were generated by Plaintiffs themselves. Plaintiffs obviously do have these documents, but, just as obviously, we do not know which of these documents Mr. Macey reviewed or relied on in preparing his two reports. Plaintiffs should not have to guess or waste everyone's time questioning Mr. Macey at his deposition about which documents he reviewed that Plaintiffs have produced. As you know, Mr. Lynne produced the documents that he reviewed from CNH's production and we ask that Mr. Macey do the same.

As to ERIC, Mr. Macey defines himself as the *President* of ERIC, in the *first sentence* of his qualifications. Documents relating to that organization are critical to determining Mr. Macey's qualification as an "expert," his bias and his credibility. Mr. Macey, as President of ERIC, has presumptive knowledge and control of the requested documents sought and, if he is unwilling to produce them, we will subpoena them.

We want to ensure that we will be able to complete Mr. Macey's deposition without having to adjourn it after we obtain documents from other entities he identifies, but has not produced, prior to his deposition. Mr. Macey cannot make statements based on documents (or information he received verbally from third parties) and attempt to exclude Plaintiffs from access to this information by claiming he now has no access to or control over that information.

Please provide assurance that Mr. Macey will fully comply with the subpoena.

Sincerely,

McKnight, McClow, Canzano,
Smith & Radtke, P.C.

Darcie R. Brault

DRB/sjc

