UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JACK REESE, FRANCES ELAINE PIDDE, JAMES CICHANOFSKY, ROGER MILLER, and GEORGE NOWLIN,<br><br>   Plaintiffs,<br><br>   v.<br><br>CNH GLOBAL N.V. and CNH AMERICA LLC,<br><br>   Defendants. | Case 2:04-cv-70592-PJD-PJK<br><br>Hon. Patrick J. Duggan, U.S.D.J.<br><br>Hon. Paul J. Komives, U.S. Mag. J. |

**CNH'S OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL
THIRD-PARTY SUBPOENA RESPONSE**

Norman C. Ankers (P30533)
(nankers@honigman.com)
Honigman Miller Schwartz and Cohn LLP
2290 First National Building
660 Woodward Avenue
Detroit, Michigan 48226
313.465.7306
313.465.7307 fax

Bobby R. Burchfield
(bburchfield@mwe.com)
Joshua David Rogaczewski
(jrogaczewski@mwe.com)
Laura J. Capotosto
(lcapotosto@mwe.com)
McDermott Will & Emery LLP
The McDermott Building
500 North Capitol Street, Northwest
Washington, D.C. 20001
202.756.8000
202.756.8087 fax

*Attorneys for CNH Global N.V. and CNH America LLC*

## CONCISE STATEMENT OF THE ISSUE PRESENTED

Has Scott Macey complied with Plaintiffs' subpoena—that was issued from the wrong court and never properly served—by providing all responsive documents within his possession, custody, or control?

# CONTROLLING OR MOST APPROPRIATE AUTHORITY FOR THE RELIEF SOUGHT

Federal Rule of Civil Procedure 26

Federal Rule of Civil Procedure 45, 28 U.S.C. app. (Supp. V 2011)

## INTRODUCTION

Plaintiffs' motion to enforce their invalid subpoena[1] to Scott Macey—a testifying expert disclosed by Defendants CNH America LLC and CNH Global N.V. ("CNH")—must be denied because Mr. Macey has already complied with the subpoena. Specifically, Plaintiffs have all documents requested that are in Mr. Macey's possession, custody, or control. There is simply nothing more for Mr. Macey to provide. Intent on moving this case to a final resolution, CNH has endeavored to explain this to Plaintiffs, who have nevertheless responded with a motion to compel. CNH urges the Court to deny Plaintiffs' motion and award CNH its fees and costs in opposing the motion.[2]

---

[1] The subpoena was executed for service on October 28 out of the Eastern District of Michigan for compliance in the District of Columbia. Thus, the subpoena predates the December 1, 2013, effective date of the recent amendments to Federal Rule of Civil Procedure 45, which allow nationwide service out of the court where the action is pending. Further, the subpoena was served on Adrienne Cooper, not Mr. Macey, on October 30. Although there are fatal defects in the subpoena, the defects are moot because (as shown) Mr. Macey has fully complied with the subpoena by producing responsive documents in his possession, custody, or control.

[2] Plaintiffs' motion sought initially to enforce subpoenas issued to Mr. Macey and Towers Watson (one of CNH's vendors). (R. 373, Pls.' Mot. 1.) Plaintiffs have since withdrawn the portion of their motion related to Towers Watson. (R. 377, Pls.' Withdrawal Mot. re Towers Watson 1.) Accordingly, CNH addresses only the portion of Plaintiffs' motion related to Mr. Macey.

# BACKGROUND

This long-running dispute, first filed in 2004, is on its second remand from the Sixth Circuit. In each of the prior appeals, the Sixth Circuit ruled that CNH may make reasonable changes to the health benefits of the retiree class, and remanded both times to the district Court for a determination of reasonableness. *Reese v. CNH Am., LLC*, 547 F.3d 315, 327 (6th Cir. 2009); *Reese v. CNH Am. LLC*, 694 F.3d 681, 685–86 (6th Cir. 2012). The second remand was necessitated because "[t]he plaintiffs and the district court misread the [first] panel opinion." 694 F.3d 685. The Sixth Circuit admonished that "[t]his long-running dispute needs to come to an end," observing that "it is particularly unfair to prolong the dispute when the status quo . . . not only favors just one party [Plaintiffs] but also risks mooting the economic stakes of the case for the other party [CNH]." *Id.* CNH is fully aware of its own strong financial interest in a prompt resolution of this case, and accordingly has made extensive efforts to accommodate Plaintiffs' increasingly bold discovery demands.

