# EXHIBIT 3



Boston  Brussels  Chicago  Düsseldorf  Frankfurt  Houston  London  Los Angeles  Miami
Milan  Munich  New York  Orange County  Paris  Rome  Seoul  Silicon Valley  Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Joshua David Rogaczewski
Attorney at Law
jrogaczewski@mwe.com
+1 202 756 8195

November 19, 2013

BY FEDEX

Darcie R. Brault
McKnight, McClow, Canzano, Smith & Radtke, P.C.
400 Galleria Officentre, Suite 117
Southfield, Michigan 48034-8460

Re:  *Reese v. CNH Global N.V.*, Case 2:04-cv-70592-PJD-PJK (E.D. Mich. filed Feb. 18, 2004)

Dear Darcie:

I write in response to your November 13 letter regarding Plaintiffs' "subpoena" to Scott Macey.

As an initial matter, I remind you that the subpoena Plaintiffs issued is legally unenforceable against Mr. Macey. It was issued from the United States District Court for the Eastern District of Michigan notwithstanding the fact that it commanded production of documents in the District of Columbia. *See* Fed. R. Civ. P. 45(a)(2)(C) (requiring subpoenas for production of documents to be issued by "the court for the district where the production or inspection is to be made"). Further, Mr. Macey has never been served with the subpoena. *See id.* R. 45(b)(1) (explaining that service "requires delivering a copy to the named person"). Accordingly, any motion to compel must be filed in the United States District Court for the District of Columbia.

Nevertheless, Mr. Macey has voluntarily provided Plaintiffs with everything in his possession, custody, or control to which Plaintiffs are entitled under the principles of expert discovery. Accordingly, even if the subpoena were enforceable, Mr. Macey believes that he has discharged his obligations under it.

Regarding the arguments in your letter, *first*, Mr. Macey will not be identifying the document requests to which documents are responsive. He produced documents "as they are kept in the ordinary course of business." *Id.* R. 45(d)(1)(A) (requiring production as kept in the ordinary course of business *or* labeled to correspond to categories in the subpoena). He need not—and Plaintiffs cannot compel him to—do more.

*Second*, Plaintiffs can take whatever position they want on the scope of expert discovery, but the rules are clear. Mr. Macey has been disclosed as a testifying expert. Accordingly,

Darcie R. Brault
November 19, 2013
Page 2

- Plaintiffs are entitled to an expert disclosure in accordance with Federal Rule of Civil Procedure 26(a)(2); Mr. Macey has provided that;

- Plaintiffs have asked Mr. Macey for the materials listed in his expert disclosure as those he considered or relied upon; Mr. Macey or CNH has provided them; and

- Plaintiffs can seek materials excepted from the trial-preparation-material protections in Rule 26(b)(4)(B) and (b)(4)(C); to the extent such materials exist or are in Mr. Macey's possession, custody, or control, he has provided them.

- Plaintiffs are entitled to take Mr. Macey's deposition, *id.* R. 26(b)(4)(A). We have proposed—and you have rejected—several dates when Mr. Macey could have been available.

To the extent Plaintiffs seek more expansive discovery from Mr. Macey, it is improper. Further, Mr. Macey is not obligated to prepare a "detailed objection log" for documents not provided. At most, the rules require Mr. Macey to provide a catalog of documents withheld as privileged or as trial preparation material. *See id.* R. 45(d)(2). Mr. Macey, however, has no such materials in his possession, custody, or control.

*Third*, Mr. Macey is obligated to provide only those materials in his possession, custody, or control. *See id.* R. 45(a)(1)(A)(iii) (allowing subpoenas commanding a person to produce documents in his "possession, custody, or control"). Plaintiffs cannot circumvent this restriction by defining Mr. Macey—an individual—to include "any and all of his associates, including but not limited to Michael Chittenden and other employees or agents or ERIC." Mr. Macey has no control over former colleagues such as Mr. Chittenden. And because ERIC has nothing to do with this case (as discussed below), Mr. Macey has no control—regarding this matter—over ERIC, its employees, or its agents. You intimate that Plaintiffs will subpoena documents from "the appropriate persons and entities." That would be a waste of time and resources, including those of the Court, which would be called upon to quash Plaintiffs' efforts to obtain discovery from individuals and entities that have nothing to do with this matter.

