UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK REESE, FRANCES ELAINE PIDDE,
JAMES CICHANOFSKY, ROGER MILLER,
and GEORGE NOWLIN, on behalf of themselves
and a similarly situated class,

      Hon. Patrick J. Duggan

    Plaintiffs,

      Case No. 04-70592

v.      **Class Action**

CNH GLOBAL N.V., formerly
known as Case Corporation,
and CNH AMERICA LLC,

    Defendants.

_____/

| | |
|---|---|
| David R. Radtke (P47016) | Norman C. Ankers (P30533) |
| Darcie R. Brault (P43864) | HONIGMAN MILLER |
| McKNIGHT, McCLOW, CANZANO | SCHWARTZ AND COHN LLP |
| SMITH & RADTKE, P.C. | Attorneys for Defendants |
| Attorneys for Plaintiffs Reese, et al. | 2290 First National Building |
| 400 Galleria Officentre, Suite 117 | 660 Woodward Avenue |
| Southfield, MI 48034 | Detroit, MI 48226 |
| (248) 354-9650 | (313) 465-7000 |
| | |
| | Bobby R. Burchfield, Esq. |
| | McDERMOTT WILL & EMERY |
| | McDermott Will & Emery |
| | The McDermott Building |
| | 500 North Capital Street, Northwest |
| | Washington, D.C. 20001 |
| | (202) 756-8000 |

_____/

**JOINT LIST OF RESOLVED AND UNRESOLVED ISSUES FOR
PLAINTIFF'S MOTION TO COMPEL THIRD PARTY SUBPOENA
RESPONSE Doc # 373**

Now come the parties and submit as their Joint List of Resolved and Unresolved Issues Relative to Plaintiffs' Motion to Compel Third Party Subpoena Response as follows:

Plaintiffs filed their Motion to Compel on November 19, 2013, seeking the Court's compulsion of responses to two third party subpoenas, one to Towers Watson and one to Defendant CNH's expert, Scott Macey, Docket No. 373.

Plaintiffs filed a Notice of Withdrawal of Plaintiffs' Motion to Compel Third Party Subpoena Response (Docket No. 377 on December 2, 2013 as to the Towers Watson subpoena, only.

Defendant CNH responded to the Motion on December 6, 2013, Docket No. 383.

This Court requested a "List of Resolved and Unresolved Issues" prior to the December 16, 2013 hearing date.

Attached as Exhibit A is a table reflecting the issues which have been resolved and those unresolved.

| | |
|---|---|
| McKNIGHT, McCLOW, CANZANO, SMITH & RADTKE, P.C. | McDERMOTT WILL & EMERY LLP |
| By:  /s/ Darcie R. Brault  <br>Darcie R. Brault (P43864)<br>Attorneys for Plaintiffs<br>400 Galleria Officentre, Suite 117<br>Southfield, MI  48034<br>(248) 354-9650<br>dbrault@michworklaw.com | By:  /s/ Joshua D. Rogaczewski  <br>Joshua D. Rogaczewski<br>Attorneys for Defendants<br>500 North Capitol Street, N.W.<br>Washington, D.C.  20001<br>(202) 756-8000<br>jrogaczewski@mwe.com |

| TOWERS WATSON SUBPOENA | RESOLVED, Docket No. 377 | |
| --- | --- | --- |
| SCOTT J. MACEY SUBPOENA | UNRESOLVED (see below) | |
| | **Defendants' Position** | **Plaintiffs' Position** |
| Issue re defects in subpoena | Plaintiffs' subpoena was issued from the wrong court and was not served on Mr. Macey. Nevertheless, Mr. Macey complied with the subpoena as if it had been properly issued.<br><br>CNH timely responded to Plaintiffs' request for production of documents and is producing responsive documents the week ending December 13. | Plaintiffs do not contest that the subpoena is defective in that it was issued in accordance with the new Fed. R. Civ. Pr. 45 prematurely, but does assert that it was served on Mr. Macey and that he voluntarily responded, albeit with objections. Further, the issue is not moot, as Plaintiffs requested the same information pursuant to a Request for Production of Documents, which Defendant responded to by objecting and indicating it would "produce responsive, non-privileged documents to the extent they can be located after a reasonable search." No responsive documents were received as of the date of filing.. |
| Issue with form of response: | Mr. Macey produced all documents in his possession, | Defendants limited their response to those documents |

