UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK REESE, JAMES CICHANOFSKY,
ROGER MILLER,
and GEORGE NOWLIN  on                Hon. Patrick J. Duggan
behalf of themselves and
a similarly situated class,                Case No. 04-70592

       Plaintiffs,

v.                                         **Class Action**

CNH GLOBAL N.V., formerly
known as Case Corporation,
and THE COMPANY LLC,

       Defendants.

_____/

| | |
|---|---|
| Roger J. McClow (P27170) | Norman C. Ankers (P30533) |
| David R. Radtke (P47016) | HONIGMAN MILLER |
| Darcie R. Brault (P43864) | SCHWARTZ AND COHN LLP |
| McKNIGHT, McCLOW, CANZANO | Attorneys for Defendants |
| SMITH & RADTKE, P.C. | 2290 First National Building |
| Attorneys for Plaintiffs Reese, et al. | 660 Woodward Avenue |
| 400 Galleria Officentre, Suite 117 | Detroit, MI 48226 |
| Southfield, MI  48034 | (313) 465-7000 |
| (248) 354-9650 | |
| | Bobby R. Burchfield, Esq. |
| | McDERMOTT WILL & EMERY |
| | Attorneys for Defendants |
| | The McDermott Building |
| | 500 North Capital Street, Northwest |
| | Washington, D.C.  20001 |
| | (202) 756-8000 |

_____/

**PLAINTIFFS' MOTION TO COMPEL RESPONSES TO PLAINTIFFS'
FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS**

Plaintiffs, by and through their counsel, McKnight, McClow, Canzano, Smith & Radtke, P.C., move this Honorable Court as follows:

1.     On November 5, 2013 Plaintiffs served their "Fifth Request for Production of Documents" on Defendants.

2.     On December 9, 2013, Plaintiffs received electronic correspondence from Defendants with attached "responses" to the discovery requests.

3.     On December 13, 2013, Plaintiffs' counsel received via Federal Express delivery, Defendants' documents marked with production numbers CNHA059466 through CNHA059900. There was no indicator which of the documents were responsive to which of the Requests to Produce.

4.     On December 23, 2013, in supplemental response to Plaintiff's Fifth Request for Production of Documents, No. 1, Plaintiffs received two megabytes of data from CNH purporting to be benchmarking data relied upon by their proffered expert, John Stahl.

5.     With respect to Plaintiffs' Fifth Request for Production of Documents, Defendants' response is deficient in that it A) fails to indicate which of the documents are responsive to which of the requests; B) is incomplete, and C) purports to require authorizations from 2005 retirees outside the Plaintiff Class.

6.     The specific deficiencies are listed in the brief, attached.

7.     Plaintiff moves to compel the requested discovery under Fed. R. Civ.

1

Proc. 26 and 34.

      8.    Class counsel attempted to obtain concurrence in the relief sought under Local Rule 7.1 on December 27, 2013 and earlier, but was unable to obtain concurrence from defense counsel.

                                         Respectfully submitted,

                                         McKNIGHT, McCLOW, CANZANO,
SMITH & RADTKE, P.C.

By:/s/Darcie R. Brault
David R. Radtke (P47016)
Darcie R. Brault (P43864)
Attorneys for Class Plaintiffs
400 Galleria Officentre, Suite 117
Southfield, MI  48034
Dated: December 27, 2013          (248) 354-9650
dbrault@michworklaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK REESE, JAMES CICHANOFSKY,
ROGER MILLER,
and GEORGE NOWLIN  on                                    Hon. Patrick J. Duggan
behalf of themselves and
a similarly situated class,                              Case No. 04-70592

       Plaintiffs,

v.                                                       **Class Action**

CNH GLOBAL N.V., formerly
known as Case Corporation,
and THE COMPANY LLC,

       Defendants.
_____/

Roger J. McClow (P27170)              Norman C. Ankers (P30533)
David R. Radtke (P47016)              HONIGMAN MILLER
Darcie R. Brault (P43864)             SCHWARTZ AND COHN LLP
McKNIGHT, McCLOW, CANZANO             Attorneys for Defendants
SMITH & RADTKE, P.C.                  2290 First National Building
Attorneys for Plaintiffs Reese, et al.  660 Woodward Avenue
400 Galleria Officentre, Suite 117    Detroit, MI 48226
Southfield, MI  48034                 (313) 465-7000
(248) 354-9650

