# EXHIBIT A

# United States District Court
# Eastern District of Michigan



## *Subpoena in a Civil Case and Return of Service Form*

| Plaintiff(s):<br><br>Jack Reese, et al | v. | Defendant(s):<br><br>CNH Global N.V. and CNH America LLC |
|---|---|---|

TO:   John F. Stahl

Towers Watson

711 South Wacker Drive, Suite 2600

Chicago, IL 60606

| CASE NO.   04-70592 |
|---|
| JUDGE     Patrick J. Duggan |

- [ ] SUBPOENA FOR ATTENDANCE AT TRIAL
- [ ] SUBPOENA FOR ATTENDANCE AT A DEPOSITION
- [X] DOCUMENT PRODUCTION REQUEST ONLY
- [ ] PROPERTY INSPECTION REQUEST ONLY

| **COMMAND TO APPEAR** | YOU ARE HEREBY COMMANDED to appear at the place, date and time specified below to give testimony in the above case, and, if so indicated, to bring certain documents with you. |
|---|---|

Place:                                                   Date:

Time:

- [ ] APPEARANCE WITH DOCUMENTS (SEE DESCRIPTION BELOW)

- [ ] APPEARANCE WITHOUT DOCUMENTS

| **COMMAND FOR DOCUMENTS** | YOU ARE HEREBY COMMANDED to have the following documents, objects or things delivered to the place listed below, or allow the inspection of the below-listed property at the date and time specified. |
|---|---|

Place:   Cornfield & Feldman LLP                Date:   November 8, 2013
25 East Washington, Suite 1400
Chicago, IL 60602                               Time   10: AM

Description of documents/items to be produced or property to be inspected:
All documents listed in Attachment A attached.

| This subpoena is issued by (name, address and telephone number of attorney:)<br>Darcie R. Brault<br>McKnight, McClow, Canzano, Smith & Radtke, P.C.<br>400 Galleria Officentre, Suite 117<br>Southfield, MI 48034 | Date of execution<br>October 28, 2013<br><br>On behalf of the<br>[X] Plaintiff    [ ] Defendant | Signature of issuing attorney/court officer |
|---|---|---|

INT-0129-MIE-4/92 REV. 4/94                                              PAGE ONE OF TWO

# ATTACHMENT A

## To John F. Stahl Subpoena

## INSTRUCTIONS AND DEFINITIONS

A.      For purposes of interpreting or construing the scope of this requests, the terms used shall be given their most expansive and inclusive interpretation.

B.      The documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in the requests. See Fed. R. Civ. P. 34(b)(2)(E).

C.      With respect to any document or information which you withhold, do not disclose. or exert a claim of privilege of non-disclosure, a statement shall be provided by your counsel which:

1.      states the nature of the claim of non-disclosure or privilege;

2.      states the names of the authors of the document;

3.      states the names of the persons to whom the document was addressed and any other persons to whom the document was sent;

4.      states the date of the document; or if no date appears, the dates on which it was prepared, sent, or received;

5.      states the number of pages, attachments, and appendices of the document;

6.      describes generally the nature, and subject matter of the document; and

7.      states the name of the persons who have custody of the documents.

See Fed. R. Civ. P. 26(b)(5).

D.      These requests shall be deemed to be continuing so as to require prompt, further, and supplemental response if you discover additional documents or information that should have been

included in response to these requests after the time of initial response. See Fed. R. Civ. P. 26(e)(1).

E.      CNH means Defendants CNH Global N.V. and CNH America LLC, its employees, officers, agents and lawyers, as well as any parent or subsidiary, including but not limited to CNH Industrial, Fiat Industrial, CNH Capital LLC and Fiat SpA.

## DOCUMENTS TO BE PRODUCED

1.      All documents that you considered or reviewed in forming your opinions in this case, including all documents listed or cited in your October 17, 2013 report and all notes written about or on the documents listed or cited in your report.

2.      All documents provided to you by CNH, or any other person or entity in connection with your work in this case, including, but not limited to, any documents provided to you for purposes of your October 17, 2013 report, whether or not referred to or relied upon therein.

