# EXHIBIT C

# United States District Court
# Eastern District of Michigan



*Subpoena in a Civil Case and Return of Service Form*

| Plaintiff(s): | | Defendant(s): |
|---|---|---|
| Jack Reese, et al | v. | CNH Global N.V. and CNH America LLC |

**TO:** Scott J. Macey
The ERISA Industry Committee
1400 L Street Northwest, #350
Washington, D.C. 20005

CASE NO. 04-70592
JUDGE Patrick J. Duggan

☐ SUBPOENA FOR ATTENDANCE AT TRIAL
☐ SUBPOENA FOR ATTENDANCE AT A DEPOSITION
☒ DOCUMENT PRODUCTION REQUEST ONLY
☐ PROPERTY INSPECTION REQUEST ONLY

**COMMAND TO APPEAR** — YOU ARE HEREBY COMMANDED to appear at the place, date and time specified below to give testimony in the above case, and, if so indicated, to bring certain documents with you.

Place:
Date:
Time:

☐ APPEARANCE WITH DOCUMENTS (SEE DESCRIPTION BELOW)
☐ APPEARANCE WITHOUT DOCUMENTS

**COMMAND FOR DOCUMENTS** — YOU ARE HEREBY COMMANDED to have the following documents, objects or things delivered to the place listed below, or allow the inspection of the below-listed property at the date and time specified.

Place:
O'Donoghue & O'Donoghue
4748 Wisconsin Avenue, N.W.
Washington, D.C. 20016

Date: November 8, 2013
Time: 10: AM

Description of documents/items to be produced or property to be inspected:
All documents listed in Attachment A attached.

This subpoena is issued by (name, address and telephone number of attorney:)
Darcie R. Brault
McKnight, McClow, Canzano, Smith & Radtke, P.C.
400 Galleria Officentre, Suite 117
Southfield, MI 48034

Date of execution
October 28, 2013

On behalf of the
☒ Plaintiff ☐ Defendant

Signature of Issuing attorney/court officer

INT-0129-MIE-4/92 REV. 4/94

# ATTACHMENT A

## To Scott J. Macey Subpoena

### INSTRUCTIONS AND DEFINITIONS

A. For purposes of interpreting or construing the scope of this requests, the terms used shall be given their most expansive and inclusive interpretation.

B. The documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in the requests. See Fed. R. Civ. P. 34(b)(2)(E).

C. With respect to any document or information which you withhold, do not disclose, or exert a claim of privilege of non-disclosure, a statement shall be provided by your counsel which:

1. states the nature of the claim of non-disclosure or privilege;

2. states the names of the authors of the document;

3. states the names of the persons to whom the document was addressed and any other persons to whom the document was sent;

4. states the date of the document; or if no date appears, the dates on which it was prepared, sent, or received;

5. states the number of pages, attachments, and appendices of the document;

6. describes generally the nature, and subject matter of the document; and

7. states the name of the persons who have custody of the documents.

See Fed. R. Civ. P. 26(b)(5).

D. These requests shall be deemed to be continuing so as to require prompt, further, and supplemental response if you discover additional documents or information that should have

you for purposes of your March 13, 2006 Expert Report (to the extent not previously produced), in preparation for your deposition in June of 2006, in your June 20, 2010 Declaration, and the "Expert Report of Scott J. Macey" dated October 17, 2013 report, whether or not referred to or relied upon therein.

3. All communications regarding your March 13, 2006 Expert Report (to the extent not previously produced), in preparation for your deposition in June of 2006, in your June 20, 2010 Declaration, and the "Expert Report of Scott J. Macey" dated October 17, 2013 report, or regarding this case in general between you and CNH's counsel to the extent that the communications relate to compensation for your report or testimony, identify facts or data that CNH's counsel provided and you considered in forming your opinions in this case, or identify assumptions that Defendants' counsel provided and you relied on in forming your opinions in this case. See Fed. R. Civ. P. 26(b)(4)(C).

4. All written reports prepared by you or anyone listed in your March 13, 2006 or October 17, 2013 report pursuant to Federal Rule of Civil Procedure 26(a)(2)(B), or other documents or materials prepared by you to fulfill a similar function, that have been produced in the course of a dispute wherein you have testified as an expert at trial or by deposition within the preceding four years from the date of this Request.

5. All published materials that concerning retiree health benefits that you, or anyone listed as having assisted you in your March 13, 2005 or October 17, 2013 report, have authored (in whole or in part).

6. Any and all communications with CNH or other person representing himself or herself as associated with CNH, including but not limited to John F. Stahl or any of his associates, related to the request for, production of, or information contained in your March 13,

2006 Expert Report (to the extent not previously produced), in preparation for your deposition in June of 2006, in your June 20, 2010 Declaration, and the "Expert Report of Scott J. Macey" dated October 17, 2013 report, including but not limited to notes, recordings and electronic mail.

