# EXHIBIT E

# Darcie Brault

| | |
|---|---|
| **From:** | Rogaczewski, Joshua <jrogaczewski@mwe.com> |
| **Sent:** | Monday, December 09, 2013 6:45 PM |
| **To:** | Darcie Brault |
| **Cc:** | Burchfield, Bobby; Norman C. Ankers (Honigman); Capotosto, Laura |
| **Subject:** | Reese v. CNH Global N.V., Case 2:04-cv-70592-PJD-PJK (E.D. Mich.): Disc. Resps. (Courtesy Copies) |
| **Attachments:** | 2013-12-09 CNH_s Resp. Pls_ 5th Req. Prod. Docs..PDF; 2013-12-09 CNH Global_s Resp. Pls._ 2d Reqs. Admiss..PDF; Reese (E.D. Mich.)_ Stip. Order Subst. CNHI.DOCX |

Darcie:

Please see the attached. Also attached is a proposed stipulation regarding CNH Global N.V.'s status in the case.

Joshua David Rogaczewski
McDermott Will & Emery LLP
The McDermott Building
500 North Capitol Street, Northwest
Washington, District of Columbia 20001
202.756.8000 [general number]; 202.756.8195 [direct line]
202.756.8087 [general facsimile]; 202.591.2757 [direct facsimile]

*********************************************************************************************

IRS Circular 230 Disclosure: To comply with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained herein (including any attachments), unless specifically stated otherwise, is not intended or written to be used, and cannot be used, for the purposes of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter herein.

---

This message is a PRIVILEGED AND CONFIDENTIAL communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by replying to this message, and then delete it from your system. Thank you.
*********************************************************************************************

Please visit http://www.mwe.com/ for more information about our Firm.

1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JACK REESE, FRANCES ELAINE PIDDE, JAMES CICHANOFSKY, ROGER MILLER, and GEORGE NOWLIN,<br><br>Plaintiffs,<br><br>v.<br><br>CNH GLOBAL N.V. and CNH AMERICA LLC,<br><br>Defendants. | Case 2:04-cv-70592-PJD-PJK<br><br>Hon. Patrick J. Duggan, U.S.D.J.<br><br>Hon. Paul J. Komives, U.S. Mag. J. |

## CNH'S RESPONSE TO PLAINTIFFS' FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS

CNH Global N.V. and CNH America LLC—referred to collectively as "CNH"—hereby provide their response to Plaintiffs' Fifth Request for Production of Documents. *See* Fed. R. Civ. P. 34(b).

### GENERAL OBJECTIONS

1. CNH objects to the document requests to the extent that they seek information not "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).

2. CNH objects to the document requests to the extent that they are "unreasonably cumulative or duplicative" or seek information that "can be

obtained from some other source that is more convenient, less burdensome, or less expensive." *Id.* R. 26(b)(2)(C)(i).

3. CNH objects to the document requests to the extent that they seek information that Plaintiffs "ha[ve] had ample opportunity to obtain." *Id.* R. 26(b)(2)(C)(ii).

4. CNH objects to the document requests to the extent that "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." *Id.* R. 26(b)(2)(C)(iii).

5. CNH objects to the document requests to the extent that they seek information protected by the attorney–client privilege, attorney-work-product doctrine, or any other applicable statutory or common-law privilege or bar on disclosure. *See id.* R. 26(b)(1).

## RESPONSES

**104. All documents listed in the duces tecum subpoenas directed to Scott Macey, John Stahl and Keeper of the Records of Towers Watson dated October 28, 2013 which are not provided directly by the deponents.**[*]

**RESPONSE:** CNH incorporates by reference its General Objections 1, 2, 3, 4, and 5. CNH objects further to Plaintiffs' combination of multiple requests, from

multiple subpoenas, into this request, which makes responding with precision impractical. Finally, CNH incorporates by reference the objections lodged by the respondents of Plaintiffs' subpoenas. Subject to these objections, CNH will produce responsive, non-privileged documents to the extent they can be located after a reasonable search.

**105. Any and all communications to the shareholders of CNH Global, N.V., CNH Industrial N.V., Fiat Industrial SpA or any related publicly traded companies relative to this litigation.**

**RESPONSE:** CNH incorporates by reference its General Objections 2, 3, and 4. CNH objects further to the phrases "any related publicly traded companies" and "relative to this litigation," which are vague. Subject to these objections, CNH states that it is not aware of any responsive documents.

**106. Any and all disclosures referencing this litigation relative to the merger of CNH Global N.V. and Fiat Industrial, SpA.**

**RESPONSE:** CNH incorporates by reference its General Objections 3 and 4. CNH objects further to the term "disclosures" and the phrase "relative to the merger of CNH Global N.V. and Fiat Industrial, SpA," which are vague. Subject to these objections, CNH states that is not aware of any responsive documents.

**107. Any and all agreements referencing this litigation in the merger of CNH Global N.V. and Fiat Industrial SpA.**

---

[*] CNH has renumbered Plaintiffs' requests to bring them into conformity with this Court's rules. *See* E.D. Mich. R. Civ. P. 26.1

**RESPONSE:** CNH incorporates by reference its General Objections 3 and 4. CNH objects further to the phrase "in the merger of CNH Global N.V. and Fiat Industrial SpA," which is vague. Subject to these objections, CNH states that is not aware of any responsive documents.

