UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK REESE, JAMES CICHANOFSKY,
ROGER MILLER,
and GEORGE NOWLIN on                                    Hon. Patrick J. Duggan
behalf of themselves and
a similarly situated class,                                       Case No. 04-70592

    Plaintiffs,

v.                                                                                 **Class Action**

CNH GLOBAL N.V., formerly
known as Case Corporation,
and THE COMPANY LLC,

    Defendants.
_____/

| | |
|---|---|
| David R. Radtke (P47016) | Norman C. Ankers (P30533) |
| Darcie R. Brault (P43864) | HONIGMAN MILLER |
| McKNIGHT, McCLOW, CANZANO | SCHWARTZ AND COHN LLP |
| SMITH & RADTKE, P.C. | Attorneys for Defendants |
| Attorneys for Plaintiffs Reese, et al. | 2290 First National Building |
| 400 Galleria Officentre, Suite 117 | 660 Woodward Avenue |
| Southfield, MI 48034 | Detroit, MI 48226 |
| (248) 354-9650 | (313) 465-7000 |
| | |
| | Bobby R. Burchfield, Esq. |
| | McDERMOTT WILL & EMERY |
| | Attorneys for Defendants |
| | The McDermott Building |
| | 500 North Capital Street, Northwest |
| | Washington, D.C. 20001 |
| | (202) 756-8000 |

_____/

# PLAINTIFFS' THIRD MOTION FOR EXTENSION/MODIFICATION OF SCHEDULING ORDER AND REQUEST FOR IMMEDIATE CONSIDERATION

Plaintiffs, by and through their counsel, McKnight, McClow, Canzano, Smith & Radtke, P.C., move this Honorable Court as follows:

1. At the status conference in this matter and after discussing the case with counsel the Court set a scheduling order. See Minute Entry dated February 4, 2013.

2. At the initial conference on remand, Defendant was required to identify its precise proposed benefits plan so that the parties could begin discovery of whether that proposed plan was reasonably commensurate with the vested lifetime benefits that the retirees have received since their retirements. Defendant finally identified its precise proposed plan on March 1, 2013.

3. Plaintiffs submitted their initial discovery requests on March 14, 2013.

4. Defendant CNH responded on April 18, 2013 to the Plaintiffs' First Request for Admissions, CNH's Response to Plaintiffs' Fourth Request for Production of Documents, and CNH's Response to Plaintiffs' First Interrogatories. This production was subject to numerous general and specific objections, including that the number of Interrogatories exceeded the limits of the Federal Rules of Civil Procedure. Defendants left approximately 25 interrogatories unanswered.

5. Plaintiffs filed a Motion for Leave to Exceed 25 Interrogatories. R. 337 on March 21, 2013. After the matter was fully briefed, Magistrate Judge

Komives heard oral argument on April 23, 2013. Magistrate Judge Komives entered an order on May 20, 2013. R. 346. Plaintiffs moved for reconsideration. R. 348. Magistrate Judge Komives ruled upon the motion on June 11, 2013 (granting in part and denying in part). R. 352. Plaintiffs appealed. R. 354. The matter was decided on July 30, 2013. R. 360. That order required responses from the Defendants within 14 days of that order, or August 14, 2013.

6. Plaintiffs filed a Motion to Extend Scheduling Order on May 9, 2013. R. 344, which was granted in part and denied in part on June 19, 2013. R. 353.

7. On July 30, 2013, in conjunction with the Court's ruling regarding the Motion for Leave to Exceed 25 Interrogatories, the Court, *sua sponte*, extended the scheduling order to reflect the following:

| | |
|---|---|
| 8/13/13 | Defendants to respond to Plaintiffs' discovery requests |
| 9/27/13 | Reports due from Plaintiffs' experts |
| 10/17/13 | Reports due from Defendants' experts |
| 11/18/13 | Discovery closes |
| 12/3/13 | Dispositive motion cut-off |
| 1/3/14 | Dispositive motion(s) response(s) due |
| 1/10/14 | Dispositive motion(s) reply brief(s) due |

R. 360.

8. On July 19, 2013 Plaintiff filed a Motion to Compel Answers to First Interrogatories. R. 356. The motion was referred to the Magistrate and was argued on September 19, 2013. An order was issued granting in part and denying in part the relief requested on September 23, 2013. R. 369.

