# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JACK REESE, FRANCES ELAINE PIDDE, JAMES CICHANOFSKY, ROGER MILLER, and GEORGE NOWLIN,<br><br>Plaintiffs,<br><br>v.<br><br>CNH GLOBAL N.V. and CNH AMERICA LLC,<br><br>Defendants. | Case 2:04-cv-70592-PJD-PJK<br><br>Hon. Patrick J. Duggan, U.S.D.J.<br><br>Hon. Paul J. Komives, U.S. Mag. J. |

### CNH GLOBAL N.V.'S RESPONSE TO PLAINTIFFS' SECOND REQUESTS FOR ADMISSION

CNH Global N.V. hereby responds to Plaintiffs' Second Requests for Admission. *See* Fed. R. Civ. P. 36(a).

### GENERAL OBJECTIONS

1. CNH Global objects to Plaintiffs' requirement that CNH Global respond to Plaintiffs' requests for admission "under oath" (Pls.' 2d Reqs. Admiss. 1); no such requirement exists for responses to requests for admission. *See* Fed. R. Civ. P. 36.

2. CNH Global objects to the requests for admission to the extent that they seek information that is not "relevant to any party's claim or defense." *Id.* R. 26(b)(1).

3. CNH Global objects to the requests for admission to the extent that "the burden or expense" of responding to them "outweighs [their] likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the [requests for admission] in resolving the issues." *Id.* R. 26(b)(2)(C)(iii).

## ANSWERS

**8. Prior to September of 2013, CNH America LLC was a wholly owned subsidiary of CNH Global N.V.**[*]

**ANSWER:** CNH Global admits that, prior to September 2013, CNH America LLC was an indirect wholly owned subsidiary of CNH Global N.V. but denies the remainder of the request.

**9. CNH Global N.V. has been or will be merged with Fiat Industrial SpA into CNH Industrial N.V.**

**ANSWER:** CNH Global objects to the phrase "has been or will be merged with Fiat Industrial SpA into CNH Industrial N.V.," which is vague. Subject to this objection, CNH Global denies this request and states that Fiat Industrial S.p.A. was merged into CNH Industrial N.V. and that CNH Global N.V. was merged into CNH Industrial N.V.

**10. CNH Global N.V. is or will be merged with Fiat Industrial SpA into CNH Industrial N.V. on or before November 30, 2013.**

---

[*] CNH Global has renumbered Plaintiffs' requests to bring them into conformity with this Court's rules. *See* E.D. Mich. R. Civ. P. 26.1

2

**ANSWER:** CNH Global objects to the phrase "is or will be merged with Fiat Industrial SpA into CNH Industrial N.V.," which is vague. Subject to this objection, CNH Global denies this request and states that Fiat Industrial S.p.A. was merged into CNH Industrial N.V. before November 30, 2013, and that CNH Global N.V. was merged into CNH Industrial N.V. before November 30, 2013.

**11. CNH America LLC will be in the merged company and will continue to exist as a separate entity after the merger.**

**ANSWER:** CNH Global objects to the phrase "will be in the merged company" and the term "merger," which are vague. Subject to this objection, CNH Global admits that CNH America LLC continues to exist as a separate entity but denies the remainder of the request.

**12. CNH America LLC will be a proper party to this litigation after the merger.**

**ANSWER:** CNH Global objects to the term "merger," which is vague. Subject to this objection, CNH Global admits that CNH America LLC is a proper party to this litigation and denies the remainder of the request.

**13. CNH Global N.V. will be a proper party to this litigation after the merger.**

**ANSWER:** CNH Global objects to the term "merger," which is vague. Subject to this objection, CNH Global denies this request and states that CNH Global N.V. no longer exists and was merged into CNH Industrial N.V.

3

14. There are no other parties who Defendants contend are potentially liable for the payment of retiree healthcare benefits to the Class that are not currently a party to this litigation.

ANSWER: CNH Global incorporates by reference its General Objection 3. CNH Global also objects to the phrase "potentially liable for the payment of retiree healthcare benefits," which is vague. Subject to these objections, CNH Global admits that CNH America LLC is potentially liable for the payment of retiree health benefits to the plaintiff class under the 1998 Group Benefit Plan and that CNH America LLC disputes the scope of that liability. CNH Global denies the remainder of the request.

15. After the merger between Fiat Industrial SpA and CNH Global N.V., the merged company and its subsidiaries, including CNH America LLC, will continue to control sufficient assets to meet any obligation that may be affirmed by or incurred in this litigation, e.g. the continuation of The Current Plan and attorneys' fees and costs.

ANSWER: CNH Global incorporates by reference its General Objections 2 and 3. CNH Global also objects to the phrase "any obligation that may be affirmed by or incurred in this litigation," which is vague. Subject to these objections, CNH Global admits that CNH America LLC (the entity responsible for Plaintiffs' benefits) currently has—and expects to continue to have—sufficient assets to meet any obligation that would exist at the conclusion of this litigation, including reasonable attorneys' fees and costs. CNH Global denies the remainder of the request.

4

16. "[L]ifestyle drugs" for smoking, obesity and erectile dysfunction are excluded from the 2005 Plan.

ANSWER: CNH Global incorporates by reference its General Objection 2. CNH Global objects further to the term "lifestyle drugs," which is vague. Subject to these objections, CNH Global admits that drugs for smoking and obesity are excluded from the 2005 Group Benefit Plan (but states that they are also excluded from the 1998 Group Benefit Plan), denies that drugs for erectile dysfunction are excluded from the 2005 Group Benefit Plan, and denies the remainder of this request.

17. The Proposed Plan does not provide coverage for any medical, vision, dental or hearing service, technology, treatment or prescription drug that is not covered by the Current Plan.

ANSWER: CNH Global admits this request and states that coverage under the 1998 and 2005 Group Benefit Plans is co-extensive, because both plans determine coverage on the basis of what is "medically necessary" and define that term in the same way.

18. No members of the Class are in the non-network plan.

ANSWER: CNH Global admits this request.

19. The changes to the Current Plan as described in the Proposed Plan exceed the maximum percentage increases for retaining grandfathered status under the regulations for the Patient Protection and Affordable Care Act P.L. 11-148, 29 CFR 2590.715-1251.

ANSWER: CNH Global incorporates by reference its General Objection 2. Subject to this objection, CNH Global admits this request but states that the 1998

5

Group Benefit Plan has already been changed sufficiently to take it out of grandfathered status under the Affordable Care Act.

Dated: December 9, 2013                     Respectfully submitted,

Normal C. Ankers (P30533)               Bobby R. Burchfield
(nankers@honigman.com)                  (bburchfield@mwe.com)
Honigman Miller Schwartz and Cohn       Joshua David Rogaczewski
LLP                                     (jrogaczewski@mwe.com
2290 First National Building            Laura J. Capotosto
660 Woodward Avenue                     (lcapotosto@mwe.com)
Detroit, Michigan 48226                 McDermott Will & Emery LLP
313.465.7306                            The McDermott Building
313.465.7307 fax                        500 North Capitol Street, Northwest
                                        Washington, D.C. 20001
                                        202.756.8000
                                        202.756.8087 fax

*Attorneys for CNH Global N.V.*

## CERTIFICATE OF SERVICE

I hereby certify that **CNH Global N.V.'s Response to Plaintiffs' Second Requests for Admission** was served on December 4, 2013, by first-class mail, postage prepaid, on:

Darcie R. Brault
David R. Radtke
Roger J. McClow
McKnight, McClow, Canzano, Smith & Radtke, P.C.
400 Galleria Officentre, Suite 117
Southfield, Michigan 48034

Joshua David Rogaczewski

7