# Exhibit 7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK REESE, FRANCES ELAINE PIDDE,
JAMES CICHANOFSKY, ROGER MILLER,
GEORGE NOWLIN and RONALD HITT, on
behalf of themselves and
a similarly situated class,

Hon. Patrick J. Duggan

Case No. 04-70592

Plaintiffs,

v.

**Class Action**

CNH GLOBAL N.V., formerly
known as Case Corporation,
and CNH AMERICA LLC,

Defendants.

_____/

| | |
|---|---|
| Roger J. McClow (P27170) | Norman C. Ankers (P30533) |
| David R. Radtke (P47016) | HONIGMAN MILLER |
| Darcie R. Brault (P43864) | SCHWARTZ AND COHN LLP |
| KLIMIST, McKNIGHT, SALE, | Attorneys for Defendants |
| McCLOW & CANZANO, P.C. | 2290 First National Building |
| Attorneys for Plaintiffs Reese, et al. | 660 Woodward Avenue |
| 400 Galleria Officentre, Suite 117 | Detroit, MI 48226 |
| Southfield, MI 48034 | (313) 465-7000 |
| (248) 354-9650 | |
| | Bobby R. Burchfield, Esq. |
| | Douglas G. Edelschick, Esq. |
| | McDERMOTT WILL & EMERY |
| | Attorneys for Defendants |
| | 600 Thirteenth Street, N.W. |
| | Washington, D.C. 20005 |
| | (202) 756-8000 |

_____/

**PLAINTIFFS' FIRST
INTERROGATORIES TO DEFENDANT**

Plaintiffs, by their attorneys, McKNIGHT, McCLOW, CANZANO, SMITH & RADTKE, P.C., and for their First Interrogatories to Defendant, state as follows:

## INSTRUCTIONS

These Interrogatories shall be deemed continuing, and supplementary answers shall be required if you directly or indirectly obtain further information after your Answers to these Interrogatories are filed, including, but not limited to the names of witnesses, expert witnesses and documentation.

Each Interrogatory solicits all information available to Defendant, including information obtainable by Defendant from its officers, agents, employees or attorneys.

These Interrogatories are to be answered in detail. If you cannot answer the Interrogatory in full, answer to the extent possible and explain your inability to answer the remainder.

With respect to any document or communication for which you claim a privilege, identify the document, state the privilege involved, and state the factual and legal basis for the claimed privilege and identify the document by stating:

a. the type of document (letter, memo, etc.);

b. the identity of the author;

c. the date authored or originated;

d. the identity of each person to whom the original or a copy was addressed or delivered;

e. the identity of every other person who has ever had possession of the document;

f. the subject matter of the document.

## DEFINITIONS

Unless otherwise indicated, the following definitions shall be applicable to these Interrogatories:

1. "Describe" means:

   a. Describe fully and in detail by reference to underlying facts and other than by reference to ultimate facts or conclusions of facts or law;

   b. Where applicable, state the date, time, place and manner;

   c. State all facts known to Defendants on the subject of the Interrogatory;

   d. Identify all persons with knowledge of the facts stated, and state what information he or she has; and

   e. Identify documents relating to facts set forth in the description.

2. "Person" means, without limitation, individuals, firms, associations, partnerships, unincorporated associations, corporations, committees, trustees, boards, or other entities.

3. "Identify" or "identity" with respect to a person means to state the full name; current or last known residential address and telephone number; current or last employer and title; current or last known business address and telephone number; employer and title at the time in question; and dates of employment with the Company.

4. The term "document" means all written, printed or graphic material of any kind and description, produced or reproduced, whether draft or final, original or reproduction, including, but not limited to, correspondence, memoranda, notes, letters, telegrams, books, ledgers, magazines, periodicals, collective bargaining agreements, side agreements, letters of understanding, memoranda of understanding, bulletins, manuals, circulars, posters, computer printouts, newspapers, newsletters, pamphlets, tables, charts, reports, studies, orders, order forms, invoices, journals, statements, minutes, inter-office communications, working papers, spreadsheets, proposals, messages (including

3

reports of telephone conversations and conferences), diaries, call reports, log books, surveys, polls, planners, calendars, itineraries, activity reports, listings, and tapes or audio or visual or printed form, and includes copies of documents which contain additional written, printed or graphic matter.

