# Exhibit 12

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JACK REESE, FRANCES ELAINE PIDDE, JAMES CICHANOFSKY, ROGER MILLER, and GEORGE NOWLIN,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>CNH GLOBAL N.V. and CNH AMERICA LLC,<br><br>　　　　　Defendants. | Case 2:04-cv-70592-PJD-PJK<br><br>Hon. Patrick J. Duggan, U.S.D.J.<br><br>Hon. Paul J. Komives, U.S. Mag. J. |

## CNH'S SUPPLEMENTAL RESPONSES IN COMPLIANCE WITH COURT ORDER

CNH Global N.V. and CNH America LLC—referred to collectively as "CNH"—hereby comply with the order of Magistrate Judge Paul J. Komives entered on September 23, 2013 (R. 369), sustaining in part and overruling in part CNH's objections to Plaintiffs' interrogatories. To the extent not overruled, CNH continues to assert and rely upon the objections previously stated and incorporates them herein by reference.

### ANSWERS

　　5.　State the name, address, date of birth, social security number, telephone number, date of retirement, type of retirement (e.g., disability, early, normal, survivor option) and gross pension benefit for every Class Member. As to each surviving spouse, state the deceased retiree's name, date of birth and social security number.

**ANSWER:** CNH has previously objected to this interrogatory on one or more grounds. To the extent these objections have not been overruled, CNH continues to rely upon them. Subject to these objections, CNH states much of the information sought by Plaintiffs—including the portion of class members' pensions paid by CNH and data related to class members' credited service—is found in the worksheet located in Exhibit D. CNH states further that class members' "gross pensions" are greater than the portion paid by CNH, because an entity not controlled by CNH pays the portion of the pension that relates to a class member's pre-July 1, 1994 employment with Case Corporation. CNH does not have the amount of class members' gross pensions in an electronically accessible form. Accordingly, to ascertain class members' gross pensions, CNH would have to examine the personnel and benefit files of the plaintiff class, which contain documents (such as pension-calculation worksheets) that include the gross pension at the time of retirement. The documents have already been produced to Plaintiffs, and the burden of ascertaining the information in them is substantially the same for Plaintiffs and CNH. *See* Fed. R. Civ. P. 33(d).

**38. Other than the Proposed Plan, did the Company explore any other potential changes to the Current Plan that would generate savings to the Company with a lesser financial impact on Class Members such as an Employer Group Waiver Plan or mandatory mail order prescription drug or mandatory generic prescription drug? If the answer is yes, please describe each proposed change and why the Company rejected it.**

2:04-cv-70592-PJD-PJK   Doc # 391-13   Filed 01/06/14   Pg 4 of 8   Pg ID 13339

**ANSWER:** CNH has previously objected to this interrogatory on one or more grounds. To the extent these objections have not been overruled, CNH continues to rely upon them. Subject to these objections, CNH states that no other potential changes were considered before CNH proposed switching Plaintiffs from their current plan to the one provided to post-April 2004 retirees represented by the UAW.

**48.** **Identify all documents the Company intends to use, either in summary judgment proceedings or at trial, to support its position that the benefits in the Proposed Plan are reasonable.**

**ANSWER:** CNH has previously objected to this interrogatory on one or more grounds. To the extent these objections have not been overruled, CNH continues to rely upon them. Subject to these objections, CNH states it currently expects to use in this matter documentation of its proposed plan for Plaintiffs, documentation of the plan Plaintiffs have currently, and the documentation of UAW-negotiated plans for Caterpillar and Deere:

- "Case/UAW Group Benefit Plans: 1998 Negotiations" (i.e., the 1998 Group Benefit Plan) (CNHA032476–CNHA032564);

- "Employee Insurance Plan for Hourly Employees of Case Corporation—United Auto Workers—Summary Plan Description: May 1998–May 2004" (i.e., the summary plan description of the 1998 Group Benefit Plan) (EMR00001–EMR00144);

- "CNH/UAW Group Benefit Plans: 2005 Negotiations" (i.e., the 2005 Group Benefit Plan) (CNHA053613–CNHA053712);

3

- "Employee Group Insurance Plan for Hourly Employees of CNH America LLC Who Retired After July 1, 1994, and Before May 1, 2005—United Auto Workers—Summary Plan Description" (i.e., the summary plan description of the plan proposed by CNH for Plaintiffs);

- "UAW–Caterpillar 2001 Central Agreement Benefit Plans" (UAW2013 000013–UAW2013 000393);

- "UAW Caterpillar Summary of Proposed 2011–2017 Tentative Agreement" (UAW2013 000394–UAW2013 000403);

- "Benefit Plans Deere & Company" (UAW2013 000404–UAW2013 000647);

- "UAW–Deere & Company Highlights of Proposed New Agreement 2009–2015" (UAW2013 000648–UAW2013 000659);

- "Plaintiff Reese's Responses to CNH's Second Set of Interrogatories to Plaintiffs";

- "Plaintiff Cichanofsky's Responses to CNH's Second Set of Interrogatories to Plaintiffs";

- "Plaintiff Miller's Responses to CNH's Second Set of Interrogatories to Plaintiffs";

- "Plaintiff Nowlin's Responses to CNH's Second Set of Interrogatories to Plaintiffs";

- 2010, 2011, and 2012 tax returns and related documents for Jack Reese and Nancy Reese;

- 2010, 2011, and 2012 tax returns and related documents for James M. Cichanofsky and Cynthia L. Cichanofsky;

- 2010, 2011, and 2012 tax returns and related documents for Roger L. Miller and Rosalie A. Miller;

- Investment and real estate records produced by Roger Miller; and

4

- 2010, 2011, and 2012 tax returns and related documents for George W. Nowlin and Brenda D. Nowlin.

In addition, CNH will use documents that will be catalogued in CNH's expert disclosures. CNH states further that this is a tentative list of documents it intends to use. Discovery is continuing and CNH may supplement its list with documents obtained in discovery hereafter or as necessary to respond to Plaintiffs' arguments or expert reports.

## VERIFICATION

I, Tom Coogan, hereby state that:

I am the Director of Employee Benefits at CNH Global N.V., and I have read **CNH's Supplemental Responses In Compliance with Court Order.** The answers to the interrogatories are true and correct to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 3, 2013

_____
Tom Coogan

Dated: October 3, 2013                    Respectfully submitted,

_____

Norman C. Ankers (P30533)            Bobby R. Burchfield
(nankers@honigman.com)               (bburchfield@mwe.com)
Honigman Miller Schwartz and Cohn    Joshua David Rogaczewski
LLP                                  (jrogaczewski@mwe.com
2290 First National Building         Laura J. Capotosto
660 Woodward Avenue                  (lcapotosto@mwe.com)
Detroit, Michigan 48226              McDermott Will & Emery LLP
313.465.7306                         The McDermott Building
313.465.7307 fax                     500 North Capitol Street, Northwest
                                     Washington, D.C. 20001
                                     202.756.8000
                                     202.756.8087 fax

*Attorneys for CNH Global N.V. and CNH America LLC*

6

## CERTIFICATE OF SERVICE

I hereby certify that **CNH's Supplemental Responses In Compliance with Court Order** was served on October 3, 2013, by first-class mail, postage-prepaid, on:

Darcie R. Brault
David R. Radtke
Roger J. McClow
McKnight, McClow, Canzano, Smith & Radtke, P.C.
400 Galleria Officentre, Suite 117
Southfield, Michigan 48034

*Laura Capotosto*
Laura J. Capotosto