# Exhibit 24

# McDermott Will & Emery

Boston  Brussels  Chicago  Düsseldorf  Frankfurt  Houston  London  Los Angeles  Miami
Milan  Munich  New York  Orange County  Paris  Rome  Seoul  Silicon Valley  Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Joshua David Rogaczewski
Attorney at Law
jrogaczewski@mwe.com
+1 202 756 8195

January 6, 2014

BY E-MAIL

Darcie R. Brault
McKnight, McClow, Canzano, Smith & Radtke, P.C.
400 Galleria Officentre, Suite 117
Southfield, Michigan 48034-8460

Re:  *Reese v. CNH Global N.V.*, Case 2:04-cv-70592-PJD-PJK (E.D. Mich. filed Feb. 18, 2004)

Dear Darcie:

In response to your email received Friday evening January 3, 2014, there seem to us to be only two remaining issues:

**Deposition of Theo Francis.** Regardless of whether or when you advised us regarding Mr. Francis's rebuttal report (Laura Capotosto's recollection and contemporaneous notes of her conversation with you on November 6 are that you said that Mr. Francis *may* not provide a rebuttal), the fact is that you have not, to this date, offered a single date for his deposition. You claim that you were "prepared, in November, to provide several dates for his deposition" and that we "chose not to even consider [y]our proffered dates and refused to hear them." Parsing of your statement confirms that you never, in fact, provided a *single* proposed date for Mr. Francis's deposition. In view of your rejection of over a dozen proposed dates for Scott Macey and John Stahl, your suggestion that you could force us to take the deposition in November is, of course, untenable. We will, accordingly, stand on the subpoena. If you wish to move to quash, that is your right, but in view of your failure to propose a single alternative date, we see no grounds for such a motion and will of course oppose it.

**Deposition of Scott Macey.** Plaintiffs have had multiple opportunities to take Mr. Macey's deposition prior to the discovery deadline, whether the previous one (November 18) or the current one (January 17). We offered him on at least six different dates, all of which were after you received the materials in his possession, custody, or control that were responsive to Plaintiffs' subpoena. Plaintiffs unilaterally noticed him to appear for deposition on January 8. If Mr. Macey was available on that date, we would make him available then, as we did for John Stahl on January 14. But he is not, and the conflict on that day is immovable, which is why we suggested January 15. Your contention that you cannot proceed with his deposition because he has not produced documents relating to ERIC (which are at best tangential to his report and

U.S. practice conducted through McDermott Will & Emery LLP.

500 North Capitol Street N.W. Washington, D.C. 20001-1531  Telephone: +1 202 756 8000  Facsimile: +1 202 756 8087  www.mwe.com

Darcie R. Brault
January 6, 2014
Page 2

which, in any event, he does not possess or control), is implausible and indefensible. There are no conflicts on that day related to this case, and we find it inconceivable that Plaintiffs (who are represented—like CNH—by a team of attorneys) cannot take the deposition when Mr. Macey is available. In any event, you are foregoing taking his deposition on January 15 at your peril. As we have previously made clear, we do not agree to make him available after January 17. Please let us know by noon on Tuesday January 7 whether you or a colleague will take Mr. Macey's deposition on January 15.

Sincerely,

Joshua David Rogaczewski

DM_US 48861615-4.071485.0013