UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JACK REESE, FRANCES ELAINE PIDDE, JAMES CICHANOFSKY, ROGER MILLER, and GEORGE NOWLIN,<br><br>Plaintiffs,<br><br>v.<br><br>CNH GLOBAL N.V. and CNH AMERICA LLC,<br><br>Defendants. | Case 2:04-cv-70592-PJD-PJK<br><br>Hon. Patrick J. Duggan, U.S.D.J.<br><br>Hon. Paul J. Komives, U.S. Mag. J. |

# CNH'S OPPOSITION TO
# PLAINTIFFS' MOTION TO COMPEL
# RESPONSES TO THEIR FIFTH REQUESTS FOR PRODUCTION

Norman C. Ankers (P30533)
(nankers@honigman.com)
Honigman Miller Schwartz and Cohn LLP
2290 First National Building
660 Woodward Avenue
Detroit, Michigan 48226
313.465.7306
313.465.7307 fax

Bobby R. Burchfield
(bburchfield@mwe.com)
Joshua David Rogaczewski
(jrogaczewski@mwe.com)
Laura J. Capotosto
(lcapotosto@mwe.com)
McDermott Will & Emery LLP
The McDermott Building
500 North Capitol Street, Northwest
Washington, D.C. 20001
202.756.8000
202.756.8087 fax

*Attorneys for CNH Global N.V. and CNH America LLC*

## CONCISE STATEMENT OF THE ISSUE PRESENTED

In view of the tangential relevance, invasion of privacy, and substantial burden imposed on CNH by Plaintiffs' Fifth Request for Production of Documents (Request Nos. 104–116), and the huge cumulative burden of all their post-remand discovery on CNH—55 document requests, 52 interrogatories, and 53 requests for admission—has CNH fulfilled its obligations under Rule 26 by a combination of the following responses to Request Nos. 104 through 116: producing documents, identifying responsive documents previously produced, requiring Plaintiffs to submit consents from individuals whose privacy rights would be invaded by production, and proposing stipulations that provide the questionably relevant information with far less burden?

# CONTROLLING OR MOST
# APPROPRIATE AUTHORITY FOR THE RELIEF SOUGHT

Federal Rule of Civil Procedure 26

Federal Rule of Civil Procedure 34

*Reese v. CNH Am. LLC*, 574 F.3d 315 (6th Cir. 2009)

*Reese v. CNH Am. LLC*, 694 F.3d 681 (6th Cir. 2012)

## INTRODUCTION

In response to Plaintiffs' fifth set of document requests (Request Nos. 104–116), CNH produced all responsive documents in its possession, custody, or control that had not already been produced by either CNH or its experts, with only four exceptions. Those exceptions are: (i) rather than producing "any and all" open enrollment materials provided to new retirees, CNH produced a sample enrollment communication package which contains all pertinent information and eliminates unnecessary burden and needless duplication (since every new retiree receives an identical package); (ii) rather than producing "all documents" regarding premiums for participation in the new retiree health plan, CNH produced a business record showing an accurate summary of the premium history for the 2005 Group Benefit Plan, again eliminating unnecessary burden and needless duplication; (iii) recognizing its obligation to protect the privacy of individuals not involved in this litigation, CNH agreed to produce records of five individuals named by plaintiffs who retired after May 1, 2005, *if Plaintiffs obtained the consent of those individuals to the production of their personal information*; and (iv) rather than producing all documents regarding compensation and benefit plans available to all senior executives of CNH—information of no possible relevance here and also invasive of privacy rights of non-litigants—CNH proposed a stipulation regarding the (still irrelevant) retiree health benefits available to those senior executives. (A

chart showing the requests and CNH's responses is set forth below.) Once again, CNH's responses have been sufficient to provide Plaintiffs with the documents they need (and then some), but Plaintiffs seem more interested in suspending this case in an endless loop of discovery rather than proceeding to the merits.

