UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK REESE, JAMES CICHANOFSKY,
ROGER MILLER,
and GEORGE NOWLIN on                             Hon. Patrick J. Duggan
behalf of themselves and
a similarly situated class,                      Case No. 04-70592

    Plaintiffs,

v.                                               **Class Action**

CNH GLOBAL N.V., formerly
known as Case Corporation,
and THE COMPANY LLC,

    Defendants.
_____/

# REPLY TO CNH'S OPPOSITION
# TO PLAINTIFFS' THIRD MOTION FOR
# EXTENSION/MODIFICATION OF SCHEDULING ORDER AND
# REQUEST FOR IMMEDIATE CONSIDERATION

CNH seeks to shift costs of a retiree healthcare benefit plan which has been adjudicated by this Court and the Sixth Circuit to be a plan to which the Class has a vested right to lifetime benefits. While the Sixth Circuit, on remand, indicated that CNH could make reasonable changes - consistent with the contract language and consistent with advances in technology - the proposed changes are dramatic and far different from the modifications anticipated by the 6th Circuit in *Reese v. CNH Am. LLC* 694 F.3d 681 (6th Cir. 2012).

The proposed changes, revealed for the first time on this second remand, would, if implemented, greatly diminish benefits for the Class. For example, the proposed plan ***eliminates*** prescription drug benefits for Medicare eligible class members. The proposed plan will also involve substantial cost shifting to the Class. It requires the retirees to pay premiums (which it has never done) and requires a myriad of increased costs via deductible increases, out of pocket maxima increases, the introduction of (and increases to) various copays, etc. The relative value of the Current Plan is near 100%, while the relative value of the Proposed Plan is nearer to 70%, if that. The Proposed Plan does not include a single advantage for Plaintiffs compared to its Current Plan.

The Defendant claims to be disadvantaged by the legal process which is impeding its ability to unilaterally impose its Proposed Plan and reap the economic benefits of its proposed "cost-sharing" prior to ***any*** determination of whether the

1

Proposed Plan represents changes that are reasonable under the standard supplied by the Sixth Circuit.

It is Plaintiffs' position that the legal process is necessary and that ultimately, Defendants will not be allowed to implement this draconian Proposed Plan. As stated in the original brief, CNH chose to delay its expert disclosures until October 17, 2013. Much of the recent discovery has been related to those disclosures (exclusively through which CNH apparently intends to prove "reasonableness"). Some of the recent discovery involves recent events, including corporate mergers of one of the Defendants, and a dramatic premium hike for those CNH employees and retirees who are subject to the 2005 Collective Bargaining Agreement (upon which the Proposed Plan is modeled[1]).

---

[1] Defendant contends that the issue before this Court is whether it is "reasonable to give the Plaintiffs the same health benefits provided to other UAW-represented employees that retired from CNH?" To be clear, the Proposed Plan does not come close to representing the deal struck under subsequent contracts under which UAW represented employees have retired. Under the 2005 contract retirees received Retiree Medical Savings Accounts (RMSAs) into which CNH contributed $7,500, plus an amount equal to the value of their vacation in their final year and up to $1,500 when the retiree turns 65. There were additional payments made to the RMSAs which Plaintiffs are still attempting to discover. (Defendants most recent discovery responses contend that there are no documents related to the RMSAs, the payments to them or the administration of them.) The Proposed Plan also differs from what the 2005 contract retirees received as a result of their bargain: significantly increased pension benefits (11.5% or the basic benefits and 21% to the supplemental benefit compared to the 1998 contract. The class members who retired under the 1990 contract receive far less). Also, under the 2005 contract, retirees received an increase in the Medicare premium reimbursement offered to them, from $65.50/months to $100/month. The 2010 Collective Bargaining

Most of the delay in this case has been attributable to the CNH and their continuous resistance to providing relevant discovery on a timely basis. See R. 346, 353, 360, 369, 372. Some of the delay has been the result of scheduling difficulties for the two lawyers representing Plaintiffs who are available for depositions (arbitration hearings, trials and hearing dates were particularly numerous in November and December) which Plaintiffs brought to the Court's attention in their previous motion.

The allegations of "error" in Plaintiffs' motion are easily rebutted by the record. Defendant admits it failed to provide any pension information for 92 retirees until very recently. Defendants' agent admitted in deposition that the pension data provided for the entire class is unreliable (and the unreliability has nothing to do with the Pactiv contribution which was frozen at the time of retirement). Defendants have not addressed Plaintiffs' Requests for Admission related to pension benefits, waiting, in accordance with habit, until the last date for compliance. There is no judgment or dismissal related to CNH Global, N.V. The status of the guaranty was litigated prior to entry of the second judgment, as most likely would have happened prior to entry of a third judgment if CNH Global, N.V.

---

Agreement increased the amount to $115/month. The increase in reimbursement was an offset for the Medicare Part D premium (prescription drugs) which retirees would be required to purchase when their prescription drug coverage was dropped by CNH.

had not sold itself and/or merged with CNH Industrial, N.V. The alleged errors asserted by CNH are simply red herrings to distract the Court from the strenuous task of requiring CNH to comply with appropriate and timely discovery requests.

Plaintiffs have two motions to compel pending. Depositions are scheduled but will take place in a very compressed time frame (five depositions scheduled to take place between January 10 and 17) and will likely occur prior to the discovery productions that are subject to the motions to compel. Plaintiffs seek relief from the current scheduling order, particularly with respect to the dispositive motion deadline (currently two weeks after the last deposition is scheduled).

                                  Respectfully submitted,
                                  McKNIGHT, McCLOW, CANZANO,
                                  SMITH & RADTKE, P.C.

                                  By:/s/Darcie R. Brault
                                  David R. Radtke (P47016)
                                  Darcie R. Brault (P43864)
                                  Attorneys for Class Plaintiffs
                                  400 Galleria Officentre, Suite 117
                                  Southfield, MI  48034
Dated: January 8, 2013            (248) 354-9650
                                  dbrault@michworklaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2014 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will serve it on all parties.

                Respectfully submitted,

                McKNIGHT, McCLOW, CANZANO,
                SMITH & RADTKE, P.C.

                By:  */s/Darcie R. Brault*
                Darcie R. Brault (P43864)
                Attorneys for Plaintiffs
                400 Galleria Officentre, Suite 117
                Southfield, MI  48034
                (248) 354-9650
                dbrault@michworklaw.com

Dated: January 8, 2014

P:\RHC Cases\Case Corp\Case - Reese litigation\Pleadings\Reply Mot to Extend 1-8-14.docx