UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK REESE, JAMES CICHANOFSKY,
ROGER MILLER,
and GEORGE NOWLIN  on                                    Hon. Patrick J. Duggan
behalf of themselves and
a similarly situated class,                              Case No. 04-70592

     Plaintiffs,

v.                                                       **Class Action**

CNH GLOBAL N.V., formerly
known as Case Corporation,
and THE COMPANY LLC,

     Defendants.
_____/

# REPLY TO CNH'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL RESPONSES TO PLAINTIFFS' FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant complains in its response to Plaintiffs' Motion to Compel Responses to Plaintiffs' Fifth Requests for Production that it has been burdened by Plaintiffs' discovery requests, which it excoriates, collectively, as "irrelevant," "invasive," "burdensome," and more – ignoring that this Court has entered several orders compelling the Defendants to produce discovery to which it initially objected on the same grounds.

Despite its remonstrations, Defendant acknowledged in its "Introduction" that **it did not produce responsive documents**[1] in accordance with Fed. R. Civ. Proc. 26 and 34. Defendant chose to provide a sample in response to Request for Production of Documents No. 5 (CNH number 108), a summary (without underlying documentation) to No. 9 (CNH number 112), and no documents responsive to No. 1 (CNH number 104) (as to the Towers Watson subpoena) or No. 10 (CNH number 113).

Plaintiff responds by reference to the chart below, which is identical to the one in the original brief except that in the first column, in brackets, Plaintiffs

---

[1] CNH considerable effort in its brief to establish a claim that it produced documents "as kept in the ordinary course of business." Unless CNH keeps its documents, randomly, on CDs sent to opposing counsel for future reference, it most definitely has not produced documents as they are kept in the usual course of business. CNH's argument is illogical when applied to a situation where the respondent generically references earlier productions, which is what CNH has done repeatedly. At the conclusion of its arguments, counsel indicates it has identified the responsive documents in the body of its response brief, purportedly rendering the issue moot. However, Defendant chose to correlate the responsive documents to request numbers (for the first time) - not to produce them in the ordinary course.

provide the basis for relevance per request and Plaintiffs have included updated information in brackets in the third column.

| PLAINTIFS' FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS |||
|---|---|---|
| **Request for Production** | **Defendant's Response** | **Deficiency** |
| 1. All documents listed in the duces tecum subpoenas directed to Scott Macey, John Stahl and Keeper of the Records of Towers Watson dated October 28, 2013 which are not provided directly by the deponents. See Exhibits A, B and C.<br><br>[With respect to the Towers Watson subpoena, Plaintiffs contend that CNH's choice to extend, voluntarily, their unfunded benefit programs at a time it is simultaneously arguing that it is reasonable to dramatically shift the cost of the Plaintiffs' healthcare benefits to the retirees, is a factor which should be considered in determining whether CNH's proposed changes are reasonable.] | Renumbered 104<br>Objections: Relevance, cumulative/duplicative, ample opportunity to obtain, burdensome, and privilege.<br><br>**Will produce responsive, non-privileged documents to the extent that can be located after a reasonable search.** | Macey Subpoena: CNHA059890-CNHA059900 (Partial billing records from Scott Macey, only, provided). As of December 26, 2013, Motion to Compel Third Party Subpoena responses pending before Magistrate Judge Komives. [Plaintiffs' motion is currently pending and no new information has been provided][The billing records provided, do not reflect the bills for the associates and assistants that are listed as having worked on the file in previous CNH filings and do not clearly reflect the work done in 2006 and 2010 in this case by Mr. Macey].<br><br>Stahl Subpoena: Received Stahl00001-53 on or about November 14, 2013 (several megabytes of spreadsheet data) and on December 23, 2013 received Stahl00054 (2 megabyte spreadsheets) Received password for access on December 26, |

3

| | | |
|---|---|---|
| | | 2013. [Defendant subsequently identified the production responses by letter received January 4, 2014, well after the motion was filed].<br><br>Towers Watson Subpoena: **No responsive documents received. [No further response has been made since the motion was originally filed. Defendant claims to have offered a "fill in the blank" stipulation that is meaningless and unsupported, while admitting it has refused to comply with the request, even as modified by Plaintiffs in attempts to narrow the area of dispute. Notably, Plaintiffs agreed to accept limitations on the request. Exhibit A. The Court should be aware that each of the requested documents must be available to a participant under ERISA at a per page fee].** |
| 5. Any and all open enrollment material provided to new retirees | Renumbered 108<br>Objections: cumulative/duplicative, | CNHA059466-CNHA059470 appear to be responsive. Provided |

4

| | | |
|---|---|---|
| for information and participation in the 2005 Plan for the year 2014, including notices for payment of premiums.<br><br>[This request is plainly responsive to the questions posed by the 6th Circuit: What premiums, deductibles and copayments must retirees pay under ... the new plan? How fast are the retirees' out-of-pocket costs likely to grow under ... the new plan? How fast are CNH's per-beneficiary costs likely to grow under each? ... What difference (if any) is there between the new plan and the plans CNH makes available to current employees and people retiring today?] | ample opportunity to obtain, burdensome<br><br>**Will produce responsive, non-privileged documents to the extent that can be located after a reasonable search.** | on 12-13-13. No other documents identified.<br><br>[Defendants provided a sample without stating that it was providing a sample and without indicating if there were any other responsive documents not provided. Indeed, by the objection, it would appear that CNH withheld documents based upon privilege. In any event, if CNH were to affirmatively state that there are no other documents and update its privilege log to indicate any withheld documents, Plaintiffs would be satisfied with that response.] |
| 6. All documents which support the claim that "[a] high percentage of the actual costs for medical and prescription drugs for the current plan over the period 2008 through 2012 involved procedure codes or drugs that did not exist in 1998," sufficient to identify any procedures or drugs that did not exist | Renumbered 109<br>Objections: cumulative/duplicative, ample opportunity to obtain, burdensome<br><br>Responsive documents were produced during "expert discovery" and CNH is aware of no other responsive documents. | Plaintiffs are not aware of any so-called "expert discovery." Defendants have failed to identify the responsive documents. Defendants have produced tens of thousands of documents in this litigation and have refused to indicate which documents are responsive to which, if any, requests. |

