# Exhibit 3

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

| | |
|---|---|
| Jack Reese et al., <br> *Plaintiff* <br> v. <br> CNH Global N.V. and CNH America LLC <br> *Defendant* | ) <br> ) <br> ) Civil Action No.  2:04-cv-70592-PJD-PJK <br> ) <br> ) <br> ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Theo Francis, Disclosure Matters LLC, 314 Carroll Street, Northwest #417, Washington, D.C. 20012
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Attachment.

| Place: McDermott Will & Emery LLP <br> 500 North Capitol Street, Northwest <br> Washington, D.C. 20001 | Date and Time: January 15, 2014, at 9:00 EDT |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: December 30, 2013

*DAVID J. WEAVER, CLERK OF COURT*

_____           OR           *Laura Capotosto*
*Signature of Clerk or Deputy Clerk*                            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* CNH Global N.V. and CNH America LLC , who issues or requests this subpoena, are:

Laura J. Capotosto (lcapotosto@mwe.com; 202.756.8000)
McDermott Will & Emery LLP, 500 North Capitol Street, Northwest, Washington, D.C. 20001

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Jack Reese, et al.<br><br>Plaintiff(s)<br><br>v.<br><br>CNH Global N.V., et al.<br><br>Defendant(s) | Case No.: 2:04-cv-70592-PJD-PJK |

## AFFIDAVIT OF SERVICE

I, Ted Metzger, a Private Process Server, being duly sworn, depose and say:

That I have been duly authorized to make service of the Subpoena Duces Tecum with Attachment in the above entitled case.

That I am over the age of eighteen years and not a party to or otherwise interested in this matter.

That on January 06, 2014 at 8:36 PM, I served Theo Francis with the Subpoena Duces Tecum with Attachment at Disclosure Matters LLC, 314 Carroll Street, NW, #417, Washington, DC 20012 by serving Theo Francis, personally.

Theo Francis is described herein as:
Gender: Male   Race/Skin: White   Hair: Brown   Glasses: Yes   Age: 40   Height: 6'0"   Weight: 190

I declare under penalty of perjury that I have read the foregoing information contained in the Affidavit of Service and that the facts stated in it are true and correct.

1/8/2014
Executed on:

Ted Metzger
CAPITOL PROCESS SERVICES, INC.
1827 18th Street, NW
Washington, DC 20009-5526
(202) 667-0050

ID: 14-101455

Client Reference: 071485.0013

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT

## INSTRUCTIONS AND DEFINITIONS

A.  For purposes of interpreting or construing the scope of this request, the terms used shall be given their most expansive and inclusive interpretation.

B.  The documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in the request. *See* Fed. R. Civ. P. 34(b)(2)(E).

C.  With respect to any document or information which you withhold, do not disclose, or exert a claim of privilege of non-disclosure, a statement shall be provided by your counsel which:

    1.  states the nature of the claim of non-disclosure or privilege;

    2.  states the names of the authors of the document;

    3.  states the names of the persons to whom the document was addressed and any other persons to whom the document was sent;

    4.  states the date of the document; or if no date appears, the dates on which it was prepared, sent, or received;

    5.  states the number of pages, attachments, and appendices of the document;

    6.  describes generally the nature, and subject matter of the document; and

       7.    states the name of the persons who have custody of the documents.

*See* Fed. R. Civ. P. 26(b)(5).

       D.    This request shall be deemed to be continuing so as to require prompt, further, and supplemental response if you discover additional documents or information that should have been included in response to this request after the time of initial response. *See* Fed. R. Civ. P. 26(e)(1).

## DOCUMENT REQUEST

1. All documents relating to the purpose or mission of your current and former employers; the current or former employer's charter, by-laws, or other organizational documents; your position and contractual employment arrangement with the current or former employer; your compensation with the current or former employer; the association or individual funding of the current or former employer for the last five years, and all copies of all briefs, proposed legislation, press releases, and other formal communications, blog posts, and other written or electronic communications related to retiree benefit issues.