# Exhibit 6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK REESE, JAMES CICHANOFSKY,
ROGER MILLER,
and GEORGE NOWLIN on
behalf of themselves and
a similarly situated class,

Hon. Patrick J. Duggan

Case No. 04-70592

    Plaintiffs,

v.

**Class Action**

CNH GLOBAL N.V., formerly
known as Case Corporation,
and THE COMPANY LLC,

    Defendants.

_____/

| | |
|---|---|
| David R. Radtke (P47016) | Norman C. Ankers (P30533) |
| Darcie R. Brault (P43864) | HONIGMAN MILLER |
| McKNIGHT, McCLOW, CANZANO | SCHWARTZ AND COHN LLP |
| SMITH & RADTKE, P.C. | Attorneys for Defendants |
| Attorneys for Plaintiffs Reese, et al. | 2290 First National Building |
| 400 Galleria Officentre, Suite 117 | 660 Woodward Avenue |
| Southfield, MI 48034 | Detroit, MI 48226 |
| (248) 354-9650 | (313) 465-7000 |
| | |
| | Bobby R. Burchfield, Esq. |
| | McDERMOTT WILL & EMERY |
| | Attorneys for Defendants |
| | The McDermott Building |
| | 500 North Capital Street, Northwest |
| | Washington, D.C. 20001 |
| | (202) 756-8000 |

_____/

**PLAINTIFFS' OBJECTIONS TO CNH'S NOTICE OF SUBPOENA FOR DOCUMENTS TO THEO FRANCIS DATED DECEMBER 30, 2013**

Plaintiffs, by and through their counsel, McKnight, McClow, Canzano, Smith & Radtke, P.C., object to CNH's Notice of Subpoena for Documents to Theo Francis mailed to Class Counsel on December 30, 2013, as follows:

1. The witness was not properly served with the subpoena under Fed. R. Civ. P. 45.

2. Theo Francis was not served with the subpoena, if at all, until after December 30, 2013. The date set for compliance with the subpoena is January 15, 2014. The time period for compliance is not reasonable under Fed. R. Civ. P. 45(b)(3)(A)(i). Moreover, Defendants have repeatedly argued that a third party subpoena must be served within thirty days prior to the date set for compliance, citing Fed. R. Civ. P. 45 and Fed. R. Civ. P. 34(b)(2)(A).

3. The document request is overly broad, requesting information relative to each one of the witness' past and current employers without any temporal limitation in violation of Fed. R. Civ. P. 45(c)(1). For the same reasons, compliance would be unduly burdensome and oppressive, particularly as it relates to a non-party. Fed. R. Civ. P. 45(c)(2)(B) and 45(d)(1)(D).

4. The document request is not designed to reach relevant information and is clearly designed as a retaliatory gesture related to Plaintiffs' request for information regarding CNH's expert witness, Scott Macey, which is currently the subject of a motion to compel. Unlike Mr. Macey's company (of which he is

President), "ERISA Industry Committee" or "ERIC," the employer(s) of this witness is/are not engaged in lobbying activities designed to change the very law which is at issue in this case. This witness is not a registered lobbyist, s/he is not paid to advocate employers' interests, nor does this witness' past or current employment reflect any potential bias in this case.

5. Defendant improperly imports the Fed. R. Civ. P. 26 (e)(1) duty to supplement. This rule applies only to interrogatories, requests to produce or requests for admission; to wit, only to discovery served upon a party. Fed. R. Civ. P. 26 (e)(1) does not apply to responses to third party subpoenas. *Alexander v. F.B.I.* 192, F.R.D. 37, 38 (D.D.C. 2000) ("non-party served with a subpoena duces tecum is under no duty to supplement its discovery responses.)

          Respectfully submitted,

          McKNIGHT, McCLOW, CANZANO,
          SMITH & RADTKE, P.C.

          By:/s/Darcie R. Brault
          David R. Radtke (P47016)
          Darcie R. Brault (P43864)
          Attorneys for Class Plaintiffs
          400 Galleria Officentre, Suite 117
          Southfield, MI 48034
Dated: January 10, 2014    (248) 354-9650
          dbrault@michworklaw.com