UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK REESE, JAMES CICHANOFSKY,
ROGER MILLER,
and GEORGE NOWLIN  on                          Hon. Patrick J. Duggan
behalf of themselves and
a similarly situated class,                     Case No. 04-70592
     Plaintiffs,
v.                                              **Class Action**

CNH GLOBAL N.V., formerly
known as Case Corporation,
and THE COMPANY LLC,

     Defendants.

_____/

## PLAINTIFFS' RESPONSE TO DOCKET N0. 397

The parties appeared for oral argument for Plaintiffs' Motion to Compel Third Party Subpoena Responses, Docket No. 373. At that time, the parties had submitted a List of Resolved and Unresolved Issues, Docket No. 384. The Court asked counsel for the parties to meet in chambers. After discussing the outstanding issues, the Court asked the parties to 1) submit competing proposed orders regarding the outstanding issues and 2) submit supplemental authority regarding the discovery of the ERIC documents.

Plaintiffs complied. See Exhibit A (Proposed Order) and B (Supplemental Authority).

Discovery in this matter was scheduled to close on January 17, 2014. The

scheduling issue was raised in discussion with the Court in chambers. It was Plaintiffs' counsel's impression that CNH counsel did not object to waiting until there was a ruling from the Court to schedule Macey's deposition, particularly if the alternative was a phased deposition. However, CNH counsel later indicated, on January 6, 2014, that Plaintiffs' impression was incorrect and that a failure to schedule Macey within the deadlines would be at Plaintiffs' "peril." Plaintiffs scheduled the deposition of Mr. Macey to take place on January 15, 2014[1] contingent upon there being no interim ruling by this Court on the pending motions. Exhibit C. The deposition occurred on January 15, 2014. At the time of the deposition, Plaintiffs' counsel placed on the record that the right to recall the witness following the discovery rulings was preserved. Exhibit D. Contrary to CNH's representations, there remain several items from the motion to compel which are unresolved after the deposition:[2]

---

[1] Defendants scheduled depositions on January 16 and 17 rendering those dates unavailable.

[2] It is true that a number of the issues prior to the deposition were, of necessity, resolved. Part of Plaintiffs' motion was a request that Macey identify which of the hundreds of documents that were produced in discovery were documents that he relied upon and to so identify per conclusion in his report. In other words, match the documents to one of his several conclusions. This was not done by CNH and was not feasible to be done by Plaintiffs prior to the deposition or by Macey during the deposition. The result is that it was not possible to question Macey regarding how each document produced by him related to his opinions.

| DOCUMENT REQUEST FROM MACEY SUBPOENA | ISSUE OUTSTANDING |
|---|---|
| 6.       Any and all communications with CNH or other person representing himself or herself as associated with CNH, including but not limited to John F. Stahl or any of his associates, related to the request for, production of, or information contained in your March 13, 2006 Expert Report (to the extent not previously produced), in preparation for your deposition in June of 2006, in your June 20, 2010 Declaration, and the "Expert Report of Scott J. Macey" dated October 17, 2013 report, including but not limited to notes, recordings and electronic mail. | Macey admits that he used Stahl's expert report to compile a comparison chart. The compilation predates the date of the Stahl report provided to Plaintiff, meaning that some **earlier version of Stahl's report was provided to Macey**. Plaintiffs seek to discover that/those document(s). What Macey had in his possession from Stahl when he compiled his report should be produced. |
| 8.       Any and all billing records, including but not limited to any records which reflect the amounts billed or paid, and for what services it was billed or paid, related to the Reese litigation, the CNH current benefit plan for the Reese class, and the CNH proposed plan for the Reese class. | The information is relevant to the witness' qualifications, opinions and potential bias and should be produced. Defendant contends that Macey should not be required to produce his billing, but CNH will. CNH had not done so when the motion was filed. Later CNH provided billing statements but only for Macey's recent work, not the work that Macey did in the past. **It is unclear whether there are other billing records which have not been produced**, but it should be clear how much Mr. Macey has been paid since the onset of the litigation, not just since the remand. If he is not in possession of the information, he should identify the entity that is. |
| 15.       All documents containing or relating to the "relative value" calculations, including but not limited to | **Plaintiffs have not been given any documents pertaining to Macey's relative value comparison of the** |

| | |
|---|---|
| all underlying plan documents, plan design information, the "methodology standard in the industry," and the Aon database and the programs, on which your statements in paragraphs 27 through 30 of your June 30, 2010 Declaration are, in any way, based. | **Current Plan from his June 30, 2010 Declaration. If those documents are no longer in his possession, he should be ordered to indicate who possesses them**. |
| 16.   All documents relating to the purpose or mission of the ERISA Industry Committee, to the Committee's charter, by-laws or other organizational documents, to your position and contractual employment arrangement with that Committee, to your compensation with that Committee and to corporate, association or individual funding of the Committee for the last five years; as well as all copies of all briefs, proposed legislation, press releases and other formal communications, blog posts and other written or electronic communications related to retiree benefit issues. | Macey answered a number of questions about ERIC at his deposition. Plaintiff continues to seek **the contract between ERIC and Macey which Macey admitted in his deposition, exists, but was not produced**. |

Additionally, just prior to the hearing, Plaintiffs' counsel reviewed hundreds of documents to attempt to locate the items referenced in Macey's reports. The result was a list of documents that were not produced. Plaintiffs listed each of the items in their Proposed Order, Exhibit A, number 4. Those documents have not been produced.

These are the remaining issues with respect to Docket No. 373.

4

Respectfully submitted,

McKNIGHT, McCLOW, CANZANO,
SMITH & RADTKE, P.C.

By:/s/Darcie R. Brault
Darcie R. Brault (P43864)
Attorneys for Class Plaintiffs
400 Galleria Officentre, Suite 117
Southfield, MI  48034
(248) 354-9650
dbrault@michworklaw.com

Date:  January 23, 2014

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2014 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will serve it on all parties.

Respectfully submitted,

McKNIGHT, McCLOW, CANZANO,
SMITH & RADTKE, P.C.

By:  */s/Darcie R. Brault*
Darcie R. Brault (P43864)
Attorneys for Plaintiffs
400 Galleria Officentre, Suite 117
Southfield, MI  48034
(248) 354-9650
dbrault@michworklaw.com