UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JACK REESE, FRANCES ELAINE PIDDE, JAMES CICHANOFSKY, ROGER MILLER, and GEORGE NOWLIN,<br><br>Plaintiffs,<br><br>v.<br><br>CNH GLOBAL N.V. and CNH AMERICA LLC,<br><br>Defendants. | Case 2:04-cv-70592-PJD-PJK<br><br>Hon. Patrick J. Duggan, U.S.D.J.<br><br>Hon. Paul J. Komives, U.S. Mag. J. |

**CNH'S OBJECTIONS TO THE MAGISTRATE'S
ORDER EXTENDING THE SCHEDULE IN THIS MATTER**

CNH objects to the Magistrate's order extending the schedule in this matter another two months. *See* 28 U.S.C. § 636(b)(1)(A) (2006); Fed. R. Civ. P. 72(a). The order would allow a total of 14 months of discovery on the discrete issues specified in the remand order and would delay ultimate disposition of this case until late this year.

The order is erroneous and should be set aside for three basic reasons. *First*, it ignores the command of the Sixth Circuit to conduct this second remand proceeding expeditiously. *See Reese v. CNH Am. LLC*, 694 F.3d 681, 685–86 (6th Cir. 2012) (admonishing that "[t]his long-running dispute needs to come to an end"

and observing that "it is particularly unfair to prolong the dispute when the status quo . . . not only favors just one party [Plaintiffs] but also risks mooting the economic stakes of the case for the other party [CNH]"). *Second*, it provides additional time for discovery notwithstanding that Plaintiffs have—during the remand proceeding—already served an extraordinary 94 document requests, 52 interrogatories (compared to the allowable 25), and 53 requests for admission. No good cause exists for further discovery. *See* Fed. R. Civ. P. 16(b)(4) (requiring "good cause" to extend a schedule). *Finally*, as the Sixth Circuit recognized, the extension inflicts continuing prejudice on CNH.

In short, the Magistrate's order is warranted neither by the appropriate law or the facts pertinent to Plaintiffs' motion. It must be set aside, and this case must proceed on the current schedule.

Dated: January 27, 2014

Respectfully submitted,

s/Joshua David Rogaczewski

| | |
|---|---|
| Norman C. Ankers (P30533) | Bobby R. Burchfield |
| (nankers@honigman.com) | (bburchfield@mwe.com) |
| Honigman Miller Schwartz and Cohn LLP | Joshua David Rogaczewski |
| | (jrogaczewski@mwe.com) |
| 2290 First National Building | Laura J. Capotosto |
| 660 Woodward Avenue | (lcapotosto@mwe.com) |
| Detroit, Michigan 48226 | McDermott Will & Emery LLP |
| 313.465.7306 | The McDermott Building |
| 313.465.7307 fax | 500 North Capitol Street, Northwest |
| | Washington, D.C. 20001 |
| | 202.756.8000 |
| | 202.756.8087 fax |

*Attorneys for CNH Global N.V. and CNH America LLC*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JACK REESE, FRANCES ELAINE PIDDE, JAMES CICHANOFSKY, ROGER MILLER, and GEORGE NOWLIN,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>CNH GLOBAL N.V. and CNH AMERICA LLC,<br><br>　　　　　Defendants. | Case 2:04-cv-70592-PJD-PJK<br><br>Hon. Patrick J. Duggan, U.S.D.J.<br><br>Hon. Paul J. Komives, U.S. Mag. J. |

**CNH'S BRIEF IN SUPPORT OF ITS
OBJECTIONS TO THE MAGISTRATE'S
ORDER EXTENDING THE SCHEDULE IN THIS MATTER**

Norman C. Ankers (P30533)
(nankers@honigman.com)
Honigman Miller Schwartz and Cohn LLP
2290 First National Building
660 Woodward Avenue
Detroit, Michigan 48226
313.465.7306
313.465.7307 fax

Bobby R. Burchfield
(bburchfield@mwe.com)
Joshua David Rogaczewski
(jrogaczewski@mwe.com)
Laura J. Capotosto
(lcapotosto@mwe.com)
McDermott Will & Emery LLP
The McDermott Building
500 North Capitol Street, Northwest
Washington, D.C. 20001
202.756.8000
202.756.8087 fax

*Attorneys for CNH Global N.V. and CNH America LLC*

## CONCISE STATEMENT OF THE ISSUE PRESENTED

Did the Magistrate err in extending this schedule further when the Sixth Circuit has commanded the Court to proceed expeditiously, no good cause exists for the extension, and the extension prejudices CNH?

