UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK REESE, JAMES CICHANOFSKY,
ROGER MILLER,
and GEORGE NOWLIN  on                              Hon. Patrick J. Duggan
behalf of themselves and
a similarly situated class,                        Case No. 04-70592
    Plaintiffs,
v.                                                 **Class Action**

CNH GLOBAL N.V., formerly
known as Case Corporation,
and THE COMPANY LLC,

    Defendants.
_____/

### PLAINTIFFS' RESPONSE TO CNH'S CONTINGENT MOTION TO COMPEL RESPONSES BY PLAINTIFFS' EXPERTS TO DOCUMENT SUBPOENAS

Plaintiffs oppose CNH Global N.V. and CNH America LLC's "conditional" motion to compel Plaintiffs' expert witnesses to produce documents related to their current employers.

Defendants took offense that Plaintiffs should attempt to discover the extent to which their expert witness, Scott Macey, is biased and has a pecuniary interest in adopting the position he adopts in his expert witness report.[1] In reaction,

---

[1] Plaintiffs have pursued information related to Macey's current employer, a lobbying firm dedicated to the exclusive representation of large employers' interests. Mr. Macey, himself, is a registered lobbyist. See Plaintiffs' Motion to Compel Third Party Subpoena Responses, Docket No. 373 and related pleadings.

Defendants issued late subpoenas to each of Plaintiffs' expert witnesses. Docket No. 395, Exhibits 2, 3 and 4.

The duces tecum requests were not timely served.

Plaintiffs filed valid objections to the duces tecum requests. Docket No. 395, Exhibits 5, 6 and 7.

There is no provision in the Federal Rules of Civil Procedure for a "conditional" or "contingent" motion. The attempt to make a motion "conditional" is inimical to a true motivation to obtain the relief requested. In other words, the Defendants' motion is not intended to obtain an order compelling Plaintiffs to comply, but rather, to leverage the Plaintiffs' legitimate motion as it relates to Macey. Since the motion is not made for a proper purpose, it should be withdrawn under Fed. R. Civ. Pr. 11.

Respectfully submitted,

McKNIGHT, McCLOW, CANZANO,
SMITH & RADTKE, P.C.

By:/s/Darcie R. Brault
David R. Radtke (P47016)
Darcie R. Brault (P43864)
Attorneys for Class Plaintiffs
400 Galleria Officentre, Suite 117
Southfield, MI  48034
(248) 354-9650
dbrault@michworklaw.com

Dated: January 29, 2014

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK REESE, JAMES CICHANOFSKY,
ROGER MILLER,
and GEORGE NOWLIN  on                                      Hon. Patrick J. Duggan
behalf of themselves and
a similarly situated class,                                        Case No. 04-70592
     Plaintiffs,
v.                                                                              **Class Action**

CNH GLOBAL N.V., formerly
known as Case Corporation,
and THE COMPANY LLC,

     Defendants.
_____/

### BRIEF IN SUPPORT OF PLAINTIFFS' RESPONSE TO CNH'S CONTINGENT MOTION TO COMPEL RESPONSES BY PLAINTIFFS' EXPERTS TO DOCUMENT SUBPOENAS

CNH's Contingent Motion to Compel Responses by Plaintiffs' Experts to Document Subpoenas should be denied outright and the Court should issue a sua sponte order to show cause directed to CNH to prove their good faith under Fed. R. Civ. Proc. 11.

Plaintiffs oppose CNH Global N.V. and CNH America LLC's "conditional" motion to compel Plaintiffs' expert witnesses to produce documents related to their current employers. Defendants apparently took offense that Plaintiffs sought to

3

discover the extent to which their expert witness, Scott Macey, is biased and has a pecuniary interest in taking the positions he adopts in his expert witness report.

Scott Macey is the Defendants' retained expert witness. He submitted his expert report dated October 17, 2013. Plaintiffs have pursued information related to Macey's current employer, a Washington D.C. lobbying firm dedicated to the exclusive representation of large employers' interests. Macey is the President and CEO of this organization: the ERISA Industry Committee (or "ERIC"). He lists ERIC in the "qualifications" section of his report. Mr. Macey, himself, is a registered lobbyist. ERIC is involved in direct lobbying of Congressional staffers or members of Congress exclusively on behalf of large employers. Macey testified that ERIC's general purpose is to represent the views of major employers in the public policy arena regarding employee benefits and compensation. See Plaintiffs' Motion to Compel Third Party Subpoena Responses, Docket No. 373 and related pleadings.

