UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK REESE, JAMES CICHANOFSKY,
ROGER MILLER and GEORGE NOWLIN
on behalf of themselves and                                    Hon Patrick J. Duggan
a similarly situated class,                                    Case No. 04-70592

       Plaintiffs,

v.                                                            **Class Action**

CNH GLOBAL N.V.
and CNH AMERICA LLC,

       Defendants.
_____/

| | |
|---|---|
| David R. Radtke (P47016) | Norman C. Ankers (P30533) |
| Darcie R. Brault (P43864) | HONIGMAN MILLER |
| McKNIGHT, McCLOW, CANZANO | SCHWARTZ AND COHN LLP |
| SMITH & RADTKE, P.C. | Attorneys for Defendants |
| Attorneys for Plaintiffs | 2290 First National Building |
| 400 Galleria Officentre, Suite 117 | 660 Woodward Avenue |
| Southfield, MI  48034 | Detroit, MI 48226 |
| (248) 354-9650 | (313) 465-7000 |
| | |
| | Bobby R. Burchfield, Esq. |
| | McDERMOTT WILL & EMERY |
| | Attorneys for Defendants |
| | The McDermott Building |
| | 500 North Capital Street, Northwest |
| | Washington, D.C.  20001 |
| | (202) 756-8000 |

_____/

## PLAINTIFFS' MOTION TO AMEND CAPTION

Plaintiffs, by their counsel, McKnight, McClow, Canzano, Smith & Radtke, P.C., move to amend the caption to reflect the recent merger of Defendant CNH Global N.V. and Fiat Industrial S.p.A into CNH Industrial N.V.  In support, Plaintiffs state:

1.     CNH Global N.V., a Netherlands corporation, is currently, and has been since the filing of the First Amended Complaint in 2006, a Defendant in this litigation.

2.     Effective last September, CNH Global N.V. and Fiat Industrial S.p.A. merged into a Netherlands corporation named CNH Industrial N.V.

3.     According to the CNH Industrial N.V. website, "CNH Industrial N.V. was incorporated in November 2012 and became operational in September 2013 as a result of the merger of Fiat Industrial S.p.A and CNH Global N.V." (See Exhibit A).

4.     According to CNH Global N.V.'s Responses to Plaintiffs' Second Requests for Admission, dated December 9, 2013: "CNH Global N.V. no longer exists and was merged into CNH Industrial N.V."  (Exhibit B, ¶13).

5.     As indicated in Defendants' counsel's January 6, 2014 email, Defendants initially agreed to a substitution of CNH Industrial N.V. for CNH Global N.V., but "reconsidered the matter and determined that substitution . . . is not appropriate," making this motion necessary. (Exhibit C).

WHEREFORE Plaintiffs respectfully request that this Honorable Court order

that the caption be amended  to identify Defendant CNH Global N.V. by its current

name CNH Industrial N.V.

Respectfully submitted,

McKNIGHT, McCLOW, CANZANO,
SMITH & RADTKE, P.C.

By:  /s/Darcie R. Brault
David R. Radtke (P47016)
Darcie R. Brault (P43864)
Attorneys for Class Plaintiffs
400 Galleria Officentre, Suite 117
Southfield, MI  48034
(248) 354-9650
dbrault@michworklaw.com

Dated:  March 3, 2014

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK REESE, JAMES CICHANOFSKY,
ROGER MILLER and GEORGE NOWLIN
on behalf of themselves and                              Hon Patrick J. Duggan
a similarly situated class,                              Case No. 04-70592

       Plaintiffs,

v.                                                       **Class Action**

CNH GLOBAL N.V.
and CNH AMERICA LLC,

       Defendants.

