UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK REESE, JAMES
CICHANOFSKY, ROGER MILLER, and
GEORGE NOWLIN, on behalf of
themselves and a similarly situated class,

        Plaintiffs,

v.

        Case No. 04-70592

        Honorable Patrick J. Duggan

CNH GLOBAL N.V. and
CNH AMERICA LLC,

        Defendants.
_____/

**OPINION AND ORDER DENYING DEFENDANTS' OBJECTIONS TO THE MAGISTRATE JUDGE'S JANUARY 23, 2014 ORDER EXTENDING THE SCHEDULE AND DENYING AS MOOT DEFENDANTS' MOTION FOR EXPEDITED CONSIDERATION**

      The above-captioned matter is before this Court on remand from the Sixth Circuit Court of Appeals to determine whether CNH America LLC ("CNH") should be allowed to make proposed unilateral changes to Plaintiffs' vested retiree health insurance benefits. The parties have been engaged in discovery relevant to that determination for almost a year pursuant to the Court's scheduling order. On January 23, 2014, Magistrate Judge Paul J. Komives entered an order extending the scheduling order at Plaintiffs' request. Presently before this Court are CNH's January 27, 2014 objections to that order. CNH also filed a motion on January 31,

2014, asking the Court to expedite consideration of its objections. For the reasons that follow, the Court rejects CNH's objections to Magistrate Judge Komives' order and denies as moot its request for expedited consideration.

## Background

On February 4, 2013, after the Sixth Circuit remanded this matter to the Court to evaluate the reasonableness of CNH's proposed changes to Plaintiffs' health insurance benefits, this Court entered a scheduling order providing for *inter alia* a July 21, 2013 deadline for discovery and an August 15, 2013 deadline for filing dispositive motions. On May 9, 2013, Plaintiffs moved to extend the scheduling order due to outstanding responses to interrogatories which the magistrate judge had recently allowed Plaintiffs to propound. This Court granted Plaintiffs' motion on June 19, 2013, and, as relevant to the pending objections, extended the discovery deadline to September 25, 2013. (ECF No. 353.)

The Court subsequently amended the scheduling order *sua sponte* to account for responses to discovery that CNH had not provided due to a conflict between the parties regarding CNH's need to respond. (*See* ECF No. 360.) Pursuant to that July 30, 2013 decision, the new deadline for discovery became November 18, 2013. (*Id*.) Plaintiffs filed a second motion seeking an extension of the scheduling order when further discovery disputes continued, which this Court granted in part

and denied in part on October 31, 2013. (ECF No. 372.) The Court found good cause to extend the scheduling order (e.g., Plaintiffs' continued attempts to obtain certain documentation from Defendants and the "extreme[] difficult[y]" of scheduling the depositions of the parties' experts prior to the discovery cutoff); however, the Court declined to grant Plaintiffs the extension they requested. (*Id.*) The Court extended the remaining dates by sixty days- rather than the ninety days Plaintiffs sought– resulting in a new discovery deadline of January 18, 2014. (*Id.*)

Plaintiffs moved to extend the deadlines a third time on December 27, 2013. In their motion, Plaintiffs outlined their ongoing discovery efforts and the outstanding information they are awaiting from CNH. Magistrate Judge Komives granted Plaintiffs' request for a "modest extension" of the scheduling order on January 23, 2013, in the order that is the subject of CNH's current objections. (ECF No. 399 at Pg ID 13689.) In his order, Magistrate Judge Komives extended the discovery deadline to March 14, 2014, and extended the deadlines related to dispositive motions accordingly. (*Id.*)

As indicated, CNH filed objections to Magistrate Judge Komives' order on January 27, 2014.

3

**Applicable Standard**

A party may object to a magistrate judge's non-dispositive orders. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The magistrate judge's decision must be affirmed unless the objecting party demonstrates that the decision is "clearly erroneous" or "contrary to law." *Id*. A district court may not reverse a magistrate judge's ruling on a non-dispositive matter simply because the court would have decided the matter differently. *See, e.g., Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 573-74, 105 S. Ct. 1504, 1511 (1985). Instead, the court may reverse only " '. . .when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' " *Id*. at 573, 105 S. Ct. at 1511 (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 542 (1948)).

