UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK REESE, JAMES CICHANOFSKY,
ROGER MILLER,
and GEORGE NOWLIN on                                  Hon. Patrick J. Duggan
behalf of themselves and
a similarly situated class,                           Case No. 04-70592

    Plaintiffs,

v.                                                    **Class Action**

CNH GLOBAL N.V., and CNH
AMERICA LLC,

    Defendants.
_____/

| | |
|---|---|
| Roger J. McClow (P27170) | Norman C. Ankers (P30533) |
| David R. Radtke (P47016) | HONIGMAN MILLER |
| Darcie R. Brault (P43864) | SCHWARTZ AND COHN LLP |
| McKNIGHT, McCLOW, CANZANO | Attorneys for Defendants |
| SMITH & RADTKE, P.C. | 2290 First National Building |
| Attorneys for Plaintiffs Reese, et al. | 660 Woodward Avenue |
| 400 Galleria Officentre, Suite 117 | Detroit, MI 48226 |
| Southfield, MI 48034 | (313) 465-7000 |
| (248) 354-9650 | |
| | Bobby R. Burchfield, Esq. |
| | McDERMOTT WILL & EMERY |
| | Attorneys for Defendants |
| | The McDermott Building |
| | 500 North Capital Street, Northwest |
| | Washington, D.C. 20001 |
| | (202) 756-8000 |

_____/

**RESOLVED AND UNRESOLVED ISSUES REGARDING PLAINTIFFS'
MOTION TO COMPEL RESPONSES TO PLAINTIFFS' FIFTH REQUEST
FOR PRODUCTION OF DOCUMENTS (R. 388)**

Now come the parties and submit the following with respect to Plaintiffs' Motion to Compel Responses to their Fifth Requests for Production, R. 388. Please see attached chart for reference. Exhibit A.

Below are the positions of the parties with respect to the unresolved issues:

### I. TOWERS WATSON SUBPOENA

*Plaintiffs' Position:*

Plaintiffs requested that the Defendant CNH produce, directly, the documents described in the Towers Watson duces tecum subpoena: a narrow set of documents relating to unfunded benefits afforded executive officers of CNH Global N.V. and CNH America, LLC.[1] Plaintiffs requested current Plan documents, the Summary Plan Descriptions (SPDs),[2] recent valuations, documents listing participants, the amount they receive(d), and records of contributions to the Plan. See original motion, **Exhibit D,** Request No. 1.

The requested documents are relevant. CNH reported a $493 million defined benefit obligation for pension plans that CNH is not currently required to fund. Presumably that unfunded obligation includes plans in which executive officers

---

[1] Plaintiffs included parent and subsidiaries in the definition of CNH in the subpoena because at the time the subpoena was drafted CNH Global N.V. was involved in some type of merger, and is now known as "CNH Industrial N.V."

[2] Notably, the plan documents and SPDs must be provided to participants at no greater charge than .25 per copy. 29 C.F.R. § 2520.104b-30.

participate. Plaintiffs are seeking information to confirm that the number of individuals who participate in these plans is relatively small and that the portion of the unfunded obligation to the group is relatively high. Conversely, the share of the unfunded obligation attributable to the Plaintiffs' health plan is relatively small and the number of participants is relatively high. Plaintiffs contend that this information is relevant and informs the question of whether the proposed changes are reasonable, particularly in relation to the parties' relative ability to absorb the impact of cost changes – the economic stakes of the parties.

Plaintiffs' counsel corresponded with defense counsel on this issue. Plaintiff agreed to a temporal limitation for responsive documents of five years. Plaintiffs listed at least some of the plans believed to include executive officers and asked that other plans be identified. Pursuant to the last 20-F filing for 2012, CNH lists a variety of plans in which its executive officers participate, including:

   a. CNH Supplemental Retiree Medical Plan
   b. Top Hat Plan (described as a "special severance allowance")
   c. Two listed deferred compensation plans
   d. CNH Global N.V. Outside Directors' Compensation Plan
   e. CNH Global N.V. Directors' Compensation Plan
   f. 2008 Performance and Leadership Bonus Plan (PLB)
   g. Equity Incentive Plan of CNH Global N.C. (two plans)
   h. Non-qualified Performance Stock Option Award Agreement (two agreements)
   i. 2010 Performance Share Unit Award Agreement
   j. 2010 Restricted Stock Unit Award Agreement
   k. CNH Global N.V. Equity Incentive Plan (two plans)

Plaintiffs did not use the titles of these plans in the subpoena because an error, no matter how small, would likely delay or even excuse production. Also, there may have been changes in the names per the merger. Plaintiffs cannot guess what the new names for the plans may be or be expected to simply hope they have not changed.

