List of Resolved and Unresolved Issues R. 388, **EXHIBIT A**

| PLAINTIFS' FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS | | | |
|---|---|---|---|
| **Request for Production** | **Defendant's Response** | **Deficiency** | **Resolved/Unresolved** |
| 1. All documents listed in the duces tecum subpoenas directed to Scott Macey, John Stahl and Keeper of the Records of Towers Watson dated October 28, 2013 which are not provided directly by the deponents. See Exhibits A, B and C. | Renumbered 104 Objections: Relevance, cumulative/duplicative, ample opportunity to obtain, burdensome, and privilege.<br><br>**Will produce responsive, non-privileged documents to the extent that can be located after a reasonable search.** | Macey Subpoena: CNHA059890- CNHA059900 (Partial billing records from Scott Macey, only, provided). As of December 26, 2013, Motion to Compel Third Party Subpoena responses pending before Magistrate Judge Komives.<br><br>Stahl Subpoena: Received Stahl00001-53 on or about November 14, 2013 (several megabytes of spreadsheet data) and on December 23, 2013 received Stahl00054 (2 megabyte spreadsheets) Received password for access on December 26, 2013.<br><br>Towers Watson Subpoena: **No responsive documents received.** | R. 404 requires compliance with respect to Macey by February 14, 2014. Therefore, this issue is **resolved** by order.<br><br>Defendants complied with the request regarding the Stahl subpoena. Therefore, this issue is **resolved**.<br><br>With respect to the Towers Watson Subpoena, no responsive documents have been provided. This matter is **not resolved.** (*See* Jt. Stmt. Part I.) |
| 5. Any and all open enrollment material | Renumbered 108 Objections: | CNHA059466-CNHA059470 appear to be responsive. | Appears to be **resolved** based on Defendants' |

| | | | |
|---|---|---|---|
| provided to new retirees for information and participation in the 2005 Plan for the year 2014, including notices for payment of premiums. | cumulative/duplicative, ample opportunity to obtain, burdensome<br><br>**Will produce responsive, non-privileged documents to the extent that can be located after a reasonable search.** | Provided on 12-13-13. No other documents identified. | representation that no further documents exist. |
| 6.  All documents which support the claim that "[a] high percentage of the actual costs for medical and prescription drugs for the current plan over the period 2008 through 2012 involved procedure codes or drugs that did not exist in 1998," sufficient to identify any procedures or drugs that did not exist in 1998 and all documents showing when those codes or drugs first came into existence. | Renumbered 109<br>Objections: cumulative/duplicative, ample opportunity to obtain, burdensome<br><br>Responsive documents were produced during "expert discovery" and CNH is aware of no other responsive documents. | Plaintiffs are not aware of any so-called "expert discovery." Defendants have failed to identify the responsive documents. Defendants have produced tens of thousands of documents in this litigation and have refused to indicate which documents are responsive to which, if any, requests.<br><br>Importantly, the quoted language is from the Stahl expert report. Stahl was first revealed as an expert witness for CNH on October 17, 2013. The only post October 17, 2013 Stahl production was on | This issue is **not resolved**. (*See* Jt. Stmt. Part II.)<br><br>Stahl was deposed and admitted to having no personal knowledge regarding the conclusion quoted from his report, Stahl Dep., pp. 225-231 (medical procedures), pp. 231- (prescription drugs).<br><br>The above summary by Plaintiffs of John Stahl's testimony is inaccurate. He testified that the data for the |

| | | November 12, 2013 (containing several megabytes of data) and December 23, 2013 (containing two megabytes of data). It is unclear whether and which of the files are responsive. | medical-code analysis "came out of the codes themselves that were contained on the Anthem database." (Stahl Dep. 227:11–16.) He identified the files in which the data was contained. (*Id.* at 227:19–228:2.) And he explained the analysis itself. (*Id.* at 229:1–7.) On prescription drugs, Mr. Stahl was asked about specific drugs or pharmaceuticals generally rather than the analysis he did. (*Id.* at 233:1–234:23.) |
|---|---|---|---|
| 8. All documents reviewed or generated by Towers Watson in connection with a review of claims, claim projections, annual cost projections per capita cost projections, under the 2005 Plan and for the | Renumbered 111 Objections: cumulative/duplicative, ample opportunity to obtain, burdensome<br><br>Responsive documents were produced during "expert discovery" and CNH is | Plaintiffs are not aware of any so-called "expert discovery." Defendants have failed to identify the responsive documents. Defendants have produced tens of thousands of documents in this litigation and have refused to indicate which documents are | This issue is **not resolved**. (*See* Jt. Stmt. Part III.) |

| | | | |
|---|---|---|---|
| Current Plan, including but not limited to those attached as Exhibits 1 and 2 to the 2010 Declaration of Sharif Amin. | aware of no other responsive documents. | responsive to which, if any, requests. | |
| 9. All documents regarding premiums for participation in the 2005 plan for post- May 2005 retirees for the period 2005 to present. | Renumbered 112<br>Objections: Relevance, cumulative/duplicative, ample opportunity to obtain, burdensome<br><br>**CNH will produce responsive, non-privileged documents to the extent they can be located after a reasonable search.** | Although CNHA05947 was produced on December 13, 2013, the document appears to be a summary, not an original document. | This issue is **resolved**. |
| 10. All records related to pensions, Medicare premium reimbursement and/or Retiree Medical Savings Accounts for the following post-May 1, 2005 retirees: Dennis Bellgraph, David Buri, Richard Kusmierz, Jose Garcia, and David Sharkozy. | Renumbered 113<br>Objections: Relevance, cumulative/duplicative, ample opportunity to obtain, burdensome<br><br>Will produce responsive, non-privileged documents to the extent they can be located after a reasonable search and after Plaintiffs | Plaintiffs cannot be compelled to obtain "a notarized authorization" from individuals who are receiving retiree healthcare benefits under the 2005 contract. While Plaintiffs are certainly amenable to a protective order, this information is in Defendant's possession, discoverable and relevant and | This issue is **not resolved**. (*See* Jt. Stmt. Part IV.) |

|  | provide **a notarized authorization from each individual** named in the request to release the information to Plaintiffs. | should be compelled immediately. |  |
|---|---|---|---|