The current discovery dispute concerns CNH's designated expert Scott Macey. Mr. Macey is not new to Plaintiffs or this case. Seven years ago, in 2006, long before the first summary judgment ruling, CNH submitted an expert report from Mr. Macey. In 2010, on the first remand, Mr. Macey submitted a declaration in support of CNH's motion for approval of reasonable changes to Plaintiffs'

2

benefits. Now, on the second remand, CNH has submitted on October 17, 2013, a superseding expert report for Mr. Macey in full compliance with Rule 26(a)(2) and the Court's then-current scheduling order. The signed report at issue here sets forth: Mr. Macey's opinions (Ex. 1, Macey Exp. Rep. 1–3); the bases for them (*id.* at 3–45); information about his compensation as an expert (*id.* at 46); his qualifications (*id.* at 47–49); his articles from the last ten years (*id.* at 50–53); his testimony from the last ten years (*id.* at 54); the materials he reviewed or relied upon in developing his opinions (*id.* at 55–68); and his expert testimony from the previous four years (*id.* at 69).

Plaintiffs now seek wide-ranging discovery from Mr. Macey. On October 28, they issued a subpoena from this Court seeking documents from Mr. Macey (and separately have sought his deposition in a notice not at issue here). The subpoena (Exhibit 2 hereto) contained seventeen document requests. Mr. Macey served timely objections on November 8, only one of which—the relevance of certain documents that are in fact beyond Mr. Macey's control—appears pertinent to this motion. CNH also indicated that a great many documents relied on by Mr. Macey were previously provided to Plaintiffs in connection with his earlier submissions, and endeavored to provide the remaining documents. Also on November 8, CNH on behalf of Mr. Macey provided documents not previously provided.

3

Apart from one category of documents, discussed below, CNH believes that, notwithstanding Mr. Macey's objections, he has fully complied with the subpoena by providing:

- All documents considered by Mr. Macey in forming the opinions expressed in his 2006, 2010, and 2013 submissions (Req. Nos. 1, 3, 9, 10, 11, 13, 14, and 15), including documents provided to him by CNH (Req. Nos. 2 and 7), written reports in other cases (Req. No. 4), and articles published by Mr. Macey and those working for him (Req. No. 5).

- Mr. Macey has no documents responsive to the request for communications with CNH's other expert John Stahl (Req. No. 6), supporting data for the comparison chart in Mr. Macey's report, which is based on information in Mr. Stahl's expert report (Req. No. 12), and statements or notes regarding statements about vesting of retiree health care by unions or employers (Req. No. 17).

- Mr. Macey does not have, but CNH itself is producing in response to a later document request, documents relating to his billing for work in this case (Req. No. 8).

Thus, the only request at issue is Request Number 16, concerning documents "relating to the purpose or mission of" Mr. Macey's current employer, the ERISA Industry Committee ("ERIC"), including charter, by-laws, other organizational documents, and briefs filed by the organization, and Mr. Macey's employment arrangement and compensation. Mr. Macey timely objected to this request. Mr. Macey became President of ERIC on June 1, 2012. Mr. Macey has relied on none of the documents sought in Request Number 16, and like any other employee or officer of any organization is not authorized by the organization to produce *ERIC's*

4

*documents* in response to a *personal subpoena*. Accordingly, Mr. Macey objected to this request and has produced none of ERIC's documents.

On November 13, Plaintiffs responded to Mr. Macey's production with a litany of complaints, most of which were insubstantial and none of which were supported by authority. (R. 373 Ex. J, Brault–Rogaczewski Ltr. 1.)[3] On November 19, before Plaintiffs filed their motion, CNH's counsel responded to each of Plaintiffs' complaints and explained with citations why they lacked merit. (Ex. 3, Nov. 19, 2013, Rogaczewski–Brault Ltr. 1–4.) Rather than respond, Plaintiffs filed their motion. Plaintiffs' argument does nothing more than incorporate the November 13 letter from Plaintiffs' counsel, stating in addition only that

> Plaintiffs have addressed the stated objections (see Exhibit J [the November 13 letter]) and are simply seeking a full response so that 1) Plaintiffs can consider whether a rebuttal expert will be required and 2) Plaintiffs can prepare to depose the expert.