*Fourth*, most of Mr. Macey's materials are public and require no additional confidentiality provision. The materials that are marked confidential are done so under existing protective orders. To be sure, there are materials Plaintiffs want—related for the most part to ERIC—that would be confidential, but those materials are irrelevant and outside the scope of discovery. Mr. Macey does not believe he is withholding any properly requested information because of confidentiality restrictions.

*Fifth*, Mr. Macey will not be providing Plaintiffs with materials they have already been provided in discovery. Such discovery is plainly objectionable. *See id.* R. 26(b)(2)(C)(i) (prohibiting discovery that "is unreasonably cumulative"). Plaintiffs complain that the 2006 production lacked production numbers. The rules do not require production numbers, but if Plaintiffs care

Darcie R. Brault
November 19, 2013
Page 3

that much, they are more than welcome to apply production numbers to the 2006 production. (That is what we did when the UAW produced documents this year without production numbers.) There is no reason for CNH to undertake the labor of re-producing information that was already produced to Plaintiffs.

*Sixth*, Mr. Macey will not be providing Plaintiffs with materials that they themselves produced (and presumably have), because such material "can be obtained from some other source that is more convenient, less burdensome, or less expensive," i.e., Plaintiffs themselves. *Id.* Your complaint that failure to provide such materials will leave Plaintiffs to "guess" as to what those materials are or "waste everyone's time" at Mr. Macey's deposition asking him to identify the materials is baseless. Mr. Macey's expert disclosure lists clearly the materials he considered or relied upon that Plaintiffs provided in discovery. (CNH's Fed. R. Civ. P. 26(a)(2) Disc. Ex. 1, Macey Exp. Rep. attach. E at 65–66.)

*Seventh*, Plaintiffs' request that Mr. Macey produce materials owned by ERIC is objectionable. As stated in my November 8 letter, CNH's expert in this matter is Mr. Macey; ERIC is not CNH's expert. Further, Mr. Macey has been careful to utilize no ERIC resources in this matter. Relatedly, CNH will not be compensating ERIC for Mr. Macey's work in this matter. Accordingly, Plaintiffs have *no* cause for their request for ERIC's charter, by-laws, and organizational documents; Mr. Macey's contractual arrangements with ERIC; identification of ERIC's funding sources; or ERIC's work product, whether in the form of amicus curiae briefs, proposed legislation, or any other material. None of this material is relevant to this case. Moreover, because Mr. Macey's service as an expert in this case is entirely distinct from his tenure as president of ERIC, he is not the appropriate recipient of a subpoena for the organization's documents. If Plaintiffs attempt to subpoena this information from ERIC, we will move swiftly for a protective order to preclude this discovery, and we will seek our fees and costs.

*Eighth*, your contention that the subpoena is not overly burdensome because the subpoena purports to respond to over one hundred pages of expert disclosures is flawed legally and logically. To be clear, what matters at this point under Rule 26 is Mr. Macey's *current* expert disclosure. To the extent the current disclosure incorporates material from his 2006 disclosure or his 2010 declaration, the supporting material has been listed and has been provided to Plaintiffs. It has not been burdensome for Mr. Macey (and CNH) to provide Plaintiffs with responses to proper expert discovery. What is burdensome is Plaintiffs' attempt to go far outside the scope of proper expert discovery.

*Finally*, you asked us to re-send our experts' production materials in a different format. Although this request is unusual, we are voluntarily enclosing a disc containing the expert-related production in your desired format.

CNH has attempted in good faith to respond promptly to discovery and avoid discovery disputes whenever possible, but it is apparent that nothing will satisfy Plaintiffs' desires. Further, it is

Darcie R. Brault
November 19, 2013
Page 4

evident to us that Plaintiffs intend to initiate whatever discovery dispute they can, even if such dispute is illusory, in an effort to delay these proceedings. We will continue to oppose these efforts.

Sincerely,

Joshua David Rogaczewski

Enclosure

DM_US 46837384-2.071485.0013