| | |
|---|---|
| they describe as "discoverable" and for the most part claim that the documents were previously produced.<br><br>Plaintiffs requested that Defendant CNH identify those documents by bates stamp and indicate which numbered request to which the documents correspond. Defendants refuse.<br><br>Plaintiffs also requested an objection log in that it is impossible to know which documents are subject to which objection.<br><br>Plaintiffs also asked that to the extent the objection posed is that some other individual or entity possesses the information, CNH identify that individual or entity so that a subpoena can be issues. Defendant CNH declined.<br><br>To the extent the objection posed is that the information is | custody, or control and that had not already been produced to Plaintiffs or by Plaintiffs. Mr. Macey withheld no documents on the grounds of attorney–client privilege or work product. Mr. Macey produced documents as they were kept in the ordinary course of business.<br><br>The ERIC documents (Req. 16) would be highly confidential, but they are both irrelevant and outside Mr. Macey's legal possession, custody, or control. |

| | | |
|---|---|---|
| 1. All documents that you considered or reviewed in forming your opinions in this case, including all documents listed or cited in your March 13, 2006 Expert Report (to the extent not previously produced), in preparation for your deposition in June of 2006, in your June 20, 2010 Declaration, and the "Expert Report of Scott J. Macey" dated October 17, 2013 report and all notes written about or on the documents listed or cited in your report, including but not limited to:<br><br>A. Copies of all articles listed in "Attachment C" to the "Expert Report of Scott J. Macey" dated October 17, 2013<br><br>B. Transcripts of testimony provided by Scott J. Macey listed in "Attachment D" to the "Expert Report of Scott J. Macey" dated | Mr. Macey (or CNH) has produced to Plaintiffs (i) every item listed in his 2006 and 2013 expert reports and (ii) every item in his 2010 declaration that is in his possession, custody, or control. He has not produced those that came from Plaintiffs themselves or were already produced to Plaintiffs. He has also provided copies of the articles he authored, testimony he has provided, and previous expert reports.<br><br>The 2006-produced documents were organized in binders. Other documents were produced earlier this year, and Mr. Macey identified those by production number. There is no need to re-produce these items. | "confidential" or "proprietary," Plaintiffs agreed to the entry of a protective order, but no further action was taken by Defendant CNH.<br><br>Plaintiffs requested that Defendant CNH identify, by bates number, the responsive documents and if that cannot be accomplished for the documents that Mr. Macey had in his binder during his deposition in 2006, they should be bates stamped and reproduced.<br><br>Mr. Macey identifies hundreds of documents in his expert report. Under the circumstances, Plaintiffs request for those documents (or to identify those already produced) is only as voluminous as the documents he reviewed and it cannot be argued to be "highly burdensome" to comply with the request to provide the bates numbers or to reproduce the documents. |

| | | |
|---|---|---|
| October 17, 2013<br><br>C. Copies of all documents reviewed or relied upon to develop opinions as listed in "Attachment E" to the "Expert Report of Scott J. Macey" dated October 17, 2013<br><br>D. Transcript of deposition testimony of Scott Macey in *Sloan v. BorgWarner Inc.*, Case 2:09-cv-10918-PDB-MKM (E.D. Mich. filed Mar. 11, 2009) as listed in "Attachment F" to the "Expert Report of Scott J. Macey" dated October 17, 2013. | | |
| 2. All documents provided to you by CNH, or any other person or entity in connection with your work in this case, including, but not limited to, any documents provided to you for purposes of your March 13, 2006 Expert Report (to the extent not previously produced), in preparation for your deposition in June of 2006, in your June 20, 2010 Declaration, and the "Expert Report of Scott J. Macey" | These documents have been produced in response to Request 1, which subsumes this request. | The information is relevant to the witness' qualifications, opinions and potential bias and should be produced. |

| | | |
|---|---|---|
| dated October 17, 2013 report, whether or not referred to or relied upon therein. | | |
| 3. All communications regarding your March 13, 2006 Expert Report (to the extent not previously produced), in preparation for your deposition in June of 2006, in your June 20, 2010 Declaration, and the "Expert Report of Scott J. Macey" dated October 17, 2013 report, or regarding this case in general between you and CNH's counsel to the extent that the communications relate to compensation for your report or testimony, identify facts or data that CNH's counsel provided and you considered in forming your opinions in this case, or identify assumptions that Defendants' counsel provided and you relied on in forming your opinions in this case. See Fed. R. Civ. P. 26(b)(4)(C). | Mr. Macey has no such documents in his possession, custody, or control. | The information is relevant to the witness' qualifications, opinions and potential bias and should be produced. |
| 4. All written reports prepared by you or anyone listed in your March 13, 2006 or October 17, 2013 report pursuant to Federal Rule of Civil Procedure 26(a)(2)(B), or other documents or materials prepared by you to fulfill a | To the extent Plaintiffs want Mr. Macey's prior expert reports; these documents have been produced in response to Request 1, which subsumes this request. | The information is relevant to the witness' qualifications, opinions and potential bias and should be produced, even if Mr. Macey is required to contact his former employer for the information as |