                                      Bobby R. Burchfield, Esq.
                                      McDERMOTT WILL & EMERY
                                      Attorneys for Defendants
                                      The McDermott Building
                                      500 North Capital Street, Northwest
                                      Washington, D.C.  20001
                                       (202) 756-8000
_____/

**<u>BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL
RESPONSES TO PLAINTIFFS' FIFTH REQUEST FOR PRODUCTION
OF DOCUMENTS</u>**

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ................................................................................ ii

I.   INTRODUCTION ........................................................................................1

II.  BACKGROUND ...........................................................................................1

III. FACTS RELATED TO THIS DISCOVERY DISPUTE ................................4

IV.  ARGUMENT .................................................................................................6

  A.  Defendants' Responses are Deficient ..........................................................6

  B.  Defendants' Responses are Insufficient to Identify the Responsive
      Documents ................................................................................................10

  C.  There has been no Response to the Towers Watson Subpoena
      and Correlating Request to Produce .........................................................12

  D.  Plaintiffs Cannot be Required to Procure Authorization to Release
      Information from CNH Retirees who are not Class Members ................14

V.   CONCLUSION ............................................................................................15

# <u>TABLE OF AUTHORITIES</u>

<u>Rules</u>

*Fed. R. Civ. P. 26* ..................................................................................1

*Fed. R. Civ. P. 34* ..................................................................................1

<u>Cases</u>

*MGP Ingredients, Inc. v. Mars, Inc.*, No. 06-2318-JWL-DJW, 2007 U.S. Dist. LEXIS 76853, 2007 WL 3010343, at *2 (D. Kan. 2007).......................................10

*Nolan, LLC v. TDC Int'l Corp.*, No. 06-CV-14907-DT, 2007 U.S. Dist. LEXIS 84406, 2007 WL 3408584, at *2 (E.D. Mich. 2007)...............................10

*Reese v. CNH America LLC*, 374 F.3d 315 (6th Cir. 2009) ....................................2

*Reese v. CNH America LLC*, 583 F.3d at 956 ........................................................2

*Reese v. CNH Am. LLC,* 694 F.3d 681 (6th Cir. 2012)...............................................3

*Valeo Elec. Sys. v. Cleveland Die & Mfg. Co.*, 2009 U.S. Dist. LEXIS 51421, 5-6 (E.D. Mich. June 17, 2009) ......................................................................11

# I.   INTRODUCTION

Plaintiffs request the Court's assistance in obtaining responses to requests to produce documents under *Fed. R. Civ. P. 26* and *34*.

# II.   BACKGROUND

Some background information may be helpful. This matter originated in 2004 when CNH filed a declaratory judgment action against the UAW seeking a declaration that it had the contractual right to modify health care benefits for certain retirees (whose benefits were part of the promises contained in the series of collective bargaining agreements negotiated between the UAW and CNH's predecessors).

On February 18, 2004, the Plaintiffs in this case filed this lawsuit on behalf of a class of those retirees for breach of contract and ERISA violations. (R. 1)

On August 29, 2007, this Court entered four separate decisions, including one that granted the Plaintiffs' motion for summary judgment (R. 214) and one denying CNH's motion for summary judgment. The Court found that the language tying eligibility of retiree health care benefits to a pension unambiguously demonstrated an intent to vest those benefits. The retiree health care benefits are vested life-time benefits. On February 15, 2009, this Court entered Judgment in favor of the Plaintiffs. (R. 227).

There was an appeal. In *Reese v. CNH America LLC*, 374 F.3d 315, 318 (6th Cir. 2009), the panel held that, although Plaintiffs' benefits had vested for life, "the application of the relevant CBA provisions suggests that the parties contemplated reasonable modifications" in those benefits.  The panel then addressed the issue of "what does vesting mean" in the context of the 1998 negotiations where the UAW and CNH agreed to a managed care plan. The panel postulated that, in the 1998 negotiations, the parties had "reset" the rules for existing retirees by ***reducing*** choices and coverage for existing retirees. From that premise, it concluded that the CBA should be construed to permit other future modifications to vested retiree benefits, if "reasonable." *Id*. at 323-326.

Plaintiffs filed a petition for rehearing, arguing that the panel had decided an issue that CNH had never raised and that, contrary to the panel's assessment of the facts, retiree benefits had been ***improved*** in 1998. The panel denied Plaintiffs' petition but Judge Sutton, in a concurrence to the denial (hereafter "concurrence"), informed Plaintiffs that their argument:

> overlooks the posture of this case - summary judgment - in which all inferences run in favor of the party that lost below - CNH. . . . On remand, the parties are free to develop evidence on this point.  That evidence may show that plaintiffs should win as a matter of law because . . .  the changes . . .  did not diminish the nature of the benefit package that existed upon retirement."