3.      All communications regarding your October 17, 2013 report or testimony in this case between you and CNH's counsel to the extent that the communications relate to compensation for your report or testimony, identify facts or data that CNH's counsel provided and you considered in forming your opinions in this case, or identify assumptions that Defendants' counsel provided and you relied on in forming your opinions in this case. See Fed. R. Civ. P. 26(b)( 4 )(C).

4.      All written reports prepared by you or anyone listed in your October 17, 2013 report pursuant to Federal Rule of Civil Procedure 26(a)(2)(B), or other documents or materials prepared by you to fulfill a similar function, that have been produced in the course of a dispute wherein you have testified as an expert at trial or by deposition within the preceding four years from the date of this Request.

5.      All published materials that relate to concerning retiree health benefits and that you

or anyone listed in your October 17, 2013 report have authored (in whole or in part).

6.      Any and all communications with CNH or other person representing himself or herself as associated with CNH, including but not limited to Scott Macey, related to the request for, production of, or information contained in your report or Exhibits 1 through 14, including but not limited to notes, recordings and electronic mail.

7.      Any and all underlying data used to generate the calculations contained in Exhibits 1 through 14.

8.      Any and all Towers Watson files related to the *Reese* litigation, including but not limited to any and all internal memoranda, notes, electronic mail, worksheets, records of calculations and electronically stored files.

9.      Any and all billing records related to the *Reese* litigation, including but not limited to any records which reflect that Towers Watson was billed or paid, the amount that was billed or paid, and for what services it was billed or paid, relative to the *Reese* litigation, the CNH current benefit plan for the *Reese* class, and the CNH proposed plan for the *Reese* class.

10.     All documents cited in Section I of your October 17, 2013 report and all other documents you reviewed or relied upon in the preparation of Exhibits 1-6, including but not limited to the documents listed in the bullet points on pages 2 and 3 of your October 17, 2013 report; the historical medical claims level data provided by Anthem; the drug claims data provided by Express Scripts, Inc; the historical census files; the standard completion factor methodology; the Towers Watson proprietary incurred but not reported (IBNR) model; all data that was "previously provided;" and all documents developed from these documents

11.     All documents cited in Section II of your October 17, 2013 report, including but not

limited to the Towers Watson proprietary Benefits Data Source (BDS) United States database, all documents identifying the specific companies in the "comparator group;" each and every "plan design" for each of those companies in the "comparator group;" all other document you reviewed or relied upon in the preparation of Exhibits 7; all documents showing which of the plan benefit provisions in the "comparitor group" were collectively bargained; all documents showing which for which of the plans of the companies in the "comparitor group" had the retirees been judicially determined to have vested, lifetime benefits; all documents showing which of the plans of the companies in the "comparitor group" had benefit provisions that included a dollar cap on the company's benefit obligation.

12.    All documents showing the same information for companies in the "comparator group" for post-65 plan benefit provisions.

13.    The Anthem Claims database referenced in Section III of your October 17, 2013 report, in the second paragraph of page 6 including, but not limited to, the data element with "Current Procedural Terminology (CPR) and Healthcare Common Procedure Coding System (HCPCS)."

14.    The "Complete RBRVS" referenced in the second paragraph of page 6, Section III, of your October 17, 2013 report.

15.    All documents containing or referring to the comparison of the procedure codes referenced on page 6, Section III, of your October 17, 2013 report.

16.    A list of all of the current procedure codes (CPT) and Healthcare Common Procedure Coding System (HCPSC) that were not in the "Complete RBRVS" as those codes are referred to in on page 6, Section III,  your October 17, 2013 report.

17.     All "ESI-provided drug claim summaries" referenced on page 6, Section III, of your October 17, 2013 report.

18.     All documents showing the names, cost, date of introduction, and/or ranking of the drugs comprising "the top 25 drugs in terms of plan payment" referenced on page 6, Section III, of your October 17, 2013 report, for 1998, 2009, 2010, 2012 and for any other year that Towers Watson relied, reviewed or has in its possession with respect to "grandfathered retirees."