7. All documents provided to you by CNH or any other person or entity in connection with his work in this case, including but not limited to, any documents provided to him for the purposes of his March 13, 2006 Expert Report, preparation for his deposition testimony on June 8, 2006, his June 20, 2010 Declaration and the "Expert Report of Scott J. Macey" dated October 17, 2013, whether or not referred to or relied upon therein.

8. Any and all billing records, including but not limited to any records which reflect the amounts billed or paid, and for what services it was billed or paid, related to the *Reese* litigation, the CNH current benefit plan for the *Reese* class, and the CNH proposed plan for the *Reese* class.

9. All documents reflecting the representations made at pages 12 through 22 of the "Expert Report of Scott J. Macey" dated October 17, 2013, including but not limited to all the collective bargaining agreements for referenced provisions, negotiations, and agreements, including but not limited to the 2012 bargaining agreement between United Steelworkers and United States Steel, the 2013 bargaining agreement between AT&T and the CWA for Connecticut telecommunication workers, each of the collective bargaining agreements between AT&T and the CWA and the IBEW from 1989 through present, between Lucent, and/or Alcatel-Lucent, the CWA and the IBEW from 2004 to present, Goodyear and United Steelworkers of America from 1998 through 2005, between General Motors and Ford and the UAW referenced at pp. 17 and 18 of the report, any and all plan documents (including but not limited to SPDs) related to the collective bargaining agreements related to retiree healthcare benefits, any and all

bargaining history notes/documents which reflect the context of the provisions referenced in the report, and any and all documents reflecting tradeoffs made in exchange for the referenced provisions.

10. "Cost of Healthcare Coverage" letter referred to at p. 21 of the "Expert Report of Scott J. Macey" dated October 17, 2013 and any and all documents or statements upon which you rely for the conclusion that elimination of prescription drug coverage is "consistent" with the principles set forth in that letter.

11. All documents relied upon regarding EMBARQ, referenced at p. 22 of the "Expert Report of Scott J. Macey" dated October 17, 2013.

12. For the Comparison table that appears at page 28 of the "Expert Report of Scott J. Macey" dated October 17, 2013, provide all of the underlying data, including the claims data used to determine the per-capita claim values, including but not limited to claims history and demographic information, e.g. age, race, gender, etc.

13. For the statement: "After agreeing to change benefits for existing and future retirees, the companies and the UAW sought and received federal district-court approval of these various design and funding changes," please produce any and all documents or information in support of this claim, including but not limited to information sufficient to identify the litigation to which you refer at page 36 of the "Expert Report of Scott J. Macey" dated October 17, 2013.

14. For the statement: "The UAW has agreed with companies other than CNH America to periodic plan changes for both existing and future retirees (although the UAW sometimes seeks court approval of cutbacks and cost increases to which it had already agreed for existing retirees)," please produce any and all documents or information in support of this claim, including but not limited to information sufficient to identify the litigation to which you refer at

page 34 of the "Expert Report of Scott J. Macey" dated October 17, 2013.

15. All documents containing or relating to the "relative value" calculations, including but not limited to all underlying plan documents, plan design information, the "methodology standard in the industry," and the Aon database and the programs, on which your statements in paragraphs 27 through 30 of your June 30, 2010 Declaration are, in any way, based.

16. All documents relating to the purpose or mission of the ERISA Industry Committee, to the Committee's charter, by-laws or other organizational documents, to your position and contractual employment arrangement with that Committee, to your compensation with that Committee and to corporate, association or individual funding of the Committee for the last five years; as well as all copies of all briefs, proposed legislation, press releases and other formal communications, blog posts and other written or electronic communications related to retiree benefit issues.

17. All written statements or notes of oral statements of individual employer or union bargainers in your possession relating to the vesting of retiree health care or to the issue of their intent when bargaining about retiree health care benefits.

## (c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed ore regularly transacts business in person except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or (iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

## (d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## RETURN OF SERVICE

| Serve | P |
|---|---|
| The ERISA Industry Committee<br>Scott J. Macey<br>1400 L Street NW #350<br>Washington, DC 20005 | Personal service on: Adrienne Cooper<br>Authorized Representative |

| Date of Service | Amount of fees tendered | Printed name of server |
|---|---|---|
| 10/30/13 | | Lorenzo Kenerson |

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Return of Service is true and correct.

| Signature of server | Address of server |
|---|---|
| [signature] | Lorenzo Kenerson<br>Washington Pre-Trial Services, Inc.<br>4626 Wisconsin Ave. NW #300<br>Washington, DC 20016<br>(202) 887-0700 |
| Date of execution<br>11/6/13 | |