**108.    Any and all open enrollment material provided to new retirees for information and participation in the 2005 Plan for the year 2014, including notices for payment of premiums.**

**RESPONSE:** CNH incorporates by reference its General Objections 2, 3, and 4. CNH objects further to Plaintiffs' request for information that pertains to individuals that are not members of the plaintiff class and whose privacy rights are implicated by the request. Subject to these objections, CNH will produce responsive, non-privileged documents to the extent they can be located after a reasonable search.

**109.    All documents which support the claim that "[a] high percentage of the actual costs for medical and prescription drugs for the current plan over the period 2008 through 2012 involved procedure codes or drugs that did not exist in 1998," sufficient to identify any procedures or drugs that did not exist in 1998 and all documents showing when those codes or drugs first came into existence.**

**RESPONSE:** CNH incorporates by reference its General Objections 2, 3, and 4. Subject to these objections, CNH states that responsive documents were produced to Plaintiffs during expert discovery and CNH is aware of no other responsive documents.

110. All documents showing any medical procedure or prescription drug that has come into existence since 1998 that is not covered, is no longer covered or is excluded from coverage, under the Current Plan including, but not limited to, benefit denials, explanation of benefits and benefit denial appeals.

**RESPONSE:** CNH incorporates by reference its General Objection 4. Subject to these objections, CNH states that it is not aware of any responsive documents.

111. All documents reviewed or generated by Towers Watson in connection with a review of claims, claim projections, annual cost projections per capita cost projections, under the 2005 Plan and for the Current Plan, including but not limited to those attached as Exhibits 1 and 2 to the 2010 Declaration of Sharif Amin.

**RESPONSE:** CNH incorporates by reference its General Objections 2, 3, and 4. Subject to these objections, CNH states that responsive documents were produced to Plaintiffs during expert discovery and CNH is aware of no other responsive documents.

112. All documents regarding premiums for participation in the 2005 plan for post-May 2005 retirees for the period 2005 to present.

**RESPONSE:** CNH incorporates by reference its General Objections 1, 2, 3, and 4. CNH objects further to Plaintiffs' request for information that pertains to individuals that are not members of the plaintiff class and whose privacy rights are implicated by the request. Subject to these objections, CNH will produce responsive, non-privileged documents to the extent they can be located after a reasonable search.

113. All records related to pensions, Medicare premium reimbursement and/or Retiree Medical Savings Accounts for the following post-May 1, 2005 retirees: Dennis Bellgraph, David Burl, Richard Kusmierz, Jose Garcia, and David Sharkozy.

**RESPONSE:** CNH incorporates by reference its General Objections 1, 2, 3, and 4. CNH objects further to Plaintiffs' request for information that pertains to individuals that are not members of the plaintiff class and whose privacy rights are implicated by the request. Subject to these objections, CNH will produce responsive, non-privileged documents to the extent they can be located after a reasonable search and after Plaintiffs provide a notarized authorization from each individual named in the request to the release of their information to Plaintiffs.

114. All records regarding Retiree Medical Savings Accounts for the following Class Members: Gary Mock, Danny Stewart, Harold Badtram, Wilbert Bertling, Thomas Pease, Elden Hagen, John Goss, Bill Holler, Herbert Bailey, Jr., Danny Davis, John DeMoulpied, Dennis Petrovic, Gary Gonterman, Dexter Leonard, Alvino Terronez, Jr., Thomas Westmoreland, James Foster, Ronald Johnston, Greg Isaacson, Verlun Kopecky, Theodore Karapanos, Alfred Hudec, Jr., Richard Seager, Melvin Konkel.

**RESPONSE:** CNH incorporates by reference its General Objections 2, 3, and 4. Subject to these objections, CNH states that it is not aware of any responsive documents.

115. FASB 106 valuations for CNH Global or any of its subsidiaries since 2004 and all documents relied on or consulted in preparing those valuations.

**RESPONSE:** CNH incorporates by reference its General Objections 1, 2, 3, and 4. Subject to these objections, CNH will produce responsive, non-privileged documents to the extent they can be located after a reasonable search.

116. **All studies, valuations, calculations or other documents containing or relating to the present value of CNH's obligation for health care benefits for the Class under the Current Plan, under the Proposed Plan and/or under any other variation of benefits CNH has considered as a modification to the Current Plan.**

**RESPONSE:** CNH incorporates by reference its General Objections 1, 2, 3, 4, and 5. Subject to these objections, CNH states that it is not aware of any responsive documents.

Dated: December 9, 2013

Respectfully submitted,

Normal C. Ankers (P30533)
(nankers@honigman.com)
Honigman Miller Schwartz and Cohn LLP
2290 First National Building
660 Woodward Avenue
Detroit, Michigan 48226
313.465.7306
313.465.7307 fax

Bobby R. Burchfield
(bburchfield@mwe.com)
Joshua David Rogaczewski
(jrogaczewski@mwe.com
Laura J. Capotosto
(lcapotosto@mwe.com)
McDermott Will & Emery LLP
The McDermott Building
500 North Capitol Street, Northwest
Washington, D.C. 20001
202.756.8000
202.756.8087 fax

*Attorneys for CNH Global N.V. and CNH America LLC*

7

## CERTIFICATE OF SERVICE

I hereby certify that **CNH's Response to Plaintiffs' Fifth Request for Production of Documents** was served on December 9, 2013, by first-class mail, postage-prepaid, on:

    Darcie R. Brault
    David R. Radtke
    Roger J. McClow
    McKnight, McClow, Canzano, Smith & Radtke, P.C.
    400 Galleria Officentre, Suite 117
    Southfield, Michigan 48034

                                  Joshua David Rogaczewski