2

9. In the order dated September 23, 2013, the Magistrate Judge exhorted the parties to continue to discuss the responses to Interrogatories 5 – 9 related to the pension benefits of the class members. Pg ID 12800. **Since March of 2013, the Plaintiffs have diligently pursued these pension data**.

10. CNH has repeatedly argued that a 2006 document production was sufficient for Plaintiffs to calculate the pension benefits received by the class. Yet, CNH failed to provide 92 files missing from the original production, finally producing only one chart from each of those files on October 31, 2013. Defendant also provided a spreadsheet which it claimed contained the extent of its electronically stored information needed to calculate the pensions. Ultimately, between the spreadsheet and the benefit files, CNH provided misinformation regarding **over 500 members of the class**, **Exhibit A** Schaeffer Deposition, pp. 132-134 (Abbott error), 143-145 (Foxcroft error), 151-154, 190-194 (incomplete information for approximately 500 retirees), 177- 178 (Fisher and Godfrey errors). Sharon Schaeffer,[1] CNH's Manager of Retirement Plans, testified that the

---

[1] Plaintiffs began requesting the deposition of Sharon Schaeffer in October of 2013 as she had previously submitted Declarations in this case indicating that she was the person most knowledgeable regarding how the pension benefits for the class are calculated. Plaintiffs finally unilaterally noticed her deposition per a notice dated October 28, 2013. A re-notice was sent on November 8, 2013, when a mutually convenient date for the deposition was agreed upon. Despite the two duces tecum notices for Sharon Schaeffer's deposition, and despite CNH's alleged desire to efficiently complete discovery in this matter, counsel was advised only two days before Ms. Schaeffer's deposition which occurred on November 15,

spreadsheet produced to Plaintiffs (for the purpose of calculating pension information) was checked for "reasonableness" by picking a few class members at random, **Exhibit A,** Schaeffer Deposition, pp. 131-132. She stated she did not expect to see as many as 500 discrepancies in the record and ultimately stated that the chart provided in discovery was not reliable. **Exhibit A,** Schaeffer Deposition, p. 147, 178-182, 184-185.

11. Plaintiffs were unable to obtain the pension information from the Defendant CNH and instead were forced to expend hundreds of hours calculating the pension benefits using the pension forms and then formulated Requests to Admit in order to address the myriad discrepancies in the data provided to Plaintiffs. The responses to the Requests to Admit are due January 13, 2014 – only three days before the current discovery cutoff.

12. Also in the order dated September 23, 2013, R. 369, Magistrate Judge Komives determined that Defendants would be allowed to wait until the date expert reports were due to provide answers responsive to Interrogatories 36 (requesting information about whether CNH intends to compare its proposed plan

---

2013, that CNH considered the duces tecum request untimely as it was not made more than 30 days ahead of the deposition. Plaintiffs' counsel offered to have the deposition in Ms. Schaeffer's office so that she could access her pension calculator tools and the requested plan and contract documents. CNH specifically declined, preferring to hobble its own witness rather than provide the requested discovery. Ultimately, Ms. Schaeffer admitted it would have taken her only a few hours to pull the documents in the duces tecum request. **Exhibit A,** Schaeffer Dep., pp. 9-10, 13-14.

with plans available to retirees and workers at similar companies and, if so, the details of those companies/plans) and 37 (requesting information regarding whether the Company contends that there are any "changes in health care" that are relevant on remand). The CNH expert reports were not due until October 17, 2013.

13. CNH provided expert reports, electronically, on the afternoon of the due date, again belying their claim that they seek an expedited discovery process.

14. Plaintiffs sought and received an extension of the scheduling order in order to obtain discovery of the bases of the Defendants' experts' opinions. See R. 370 and Order R. 372. The Court modified the schedule to the following on October 31, 2013 to reflect the following:

| | |
|---|---|
| 1/17/13 | Discovery closes & Plaintiffs' rebuttal expert report(s) due |
| 2/1/14 | Dispositive motion cut-off |
| 3/4/14 | Dispositive motion(s) response(s) due |
| 3/11/14 | Dispositive motion(s) reply brief(s) due |

15. Since then, Plaintiffs have diligently pursued discovery, generally and also specifically regarding Defendants' expert witness opinions which were in large part unknown to Plaintiffs prior to October 17, 2013.

16. On October 28, 2013, before the discovery deadline was extended, Plaintiffs drafted and served three subpoenas: one to each of the Defendants' experts (Macey and Stahl) and one to Towers Watson (believed to be responsible for reporting funding for executive benefits plans). Plaintiffs requested various documents. There were a number of time-consuming difficulties with the subpoena

5

responses. Ultimately, Plaintiffs filed a Motion to Compel Responses to Third Party Subpoenas on November 20, 2013. R. 373.

17. The matter was referred to Magistrate Judge Komives who entertained argument on December 16, 2013. The parties were asked to submit competing orders relative to 16 of the issues raised and supplemental authority on a 17th issue, specifically relating to documents withheld by Macey. The parties agreed that the deposition of Macey could not take place until after the remaining issues were resolved and that that would not likely take place until after the current discovery deadline of January 17, 2014.

18. On November 5, 2013, Plaintiffs served their Fifth Request for Production of Documents and Second Requests to Admit on Defendants. On December 9, 2013, Plaintiffs received electronic correspondence from Defendants with "attached responses" to the discovery requests. However, no documents were produced. Many of the answers referred to documents that would be provided "after" a search. It was not until December 13, 2013 that Plaintiffs received any responsive documents. There are numerous deficiencies in the production which are raised in Plaintiffs' Motion to Compel Responses to Plaintiffs' Fifth Request for Production of Documents, filed contemporaneously with this motion, on December 27, 2013.

19. Plaintiffs also served Defendants with its Third Requests to Admit on

December 13, 2013, relative to the pension data, discussed above.

20. Meanwhile, Defendants refused to set dates for depositions, forcing Plaintiffs to unilaterally schedule those depositions. At this time, the deposition of Stahl is scheduled to take place on January 14, 2014 – three days before the discovery cutoff and fifteen days before dispositive motions are due. The deposition of Macey cannot be scheduled until the pending motions are decided, possibly placing Plaintiffs in the position of 1) not being able to conduct any follow up discovery after Macey's deposition and 2) not having had the opportunity to depose Macey prior to the time Plaintiffs are required to file dispositive motions.

21. Defendants repeatedly claim that they seek an expedited schedule. However, Defendants refused to schedule the depositions of Plaintiffs' experts in November of 2013 when Plaintiffs were prepared to provide 23 alternate dates. Instead, Defendants waited until December 16, 2013 to serve subpoenas scheduling all three of Plaintiffs' expert witness depositions on the same day, in two different locations (Detroit and Washington, D.C.) on the last day of discovery: January 17, 2014. Purportedly, the rationale was that the depositions could not take place until after rebuttal reports were received which are not due until January 17, 2014, **Exhibit B**.

22. However, Plaintiffs notified the Defendants as early as November 6,

7

2013 that Theo Francis would not be preparing a rebuttal report. Defendants have made no effort to schedule Francis' deposition on a mutually agreeable date.

23. Plaintiffs provided Suzanne Daniels' rebuttal report to Defendants on December 20, 2013. While Defendants requested a deposition date for Ms. Daniels, the window suggested is between January 2 and 10, 2014. Plaintiffs have already scheduled a deposition in Racine on January 9, 2014, leaving only short notice on limited potential dates. It is currently unclear whether Ms. Daniels can make herself available during that week.

24. Defendants have not provided or identified the discovery requested of CNH which Plaintiffs expect to forward to Plaintiffs' expert, Mark Lynne, in order for him to prepare his rebuttal report. Currently, he is available on the January 17, 2014 date that the Defendants have unilaterally chosen.

25. In addition to these myriad discovery issues which have consumed so much of the time allotted in the scheduling order, Plaintiffs learned that CNH Global, N.V. may not exist, having merged with CNH Industrial, N.V. Apparently, a merger occurred, though Defendants' responses to Plaintiffs' discovery requests on the issue are not a model of clarity. **Exhibit C**.

26. Plaintiffs have proffered various draft orders to Defendants suggesting that CNH Industrial, N.V. be added as a party or substituted as a party in the event the CNH Global, N.V. no longer exists. To date, no agreement has been reached. It

8

appears that motion practice may be required to ensure that the proper parties are before the Court.

27. Plaintiffs seek an extension and modification of the current scheduling order, for the following reasons, which reasons constitute good cause under Fed. R. Civ. Pr. 16(b)(4):

    a. This Court has determined, and the Sixth Circuit has affirmed, that Defendant CNH promised the Class vested lifetime healthcare benefits. The Sixth Circuit has held that the benefits can be modified, but only so long as the proposed changes are reasonably commensurate with the current vested lifetime healthcare benefits. CNH has the burden of proving that its proposed changes are reasonable within the parameters discussed within the *Reese II* opinion, including additional factors impacting "reasonableness" that this Court determines are relevant.

    b. There has been a year-long history of discovery motion practice which has resulted in a number of orders requiring Defendants to provide discovery;

    c. Defendants have not provided sufficient or reliable data to ascertain the pension benefits of the Class Members which Plaintiffs have diligently sought since March of 2013. Plaintiffs have continued to seek that information but will not receive a definitive answer before January 14, 2014 when their third set of Requests to Admit will come due.

    d. Plaintiffs are continuing to diligently pursue expert witness discovery, which the Defendants have elected to rely upon, almost exclusively, to meet their burden of proving that its proposed changes to the current vested lifetime healthcare benefits are reasonable. Those expert opinions were not provided until October 17, 2013.

    e. During this same period, Defendants have requested discovery from Plaintiffs, including a second set of duces tecum subpoenas of each of Plaintiffs' three expert witnesses.

9

    f. Defendants have also scheduled all three of Plaintiffs' experts' depositions to take place in two different states on the last day of the discovery period. To complicate matters, Plaintiffs have been advised that the Defendant's expert, Macey, will not be produced for deposition until after the discovery cutoff.

    g. Plaintiffs have conscientiously pursued discovery they requested of Defendant CNH through several motions and orders, the latest two such motions are pending.

    h. There is a probable need to add a party: CNH Industrial, N.V.

    i. Plaintiffs also request a modification in the scheduling order progression. Currently, the dispositive motion deadline is only two weeks following the close of discovery. Given the need to obtain transcripts of depositions and the possibility that one or more depositions will take place after the close of discovery, it may not be feasible to prepare dispositive motions within that two week period.

28.    Plaintiffs request immediate consideration or expedited consideration of this request.

29.    Pursuant to Local Rule 7.1, Plaintiffs' counsel requested concurrence in the relief sought on December 20, 2013 and again on December 27, 2013. Defense counsel does not concur in the relief requested.

WHEREFORE Plaintiffs respectfully request that the following schedule be ordered:

| | |
|---|---|
| March 14, 2014 | Discovery closes & Plaintiffs' rebuttal expert report(s) due |
| April 14, 2014 | Dispositive motion cut-off |
| May 14, 2014 | Dispositive motion(s) response(s) due |
| May 23, 2014 | Dispositive motion(s) reply brief(s) due |

                                 Respectfully submitted,
                                 McKNIGHT, McCLOW, CANZANO,
                                 SMITH & RADTKE, P.C.

                                 By:/s/Darcie R. Brault
                                 David R. Radtke (P47016)
                                 Darcie R. Brault (P43864)
                                 Attorneys for Class Plaintiffs
                                 400 Galleria Officentre, Suite 117
                                 Southfield, MI  48034
Dated: December 27, 2013       (248) 354-9650
                                 dbrault@michworklaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK REESE, JAMES CICHANOFSKY,
ROGER MILLER,
and GEORGE NOWLIN onHon. Patrick J. Duggan
behalf of themselves and
a similarly situated class,Case No. 04-70592

Plaintiffs,

v.**Class Action**

CNH GLOBAL N.V., formerly
known as Case Corporation,
and THE COMPANY LLC,

Defendants.
_____/
Roger J. McClow (P27170)Norman C. Ankers (P30533)
David R. Radtke (P47016)HONIGMAN MILLER
Darcie R. Brault (P43864)SCHWARTZ AND COHN LLP
McKNIGHT, McCLOW, CANZANOAttorneys for Defendants
SMITH & RADTKE, P.C.2290 First National Building
Attorneys for Plaintiffs Reese, et al.660 Woodward Avenue
400 Galleria Officentre, Suite 117Detroit, MI 48226
Southfield, MI 48034(313) 465-7000
(248) 354-9650

Bobby R. Burchfield, Esq.
McDERMOTT WILL & EMERY
Attorneys for Defendants
The McDermott Building
500 North Capital Street, Northwest
Washington, D.C. 20001
(202) 756-8000
_____/

**BRIEF IN SUPPORT OF PLAINTIFFS' THIRD MOTION FOR EXTENSION/MODIFICATION OF SCHEDULING ORDER AND REQUEST FOR IMMEDIATE CONSIDERATION**

This Court is permitted to amend its scheduling order upon good cause shown, in its discretion. *Fed. R. Civ. P. 16 (b)(4)*.

Good cause exists when the relevant deadline cannot reasonably be met despite the diligence in seeking the extension. *Inge v. Rock Fin. Corp.* 281 F.3d 613 (6th Cir. 2002). Plaintiffs have been diligently pursuing discovery of CNH's proffered reasons upon which it bases the claim that the proposed benefits are "reasonably commensurate" with the current benefits as is demonstrated by the facts set forth in the accompanying motion.

CNH proposes to make a massive cost shift to the retirees and reduce their benefits, including but not limited to eliminating fully paid prescription drug benefits for Medicare eligible class members. Class counsel seeks to be as prepared as possible to rebut the claim that these modifications to the retirees' vested lifetime benefits are reasonable as defined in *Reese II*. Under these circumstances, asking for an extension and modification of the current scheduling order to complete discovery prior to the dispositive motion deadline is not unreasonable and good cause supports such an extension, as stated more fully in the accompanying motion.

Respectfully submitted,

McKNIGHT, McCLOW, CANZANO,
SMITH & RADTKE, P.C.

By:/s/Darcie R. Brault
David R. Radtke (P47016)
Darcie R. Brault (P43864)
Attorneys for Class Plaintiffs
400 Galleria Officentre, Suite 117
Southfield, MI  48034
(248) 354-9650
dbrault@michworklaw.com

Date:  December 27, 2013

## CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2013 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will serve it on all parties.

Respectfully submitted,

McKNIGHT, McCLOW, CANZANO,
SMITH & RADTKE, P.C.

By: */s/Darcie R. Brault*
David R. Radtke (P47016)
Darcie R. Brault (P43864)
Attorneys for Plaintiffs
400 Galleria Officentre, Suite 117
Southfield, MI 48034
(248) 354-9650
dbrault@michworklaw.com

Dated: December 27, 2013