5. "Identify" with respect to a document (or a particular reference, marking or statement in a document) means to:

   a. Identify the person or persons who prepared it and who assisted or had any input into its preparation, the party or parties for whom that person or persons were acting, and the party or parties by whom that person or persons were employed;

   b. Identify the person or persons to whom it was addressed or directed and the party or parties by whom that person or persons were employed;

   c. State the type of document (e.g., letter, memorandum, etc.);

   d. State the nature and substance of the documents with sufficient particularity to enable it to be identified;

   e. State the date on the document;

   f. State the date the document was prepared or marking was made; and

   g. State the present location of the document, and identify its custodian or custodians, and the person by whom such custodian or custodians is employed.

6. The term "communication" means any transmission of information by oral, graphic, written, pictorial, or otherwise perceptible means, including, but not limited to, telephone conversations, letters, inter-office correspondence, memoranda, telegrams, and personal conversations.

7. "Identify" with respect to a communications means to:

   a. Identify each person who participated in the communication and each person who was present at the time it was made;

   b. Identify the party or parties for whom each person was acting;

4

  c. Identify the party or parties by whom each person was employed;

  d. State the type of communications (e.g., letter, personal conversation, etc.);

  e. If oral, describe what each person said;

  f. If oral, state the date when and the place where such communication was made; and

  g. Identify each document which reflects such communication, refers to such communication or otherwise sets forth part or all of the substance of such communication; state the present location of the document; identify its custodian or custodians; and identify the custodian's employer.

  8. The term "Company" as used herein means J. I. Case, Case Corporation, Case LLC, CNH America LLC, CNH Global N.V., CaseNewHolland, Inc., Case New Holland, Inc., Fiatallis North America, Inc., Fiat SPA, Fiat Acquisition Company, their predecessors, parents, subsidiaries and divisions and the employees, representatives and agents of these entities

  9. "Class Member" means a retiree or surviving spouse described in the revised definition of the Class set forth in Paragraph 7 of the Stipulated Order entered November 16, 2007.

  10. "Dependent" means a dependent spouse or dependent child of a retiree Class Member or a dependent child of a surviving spouse Class Member.

  11. "Class" means all Class Members and Dependents.

  12. "Current Plan" means the medical, dental, vision, hearing aid and prescription drug plan CNH America is currently providing under the 1998 Group Benefit Plan.

  13. "Current Plan Participant" means any Class Member or any Dependent who is enrolled in the Current Plan.

  14. "Proposed Plan" means the plan of medical, dental, vision and prescription drug benefits that CNH America has proposed to provide to Class Members and Dependents pursuant to

the Draft Summary Plan Description dated January 23, 2013 and the CNH Plan Document - 2009 as clarified and modified by Bobby Burchfield's letter to Darcie R. Brault of March 1, 2013.

15. "Proposed Plan Participant" means any Class Member or any dependent the Company proposes to enroll in the Proposed Plan.

16. "2005 Plan" means the CNH/UAW Group Benefit Plan.

17. "2005 Plan Participant" means any participant in the CNH/UAW Group Benefit Plan 2005.

18. The "RMSA" means the Retiree Medical Savings Account described in the Summary Plan Description dated July 2005.

## INTERROGATORIES

1. Identify the person(s) answering these Interrogatories.

2. By Interrogatory, identify all persons consulted or relied upon for information to the answer.

3. Identify each person the Company expects to testify and/or provide information in support of its claims or defenses, and state the subject matter about which the witness has knowledge.

4. Identify each person the Company expects to use as an expert witness in this matter.

5. State the name, address, date of birth, social security number, telephone number, date of retirement, type of retirement (e.g., disability, early, normal, survivor option) and gross pension benefit for every Class Member. As to each surviving spouse, state the deceased retiree's name, date of birth and social security number.

6

6. Has the monthly pension benefit of any Class Member been increased since that Class Member retired? If yes, state the most recent date that any Class Member received an increase in monthly pension benefits and, if it was pursuant to a collective bargaining agreement, the date of the collective bargaining agreement. As to each Class Member who received such an increase in monthly pension benefits, state the amount of the monthly pension benefit before and after the increase.

7. Has the monthly Special Age 65 Benefit of any Class Member been increased since that Class Member retired? If yes, state the most recent date that any Class Member received an increase in Special Age 65 Benefit and, if it was pursuant to a collective bargaining agreement, the date of the collective bargaining agreement. As to each Class Member who received such an increase in monthly Special Age 65 Benefit, state the amount of the monthly pension benefit before and after the increase.

8. Is the monthly pension benefit of any Class Member scheduled to be increased in the future? If yes, state the date of the increase(s) and the amount of the increase(s), and if it is pursuant to a collective bargaining agreement, the date of the collective bargaining agreement.

9. Is the monthly Special Age 65 benefit of any Class Member scheduled to be increased in the future? If yes, state the date of the increase(s) and the amount of the increase(s), and if it is pursuant to a collective bargaining agreement, the date of the collective bargaining agreement.

10. State the actual cost to the Company for prescription drug benefits for Medicare-eligible 2005 Plan Participants under the 2005 Plan for (a) each participant and (b) all participants for the following plan years: 2008, 2009, 2010, 2011 and 2012.

11. State the actual cost to the Company for prescription drug benefits for non-Medicare-eligible 2005 Plan Participants under the 2005 Plan for (a) each participant and (b) all participants for the following Plan Years -- 2008, 2009, 2010, 2011, 2012.

12. State the actual cost to the Company for medical benefits for Medicare-eligible 2005 Plan Participants under the 2005 Plan for (a) each participant and (b) all participants for the following Plan Years -- 2008, 2009, 2010, 2011, 2012.

13. State the actual cost to the Company for medical benefits for non-Medicare-eligible 2005 Plan Participants under the 2005 Plan for (a) each participant and (b) all participants for the of following Plan Years -- 2008, 2009, 2010, 2011, 2012.

14. Under the Proposed Plan, state the projected annual cost to the Company for medical benefits each non-Medicare eligible participant for the following plan years: 2013, 2014, 2015, 2016, 2017, 2018, 2019, 2020, 2021, 2022. Describe how these projections were calculated.

15. Under the Proposed Plan, state the projected annual cost to the Company for medical benefits each Medicare eligible participant for the following plan years: 2013, 2014, 2015, 2016, 2017, 2018, 2019, 2020, 2021, 2022. Describe how these projections were calculated.

16. Under the Proposed Plan, state the projected annual cost to the Company for prescription drug benefits each non-Medicare eligible participant for the following plan years: 2013, 2014, 2015, 2016, 2017, 2018, 2019, 2020, 2021, 2022. Describe how these projections were calculated.

17. Under the Proposed Plan, state the projected annual cost to the Company for prescription drug benefits each Medicare eligible participant for the following plan years: 2013, 2014, 2015, 2016, 2017, 2018, 2019, 2020, 2021, 2022. Describe how these projections were calculated.

8

18.     Under the Proposed Plan, state the projected annual cost to each non-Medicare eligible participant for premium contributions for the following plan years: 2013, 2014, 2015, 2016, 2017, 2018, 2019, 2020, 2021, 2022. Describe how these projections were calculated.

19.     Under the Proposed Plan, state the projected annual cost to each Medicare-eligible participant for premium contributions for the following plan years: 2013, 2014, 2015, 2016, 2017, 2018, 2019, 2020, 2021, 2022. Describe how these projections were calculated.

20.     Under the Proposed Plan, state the projected annual cost to each non-Medicare-eligible participant for out of pocket medical expenses (e.g., deductibles, co pays and co insurance) for the following plan years: 2013, 2014, 2015, 2016, 2017, 2018, 2019, 2020, 2021, 2022. Describe how these projections were calculated.

21.     Under the Proposed Plan, state the projected annual cost to each Medicare-eligible participant for out of pocket medical expenses (e.g., deductibles, co pays and co insurance) for the following plan years: 2013, 2014, 2015, 2016, 2017, 2018, 2019, 2020, 2021, 2022. Describe how these projections were calculated.

22.     Under the Proposed Plan, state the projected annual cost to each non-Medicare-eligible participant for out of pocket prescription drug expenses for the following plan years: 2013, 2014, 2015, 2016, 2017, 2018, 2019, 2020, 2021, 2022. Describe how these projections were calculated.

23.     Under the Proposed Plan, state the projected annual cost to each Medicare-eligible participant for out of pocket prescription drug expenses for the following plan years: 2013, 2014, 2015, 2016, 2017, 2018, 2019, 2020, 2021, 2022. Describe how these projections were calculated.

24. Under the Current Plan, state the projected annual cost to the Company for medical benefits for each non-Medicare-eligible participant for the following Plan Years: 2013, 2014, 2015, 2016, 2017, 2018, 2019, 2020, 2021, 2022. Describe how these projections were calculated.

25. Under the Current Plan, state the projected annual cost to the Company for medical benefits for each Medicare-eligible participant for the following Plan Years: 2013, 2014, 2015, 2016, 2017, 2018, 2019, 2020, 2021, 2022. Describe how these projections were calculated.

26. Under the Current Plan, state the projected annual cost to the Company for prescription drug benefits for each non-Medicare-eligible participant for the following Plan Years: 2013, 2014, 2015, 2016, 2017, 2018, 2019, 2020, 2021, 2022. Describe how these projections were calculated.

27. Under the Current Plan, state the projected annual cost to the Company for prescription drug benefits for each Medicare-eligible participant for the following Plan Years: 2013, 2014, 2015, 2016, 2017, 2018, 2019, 2020, 2021, 2022. Describe how these projections were calculated.

28. Under the Current Plan, state the projected annual cost to each non-Medicare-eligible participant for out-of-pocket medical expenses (e.g., deductibles, co-pays and co-insurance) for the following Plan Years: 2013, 2014, 2015, 2016, 2017, 2018, 2019, 2020, 2021, 2022. Describe how these projections were calculated.

29. Under the Current Plan, state the projected annual cost to each Medicare-eligible participant for out-of-pocket medical expenses (e.g., deductibles, co-pays and co-insurance) for the following Plan Years: 2013, 2014, 2015, 2016, 2017, 2018, 2019, 2020, 2021, 2022. Describe how these projections were calculated.

30. Under the Current Plan, state the projected annual cost to each non-Medicare-eligible participant for out-of-pocket prescription drug expenses (e.g., deductibles, co-pays and co-insurance) for the following Plan Years: 2013, 2014, 2015, 2016, 2017, 2018, 2019, 2020, 2021, 2022. Describe how these projections were calculated.

31. Under the Current Plan, state the projected annual cost to each Medicare-eligible participant for out-of-pocket prescription drug expenses (e.g., deductibles, co-pays and co-insurance) for the following Plan Years: 2013, 2014, 2015, 2016, 2017, 2018, 2019, 2020, 2021, 2022. Describe how these projections were calculated.

32. Identify each person on whose behalf the Company made contributions to the Retiree Medical Savings Account (RMSA). As to each such person, state the amount of contributions, by type (initial, vacation pay, on Medicare eligibility and training fund) and by year and state the account balance by plan year end and as of the date of the Company's answers to these Interrogatories.

33. Will Proposed Plan Participants be entitled to Company contributions to a RMSA? If so, describe the terms of any such proposed RMSA and the Company's payments into the account.

34. Does the Company intend to ask the District Court to consider any factors other than those identified on pages 6 and 7 of the Sixth Circuit's September 13, 2012 Opinion? If the answer is yes, identify and describe any other factors the Company will ask the District Court to consider.

35. Does the Company contend that there is any difference between the quality of care under the Current Plan and the Proposed Plan? If the answer is yes, describe the difference and identify any documents that support the Company's position.

36. Does the Company intend to compare the Proposed Plan with the plans available to retirees and workers at companies similar to the Company? If so, identify all companies that the

11

Company intends to assert are similar to the Company and, as to each, describe how the Proposed Plan compares to plans available to those companies. As to each such company, identify all documents that the Company intends to use to support that position.

37. Does the Company contend that there are any "changes in health care" that are relevant to the issue before the District Court on remand? If the answer is yes, please describe these changes and identify each witness the Company intends to call at trial to support its contention.

38. Other than the Proposed Plan, did the Company explore any other potential changes to the Current Plan that would generate savings to the Company with a lesser financial impact on Class Members such as an Employer Group Waiver Plan or mandatory mail order prescription drug or mandatory generic prescription drug? If the answer is yes, please describe each proposed change and why the Company rejected it.

39. Has medical or prescription drug coverage been terminated for any 2005 Plan Participant under the 2005 Plan since that plan was established? If the answer is yes, identify each such person and, as to each, state the date of the last premium payment, the date of the termination and describe and produce any correspondence relating to the termination.

40. Under the Proposed Plan, does the Company propose to integrate any benefits it provides to the Class with benefits provided by any federal or state health security act providing for prescription drug benefits. If the answer is yes, a) identify the federal or state law; b) describe the benefits to be provided; and c) describe all efforts the Company has made to obtain and maintain any governmental approval that are required to permit the integration of those benefits.

41. Identify the first pleading filed by the Company in this litigation in which the Company has asserted that the "National and State Health Insurance Initiatives" Letter of Understanding in the 1998 Group Benefit Plan is mentioned.

42. Identify the first pleading filed by the Company in this litigation in which the Company has raised the "National and State Health Insurance Initiatives" Letter of Understanding in the 1998 Group Benefit Plan as a defense to Plaintiffs' claims that the Company is obligated to provide them with health care benefits.

43. Identify all documents that relate to the Company's consideration of the "National and State Health Insurance Initiatives" Letter of Understanding in the 1998 Group Benefit Plan as a defense to Plaintiffs' claims that the Company is obligated to provide them with health care benefits.

44. Describe each method by which the Company manages the costs under the 2005 Plan to minimize the year-to-year increases as described in paragraph 9 of the Declaration of Sharif Amin dated June 30, 2010. As to each such method, identify the page and/or section number of the 2005 Plan where it appears.

45. Identify each "former colleague at Aon Consulting" referred to in paragraph 27 of Mr. Macey's Declaration of June 30, 2010 and describe each such persons' participation in the review and evaluation referred to in Scott Macey's Declaration.

46. Identify each retiree health care plan that was reviewed or evaluated as discussed in paragraphs 27, 28, 29 and 30 of Mr. Macey's June 30, 2010 Declaration and, by plan, identify and produce each document related to the review or evaluation.

47. Describe the methodology used in determining the "relative value" of the plans reviewed by Aon Consultants and identify and produce all documents reviewed in making those determinations.

48. Identify all documents the Company intends to use, either in summary judgment proceedings or at trial, to support its position that the benefits in the Proposed Plan are reasonable.

49. Describe each method by which the Company manages the costs under the Current Plan to minimize year-to-year increases in health care costs.

50. Describe any subsidies, tax incentives, tax advantages or other benefits, including the Retiree Drug Subsidy and the Early Retiree Reinsurance Program Subsidy, the Company has received for providing benefits under the Current Plan or is eligible to receive if it continues to provide benefits under the Current Plan. State whether the Company would receive any similar subsidies or incentives for providing benefits under the Proposed Plan.

51. At what rate are the participants' out-of-pocket costs likely to grow under the Current Plan as compared to the out-of-pocket costs under the Proposed Plan?

Respectfully submitted,

McKNIGHT, McCLOW, CANZANO,
SMITH & RADTKE, P.C.

By: _____
Darcie R. Brault (P43864)
Attorney for Plaintiffs
400 Galleria Officentre, Suite 117
Southfield, MI 48034
248-354-9650

Dated: March 14, 2013

P:\RHC Cases\Case Corp\Case - Reese litigation\Pleadings\PLs First Interrogs-Final.wpd

14

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JACK REESE, FRANCES ELAINE PIDDE, JAMES CICHANOFSKY, ROGER MILLER, GEORGE NOWLIN and RONALD HITT, on behalf of themselves and a similarly situated class, | Hon. Patrick J. Duggan<br><br>Case No. 04-70592 |
| Plaintiffs, | |
| v. | **Class Action** |
| CNH GLOBAL N.V., formerly known as Case Corporation, and CNH AMERICA LLC, | |
| Defendants. | |

| | |
|---|---|
| Roger J. McClow (P27170)<br>David R. Radtke (P47016)<br>Darcie R. Brault (P43864)<br>McKNIGHT, McCLOW, CANZANO<br>SMITH & RADTKE, P.C.<br>Attorneys for Plaintiffs Reese, et al.<br>400 Galleria Officentre, Suite 117<br>Southfield, MI 48034<br>(248) 354-9650 | Norman C. Ankers (P30533)<br>HONIGMAN MILLER<br>SCHWARTZ AND COHN LLP<br>Attorneys for Defendants<br>2290 First National Building<br>660 Woodward Avenue<br>Detroit, MI 48226<br>(313) 465-7000<br><br>Bobby R. Burchfield, Esq.<br>Douglas G. Edelschick, Esq.<br>McDERMOTT WILL & EMERY<br>Attorneys for Defendants<br>600 Thirteenth Street, N.W.<br>Washington, D.C. 20005<br>(202) 756-8000 |

**PROOF OF SERVICE**

STATE OF MICHIGAN     )
                      )ss
COUNTY OF OAKLAND     )

KAREN ANN PURSLOW, being first duly sworn, deposes and says that on the 14th day of March 2013, she served Plaintiffs' First Interrogatories to Defendant, Plaintiff's Fourth Request for Production of Documents, Plaintiffs' First Requests for Admission and Proof of Service of same upon:

Bobby R. Burchfield, Esq.
Douglas G. Edelschick, Esq.
McDERMOTT WILL & EMERY
600 Thirteenth Street, N.W.
Washington, D.C. 20005

by email.

_____
KAREN ANN PURSLOW

Subscribed and sworn to before
me this 14th day of March 2013.

_____
SANDRA J. COWELL, Notary Public
Wayne County, MI (Acting in Oakland)
My Commission Expires: Sept. 30, 2018

P:\RHC Cases\Case Corp\Case - Reese litigation\Pleadings\March 2013\POS of All Docs.wpd