## BACKGROUND

Plaintiffs served their fifth set of document requests on November 5, 2013 (R. 391 Ex. 17, Pls.' 5th RFPs 6), less than a week after the Court extended the schedule at Plaintiffs' request (R. 372, Op & Order 2).[1] None of the requests are relevant to whether CNH's proposed plan for Plaintiffs is "reasonably commensurate" with their current plan, reflects changes in health care, or is "roughly consistent" with what CNH and other employers provide participants. *See Reese v. CNH Am. LLC*, 574 F.3d 315, 326 (6th Cir. 2009) (*Reese I*). Nor did the requests address the specific questions articulated by the Sixth Circuit in explaining *Reese I*. *Reese v. CNH Am. LLC*, 694 F.3d 681, 685–86 (6th Cir. 2012) (*Reese II*).

Instead, they addressed:

- information requested in subpoenas of CNH's experts and Towers Watson (CNH's benefits consultant) but *not* provided by the subpoena respondents (Req. No. 104);

---

[1] Plaintiffs' fifth set of document requests brought the number of requests served on CNH in the case to 116, fifty-four of which had been served in this remand proceeding. (*See* R. 391, CNH's Opp'n Pls.' 3d Mot. Ext. 6 & n.10.)

2

- communications regarding the mergers of Fiat Industrial S.p.A. and CNH Global N.V. into CNH Industrial N.V. (Req. Nos. 105–07);

- 2014 open-enrollment material and premium information for the 2005 Group Benefit Plan (Req. Nos. 108 and 112);

- information related to statements in CNH's expert disclosures (Req. Nos. 109–11);

- compensation and non-health benefit information for selected class members (Req. No. 114) and non-class members (Req. No. 113); and

- the company's accounting valuations of its post-retirement welfare benefit obligations (Req. No. 115) and net present value of Plaintiffs' benefits (Req. No. 116).

(R. 391 Ex. 19, CNH's Resp. Pls.' 5th RFPs 1–7.)

On December 9, CNH served written responses to Plaintiffs' requests. (*Id.* at 8.)[2] For each request, CNH produced responsive documents (or told Plaintiffs no responsive documents existed), directed Plaintiffs to documents already produced, objected to the request under Federal Rule of Civil Procedure 26, or directed Plaintiffs to secure appropriate releases from non-class members before producing responsive documents:

---

[2] On December 12, CNH produced the documents it committed to producing as they were kept in the ordinary course of business. (R. 383 Ex. F, Dec. 12, 2013, Capotosto–Brault Ltr. 1.)

3

| No. | Plaintiffs' Request | CNH's Response |
|---|---|---|
| 104 | All documents listed in the duces tecum subpoenas directed to Scott Macey, John Stahl and Keeper of the Records of Towers Watson dated October 28, 2013 which are not provided directly by the deponents. | CNH produced for the Macey subpoena all billing records it had received from Mr. Macey at CNHA059890–CNHA059900.[3] CNH had no documents responsive to the Stahl subpoena (that had not been provided by Mr. Stahl). For the Towers Watson subpoena, CNH objected to production of details of its executives' compensation because such material is irrelevant, Fed. R. Civ. P. 26(b)(1), but offered a stipulation regarding retiree health benefits available to such executives.[4] |

---

[3] Plaintiffs assert, without support, that the billing records were incomplete. CNH produced, however, all bills received for Mr. Macey's work. (Ex. 1, Rogaczewski Decl. ¶ 5.)

[4] The sole subject of the Towers Watson subpoena is the compensation and benefits of CNH's executive officers. (*See* R. 388 Ex. B, Towers Watson Subp. attach. A at 2.) Personal compensation paid to executives overseeing a huge global corporation has no relevance to this case (*see* p. 13 below) and would invade the privacy of the individuals involved. Nevertheless, in yet another effort to placate Plaintiffs' counsel, CNH proposed a stipulation regarding executives' *retiree health benefits*, the subject matter of this litigation. (Ex. 2, Dec. 9, 2013, 17:02, Rogaczewski–Brault Email 1.)

| No. | Plaintiffs' Request | CNH's Response |
|---|---|---|
| 105 | Any and all communications to the shareholders of CNH Global, N.V., CNH Industrial N.V., Fiat Industrial SpA or any related publicly traded companies relative to this litigation. | CNH had no responsive documents. |
| 106 | Any and all disclosures referencing this litigation relative to the merger of CNH Global N.V. and Fiat Industrial, SpA. | CNH had no responsive documents. |
| 107 | Any and all agreements referencing this litigation in the merger of CNH Global N.V. and Fiat Industrial SpA. | CNH had no responsive documents. |
| 108 | Any and all open enrollment material provided to new retirees for information and participation in the 2005 Plan for the year 2014, including notices for payment of premiums. | Subject to objections for relevance and undue burden, *see* Fed. R. Civ. P. 26(b)(1), (b)(2)(C)(iii), CNH produced a sample open-enrollment communication package at CNHA059466–CNHA059470. |

5

| No. | Plaintiffs' Request | CNH's Response |
|---|---|---|
| 109 | All documents which support the claim that "[a] high percentage of the actual costs for medical and prescription drugs for the current plan over the period 2008 through 2012 involved procedure codes or drugs that did not exist in 1998," sufficient to identify any procedures or drugs that did not exist in 1998 and all documents showing when those codes or drugs first came into existence. | CNH directed Plaintiffs' to the responses of CNH's experts to Plaintiffs' discovery—"expert discovery"—which in this case would have been Mr. Stahl's document production, because the requested topic is addressed in his report. |
| 110 | All documents showing any medical procedure or prescription drug that has come into existence since 1998 that is not covered, is no longer covered or is excluded from coverage, under the Current Plan including, but not limited to, benefit denials, explanation of benefits and benefit denial appeals. | CNH had no responsive documents. |

6

| No. | Plaintiffs' Request | CNH's Response |
|---|---|---|
| 111 | All documents reviewed or generated by Towers Watson in connection with a review of claims, claim projections, annual cost projections per capita cost projections, under the 2005 Plan and for the Current Plan, including but not limited to those attached as Exhibits 1 and 2 to the 2010 Declaration of Sharif Amin. | CNH directed Plaintiffs' to the responses of CNH's experts to Plaintiffs' discovery—"expert discovery"—which in this case would have been Mr. Stahl's document production, because the requested topic is addressed in his report. |
| 112 | All documents regarding premiums for participation in the 2005 plan for post-May 2005 retirees for the period 2005 to present. | Subject to objections for relevance and undue burden, *see* Fed. R. Civ. P. 26(b)(1), (b)(2)(C)(iii), CNH produced a business record showing premium history for the 2005 Group Benefit Plan at CNHA059471. |
| 113 | All records related to pensions, Medicare premium reimbursement and/or Retiree Medical Savings Accounts for the following post-May 1, 2005 retirees: Dennis Bellgraph, David Burl, Richard Kusmierz, Jose Garcia, and David Sharkozy. | CNH agreed to produce these documents if Plaintiffs provided sufficient releases from the individuals, who are not members of the plaintiff class. |

7

| No. | Plaintiffs' Request | CNH's Response |
|---|---|---|
| 114 | All records regarding Retiree Medical Savings Accounts for the following Class Members: Gary Mock, Danny Stewart, Harold Badtram, Wilbert Bertling, Thomas Pease, Elden Hagen, John Goss, Bill Holler, Herbert Bailey, Jr., Danny Davis, John DeMoulpied, Dennis Petrovic, Gary Gonterman, Dexter Leonard, Alvino Terronez, Jr., Thomas Westmoreland, James Foster, Ronald Johnston, Greg Isaacson, Verlun Kopecky, Theodore Karapanos, Alfred Hudec, Jr., Richard Seager, Melvin Konkel. | CNH had no responsive documents. |
| 115 | FASB 106 valuations for CNH Global or any of its subsidiaries since 2004 and all documents relied on or consulted in preparing those valuations. | CNH produced these documents at CNHA059472–CNHA059889. |

8

| No. | Plaintiffs' Request | CNH's Response |
|---|---|---|
| 116 | All studies, valuations, calculations or other documents containing or relating to the present value of CNH's obligation for health care benefits for the Class under the Current Plan, under the Proposed Plan and/or under any other variation of benefits CNH has considered as a modification to the Current Plan. | CNH had no responsive documents. |

(*Id.* at 2–7.)

On the afternoon of December 27—the Friday before the weekend between Christmas and New Year's Days—Plaintiffs contacted CNH about purported deficiencies in its responses to Requests 104, 108, 109, 111, 112, and 113. (Ex. 3, Dec. 27, 2013, 13:42, Brault–Capotosto et al. Email 1–4.) Just several hours later, and before CNH could respond, Plaintiffs filed the instant motion.

## ARGUMENT

Plaintiffs' motion to compel should be denied. CNH has more than fulfilled its document production obligations in response to Request Nos. 104 through 116. Even when the requests were far, far beyond the realm of relevance—such as requests for compensation and benefit information (not just retiree health benefit

9

information) of CNH's senior executives—CNH went the extra mile by proposing a fair stipulation.

Plaintiffs argue, however, that CNH has failed to identify for Plaintiffs the requests to which documents are responsive (R. 388, Pls.' Mot. 10–11), produced no documents responsive to the Towers Watson subpoena (*id.* at 12–14), and improperly required releases from non-class members (*id.* at 14–15). As explained below, these arguments are both legally baseless and factually inaccurate.

## I. CNH SATISFIED ITS OBLIGATIONS UNDER RULE 34 WHEN IT PRODUCED DOCUMENTS AS KEPT IN THE ORDINARY COURT OF BUSINESS.

Plaintiffs complain—as they have throughout the remand proceeding—that CNH has not identified for them what documents are responsive to what request, in this case Request Nos. 104, 108, 109, 111, and 112. (R. 388, Pls.' Mot. 10.) But, as the rule quoted in Plaintiffs' motion makes clear, CNH is not required to do so if it produces documents as they are kept in the ordinary course of business. Fed. R. Civ. P. 34(b)(2)(E)(i). Regardless, in response to this motion, CNH has provided Plaintiffs with what they have asked for regarding these requests.

Plaintiffs argue that CNH must provide them with finding aids for CNH's document production. But "[i]f the producing party produces documents in the order in which they are kept in the usual course of business, the Rule imposes no duty to organize and label the documents, provide an index of the documents

10

produced, or correlate the documents to the particular request to which they are responsive." *MGP Ingredients, Inc. v. Mars, Inc.*, Civ. Action No. 06-2318-JWL-DJW, 2007 WL 3010343, at *3 (D. Kan. Oct. 15, 2007) (denying motion to compel).[5] Put simply, it is not CNH's job to inform Plaintiffs as to what specific request (or requests) to which a document is responsive:

> While the Court recognizes that Plaintiff now faces the formidable task of having to determine which documents are responsive to each particular request, Plaintiff was the party who formulated the requests in the manner it did and Plaintiff must take responsibility for undertaking the task of determining which documents relate to each set of its . . . requests.

*MGP Ingredients*, 2007 WL 3010343, at *4.

Nevertheless, in an effort to resolve this tangential discovery dispute, CNH has done so (*see* pp. 4–9 above), rendering moot the portion of Plaintiffs' motion relating to the documents produced on December 12.[6]

---

[5] Plaintiffs cite *Nolan, L.L.C. v. TDC Int'l Corp.*, Civ. Action No. 06-CV-14907-DT, 2007 WL 3408584 at *1 (E.D. Mich. Nov. 15, 2007), for the proposition that CNH should be ordered to identify the sources of CNH's documents. (R. 388, Pls.' Mot. 10.) But in *Nolan*, neither party "described with specificity the extent to which the documents that were produced are categorized or labeled." 2007 WL 3408584, at *1. In this case, by contrast, the documents were sufficiently organized—and limited—that they were, in effect, "categorized." In any event, CNH is content to go the extra mile and provide that information. (Ex. 1, Rogaczewski Decl. ¶¶ 3–5.)

[6] The fact that CNH's chart matches the one in Plaintiffs' motion (R. 388, Pls.' Mot. 7–9) demonstrates that Plaintiffs needed no assistance from CNH in identifying the requests to which the documents related.

Plaintiffs complain also, however, about the electronic documents produced by Mr. Stahl in response to Request Nos. 109 and 111, to which CNH directed Plaintiffs. (CNH itself has no documents responsive to the request.) CNH expected Plaintiffs to undertake the relatively easy task of reviewing the *52 documents* produced by Mr. Stahl and digest their contents. Nevertheless, although it has no obligation to do so, CNH has provided Plaintiffs with a summary of the documents produced by Mr. Stahl, including at least one request to which they are responsive. (*See* Ex. 4, Jan. 4, 2014, Rogaczewski–Brault Ltr. 1–18.)[7] Accordingly, this portion of Plaintiffs' motion is moot as it pertains to Mr. Stahl's electronic documents.

## II. PLAINTIFFS' REQUEST FOR EXECUTIVE COMPENSATION INFORMATION SEEKS PERSONAL INFORMATION OF NON-LITIGANTS THAT HAS NO RELEVANCE TO THE CASE.

Plaintiffs next complain that CNH produced no documents in response to Request 104 that would have been covered by Plaintiffs' subpoena to Towers Watson. (R. 388, Pls.' Mot. Compel 12–14.) The requested documents include

---

[7] Because Mr. Stahl's electronic documents were produced with their metadata intact (Ex. 1, Rogaczewski Decl. ¶ 6), their production satisfies the requirements imposed by the magistrate in *Valeo Electrical Systems, Inc. v. Cleveland Die & Manufacturing Co.*, No. 08-cv-12486, 2009 WL 1803216, at *3 (E.D. Mich. June 17, 2009) (providing metadata discharged Rule 34 obligations); *see also MGP Ingredients*, 2007 WL 3010343, at *4 n.12 ("[T]he requirement that a party produce *documents* as they are kept in the usual course of business or organize and label them to correspond with the categories in the requests applies equally to *ESI*.").

12

information about personal compensation (such as incentives, deferred compensation, performance bonuses, equity incentives, and stock options) and not just retiree health benefits, but *any* benefits (like current health benefits and pension benefits) provided to CNH's executives. CNH did not produce these documents because they are irrelevant, *see* Fed. R. Civ. P. 26(b)(1), and the burden of producing the information substantially outweighs the information's relevance, *see id.* R. 26(b)(2)(C)(iii).

Indeed, Plaintiffs have given no plausible reason why the compensation payable to executives with worldwide responsibilities for a major corporation has anything to do with the issues specified by the Sixth Circuit. CNH's objections should be sustained. The information Plaintiffs want has no bearing on whether CNH's proposed plan is reasonably commensurate with Plaintiffs' current plan, whether CNH's proposed changes are reasonable in light of changes in health care, whether the proposed plan is roughly equivalent with what CNH provides other employees. *See Reese I*, 574 F.3d at 326. The information is of similarly no value in answering the questions posed by the Sixth Circuit in *Reese II*. 694 F.3d at 685–86.

Further, the disputed request was extremely broad, seeking plan documents (including amendments), summary plan descriptions, plan valuations, identities of plan participants, the amounts of participants' benefits, and plan contributions for

13

"any and all benefit plan sponsored in whole or in part by CNH in which any current or former CNH executive officer participates," including health benefit plans but also incentive pay plans, pension plans, deferred compensation plans, stock option plans, performance bonus plans, and other non-health benefit-related plans. (*See* R. 388 Ex. B, Towers Watson Subp. attach. A at 2.) Plaintiffs were seeking compensation and benefit information for CNH's executives that went far beyond health benefits, the subject matter of this case.[8]

To the extent any of the information Plaintiffs seek is relevant, it would be the retiree health benefits CNH's executives receive. Accordingly, in an effort to resolve this issue, CNH offered to stipulate: "CNH provides a single benefit plan that provides retiree health benefits to CNH's executive officers. The plan currently has a single participant and eight current employees potentially qualified for that plan. The plan currently has an actuarial value of $__." (Ex. 2, Dec. 9, 2013, 17:02,

---

[8] Plaintiffs assert the number of responsive documents is small because the number of executive officers is small. (R. 388, Pls.' Mot. 14.) This misrepresents their request, the key to which is not the number of executive officers but the number of *plans* in which they (current or former) participate. And the breadth of information sought about the plans—SPDs, valuation documents, contribution records, participant records—makes it likely that the number of documents will be large. Given the irrelevance of the documents, CNH's burden in locating and producing them far outweighs their value to the case. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii).

14

Rogaczewski–Brault Email 1.) This stipulation—a fair solution to Plaintiffs' overbroad and irrelevant discovery request—was not accepted by Plaintiffs.

### III. CNH APPROPRIATELY PROTECTED THE PRIVACY RIGHTS OF NON-CLASS MEMBERS BY DEMANDING RELEASES BEFORE PRODUCING THEIR PRIVATE FINANCIAL INFORMATION.

Finally, Plaintiffs complain that CNH—in response to Request 113—required releases from non-class members before producing records relating to their pensions and retiree medical savings accounts to Plaintiffs. (R. 388, Pls.' Mot. 14–15.) CNH has collected the responsive documents and stands ready to produce them upon receipt of the releases from the non-class members or an order of the Court requiring production.

As Plaintiffs themselves should appreciate, CNH respects the privacy of its present and former employees, and will not produce their private information without their consent or a court order. "[T]here is a distinction between parties and non-parties in litigation, including the discovery process." *J.M. Smucker Co. v. Weston Firm, P.C.*, No. 5:13-cv-0448, 2013 WL 5774044, at *1 (N.D. Ohio Oct. 24, 2013). Thus, "[f]inancial information related to non-parties is entitled to protection." *Id.* (internal quotation marks omitted). Accordingly, CNH's requirement of releases from the non-class members is appropriate. *See Levine v. Fairbanks Cap. Corp.*, No. Civ.A. 02-3363, 2003 WL 2006653, at *1 (E.D. La. Apr. 24, 2003) ("[T]he court will not require their production unless it is provided

15

with the sworn, written consent of the named non-parties requesting and consenting to the release of records concerning their personal financial dealings."). Again, CNH has acted responsibly by requiring consent of the affected individuals but Plaintiffs are more interested in fomenting a dispute than obtaining the information.

## CONCLUSION

As explained above, CNH's response to Plaintiffs' fifth set of document requests was complete and appropriate. Plaintiffs' motion must be denied.

Dated: January 6, 2014

Respectfully submitted,

s/Joshua David Rogaczewski

Norman C. Ankers (P30533)
(nankers@honigman.com)
Honigman Miller Schwartz and Cohn LLP
2290 First National Building
660 Woodward Avenue
Detroit, Michigan 48226
313.465.7306
313.465.7307 fax

Bobby R. Burchfield
(bburchfield@mwe.com)
Joshua David Rogaczewski
(jrogaczewski@mwe.com)
Laura J. Capotosto
(lcapotosto@mwe.com)
McDermott Will & Emery LLP
The McDermott Building
500 North Capitol Street, Northwest
Washington, D.C. 20001
202.756.8000
202.756.8087 fax

*Attorneys for CNH Global N.V. and CNH America LLC*

16

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2014, I electronically filed the foregoing **CNH'S Opposition to Plaintiffs' Motion To Compel Responses to Their Fifth Requests for Production** with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants.

s/Joshua David Rogaczewski
Joshua David Rogaczewski
(jrogaczewski@mwe.com)
McDermott Will & Emery LLP
The McDermott Building
500 North Capitol Street, Northwest
Washington, D.C. 20001
202.756.8195
202.591.2757 fax