5

| | | |
|---|---|---|
| in 1998 and all documents showing when those codes or drugs first came into existence.<br><br>[Plaintiff asserts that these documents are relevant to the Defendant's expert witness testimony, qualifications, etc. and are required to assist in taking his depositions] | | Importantly, the quoted language is from the Stahl expert report. Stahl was first revealed as an expert witness for CNH on October 17, 2013. The only post October 17, 2013 Stahl production was on November 12, 2013 (containing several megabytes of data) and December 23, 2013 (containing two megabytes of data). It is unclear whether and which of the files are responsive.<br><br>[Defendant subsequently identified the production responses by letter received January 4, 2014, well after the motion was filed]. |
| 8. All documents reviewed or generated by Towers Watson in connection with a review of claims, claim projections, annual cost projections per capita cost projections, under the 2005 Plan and for the Current Plan, including but not limited to those attached as Exhibits 1 and 2 to the 2010 | Renumbered 111<br>Objections: cumulative/duplicative, ample opportunity to obtain, burdensome<br><br>Responsive documents were produced during "expert discovery" and CNH is aware of no other responsive documents. | Plaintiffs are not aware of any so-called "expert discovery." Defendants have failed to identify the responsive documents. Defendants have produced tens of thousands of documents in this litigation and have refused to indicate which documents are responsive to which, if any, requests. |

6

| | | |
|---|---|---|
| Declaration of Sharif Amin.<br><br>[Plaintiff asserts that these documents are relevant to the Defendant's expert witness testimony, qualifications, etc. and are required to assist in taking their depositions] | | [No further response has been received, except to the extent Defendant contends that its production listed in Exhibit 4 contains responsive documents. Defendant does not identify which documents it claims are responsive to this request.] |
| 9. All documents regarding premiums for participation in the 2005 plan for post- May 2005 retirees for the period 2005 to present.<br><br>[This request is plainly responsive to the questions posed by the 6th Circuit: What premiums, deductibles and copayments must retirees pay under ... the new plan? How fast are the retirees' out-of-pocket costs likely to grow under ... the new plan? How fast are CNH's per-beneficiary costs likely to grow under each? ... What difference (if any) is there between the new plan and the plans CNH makes available to current employees and | Renumbered 112<br>Objections: Relevance, cumulative/duplicative, ample opportunity to obtain, burdensome<br><br>**CNH will produce responsive, non-privileged documents to the extent they can be located after a reasonable search.** | Although CNHA05947 was produced on December 13, 2013, the document appears to be a summary, not an original document.<br><br>[CNH admits that it prepared a "summary" with no underlying documentation, no indication of how a foundation could be laid for the summary, or even who prepared it.] |

7

| | | |
|---|---|---|
| people retiring today?] | | |
| 10. All records related to pensions, Medicare premium reimbursement and/or Retiree Medical Savings Accounts for the following post-May 1, 2005 retirees: Dennis Bellgraph, David Buri, Richard Kusmierz, Jose Garcia, and David Sharkozy.<br><br>[This request is plainly responsive to the question posed by the 6th Circuit: What difference (if any) is there between the new plan and the plans CNH makes available to current employees and people retiring today?] | Renumbered 113<br>Objections: Relevance, cumulative/duplicative, ample opportunity to obtain, burdensome<br><br>Will produce responsive, non-privileged documents to the extent they can be located after a reasonable search and after Plaintiffs provide **a notarized authorization from each individual** named in the request to release the information to Plaintiffs. | Plaintiffs cannot be compelled to obtain "a notarized authorization" from individuals who are receiving retiree healthcare benefits under the 2005 contract. While Plaintiffs are certainly amenable to a protective order, this information is in Defendant's possession, discoverable and relevant and should be compelled immediately.<br><br>[CNH fails to address the offer of a protective order, causing further delay.] |

Defendants should be compelled to comply with the discovery rules.

                                      Respectfully submitted,

                                      McKNIGHT, McCLOW, CANZANO, SMITH & RADTKE, P.C.

                                      By:/s/Darcie R. Brault
                                      Darcie R. Brault (P43864)
                                      Attorneys for Class Plaintiffs
                                      400 Galleria Officentre, Suite 117
                                      Southfield, MI  48034
                                      (248) 354-9650
                                      dbrault@michworklaw.com

Date:  January 8, 2014

## CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2014 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will serve it on all parties.

>Respectfully submitted,
>
>McKNIGHT, McCLOW, CANZANO,
>SMITH & RADTKE, P.C.
>
>By:  */s/Darcie R. Brault*
>Darcie R. Brault (P43864)
>Attorneys for Plaintiffs
>400 Galleria Officentre, Suite 117
>Southfield, MI  48034
>(248) 354-9650
>dbrault@michworklaw.com

Dated: January 8, 2014

P:\RHC Cases\Case Corp\Case - Reese litigation\Pleadings\Reply to Motion to Compel 5th RPD.docx