# CONTROLLING OR
# MOST APPROPRIATE AUTHORITY FOR THE RELIEF SOUGHT

28 U.S.C. § 636 (2006)

Federal Rule of Civil Procedure 16

Federal Rule of Civil Procedure 72

*Reese v. CNH Am. LLC*, 694 F.3d 681 (6th Cir. 2012)

## INTRODUCTION

In the 12 months of discovery since the Sixth Circuit remanded this case for the second time, Plaintiffs have served an extraordinary 94 document requests, 52 interrogatories (more than twice the number allowed by Rule 33), and 53 requests for admission. Yet, the Magistrate's order challenged here would give them two more months of discovery, for a total of 14 months. To put that in perspective, the case's principal discovery period, addressing many more issues than this remand, lasted only ten months.[1]

When it remanded this matter for a second time, the Sixth Circuit admonished, "This long-running dispute needs to come to an end" and observed that "it is particularly unfair to prolong the dispute when the status quo . . . not only favors just one party [Plaintiffs] but also risks mooting the economic stakes of the case for the other party [CNH]." *Reese v. CNH Am. LLC*, 694 F.3d 681, 685–86 (6th Cir. 2012) (*Reese II*). When the parties discussed scheduling with the Court on February 4, 2013—almost a year ago—the Court appropriately rejected Plaintiffs' proposed discovery period and set an aggressive, five-month discovery period. In retrospect, the schedule proposed by Plaintiffs at that status conference was

---

[1] The Court entered the case's first scheduling order on September 12, 2005. (R. 73, Sched. Order 1.) Under the amended scheduling order, discovery closed on July 21, 2006. (R. 97, Am. Sched. Order 1.)

"aggressive" compared to the one they have obtained through their three motions to extend the schedule.

Enough is enough. It is time for the Court to answer the clear question posed twice by the Sixth Circuit: Is it reasonable to give Plaintiffs the health benefits that CNH provides—and to which the UAW agreed—to employees retiring from the company today? The Court can bring this case closer to completion by setting aside the Magistrate's erroneous extension of the schedule and setting an appropriate dispositive briefing schedule.

## BACKGROUND

With three weeks left in the discovery period, on December 27, 2013, Plaintiffs asked the Court for a third time to extend the schedule, seeking a 60-day extension of all deadlines, including the discovery deadline. (R. 389, Pls.' Mot. i.) The Court referred the motion to the Magistrate for adjudication. (R. 390, Order Ref. 1.) On January 6, 2014, CNH responded to Plaintiffs' motion, explaining why good cause did not exist under Federal Rule of Civil Procedure 16 for the extension. (R. 391, CNH's Opp'n 10–18.) (A copy of CNH's opposition, without exhibits, is attached as Exhibit 1.) On January 17, 2014, discovery closed with *every* deposition sought by Plaintiffs or CNH having been taken.

On January 23, 2014, four minutes after receiving Plaintiffs' response to CNH's letter indicating that all fact and expert witnesses had been deposed, the

Magistrate granted Plaintiffs' motion, on the ground that it sought only a "modest" extension of the schedule. (R. 399, Order 3.) The Magistrate nowhere cites (much less discusses) Rule 16 and its "good cause" standard. Worse, the Magistrate mentions the headings of—but ignores the substance of—CNH's opposition, which explained that (i) a further extension was inconsistent with the Sixth Circuit's instruction in this case; (ii) Plaintiffs have already propounded 94 document requests, 52 interrogatories, and 53 requests for admission, fomented numerous insubstantial discovery disputes about those demands, and then leveraged those disputes into requests for more time; and (iii) CNH has already provided Plaintiffs with all, or substantially all, the information sought, except for the most irrelevant and burdensome. Finally, the order identifies no good cause for the extension and ignores the prejudice CNH suffers from a further delay of a decision in the case on the merits.

## ARGUMENT

The Court "must . . . modify or set aside any part of the [Magistrate's] order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) (2006). As discussed below, the Magistrate's order granting Plaintiffs their most recent extension is clearly erroneous and contrary to law.

*First*, it fails to acknowledge (much less follow) the guidance of the Sixth Circuit's 2012 opinion. The Sixth Circuit remanded the matter to give this Court a

3

second opportunity to review CNH's proposed plan for Plaintiffs against the standard set forth in *Reese v. CNH America LLC*, 574 F.3d 315 (6th Cir. 2009) (*Reese I*). The court made clear, however, that the remand should proceed quickly: "This long-running dispute needs to come to an end . . . ." *Reese II*, 694 F.3d at 685. The previous extensions of the schedule have frustrated the Sixth Circuit's goal of an expeditious resolution of this case, and the instant order compounds that frustration. *Second*, the Magistrate extended the discovery schedule—which has already gone on far longer than contemplated a year ago—without good cause to do so. Indeed, it is indisputable that Plaintiffs have already served mountainous discovery during this remand (94 document requests, 52 interrogatories, and 53 requests for admission). (*See* R. 391, CNH's Opp'n 6–9.) Long ago, CNH completed its production of information relevant to the remand order. (*Id.* at 10–13.)[2]

---

[2] One of the key disputes concerns Plaintiffs' insistence that CNH's expert witness (Scott Macey) must produce (in response to a personal subpoena) documents concerning the "mission" of his current employer, notwithstanding that (i) the documents are owned and in the possession of the employer, not Mr. Macey; (ii) Mr. Macey was retained as an expert years before he accepted employment at his current employer in 2012; (iii) Mr. Macey did not review, much less rely on, the demanded documents in preparing his expert report; and (iv) in response to cross subpoenas requesting analogous documents from Plaintiffs' experts, Plaintiffs themselves objected, flouting any semblance of the "goose–gander" rule.

*Finally*, the Magistrate's order identifies no good cause for the relief Plaintiffs seek. Plaintiffs sought to modify the Court's scheduling order. That required "good cause." Fed. R. Civ. P. 16(b)(4). But this standard is discussed nowhere in the order. Indeed, the Magistrate found only that the 60-day extension was "modest" and, therefore, appropriate. Putting aside the question of whether a two-month extension on top of *three previous extensions* is "modest"—it is not— the size of the extension sought has no bearing on whether good cause exists for it. The prejudice to CNH from the extension, however, *is* a relevant consideration, and the Magistrate erred in ignoring it. *See Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003). If CNH's proposed changes are reasonable, Plaintiffs' "modest" extension will cost CNH approximately $2.4 million. (R. 345 Ex. 2, CNH's Resp. Pls.' 1st Interr. Ex. B at 1 (comparing projected 2014 costs).)

5

## CONCLUSION

As explained, no basis exists for a further extension of the schedule and the Magistrate erred in granting Plaintiffs a further extension. The Court should set aside the Magistrate's order and set the following briefing schedule for dispositive motions: (1) dispositive motions—ten days from the order on CNH's objections; (2) responses to dispositive motions—one month later; and (3) replies in support of dispositive motions—ten days later.

Dated: January 27, 2014

Norman C. Ankers (P30533)
(nankers@honigman.com)
Honigman Miller Schwartz and Cohn LLP
2290 First National Building
660 Woodward Avenue
Detroit, Michigan 48226
313.465.7306
313.465.7307 fax

Respectfully submitted,

s/Joshua David Rogaczewski
Bobby R. Burchfield
(bburchfield@mwe.com)
Joshua David Rogaczewski
(jrogaczewski@mwe.com)
Laura J. Capotosto
(lcapotosto@mwe.com)
McDermott Will & Emery LLP
The McDermott Building
500 North Capitol Street, Northwest
Washington, D.C. 20001
202.756.8000
202.756.8087 fax

*Attorneys for CNH Global N.V. and CNH America LLC*

6

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2014, I electronically filed the foregoing **CNH'S Objections to the Magistrate's Order Extending the Schedule in This Matter** with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants. In addition, a copy will be served by hand on the Magistrate.

s/Joshua David Rogaczewski
Joshua David Rogaczewski
(jrogaczewski@mwe.com)
McDermott Will & Emery LLP
The McDermott Building
500 North Capitol Street, Northwest
Washington, D.C. 20001
202.756.8000
202.756.8087 fax