In preparation for the expert witness deposition of Mr. Macey, Plaintiffs served him with a subpoena which requested, in part:

> All documents relating to the purpose or mission of the ERISA Industry Committee, to the Committee's charter, by-laws or other organizational documents, to your position and contractual employment arrangement with that Committee, to your compensation with that Committee and to corporate, association or individual funding of the Committee for the last five years; as well as all copies of all briefs, proposed legislation, press releases and other formal communications, blog posts and other written or electronic communications related to retiree benefit issues.

4

Defendants objected to the subpoena on Mr. Macey's behalf. Plaintiffs filed a Motion to Compel Third Party Subpoena Response (Docket No. 383).

On the date set for argument, Magistrate Judge Komives requested that the parties present supplemental authority regarding the portion of the subpoena requesting information regarding ERIC. See Docket No. 385. Plaintiffs did so.

Plaintiffs have conceded that a great deal of information exists on ERIC's website, www.eric.org, including some copies of briefs, proposed legislation, press releases, other formal communications, other written or electronic communications related to retiree benefit issues, as well as ERIC's stated mission:

> **The ERISA Industry Committee (ERIC)** is a non-profit association committed to representing the advancement of the employee retirement, health, and compensation plans of America's largest employers. ERIC's members provide benchmark retirement, health care coverage, compensation, and other economic security benefits directly to tens of millions of active and retired workers and their families. ERIC has a strong interest in proposals affecting its members' ability to deliver those benefits, their cost and their effectiveness, as well as the role of those benefits in the American economy.

ERIC posts some information on its website using members-only access. That information includes a list of ERIC's members and "Executive Reports." Plaintiffs are not able to access that information.

The balance of the information requested by Plaintiffs cannot be found on the website, protected or otherwise. ERIC does not post its charter, by-laws or other organizational documents. Macey reportedly has been associated with ERIC

for over 35 years, serving on the Board for approximately 30 of those years. Macey also served as Chairman in the mid-1990s. He became President and CEO of ERIC in June of 2012.

ERIC also does not post its contracts with Macey or information regarding the compensation paid to Macey. ERIC also does not post information regarding its corporate, association or individual funding.

The motion is under advisement and continues to be under advisement.

Out of apparent frustration, Defendants reacted to the Macey/ERIC issue by issuing late subpoenas to each of Plaintiffs' expert witnesses, with a similar duces tecum request except that each of the Plaintiffs' expert witnesses was asked to provide information for each of their employers without any temporal or other limits. Docket No. 395, Exhibits 2, 3 and 4.

Plaintiffs filed valid objections to the duces tecum requests. Docket No. 395, Exhibits 5, 6 and 7. Specifically, Plaintiffs objected to the subpoenas because: the witness was not properly served with the subpoena under Fed. R. Civ. P. 45, the time period for compliance was too short in violation of Fed. R. Civ. P. 45 (b)(3)(A)(i),[2] the document requests were overly broad, in violation of Fed. R. Civ. P. 45(c)(1), unduly burdensome and oppressive, particularly as it relates to a non-

---

[2] Moreover, Defendants have repeatedly argued that a third party subpoena must be served within thirty days prior to the date set for compliance, citing Fed. R. Civ. P. 45 and Fed. R. Civ. P. 34(b)(2)(A). These were served 13, 12, and 8 days in advance of the compliance date.

party, Fed. R. Civ. P. 45(c)(2)(B) and 45(d)(1)(D) and not designed to reach relevant information, and that the requests improperly imported the Fed. R. Civ. P. 26 (e)(1) duty to supplement.

CNH deposed each of the Plaintiffs' expert witnesses and made no attempt to question them on these issues or to preserve the right to continue the depositions as a later date.

None of Plaintiffs' expert witnesses are registered lobbyists; they are not paid to advocate retirees' interests; and their past or current employment does not reflect any potential bias in this case which would necessitate further inquiry.

I. **There is no provision in the Federal Rules of Civil Procedure for a "Conditional" or "Contingent" Motion.**

There is no provision in the Federal Rules of Civil Procedure for a "conditional" or "contingent" motion. Indeed, designating a motion "conditional" is inimical to a true motivation to obtain the relief requested. In other words, Defendants' motion is not intended to obtain an order compelling Plaintiffs to comply, but rather, to leverage the Plaintiffs' legitimate and pending motion to compel as it relates to Macey. Since Defendants' motion is not made for a proper purpose, it should be withdrawn. The Court may direct CNH to show cause and present evidence of its good faith in bringing the motion under Fed. R. Civ. Pr. 11.

## II. The Subpoenas are Unenforceable for the Reasons Stated in Plaintiffs' Objections

The witnesses were not properly served with the subpoena under Fed. R. Civ. P. 45. Suzanne Daniels was not served with the subpoena, if at all, until after January 3, 2014, according to Defendants' proof of service. Mark Lynne was served on January 2, 2014 and Theo Francis was served on January 6, 2013. The date set for compliance with all of the subpoenas was January 15, 2014. The time period for compliance is not reasonable under Fed. R. Civ. P. 45 (b)(3)(A)(i). Indeed, Defendants themselves have repeatedly argued that a third party subpoena must be served within thirty days prior to the date set for compliance, citing Fed. R. Civ. P. 45 and Fed. R. Civ. P. 34(b)(2)(A).[3]

The document requests are overly broad, and are much broader than the requests made by Plaintiffs to Macey. Defendants request information relative to **each one** of the witness' **past and current employers without any temporal limitation** in violation of Fed. R. Civ. P. 45(c)(1). Compliance with such a broad request, even if the request had been timely, would be unduly burdensome and oppressive, particularly as it relates to a non-party, Fed. R. Civ. P. 45(c)(2)(B) and 45(d)(1)(D).

---

[3] Further underscoring that the Defendants are not motivated to obtain documents: Defendants' counsel have not made any attempt to revise the production date, to narrow their requests, temporally, for example, or to follow up with discovery requests. They failed to request concurrence in their motion as well.

The document request is not designed to reach relevant information and is clearly designed as a retaliatory gesture related to Plaintiffs' request for information regarding CNH's expert witness, Scott Macey, and to leverage their position on the pending motion to compel answers regarding the Macey Subpoena. This argument, however, compares dissimilar facts: In his report, Mr. Macey identified his position with ERIC. He then testified[4] that he is employed by ERIC as President and CEO, Exhibit A, p. 241. He is charged with managing and overseeing the activities; he has financial responsibility via-a-vis ERIC; he communicates with the ERIC members and he plays a role in the overall policy directions of ERIC, Exhibit A, p. 244. He described ERIC members as "major employers" and no labor unions. Exhibit A, p. 245. ERIC keeps these major employers informed and lobbies on their behalf. Exhibit A, p. 245. ERIC members pay annual dues. Exhibit A, p. 246. Mr. Macey also testified that he receives a large annual salary for working three days a week. Exhibit A, p. 242. His salary is paid from the ERIC budget which derives, primarily, from dues from major employers. Exhibit A, pp. 336-337. Macey acknowledged that ERIC is bound to advocate on behalf of its members on issues including retiree health care over the interests of non-members, including unions or retirees. Exhibit A, pp. 338-339.

---

[4] Plaintiffs placed on the record that they reserved the right to continue the deposition of Macey in the event that further documents were produced, Exhibit A, pp. 240-241.

9

Under the circumstances, it would be extremely unlikely that Macey would issue a discoverable report adverse to the interests of its members and his relationship with ERIC is therefore evidence of bias.

Unlike Mr. Macey and ERIC (of which he is President), the employers of the Plaintiffs' expert witnesses are not engaged in lobbying activities designed to change the very law at issue in this case. They are not registered lobbyists, they are not paid to advocate employers' or retirees' interests and their respective work histories do not reflect any potential bias in this case. See deposition transcripts, Exhibits B (Daniels), C (Francis) and D (Lynn). As a result, Defendants' "goose-gander" argument does not take flight.

Plaintiffs also objected that Defendants' subpoenas improperly import the Fed. R. Civ. P. 26 (e)(1) duty to supplement. This rule applies only to interrogatories, requests to produce or requests for admission; to wit, only to discovery served upon a party. Fed. R. Civ. P. 26 (e)(1) does not apply to responses to third party subpoenas. *Alexander v. F.B.I.*192, F.R.D. 37, 38 (D.D.C. 2000) ("non-party served with a subpoena duces tecum is under no duty to supplement its discovery responses.)

For these reasons, the Plaintiffs request that CNH's Contingent Motion to Compel Responses by Plaintiffs' Experts to Document Subpoenas be denied in its entirety.

 

                              Respectfully submitted,

                              McKNIGHT, McCLOW, CANZANO,
                              SMITH & RADTKE, P.C.

                              By:/<u>s/Darcie R. Brault</u>
                              David R. Radtke (P47016)
                              Darcie R. Brault (P43864)
                              Attorneys for Class Plaintiffs
                              400 Galleria Officentre, Suite 117
                              Southfield, MI  48034
Dated: January 29, 2014        (248) 354-9650
                              <u>dbrault@michworklaw.com</u>

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2014 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will serve it on all parties.

>Respectfully submitted,
>
>McKNIGHT, McCLOW, CANZANO,
>SMITH & RADTKE, P.C.
>
>By:  /s/Darcie R. Brault
>Darcie R. Brault (P43864)
>Attorneys for Plaintiffs
>400 Galleria Officentre, Suite 117
>Southfield, MI  48034
>(248) 354-9650
>dbrault@michworklaw.com