_____/

| | |
|---|---|
| David R. Radtke (P47016) | Norman C. Ankers (P30533) |
| Darcie R. Brault (P43864) | HONIGMAN MILLER |
| McKNIGHT, McCLOW, CANZANO | SCHWARTZ AND COHN LLP |
| SMITH & RADTKE, P.C. | Attorneys for Defendants |
| Attorneys for Plaintiffs | 2290 First National Building |
| 400 Galleria Officentre, Suite 117 | 660 Woodward Avenue |
| Southfield, MI  48034 | Detroit, MI 48226 |
| (248) 354-9650 | (313) 465-7000 |
| | |
| | Bobby R. Burchfield, Esq. |
| | McDERMOTT WILL & EMERY |
| | Attorneys for Defendants |
| | The McDermott Building |
| | 500 North Capital Street, Northwest |
| | Washington, D.C.  20001 |
| | (202) 756-8000 |

_____/

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND CAPTION**

# TABLE OF CONTENTS

**ISSUE PRESENTED** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

**MOST RELEVANT AUTHORITY** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

**I. INTRODUCTION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    **A.** DEFENDANT CNH GLOBAL N.V. IN THIS LITIGATION . . . . . . . . . 1

    **B.** CNH GLOBAL'S CURRENT CORPORATE STATUS . . . . . . . . . . . . . . 3

**II. ARGUMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **4**

    **A.** LEGAL AUTHORITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    **B.** THE CAPTION MUST BE AMENDED TO REFLECT CNH GLOBAL'S
       MERGER INTO CNH INDUSTRIAL N.V. . . . . . . . . . . . . . . . . . . . . . 4

    **C.** CNH GLOBAL IS AN ACTIVE DEFENDANT IN THIS LITIGATION . . . 5

**III. CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

i

## ISSUE PRESENTED

Should the caption be amended to reflect the current name of Defendant CNH Global N.V.?

## MOST RELEVANT AUTHORITY

Rule 15(a) of the Federal Rules of Civil Procedure

# I.   INTRODUCTION

## A.   DEFENDANT CNH GLOBAL N.V. IN THIS LITIGATION

1.      On February 18, 2004, Plaintiffs filed this lawsuit against Defendant CNH America LLC ("CNH America").

2.      On May 6, 2005, Plaintiffs filed an Amended Complaint adding CNH Global N.V. ("CNH Global") as a second Defendant.

3.      On November 15, 2005, this Court denied CNH Global's motion to dismiss the Amended Complaint. (R.83).

4.      On August 28, 2007, this Court denied CNH Global's motion for summary judgment. (R. 213).

5.      Also on August 28, 2007, this Court entered summary judgment on liability against CNH America and in favor of Plaintiffs. (R. 214).

6.      On January 14, 2008, this Court entered a Stipulated Order in which CNH Global agreed to "unconditionally guarantee the performance of any contractual and legal obligations of CNH America LLC to members of the *Reese* class encompassed by the Court's liability ruling in this case in the event CNH America defaults on such obligations . . . ." (R. 226, ¶3).

7.      In the Stipulated Order, Plaintiffs agreed "to entry of a judgment in this case rendering . . . CNH Global liable to the *Reese* class as a guarantor of the primary liability of CNH America." (Id.).

8.      In that Stipulated Order, both Defendants "reserve[d[ the right to appeal

the Court's determination on the liability issue on any ground upon entry of a final judgment." (Id., ¶5).

9.      On February 15, 2008, this Court entered a Judgment, declaring that "the plaintiff class is entitled to vested lifetime health care benefits from CNH America LLC as provided for in the labor agreements in effect at the time of their or their deceased spouses' retirement . . . ." (R. 227, ¶2).

10.      In its February 15, 2008 Judgment, in accordance with the Stipulated Order, this Court also stated that "CNH Global N.V. is hereby ordered to guarantee CNH America LLC's performance of the obligations to the plaintiff class described herein." (Id., ¶3).

11.      Both CNH America and CNH Global appealed the Court's February 15, 2008 Judgment. (R. 228).

12.      In its Opinion of July 27, 2009, the Sixth Circuit reversed and remanded the case for further proceedings.

13.      On March 3, 2011, this Court granted Plaintiffs' motion for summary judgment on liability. (R. 304).

14.      In its Final Judgment, entered May 10, 2011, this Court declared that "the plaintiff class is hereby entitled to vested lifetime health care benefits from CNH America LLC as provided for in the labor agreements in effect at the time of their or their deceased spouse's retirement . . . ." (R. 316, ¶2).

2

15.     In its May 10, 2011 Final Judgment, this Court stated: "[i]n accordance with the stipulated order entered on January 14, 2008 (R. 226), which the parties agree will apply to this judgment, CNH Global N.V. is hereby ordered to guarantee CNH America LLC's performance of the obligations to the plaintiff class described herein." (Id., ¶5).

16.     Both CNH Global and CNH America appealed the March 3, 2011 Order and the Final Judgment. (R. 309) and the subsequent order granting additional attorney fees. (R. 323).

17.     On September 13, 2012, the Court of Appeals reversed this Court's May 10, 2011 Judgment and again remanded for further proceedings.

**B.     CNH GLOBAL'S CURRENT CORPORATE STATUS**

18.     Until recently, CNH Global N.V. was a Netherlands corporation that was the result of a  November 12, 1999 business merger combining the operations of New Holland N.V. and Case Corporation. (CNH Global 2000 Form 20-F Annual Report, at 3, 8-9, relevant portions attached as Exhibit D).

19.     According to the current CNH Industrial N.V. website, "CNH Industrial N.V. was incorporated in November 2012 and became operational in September 2013 as a result of the merger of Fiat Industrial S.p.A and CNH Global N.V." (See Exhibit A).

20.     According to CNH Global N.V.'s Responses to Plaintiffs' Second

Requests for Admission, dated December 9, 2013, "CNH Global N.V. no longer exists and was merged into CNH Industrial N.V."  (Exhibit B, ¶13).

## II.    ARGUMENT

### A.    LEGAL AUTHORITY

Rule 15(a) of the Federal Rules of Civil Procedure govern the amendment of pleadings and provide that "leave shall be freely granted when justice so requires."

In this motion, Plaintiffs actually seek only to amend the caption to reflect the current name of an existing party, CNH Global N.V.  They do not seek to add a party or to amend the pleadings.  They do not seek to correct the name of a party that was misnamed when the litigation was filed.  Plaintiffs only seek to amend the caption to reflect the fact that a properly named Defendant, CNH Global N.V., was recently merged into and is now known as CNH Industrial N.V.  Under these circumstances, justice requires that the caption be amended to reflect this recent change in the name of Defendant CNH Global N.V.

### B.    THE CAPTION MUST BE AMENDED TO REFLECT CNH GLOBAL'S MERGER INTO CNH INDUSTRIAL N.V.

According to Defendants, CNH Global N.V. no longer exists because it was merged into CNH Industrial N.V.  This, in itself, is sufficient reason for the caption to be amended to reflect the actual parties to this litigation.

4

### C.   CNH GLOBAL IS AN ACTIVE DEFENDANT IN THIS LITIGATION

CNH Global refuses to stipulate to amend the caption, arguing that the Plaintiffs resolved their claims against CNH Global "years ago" in exchange for its guarantee of CNH America's liability. CNH Global asserts that the guarantee extended to "whatever liability CNH America was determined to have to Plaintiffs."  CNH Global also notes that the Court's docket shows CNH Global as a "terminated" party and asserts that the "appropriate path forward is a guarantee by CNH Industrial." (Exhibit C).  CNH Global is wrong on all counts.

CNH Global was never terminated as a party in this litigation. CNH Global filed two motions seeking to have the claims against them dismissed, first in a motion to dismiss in 2005 and a motion for summary judgment in 2007.  This Court denied both motions, decisions that were never addressed or reversed on appeal or on remand.

The Stipulated Order of January 14, 2008 does not address "whatever liability" CNH America is finally determined to have.  To the contrary, the guarantee was limited  to the obligation *"encompassed by the Court's liability ruling in this case* in the event that CNH America defaults on such obligation." (R. 226, ¶3).  The February 15, 2008 Judgment, following the Stipulation, "ordered" CNH Global, as a party to the litigation, "to guarantee CNH America LLC's performance of the obligations to plaintiff class *described herein*." (R. 227, ¶3) (emphasis added).

Because the guarantee was decision specific (guaranteeing this Court's specific

finding of liability in the 2008 Judgment), it did not automatically apply to the second Judgment entered on May 10, 2011. Instead, the Stipulated Order of 2008 was incorporated in the 2011 Judgment because, as the Court noted, the parties *agreed* that it would apply to that Judgment. (R. 316, ¶5). And, the 2011Judgment again "ordered" CNH Global, as a party, to guarantee CNH America LLC's performance of "the obligations to the plaintiff class *described herein*" (Id.) – not "whatever liability CNH America was determined to have."

The Stipulated Order guaranteed the performance of the specific liability that this Court determined CNH America to have in its two Judgments. When those judgments were reversed, the obligations imposed in those judgments, and as a consequence, the guarantee of the performance of those obligations, no longer existed. It may be that CNH Global, now CNH Industrial, and Plaintiffs will agree to a similar guarantee of whatever obligation this Court declares CNH America to have on remand – in order to again avoid litigation over CNH Global's direct liability to Plaintiffs. But, CNH Industrial is free to pursue its defense that it has *no* obligation to Plaintiffs whatsoever and Plaintiffs are free to seek to impose direct liability on CNH Industrial as well as on CNH America.

Even if CNH Global was correct that, in the 2008 Stipulated Order, it had guaranteed "whatever liability" it was determined to have to Plaintiffs, CNH Global is still a party to this litigation for the purpose of incorporating that guarantee in the

judgment resolving the issues on remand.  The Stipulated Order requires the "entry of a judgment in this case rendering . . . CNH Global liable to the *Reese* class as a guarantor of the primary liability of CNH America."  Thus, even if CNH Global was correct about the extent of the guarantee, CNH Global would be included in the next final judgment and ordered, as a party, to guarantee "whatever liability" CNH America is determined to have.  And, this Court would necessarily use the correct name of the party to whom that order was directed - the party now called CNH Industrial N.V.

CNH Global asserts that the court docket shows it as a "terminated" party. (Exhibit C).  The docket's reference date for the "termination" is January 11, 2008. (R. 225).  The "pleading" of that date is a single page containing only this Court's signature.  The corrected pleading is the Stipulated Order of January 14, 2008 which does not dismiss CNH Global but expressly contemplates "entry of a *judgment* in this case rendering . . . *CNH Global liable* to the *Reese* class as a guarantor of the primary liability of CNH America." (R. 226, ¶3)(emphasis added).

If, as CNH Global now claims, its participation in this litigation was terminated in January 2008, it would have had no standing to appeal either the Judgments or the attorney fee awards.  But, it did appeal in each instance and, by so doing, acknowledged that it remained a party to this litigation.

The court docket sheet indicates that this *case* was "closed" as of February 15,

7

2008 – when the first Judgment was entered. No one here asserts *that* docket notation is accurate.  The docket also shows that Plaintiff Ron Hitt remains a Plaintiff, despite the fact that his claims were dismissed without prejudice in both Judgments.  Like the notation as to CNH Global's status, none of this is remotely relevant to the actual status of this case or the parties involved.

A court speaks only through its actual orders.  CNH Global twice sought to be terminated as a party, first in its motion to dismiss and then in its subsequent motion for summary judgment.  In both instances, this Court denied CNH Global's motions.  CNH Global remains a party and the caption must be amended to reflect its merger into CNH Industrial N.V.

## III.    CONCLUSION

For the reasons stated, Plaintiffs respectfully requests that this Honorable Court enter an order amending the caption to reflect the current name of Defendant CNH Global N.V. - CNH Industrial N.V.

Respectfully submitted,

McKNIGHT, McCLOW, CANZANO,
SMITH & RADTKE, P.C.

By:  /s/Darcie R. Brault
David R. Radtke (P47016)
Darcie R. Brault (P43864)
Attorneys for Class Plaintiffs
400 Galleria Officentre, Suite 117
Southfield, MI  48034

(248) 354-9650
dbrault@michworklaw.com

Dated: March 3, 2014

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2014, I electronically filed the foregoing document with the Clerk of the Court using the ECF system.

Respectfully Submitted,

McKNIGHT, McCLOW, CANZANO,
SMITH & RADTKE, P.C.

By:  /s /Darcie R. Brault
David R. Radtke (P47016)
Darcie R. Brault (P43864)
Attorneys for Class Plaintiffs
400 Galleria Officentre, Suite 117
Southfield, MI  48034
(248) 354-9650
dbrault@michworklaw.com

Dated:        March 3, 2014

P:\RHC Cases\Case Corp\Case - Reese litigation\Pleadings\motion to amend complaint - good version.wpd