**Analysis**

CNH offers three reasons why Magistrate Judge Komives' January 23, 2014 decision should be reversed. First, CNH contends that "it ignores the command of the Sixth Circuit to conduct this second remand proceeding expeditiously." (ECF No. 400 at Pg ID 13697, citing *Reese v. CNH Am. LLC*, 694 F.3d 681, 685-86 (6th Cir. 2012).) Second, CNH argues that no good cause exists to justify the extension. Lastly, CNH argues that the extension inflicts continuing prejudice on

4

it. According to CNH, if its "proposed changes [to Plaintiffs' health insurance benefits] are reasonable, Plaintiffs' 'modest' extension [of the scheduling order] will cost CNH $2.4 million." (ECF No. 400 at Pg ID 13701.)

Magistrate Judge Komives' decision is not contrary to the Sixth Circuit's recent decision in this case. There, the Sixth Circuit panel did express its belief that "[t]his long-running dispute needs to come to an end . . .." *Reese v. CNH America LLC*, 694 F.3d 681, 685 (2012). Nevertheless, the appellate court did not set a specific time-line as to how the case should proceed on remand. The court did identify certain questions that should be asked to decide whether CNH proposes reasonable modifications to Plaintiffs' healthcare benefits, but found that the facts needed to answer those questions were not in the existing record. *Id*. at 685-86.

The information was not in the record because, as this Court previously has noted (*see* ECF No. 360 at 7-8), the ability to modify Plaintiffs' benefits if they were found to be vested had not been contemplated by this Court or Plaintiffs prior to the Sixth Circuit's 2009 decision in this case and CNH had proposed changes to Plaintiffs' benefits only after the initial discovery period in this litigation had closed. As a result, to address the questions posed by the Sixth Circuit, discovery was unquestionably necessary following the remand order. The Sixth Circuit could

5

not dictate how quickly that discovery should be completed, particularly because the pace of discovery is often dependent on factors that arise only once the process has begun. Perhaps the most significant factor is whether the parties cooperate willingly in the exchange of and search for relevant information or whether the parties treat the discovery process as a game of cat and mouse.

For that reason, the Federal Rules of Civil Procedure grant district judges discretion to modify a schedule order if "good cause" exists. Fed. R. Civ. P. 16(b)(4). "Good cause" exists "if a deadline cannot reasonably be met despite the diligence of the party seeking the extension." *Marcilis v. Twp. of Redford*, 693 F.3d 589, 597 (6th Cir. 2012) (quoting *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (internal quotation marks omitted)) (brackets removed). Magistrate Judge Komives did not state explicitly that he found good cause to grant Plaintiffs' request for an extension or why good cause exists. Nevertheless, in their motion for an extension of the scheduling order, Plaintiffs clearly set forth good cause for why the January 18, 2014 discovery deadline could not be met.

Finally, the Court does not dismiss the fact that continued delay in making the reasonableness determination may cause CNH some prejudice. Nevertheless, the potential for prejudice does not render Magistrate Judge Komives' decision erroneous or contrary to law.

For these reasons, the Court does not find a basis for reversing Magistrate Judge Komives' January 23, 2014 order extending the scheduling order.

Accordingly,

**IT IS ORDERED**, that CNH's Objections to the Magistrate's Order Extending the Schedule in this Matter are **DENIED** and Magistrate Judge Komives' January 23, 2014 order is **AFFIRMED**;

**IT IS FURTHER ORDERED**, that CNH's Motion for Expedited Consideration of Its Objections is **DENIED AS MOOT**.


Dated: March 4, 2014                     s/PATRICK J. DUGGAN
                                         UNITED STATES DISTRICT JUDGE


Copies to:
Counsel of Record