Plaintiffs agreed to a definition of "executive" per the SEC definition or CNH's use in its 2012 20-F (whichever is broader). Given the very small number of executive officers at CNH Global N.V. over the last several years, it is very likely that the number of responsive documents is very small, suggesting that the amount of unfunded liability that CNH has *voluntarily assumed* for a handful of executive officers constitutes approximately half of the total liability for this Class.

Defendants have not provided any responsive documents or engaged in an interactive process in response to efforts to narrow the request.

*CNH's Position:*

This dispute relates solely to Plaintiffs' demand for information about benefits provided to CNH's most senior executives. This information has no relevance to this case and is private, personal information. Indeed, as CNH explained in its opposition, the information Plaintiffs seek has no bearing on the three factors set by the Sixth Circuit in *Reese v. CNH America LLC*, 574 F.3d 315 (6th Cir. 2009) (*Reese I*), or the questions propounded by the Sixth Circuit in *Reese*

4

*v. CNH America LLC*, 694 F.3d 681 (6th Cir. 2012) (*Reese II*). (R. 392, CNH's Opp'n 12–13.) In any event, the request was sufficiently overbroad to be objectionable. (*Id.* at 13–14.) In short, the reasonableness of CNH's proposed changes to Plaintiffs' health benefits under *Reese I* depends in no way on the benefits provided by CNH to its executive officers.

Contrary to Plaintiffs' statement above, CNH has attempted to narrow this dispute. As documented in its opposition, CNH offered to stipulate to the number of participants in the retiree health plan for executives and to that plan's actuarial value. (R. 392, CNH's Opp'n 14–15.) Such a stipulation would inform Plaintiffs about the retiree health benefits available to CNH's executive officers.

## II. DOCUMENTS IN SUPPORT OF DEFENDANTS' EXPERT'S CLAIM THAT A "HIGH PERCENTAGE OF THE ACTUAL COSTS FOR MEDICAL AND PRESCRIPTION DRUGS FOR THE CLASS FROM 2008 THROUGH 2012 INVOLVED PROCEDURE CODES OR DRUGS THAT DID NOT EXIST IN 1998"

*Plaintiffs' Position:*

Plaintiffs requested:

All documents which support the claim that "[a] high percentage of the actual costs for medical and prescription drugs for the current plan over the period 2008 through 2012 involved procedure codes or drugs that did not exist in 1998," sufficient to identify any procedures or drugs that did not exist in 1998 and all documents showing when those codes or drugs first came into existence.

The quoted language came directly from the CNH expert report of John Stahl. Defendants answered by claiming that they produced documents that were

responsive in "expert discovery." Stahl was first revealed as an expert witness for CNH on October 17, 2013. The only post October 17, 2013 Stahl production was on November 12, 2013 (containing several megabytes of data) and December 23, 2013 (containing two megabytes of data). It is unclear whether and which of the files correspond to this opinion.

*CNH's Position:*

This issue has become thoroughly confused. On the one hand, Plaintiffs suggest that CNH failed adequately to state which documents John Stahl produced in response to which document requests. Even assuming, that CNH has such a responsibility—and CNH has demonstrated that it does not (R. 392, CNH's Opp'n 10–12)—CNH has, in an effort to resolve the issue, identified for Plaintiffs the requests to which each document Mr. Stahl produced were responsive. (R. 392 Ex. 4, Jan. 4, 2014, Rogaczewski–Brault Ltr. 1–19.) CNH's index correlated the documents produced by Mr. Stahl with the requests included in Plaintiffs' subpoena to him; Requests 13 through 19 of the subpoena seek the same material sought by Request 109 to CNH. Further, the index described how the documents related to Mr. Stahl's analysis. Plaintiffs' continued pursuit of this issue is meritless.

In their grid, Plaintiffs also suggest that Mr. Stahl could not identify the documents on which he relied in forming his expert opinions. That assertion is not

accurate. He testified that the data for the medical-code analysis "came out of the codes themselves that were contained on the Anthem database." (Stahl Dep. 227:11–16.) He identified the files in which the data was contained. (*Id.* at 227:19–228:2.) And he explained the analysis itself. (*Id.* at 229:1–7.) On prescription drugs, Mr. Stahl was asked about specific drugs or pharmaceuticals generally rather than the analysis he did. (*Id.* at 233:1–234:23.)

### III. DOCUMENTS UPON WHICH CNH DIRECTOR OF BENEFITS RELIED UPON IN HIS 2010 DECLARATION

*Plaintiffs' Position:*

In 2010, while CNH was arguing that the retiree healthcare benefits to the class were not vested, CNH submitted a Declaration of Sharif Amin in support of its arguments. Plaintiffs requested the documents reviewed or generated in connection with two exhibits[3] to the declaration. Defendants claim that they have already produced the documents but refuse to indicate which of the tens of thousands of documents it produced are responsive.

*CNH's Position:*

CNH's consistent position has been that Plaintiffs are obligated to review the material produced in response to their requests. (R. 392, CNH's Opp'n 10–12.) CNH has no intent to rely on the declaration of Sharif Amin, who has left the company. Further, the information in Mr. Amin's declaration is now four years out-

---

[3] The exhibits included historical and projected costs for the Current Plan.

of-date. Instead, CNH will be relying on the testimony of John Stahl, and CNH identified for Plaintiffs the documents Mr. Stahl produced that were responsive to requests related to the historical and projected costs of Plaintiffs' current and CNH's proposed benefits. (R. 392 Ex. 4, Jan. 4, 2014, Rogaczewski–Brault Ltr. 1–19.) CNH's index correlated Mr. Stahl's documents with the requests included in Plaintiffs' subpoena to him; Request 10 sought the material sought by Request 111 to CNH. Further, the index described how the documents related to Mr. Stahl's analysis. Plaintiffs' continued pursuit of this issue is meritless.

## IV. DOCUMENTS RELATED TO PENSION AND BENEFITS PROVIDED TO RETIREES WHO RETIRED AFTER MAY 1, 2005

*Plaintiffs' Position:*

The Sixth Circuit directed the parties to answer the question: "Do the retirees' benefits differ in material respects from those offered to current employees and people retiring today?" Plaintiffs requested information from Defendant regarding employees who retired after the Plaintiff Class. Specifically, Plaintiffs requested information regarding a sample of retirees under the 2005 contract who received benefits that the Plaintiff Class did not receive, e.g. increased Medicare premium reimbursement and Retiree Medical Savings Accounts (RMSA) as a retirement benefit.

What contributions were made and are currently being made to the RMSAs and how those RMSA accounts have been used are important to a comparison of retirees who were provided RMSAs and the Plaintiff Class (which was not).

Defendants refused to respond, instead insisting that the Plaintiffs were required to produce "a notarized authorization from each individual" prior to release of the information.

There is no legal basis for withholding the information which is in CNH's possession and directly responsive to the Sixth Circuit's question. Plaintiffs are willing to enter into a protective order if necessary. Defendant has failed to address the offer of a protective order, causing further delay.

*CNH's Position:*

This request demands personal and specific information about individuals who are neither parties to this case nor members of the plaintiff class. As CNH has repeatedly told Plaintiffs, CNH is legally precluded from providing that information in the absence of a release by the individuals whose information Plaintiffs seek. A sound legal basis exists for CNH's request for a release, including a decision directly on point. (*Id.* at 15–16 (citing *J.M. Smucker Co. v. Weston Firm, P.C.*, No. 5:13-cv-0448, 2013 WL 5774044, at *1 (N.D. Ohio Oct. 24, 2013); *Levine v. Fairbanks Cap. Corp.*, No. Civ.A. 02-3363, 2003 WL 2006653, at *1 (E.D. La. Apr. 24, 2003)).) Plaintiffs have cited no contrary authority.

9

Further, the information requested is *not* responsive to any of the Sixth Circuit's *Reese II* questions, all of which dealt with retirees' *health* benefits, the subject of this case. The pension benefits and other supplemental income benefits (e.g., Medicare reimbursement and RMSAs) are *not* health benefits. Nevertheless, CNH gathered the documents responsive to Plaintiffs' request and *stands ready to produce them*. (R. 392, CNH's Opp'n 15.) Because the individuals about whom Plaintiffs asked are *not* members of the plaintiff class and, therefore, not represented by Plaintiffs' counsel (actually or virtually), CNH made the reasonable request that Plaintiffs produce a signed release from the non-class members.

Dated: March 7, 2014                                  Respectfully submitted,

/s Darcie R. Brault                                   /s Joshua D. Rogaczewski
Darcie R. Brault                                      Bobby R. Burchfield
(dbrault@michworklaw.com)                             (bburchfield@mwe.com)
David R. Radtke (P47016)                              Joshua D. Rogaczewski
(dradtke@michworklaw.com)                             (jrogaczewski@mwe.com)
McKnight, McClow, Canzano,                            McDermott Will & Emery LLP
Smith & Radtke, P.C.                                  The McDermott Building
400 Galleria Officentre, Suite 117                    500 North Capitol Street, Northwest
Southfield, Michigan 48034                            Washington, D.C. 20001
248.354.9650                                          202.756.8000
*Attorneys for Plaintiffs*                            *Attorneys for CNH Global N.V. and*
                                                      *CNH America LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2014 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will serve it on all parties.

Respectfully submitted,

McKNIGHT, McCLOW, CANZANO,
SMITH & RADTKE, P.C.

By:  /s/Darcie R. Brault
Darcie R. Brault (P43864)
Attorneys for Plaintiffs
400 Galleria Officentre, Suite 117
Southfield, MI  48034
(248) 354-9650
dbrault@michworklaw.com