(R. 373, Pls.' Mot. 10.) The November 13 letter does not, however, take account of the documents produced or address the impropriety of Plaintiffs' effort to obtain

---

[3] Plaintiffs also made a number of petty logistical complaints about the production, including that Mr. Macey did not organize his production by the requests in the subpoena (*id.*); that he provide a catalog of all documents withheld, not just those that are privileged (*id.*); that the 2006 production was not re-produced with production numbers (*id.*); and that Mr. Macey did not re-produce what CNH produced in April 2013 and what Plaintiffs produced in discovery (*id.* at 2).

5

organizational documents with a subpoena addressed to an individual. Likewise, Plaintiffs make no effort to address CNH's response in its November 19 letter.

## ARGUMENT

Notwithstanding the defects in Plaintiffs' subpoena, Mr. Macey has provided Plaintiffs with *all* materials relied upon by Mr. Macey in his expert report, as well as *all* materials responsive to the subpoena that are in his possession, custody, or control. The produced documents included copies of articles, testimony, expert reports, and expert deposition testimony listed in the attachments to Mr. Macey's report and required by Request Number 1, and reiterated in Request Numbers 2, 7, 4, 5, and 9 through 14. Importantly, Plaintiffs have identified no document relied upon by Mr. Macey that has not been produced in this case. They have no basis to compel further production from Mr. Macey.[4]

---

[4] As noted, Plaintiffs complained that Mr. Macey did not organize his production by their request numbers and that he did not catalog all of his withheld documents. (R. 373 Ex. J, Brault–Rogaczewski Ltr. 1.) The rules required Mr. Macey to do neither. Mr. Macey produced documents as he kept them, as allowed by the rules. Fed. R. Civ. P. 45(d)(1)(A), 28 U.S.C. app. (Supp. V 2011). A catalog of withheld documents is required only for documents withheld on the basis of attorney–client privilege or work product protection; Mr. Macey withheld no such documents. *Id.* R. 45(d)(2)(A).

6

## I. MR. MACEY NEED NOT PRODUCE ERIC'S DOCUMENTS, WHICH ARE IRRELEVANT TO THIS MATTER AND ARE OUTSIDE MR. MACEY'S POSSESSION, CUSTODY, OR CONTROL.

The most significant (and CNH believes only) area of dispute regarding the subpoena is Plaintiffs' request for sensitive, confidential, and proprietary documents from ERIC, Mr. Macey's employer. (Ex. 2, Doc. Subp. Macey attach. A at 6.) Plaintiffs' request is objectionable for two basic reasons: lack of relevance and Mr. Macey's lack of control over the documents. Either objection is sufficient to discharge Mr. Macey's obligation under the subpoena.

Discovery is forbidden unless it is relevant to the claims and defenses in the case. *See* Fed. R. Civ. P. 26(b)(1). Plaintiffs contend that the ERIC materials are relevant to Mr. Macey's credibility. (R. 373, Pls.' Mot. 10.) ERIC has no connection to this case. Mr. Macey personally, and not ERIC, is CNH's expert. Mr. Macey has used no ERIC resources in performing work for CNH. When testifying, Mr. Macey will speak for CNH and not for ERIC. Indeed, Mr. Macey was employed by Aon Corporation when CNH retained him almost a decade ago. ERIC is his second employer since Aon, and ERIC's documents are no more relevant than analogous documents from the law firm of Covington & Burling LLP, his immediately prior employer, or any of his several other employers. These materials

7

have no bearing on Mr. Macey's credibility, which will stand on Mr. Macey's work.[5]

Further, Mr. Macey does not have control over the documents. He is the president of ERIC, but Mr. Macey cannot simply turn over the organization's documents in response to a subpoena served on him as an individual and not as a representative of ERIC. *See, e.g.*, *Estate of Ungar v. Palestinian Auth.*, 412 F. Supp. 2d 328, 329 (S.D.N.Y. 2006) (issuing subpoena for testimony but instructing that the subpoena would *not* command production of corporate documents notwithstanding respondent's position as chairman of the corporate body). Plaintiffs have cited no authority to contradict this settled precept.

## II. MR. MACEY CANNOT BE COMMANDED TO PRODUCE MATERIAL THAT IS NOT IN HIS POSSESSION, CUSTODY, OR CONTROL.

Mr. Macey's responsibilities under a subpoena are to produce material in his "possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii), 28 U.S.C. app. (Supp. V 2011).[6] Mr. Macey cannot be compelled to produce material he does not

---

[5] Mr. Macey's compensation or employment agreement with ERIC is irrelevant to this case. The rules allow Plaintiffs to learn how much CNH is compensating Mr. Macey for his work, not compensation Mr. Macey receives elsewhere.

[6] Plaintiffs purport to define "Scott Macey" to include "any and all of his associates, including but not limited to Michael Chittenden and other employees or agents of ERIC." (Ex. 2, Doc. Subp. Macey attach. A at 2.) Plaintiffs cannot

(continued . . .)

have. As CNH has told Plaintiffs' counsel, Mr. Macey has no records of communications between him and counsel that fall within the scope of Rule 26(b)(4)(A) (No. 3). He has never communicated with CNH or Mr. Stahl. (No. 6). He has no copies of billing records for this matter (but CNH is producing those records in timely response to a Rule 34 request) (No. 8). He has no documents related to the relative value calculations included in his now-superseded June 2010 declaration, which are not included in his current expert report (No. 15). Finally, Mr. Macey has no notes of oral statements made in bargaining about retiree health issues (No. 17).

### III. MR. MACEY NEED NOT ENGAGE IN DUPLICATIVE PRODUCTION.

On November 8, Mr. Macey produced to Plaintiffs only those materials that had not already been produced to Plaintiffs (either by him in 2006 or by CNH in April 2013) or by Plaintiffs. Contrary to Plaintiffs' unsupported complaints, Mr. Macey was not required to re-produce these materials, which would either be cumulative of other discovery requests or available from Plaintiffs themselves. In either case, such discovery is forbidden under the rules. *See* Fed. R. Civ. P. 26(b)(2)(C)(i) ("[T]he court must limit the frequency or extent of discovery

---

improperly expand Mr. Macey's production obligation by defining "him" to be something that he is not.

9

otherwise allowed by these rules or by local rule if it determines that . . . the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive . . . .").

Mr. Macey's approach in this matter is appropriate, considering the previously produced material is easy to locate. By Plaintiffs' own admission, the 2006 production consisted of "*binders with exhibit tabs*." (R. 373 Ex. J, Nov. 13, 2013, Brault–Rogaczewski Ltr. 1 (emphasis added).)[7] Further, Mr. Macey identified *by production number* the materials in the April 2013 production that related to his expert report. (R. 373 Ex. I, Nov. 8, 2013, Rogaczewski–Brault Ltr. 1.) Finally, Plaintiffs complain that they cannot discern which of their documents Mr. Macey used. To the contrary, Mr. Macey's report identifies specific discovery responses (e.g., Plaintiff Reese's Responses to CNH's Second Set of Interrogatories to Plaintiffs) and specific documents (e.g., 2010, 2011, and 2012 tax returns and related documents for Jack Reese and Nancy Reese). (Ex. 1, Macey Exp. Rep. 65–66.) Plaintiffs are capable of locating these materials without Mr. Macey or CNH undertaking the wasteful effort of re-producing them.

---

[7] Plaintiffs belatedly complain—seven years after the fact—that the 2006 material lacked production numbers. The rules do not require production numbers, and Plaintiffs themselves produced documents earlier this year without production numbers.

10

## CONCLUSION

As explained above, Mr. Macey has already complied with Plaintiffs' subpoena, and Plaintiffs have all materials cited or listed in Mr. Macey's expert report. Accordingly, CNH urges the Court to deny Plaintiffs' motion and award CNH its fees and costs in connection with Plaintiffs' motion.

Dated: December 6, 2013

Norman C. Ankers (P30533)
(nankers@honigman.com)
Honigman Miller Schwartz and Cohn LLP
2290 First National Building
660 Woodward Avenue
Detroit, Michigan 48226
313.465.7306
313.465.7307 fax

Respectfully submitted,

s/Joshua David Rogaczewski
Bobby R. Burchfield
(bburchfield@mwe.com)
Joshua David Rogaczewski
(jrogaczewski@mwe.com)
Laura J. Capotosto
(lcapotosto@mwe.com)
McDermott Will & Emery LLP
The McDermott Building
500 North Capitol Street, Northwest
Washington, D.C. 20001
202.756.8000
202.756.8087 fax

*Attorneys for CNH Global N.V. and CNH America LLC*

11

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2013, I electronically filed the foregoing **CNH'S Opposition to Plaintiffs' Motion To Compel Third-Party Subpoena Response** with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants.

s/Joshua David Rogaczewski
Joshua David Rogaczewski
(jrogaczewski@mwe.com)
McDermott Will & Emery LLP
The McDermott Building
500 North Capitol Street, Northwest
Washington, D.C. 20001
202.756.8195
202.591.2757 fax