| | | |
|---|---|---|
| similar function, that have been produced in the course of a dispute wherein you have testified as an expert at trial or by deposition within the preceding four years from the date of this Request. | To the extent Plaintiffs want others' prior expert reports, Mr. Macey has no such documents in his possession, custody, or control | he was in an agency relationship with Aon at the time of his original retention, report, testimony and declaration |
| 5. All published materials that concerning retiree health benefits that you, or anyone listed as having assisted you in your March 13, 2005 or October 17, 2013 report, have authored (in whole or in part). | To the extent Plaintiffs' want materials authored by Mr. Macey and are within the last ten years, these documents have been produced in response to Request 1, which subsumes this request.<br><br>To the extent Plaintiffs want older materials or materials authored by others, Mr. Macey has no such documents in his possession, custody, or control. | The information is relevant to the witness' qualifications, opinions and potential bias and should be produced.<br><br>This issue appears to be RESOLVED. |
| 6. Any and all communications with CNH or other person representing himself or herself as associated with CNH, including but not limited to John F. Stahl or any of his associates, related to the request for, production of, or information contained in your March 13, 2006 Expert Report (to the extent not previously produced), in preparation for | Mr. Macey has no such documents in his possession, custody, or control.<br><br>The portions of John Stahl's report that Mr. Macey used (the exhibits) were finalized before Mr. Stahl's report was finalized. Indeed, the exhibits include some | In its response to the Motion to Compel, Defendants assert it has no responsive documents re: communications with Stahl, but does not respond regarding CNH more generally. However, while Macey purports to have no communications with Stahl, he later admits that he used Stahl's |

| | | |
|---|---|---|
| your deposition in June of 2006, in your June 20, 2010 Declaration, and the "Expert Report of Scott J. Macey" dated October 17, 2013 report, including but not limited to notes, recordings and electronic mail. | of the same information provided in April to Plaintiffs in response to interrogatories. | expert report to compile a comparison chart. What Macey had in his possession from Stahl when he compiled his report should be produced. |
| 7. All documents provided to you by CNH or any other person or entity in connection with his work in this case, including but not limited to, any documents provided to him for the purposes of his March 13, 2006 Expert Report, preparation for his deposition testimony on June 8, 2006, his June 20, 2010 Declaration and the "Expert Report of Scott J. Macey" dated October 17, 2013, whether or not referred to or relied upon therein. | These documents have been produced in response to Request 1, which subsumes this request. | The information that was provided by Defendant is in part made only by reference to unmarked documents, which themselves, were no provided or identified. Plaintiffs have requested that the documents be produced. |
| 8. Any and all billing records, including but not limited to any records which reflect the amounts billed or paid, and for what services it was billed or paid, related to the *Reese* litigation, the CNH current benefit plan for the *Reese* class, and the CNH proposed plan for the *Reese* class. | Mr. Macey has no such documents in his possession, custody, or control.<br><br>CNH timely responded to Plaintiffs' request for production of documents and is producing responsive documents the week | The information is relevant to the witness' qualifications, opinions and potential bias and should be produced. Defendant contends that Macey should not be required to produce his billing, but CNH will. CNH has not as of this submission. |

| | | |
|---|---|---|
| | ending December 13. | The information is relevant to the witness' qualifications, opinions and potential bias and should be produced. To the extent it has been produced, the responsive documents should be identified as responsive to this request, e.g. by bates stamp. |
| 9. All documents reflecting the representations made at pages 12 through 22 of the "Expert Report of Scott J. Macey," dated October 17, 2013, including but not limited to all the collective bargaining agreements for referenced provisions, negotiations, and agreements, including but not limited to the 2012 bargaining agreement between United Steelworkers and United States Steel, the 2013 bargaining agreement between AT&T and the CWA for Connecticut telecommunication workers, each of the collective bargaining agreements between AT&T and the CWA and the IBEW from 1989 through present, between Lucent, and/or Alcatel-Lucent, the CWA and the IBEW from 2004 to present, Goodyear and United Steelworkers of America from 1998 through 2005, between General Motors and Ford and the UAW referenced at pp. 17 and 18 of the report, any and all plan documents (including but not limited to SPDs) related to the collective bargaining agreements related to retiree healthcare benefits, any and all bargaining history | These documents have been produced in response to Request 1, which subsumes this request. | |

| | | |
|---|---|---|
| notes/documents which reflect the context of the provisions referenced in the report, and any and all documents reflecting tradeoffs made in exchange for the referenced provisions. | | |
| 10. "Cost of Healthcare Coverage" letter referred to at p. 21 of the "Expert Report of Scott J. Macey" dated October 17, 2013 and any and all documents or statements upon which you rely for the conclusion that elimination of prescription drug coverage is "consistent" with the principles set forth in that letter. | These documents have been produced in response to Request 1, which subsumes this request. | The information is relevant to the witness' qualifications, opinions and potential bias and should be produced. To the extent it has been produced, the responsive documents should be identified as responsive to this request, e.g. by bates stamp. |
| 11. All documents relied upon regarding EMBARQ, referenced at p. 22 of the "Expert Report of Scott J. Macey" dated October 17, 2013. | These documents have been produced in response to Request 1, which subsumes this request. | The information is relevant to the witness' qualifications, opinions and potential bias and should be produced. To the extent it has been produced, the responsive documents should be identified as responsive to this request, e.g. by bates stamp. |
| 12. For the Comparison table that appears at page 28 of the "Expert Report of Scott J. Macey" dated October 17, 2013, provide all of the underlying data, including the claims data used to | These documents have been produced in response to Request 1, which subsumes this request. | Defendant contends that it has no responsive documents. However, Defendants claim that Macey relied upon Stahl's expert report, which is dated |

| | | |
|---|---|---|
| determine the per-capita claim values, including but not limited to claims history and demographic information, e.g. age, race, gender, etc. | The portions of John Stahl's report that Mr. Macey used (the exhibits) were finalized before Mr. Stahl's report was finalized. Indeed, they exhibits include some of the same information provided in April to Plaintiffs in response to interrogatories. | contemporaneously with Mr. Macey's report. Plaintiff seeks the documents that Macey had at the time he authored his report. To the extent it has been produced, the responsive documents should be identified as responsive to this request, e.g. by bates stamp. |
| 13. For the statement: "After agreeing to change benefits for existing and future retirees, the companies and the UAW sought and received federal district-court approval of these various design and funding changes," please produce any and all documents or information in support of this claim, including but not limited to information sufficient to identify the litigation to which you refer at page 36 of the "Expert Report of Scott J. Macey" dated October 17, 2013. | These documents have been produced in response to Request 1, which subsumes this request. | The information is relevant to the witness' qualifications, opinions and potential bias and should be produced. To the extent it has been produced, the responsive documents should be identified as responsive to this request, e.g. by bates stamp. |
| 14. For the statement: "The UAW has agreed with companies other than CNH America to periodic plan changes for both existing and future retirees (although the UAW sometimes | These documents have been produced in response to Request 1, which subsumes this request. | The information is relevant to the witness' qualifications, opinions and potential bias and should be produced. To the extent it has been produced, the responsive |

| | | |
|---|---|---|
| seeks court approval of cutbacks and cost increases to which it had already agreed for existing retirees)," please produce any and all documents or information in support of this claim, including but not limited to information sufficient to identify the litigation to which you refer at page 34 of the "Expert Report of Scott J. Macey" dated October 17, 2013. | | documents should be identified as responsive to this request, e.g. by bates stamp. |
| 15. All documents containing or relating to the "relative value" calculations, including but not limited to all underlying plan documents, plan design information, the "methodology standard in the industry," and the Aon database and the programs, on which your statements in paragraphs 27 through 30 of your June 30, 2010 Declaration are, in any way, based. | Mr. Macey has no such documents in his possession, custody, or control.<br><br>Further, Mr. Macey will not provide testimony equivalent to what was provided in paragraphs 27 through 30 of his 2010 declaration. | The information is relevant to the witness' qualifications, opinions and potential bias and should be produced.<br><br>Defendants' claim that this opinion of Macey's is now "superseded" cannot erase the fact that Macey did a relative valuation of the plans. Plaintiffs intend to ask him about his relative value calculations when he is deposed. |
| 16. All documents relating to the purpose or mission of the ERISA Industry Committee, to the Committee's charter, by-laws or other organizational documents, to your position and | None of these materials are relevant to Mr. Macey's work for CNH in this case. Mr. Macey wasn't even with ERIC when he began working on this case, | CNH has made no showing that ERIC's records are "highly confidential" or that Macey, as President, has no access to ERIC records. The information is |

| | | |
|---|---|---|
| contractual employment arrangement with that Committee, to your compensation with that Committee and to corporate, association or individual funding of the Committee for the last five years; as well as all copies of all briefs, proposed legislation, press releases and other formal communications, blog posts and other written or electronic communications related to retiree benefit issues. | nearly seven years ago. Mr. Macey has not used ERIC resources on this case and he is not appearing in this case as ERIC's president.<br><br>Moreover, Mr. Macey does not have possession, custody, or control over these documents. Plaintiffs are confusing physical access with legal possession, custody, and control. | related to Macey's qualifications and potential bias: ERIC is a lobbying group advocating for the interests of employers and Macey is the President. If he is being paid for actively lobbying the government relative to the laws governing retiree healthcare, the information requested regarding his current employer clearly goes to witness bias. |
| 17. All written statements or notes of oral statements of individual employer or union bargainers in your possession relating to the vesting of retiree health care or to the issue of their intent when bargaining about retiree health care benefits. | Mr. Macey has no such documents in his possession, custody, or control. | Defendants contend for the first time in response to this motion that they have no responsive documents.<br><br>This issue appears to be RESOLVED. |