*Reese v. CNH America LLC*, 583 F.3d at 956.

On the first remand, relying on the concurrence (written by Judge Sutton), and viewing the evidence presented on remand most favorably to CNH, this Court concluded that the UAW had *never* agreed to *any* reduction in the level of retiree benefits and that, as a consequence, CNH could not alter Plaintiffs' benefits. (R.304 at 23-24). This Court entered judgment for Plaintiffs and never reached the question of whether any proposed modifications were reasonable.

It was not until the 2012 Sixth Circuit opinion and consequent remand that the parties began a course of discovery relative to the "reasonableness" of the proposed changes. The Sixth Circuit Court remanded this matter to the District Court with direction to consider various questions on remand, including: How much did retirees pay for their health care under the old plan? How much did CNH pay? How much will the retirees and CNH each pay under the new plan, and how quickly are each side's costs likely to grow? How does the quality of care provided under the old plan compare to the quality of care under the new plan? Do the retirees' benefits differ in material respects from those offered to current employees and people retiring today? How do the benefits compare to benefits offered by other companies in similar industries? *Reese v. CNH Am. LLC,* 694 F.3d 681, 685 (6th Cir. 2012).

Elsewhere in the opinion, the Sixth Circuit posed these questions: What is the average annual total out-of-pocket cost to retirees for their healthcare under the

old plan (the 1998 Group Benefit Plan)? What is the equivalent figure for the new[1]

plan (the 2005 Group Benefit Plan)? What is the average per-beneficiary cost to

CNH under the old plan? What is the equivalent figure for the new plan? What

premiums, deductibles and copayments must retirees pay under the old plan? What

about under the new plan? How fast are the retirees' out-of-pocket costs likely to

grow under the old plan? What about under the new plan? How fast are CNH's

per-beneficiary costs likely to grow under each? What difference (if any) is there

between the quality of care available under the old and new plans? What difference

(if any) is there between the new plan and the plans CNH makes available to

current employees and people retiring today? How does the new plan compare to

plans available to retirees and workers at companies similar to CNH and with

demographically similar employees? *Reese* at 685-686.

Along with these factors, the Sixth Circuit invited the District Court to

consider "others it considers relevant to the reasonableness question." *Reese* at

685.

### III.   FACTS RELATED TO THIS DISCOVERY DISPUTE

Defendants first provided to Plaintiffs their proposed plan in March of 2013.

Since then, this Court has entered multiple discovery orders: R. 346, R. 353 and R.

---

[1] CNH has since indicated that its proposed plan is not the 2005 Group Plan,
therefore requiring a modification of this inquiry, though some of the information
regarding the 2005 Group Plan remains relevant in the consideration of, for
example, the other plans which apply to CNH retirees.

360. Plaintiffs' most recent motion to compel, R. 373, is currently pending before Magistrate Judge Komives.

The progression of discovery has been slowed by Defendants' insistence that it produce the gross majority of documents and information through their purported expert witnesses. The expert witness disclosures were made on the deadline: October 17, 2013. The disclosures extend over 100 pages, not including the documents and data relied upon by the experts. Defendants have resisted Plaintiffs' attempts to conduct follow up discovery.

On October 29, 2013, Plaintiffs served two subpoenas by delivery to John Stahl at the Towers Watson office in Chicago where Mr. Stahl works. One of the subpoenas was personally addressed to John Stahl, **Exhibit A**.[2]  The other was addressed to the Keeper of Records for Towers Watson, **Exhibit B**. A third subpoena was served on Scott Macey, **Exhibit C**.[3]

On November 5, 2013 Plaintiffs served their "Fifth Request for Production of Documents" on Defendant (**Exhibit D**), including a request that the Defendant

---

[2] John Stahl was designated as an expert witness in this matter by CNH on October 17, 2013. Mr. Stahl is a Senior Consulting Actuary at Towers Watson who lists Defendant CNH Global as one of his clients.

[3] On November 8, 2013, the date for compliance with the subpoena, Plaintiffs received correspondence from Defendant CNH's counsel, objecting to certain of the documents requested. The response to Mr. Macey's subpoena is the subject of Plaintiff's Motion to Compel Third Party Subpoena, R. 373, except for the disputed billing records which Defendant stated CNH would produce but which were only partially produced see chart below.

CNH produce any documents in its possession responsive to the third party subpoenas listed above (**Exhibit D,** Request No. 1).

On December 9, 2013, Plaintiffs received electronic correspondence from Defendants with attached "responses" to the discovery requests. **Exhibit E**. No documents accompanied the response.

On December 13, 2013, Plaintiffs' counsel received via Federal Express delivery, Defendants' documents marked with production numbers CNHA059466 through CNHA059900. There was no indicator which of the documents were responsive to which of the Requests to Produce. **Exhibit F**.

On December 23, 2013, in supplemental response to Plaintiff's Fifth Request for Production of Documents, No. 1, Plaintiffs received two megabytes of data from CNH purporting to be benchmarking data relied upon by their proffered expert, John Stahl.

## IV.   ARGUMENT

### A.   *Defendants' Responses are Deficient.*

The specific deficiencies are listed below:

| PLAINTIFS' FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS | | |
|---|---|---|
| **Request for Production** | **Defendant's Response** | **Deficiency** |
| 1.      All documents listed in the duces tecum subpoenas directed to Scott Macey, John Stahl and Keeper of the Records of Towers Watson dated October 28, 2013 which are not provided directly by the deponents. See Exhibits A, B and C. | Renumbered 104 Objections: Relevance, cumulative/duplicative, ample opportunity to obtain, burdensome, and privilege. **Will produce responsive, non-privileged documents to the extent that can be located after a reasonable search.** | Macey Subpoena: CNHA059890-CNHA059900 (Partial billing records from Scott Macey, only, provided). As of December 26, 2013, Motion to Compel Third Party Subpoena responses pending before Magistrate Judge Komives. Stahl Subpoena: Received Stahl00001-53 on or about November 14, 2013 (several megabytes of spreadsheet data) and on December 23, 2013 received Stahl00054 (2 megabyte spreadsheets) Received password for access on December 26, 2013. Towers Watson Subpoena: **No responsive documents received.** |
| 5.      Any and all open enrollment material provided to new retirees for information and participation in the 2005 Plan for the year 2014, including notices for payment of premiums. | Renumbered 108 Objections: cumulative/duplicative, ample opportunity to obtain, burdensome **Will produce responsive, non-privileged documents** | CNHA059466-CNHA059470 appear to be responsive. Provided on 12-13-13. No other documents identified. |

| | to the extent that can be located after a reasonable search. | |
|---|---|---|
| 6.    All documents which support the claim that "[a] high percentage of the actual costs for medical and prescription drugs for the current plan over the period 2008 through 2012 involved procedure codes or drugs that did not exist in 1998," sufficient to identify any procedures or drugs that did not exist in 1998 and all documents showing when those codes or drugs first came into existence. | Renumbered 109 Objections: cumulative/duplicative, ample opportunity to obtain, burdensome

Responsive documents were produced during "expert discovery" and CNH is aware of no other responsive documents. | Plaintiffs are not aware of any so-called "expert discovery." Defendants have failed to identify the responsive documents. Defendants have produced tens of thousands of documents in this litigation and have refused to indicate which documents are responsive to which, if any, requests.

Importantly, the quoted language is from the Stahl expert report. Stahl was first revealed as an expert witness for CNH on October 17, 2013. The only post October 17, 2013 Stahl production was on November 12, 2013 (containing several megabytes of data) and December 23, 2013 (containing two megabytes of data). It is unclear whether and which of the files are responsive. |
| 8.    All documents reviewed or generated by Towers Watson in connection with a review of claims, claim | Renumbered 111 Objections: cumulative/duplicative, ample opportunity to obtain, burdensome | Plaintiffs are not aware of any so-called "expert discovery." Defendants have failed to identify the responsive |

8

| | | |
|---|---|---|
| projections, annual cost projections per capita cost projections, under the 2005 Plan and for the Current Plan, including but not limited to those attached as Exhibits 1 and 2 to the 2010 Declaration of Sharif Amin. | Responsive documents were produced during "expert discovery" and CNH is aware of no other responsive documents. | documents. Defendants have produced tens of thousands of documents in this litigation and have refused to indicate which documents are responsive to which, if any, requests. |
| 9.    All documents regarding premiums for participation in the 2005 plan for post- May 2005 retirees for the period 2005 to present. | Renumbered 112 Objections: Relevance, cumulative/duplicative, ample opportunity to obtain, burdensome

**CNH will produce responsive, non-privileged documents to the extent they can be located after a reasonable search.** | Although CNHA05947 was produced on December 13, 2013, the document appears to be a summary, not an original document. |
| 10.    All records related to pensions, Medicare premium reimbursement and/or Retiree Medical Savings Accounts for the following post-May 1, 2005 retirees:   Dennis Bellgraph, David Buri, Richard Kusmierz, Jose Garcia,   and   David Sharkozy. | Renumbered 113 Objections: Relevance, cumulative/duplicative, ample opportunity to obtain, burdensome

Will produce responsive, non-privileged documents to the extent they can be located after a reasonable search and after Plaintiffs provide **a notarized authorization from each individual** named in the request to release the information to Plaintiffs. | Plaintiffs cannot be compelled to obtain "a notarized authorization" from individuals who are receiving retiree healthcare benefits under the 2005 contract. While Plaintiffs are certainly amenable to a protective order, this information is in Defendant's possession, discoverable and relevant and should be compelled immediately. |

With respect to Plaintiffs' Fifth Request for Production of Documents,

Defendants' response is deficient in that it A) fails to indicate which of the documents are responsive to which of the requests; B) is incomplete, and C) purports to require authorizations from 2005 retirees outside the Plaintiff Class.

### B.   Defendants' Responses are Insufficient to Identify the Responsive Documents

In response to **Exhibit D**, Nos. 1 (Stahl and Macey subpoenas), 5, 6, 8 and 9, Defendants fail to identify responsive documents, at times referring (inexplicably) to "expert discovery."

Fed. R. Civ. Proc. 34 Subsection (b) provides that a party who produces documents for inspection "shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request." This rule is meant to prevent a party from obscuring the significance of documents by giving structure to the production.

A party demonstrates that it has produced documents in the usual course by revealing information about where the documents were maintained, who maintained them, and whether the documents came from one single source or file or from multiple sources or files. See *Nolan, LLC v. TDC Int'l Corp.*, No. 06-CV-14907-DT, 2007 U.S. Dist. LEXIS 84406, 2007 WL 3408584, at *2 (E.D. Mich. 2007) (Majzoub, Magistrate Judge). See also, *MGP Ingredients, Inc. v. Mars, Inc.*, No. 06-2318-JWL-DJW, 2007 U.S. Dist. LEXIS 76853, 2007 WL 3010343, at *2 (D. Kan. 2007). For non-email ESI, a party must produce the files by custodian and

by the file's location on the hard drive--directory, subdirectory, and file name. *Valeo Elec. Sys. v. Cleveland Die & Mfg. Co.*, 2009 U.S. Dist. LEXIS 51421, 5-6 ( E.D. Mich. June 17, 2009).

Defendant CNH produced tens of thousands of pages of data, electronically, without specifying, for the most part, which documents respond to which requests.

While the data may have been stored by Defendants or its agents in electronic files, CNH has not produced any pathnames or other means of identifying the source, location or author of the original documents. Defendant CNH has not shown any facts to demonstrate that the documents were produced as kept in the ordinary course of business.

Since Defendant CNH has not met their burden of demonstrating that the files were produced as kept in the ordinary course of business, Defendants should be compelled to identify the documents. This is particularly true when Plaintiffs are requesting only that the Defendants identify which documents respond to which requests – a task that Defendants have already undertaken, presumably, in responding to the requests.

Given the current state of production, Plaintiffs are left to guess which of the requests were answered and which were not. Plaintiffs request that the Court require Defendants to identify by bates number the responsive documents per request.

**C.**     ***There has been no Response to the Towers Watson Subpoena and Correlating Request to Produce***

In **Exhibit D,** Request No. 1, Plaintiffs requested that the Defendant CNH produce, directly, the documents described in the Towers Watson duces tecum subpoena: a narrow set of documents relating to unfunded benefits afforded executive officers of CNH Global N.V. and CNH America, LLC.[4] Plaintiffs requested current Plan documents, the Summary Plan Descriptions (SPDs),[5] recent valuations, documents listing participants, the amount they receive(d), and records of contributions to the Plan.

The requested documents are relevant. CNH reported a $493 million defined benefit obligation for pension plans that CNH is not currently required to fund. Presumably that unfunded obligation includes plans in which executive officers participate. Plaintiffs are seeking information to confirm that the number of individuals who participate in these plans is relatively small and that the portion of the unfunded obligation to the group is relatively high. Conversely, the share of the unfunded obligation attributable to the Plaintiffs' health plan is relatively small and the number of participants is relatively high. Plaintiffs contend that this

---

[4] Plaintiffs included parent and subsidiaries in the definition of CNH in the subpoena because at the time the subpoena was drafted CNH Global N.V. was involved in some type of merger, and is now known as "CNH Industrial N.V."

[5] Notably, the plan documents and SPDs must be provided to participants at no greater charge than .25 per copy. 29 C.F.R. § 2520.104b-30.

12

information is relevant and informs the question of whether the proposed changes are reasonable, particularly in relation to the parties' relative ability to absorb the impact of cost changes – the economic stakes of the parties.

Plaintiffs' counsel corresponded with defense counsel on this issue. Plaintiff agreed to a temporal limitation for responsive documents of five years. Plaintiffs listed at least some of the plans believed to include executive officers and asked that other plans be identified. Pursuant to the last 20-F filing for 2012, CNH lists a variety of plans in which its executive officers participate, including:

     a.  CNH Supplemental Retiree Medical Plan
     b.  Top Hat Plan (described as a "special severance allowance")
     c.  Two listed deferred compensation plans
     d.  CNH Global N.V. Outside Directors' Compensation Plan
     e.  CNH Global N.V. Directors' Compensation Plan
     f.  2008 Performance and Leadership Bonus Plan (PLB)
     g.  Equity Incentive Plan of CNH Global N.C. (two plans)
     h.  Non-qualified Performance Stock Option Award Agreement (two agreements)
     i.  2010 Performance Share Unit Award Agreement
     j.  2010 Restricted Stock Unit Award Agreement
     k.  CNH Global N.V. Equity Incentive Plan (two plans)

Plaintiffs did not use the titles of these plans in the subpoena because an error, no matter how small, would likely delay or even excuse production. Also, there may have been changes in the names per the merger. Plaintiffs cannot guess what the new names for the plans may be or be expected to simply hope they have not changed.

Plaintiffs agreed to a definition of "executive" per the SEC definition or

CNH's use in its 2012 20-F (whichever is broader). Given the very small number of executive officers at CNH Global N.V. over the last several years, it is very likely that the number of responsive documents is very small.

Despite continuing inquiries through December 17, 2013, Defendant CNH has failed to respond. Plaintiffs request an order compelling the Defendants to respond within 14 days.

### D. *Plaintiffs Cannot be Required to Procure Authorization to Release Information from CNH Retirees who are not Class Members*.

The Sixth Circuit directed the parties to answer the question: "Do the retirees' benefits differ in material respects from those offered to current employees and people retiring today?" Plaintiffs requested information from Defendant regarding employees who retired after the Plaintiff Class. Specifically, Plaintiffs requested information regarding a sample of retirees under the 2005 contract who received benefits that the Plaintiff Class did not receive, e.g. increased Medicare premium reimbursement and Retiree Medical Savings Accounts (RMSA) as a retirement benefit. (**Exhibit D**, Request No. 10).

What contributions were made and are currently being made to the RMSAs and how those RMSA accounts have been used are important to a comparison of retirees who were provided RMSAs and the Plaintiff Class (which was not).

Defendants refused to respond, instead insisting that the Plaintiffs were required to produce "a notarized authorization from each individual" prior to

14

release of the information.

There is no legal basis for withholding the information which is in CNH's possession and directly responsive to the Sixth Circuit's question. Plaintiffs are willing to enter into a protective order if necessary.

## V.    CONCLUSION

Plaintiffs have conscientiously pursued discovery requested of Defendant CNH through several motions and orders. Plaintiffs seek an order compelling production pursuant to Fed R Civ Proc 26 and 34.

Respectfully submitted,

McKNIGHT, McCLOW, CANZANO,
SMITH & RADTKE, P.C.

By:/s/Darcie R. Brault
David R. Radtke (P47016)
Darcie R. Brault (P43864)
Attorneys for Class Plaintiffs
400 Galleria Officentre, Suite 117
Southfield, MI  48034
(248) 354-9650
dbrault@michworklaw.com

Date:  December 27, 2013

15

## CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2013 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will serve it on all parties.

Respectfully submitted,

McKNIGHT, McCLOW, CANZANO,
SMITH & RADTKE, P.C.

By:  */s/Darcie R. Brault*
David R. Radtke (P47016)
Darcie R. Brault (P43864)
Attorneys for Plaintiffs
400 Galleria Officentre, Suite 117
Southfield, MI  48034
(248) 354-9650
dbrault@michworklaw.com

Dated: December 27, 2013