19.     All documents disclosing the names of the "Towers Watson prescription drug specialists" referred to on page 6, Section III, of your October 17, 2013 report; all documents containing the categorization of drugs by the year of introduction; all documents related to the aggregation of drugs into the appropriate category based on the year of introduction.

20.     All documents reviewed or relied on for the preparation of Exhibits 10 through 14, including but not limited to the summary reports bu drug source, participant status and retire group; all documents containing or related to the aggregation by group; all data files containing codes; all documents defining or describing the codes.

21.     All documents reviewed or relied on for the four statements made on page 9 of your October 17, 2013 report; all documents identifying precisely which employers you are referring to when your use the term "other employers" in the second sentence; all documents identifying precisely who you are referring to when you use the term "other participants in the marketplace."

**Affidavit of Process Server**

JACK KEESE, ET AL.                    vs    CNH GLOBAL N.V., ET AL.        04-70592

Plaintiff/Petitioner                          Defendant/Respondent               Case#

Being duly sworn, on my oath, I _Christopher Moss_

declare that I am a citizen of the United States, over the age of eighteen and not a party to this action.

**Service:**   I served _John F. Stahl_

NAME OF PERSON/ENTITY BEING SERVED

with the (documents)   ☒ Subpoena with $ _N/A_ witness fee and mileage

☑ ATTACHMENT A

by serving (NAME)   _John F. Stahl_

at ☐ Home

☑ Business

☒ on (DATE) _Oct. 29, 2013_   at (TIME) _11:30 AM_   _Towers Watson, 71 S. Wacker Dr., Chicago, IL_

Thereafter copies of the documents were mailed by prepaid, first class mail on (DATE)

From (CITY) _____ (STATE) _____

**Manner of Service:**

☒ By Personal Service

☐ By delivering, during office hours, copies at the office of the person/entity being served, leaving same with the person apparently in charge thereof, namely,

☐ By leaving a copy at the defendant's usual place of abode, with some person of the family or a person residing there, of the age of 13 years or upwards, and informing that person of the general nature of the papers

☐ By posting copies in a conspicuous manner to the address of the person/entity being served.

**Non-Service:**   After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address    ☐ Evading                         ☐ Other:

☐ Address does not exist   ☐ Service cancelled by litigant

☐ Moved, Left no forwarding   ☐ Unable to serve in a timely fashion

**Service Attempts:** Service was attempted on: ( )

| ( ) | | ( ) | | DATE | TIME | ( ) | DATE | TIME | ( ) | DATE | TIME |
|---|---|---|---|---|---|---|---|---|---|---|---|
| DATE | TIME | DATE | TIME | | | DATE | TIME | | | DATE | TIME |

**Description:**

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ Male | ☒ White Skin | ☐ Black Hair | ☐ White Hair | ☐ 14-20 Yrs. | ☐ Under 5' | ☐ Under 100 Lbs. |
| ☐ Female | ☐ Black Skin | ☐ Brown Hair | ☐ Balding | ☐ 21-35 Yrs. | ☐ 5'-5'3" | ☐ 100-130 Lbs. |
| | ☐ Brown Skin | ☐ Blond Hair | | ☐ 36-50 Yrs. | ☐ 5'4"-5'8" | ☐ 131-160 Lbs. |
| ☒ Glasses | ☐ Yellow Skin | ☒ Gray Hair | ☐ Mustache | ☒ 51-65 Yrs. | ☒ 5'9"-6' | ☒ 161-200 Lbs. |
| | ☐ Red Skin | ☐ Red Hair | ☐ Beard | ☐ Over 65 Yrs. | ☐ Over 6' | ☐ Over 200 Lbs. |

OTHER IDENTIFYING FEATURES:

State of Illinois  County of Cook

Subscribed and sworn to before me

A notary public, this _29_ day of _October_, 20_13_

Notary Public

SERVED BY

LASALLE PROCESS SERVERS

OFFICIAL SEAL PRIVATE DETECTIVE LICENSE# 117-001432
ANDREW RAPHAEL
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:11/17/15

CHARTER MEMBER NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS