UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK REESE,
FRANCES ELAINE PIDDE,[1]
JAMES CICHANOPSKY,
ROGER MILLER,
GEORGE NOWLIN and
RONALD HITT,

      Plaintiffs,

                             CASE NO. 2:04-CV-70592
                             JUDGE PATRICK J. DUGGAN
                             MAGISTRATE JUDGE PAUL J. KOMIVES

  v.

CNH AMERICA, L.L.C. and
CNH GLOBAL N. V.,[2]

      Defendants.
_____/

**ORDER GRANTING IN PART and DENYING IN PART PLAINTIFFS' DECEMBER 27, 2013 MOTION TO COMPEL RESPONSES TO PLAINTIFFS' FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS (Doc. Ent. 388) and CANCELLING HEARING NOTICED FOR MARCH 24, 2014 (Doc. Ent. 414)**

**A.    Instant Motion**

Currently before the Court is plaintiffs' December 27, 2013 motion to compel responses to plaintiffs' November 5, 2013 fifth request for production of documents (Nos. 1-13). Doc. Ent. 388; *see also* Doc. Ent. 388-5.[3]

---

[1]On April 19, 2013, plaintiffs informed the Court of the death of plaintiff Frances Elaine Pidde. Doc. Ent. 343.

[2]On January 11, 2008, Judge Duggan entered a stipulation and order (Doc. Ent. 225) terminating CNH Global N.V. as a defendant. On March 7, 2014, CNH informed the Court that "on March 1, 2014, CNH America LLC changed its name to CNH Industrial America LLC." Doc. Ent. 413.

[3]Judge Duggan has referred this motion to me for hearing and determination. Doc. Ent. 390.

On January 6, 2014, CNH filed a response. Doc. Ent. 392. Therein, CNH argued:

I. CNH SATISFIED ITS OBLIGATIONS UNDER RULE 34 WHEN IT PRODUCED DOCUMENTS AS KEPT IN THE ORDINARY COUR[SE] OF BUSINESS.

II. PLAINTIFFS' REQUEST FOR EXECUTIVE COMPENSATION INFORMATION SEEKS PERSONAL INFORMATION OF NON-LITIGANTS THAT HAS NO RELEVANCE TO THE CASE.

III. CNH APPROPRIATELY PROTECTED THE PRIVACY RIGHTS OF NON-CLASS MEMBERS BY DEMANDING RELEASES BEFORE PRODUCING THEIR PRIVATE FINANCIAL INFORMATION.

Doc. Ent. 392 at 13-19.

Plaintiffs filed a reply on January 8, 2014. Doc. Ent. 394.[4]

**B.     Discussion**

On March 7, 2014, the parties filed a statement of resolved and unresolved issues. Doc. Ent. 412; *see also* Doc. Ent. 412-1 (List of Resolved and Unresolved Issues). The parties' statement sets forth their positions with respect to (I) the Towers Watson subpoena (Request No. 1); (II) documents in support of defendants' expert's claim that a "high percentage of the actual costs for medical and prescription drugs for the class from 2008 through 2012 involved procedure codes or drugs that did not exist in 1998[,]" (Request No. 6); (III) documents upon which CNH director of benefits relied in his 2010 declaration (Request No. 8); and (IV) documents related to pension and benefits provided to retirees who retired after May 1, 2005 (Request No. 10). *See* Doc. Ent. 412 at 2-10.

---

[4]A hearing on this motion was originally noticed for February 25, 2014; however, the hearing was renoticed for March 12, 2014. *See* Doc. Entries 402, 407. It was again renoticed for March 24, 2014. Doc. Ent. 414.

2

The Court looks to the list of resolved and unresolved issues (Doc. Ent. 412-1) in framing its analysis and arrives at the following conclusions:

**1.      CNH shall produce documents responsive to Request No. 1 as it relates to the Towers Watson subpoena, subject to plaintiffs' agreement to a five (5) year temporal limitation and plaintiffs' agreement to define "executive" per the broader of the SEC definition or CNH's use in its 2012 20-F.**

Request No. 1 seeks "[a]ll documents listed in the duces tecum subpoenas directed to Scott Macey, John Stahl and Keeper of the Records of Towers Watson dated October 28, 2013 which are not provided directly by the deponents." Doc. Ent. 388-5 at 3. Here, it is alleged that no documents responsive to the Towers Watson subpoena (Doc. Ent. 373-2, Doc. Ent. 388-3) have been provided. Doc. Ent. 412-1 at 1.

According to CNH, "the reasonableness of CNH's proposed changes to Plaintiffs' health benefits under *Reese I[5]* depends in no way on the benefits provided by CNH to its executive officers." CNH cites its January 6, 2014 response (Doc. Ent. 392 at 17-18), wherein CNH claims it offered "to stipulate to the number of participants in the retiree health plan for executives and to that plan's actuarial value." This, CNH contends, "would inform Plaintiffs about the retiree health benefits available to CNH's executive officers." *See* Doc. Ent. 412 at 4-5.

Upon consideration, CNH shall produce documents responsive to Request No. 1 as it relates to the Towers Watson subpoena, subject to plaintiffs' agreement to a five (5) year temporal limitation and plaintiffs' agreement to define "executive" per the broader of the SEC

---

[5]*Reese v. CNH America LLC*, 574 F.3d 315, 317 (6th Cir. July 27, 2009) ("Because the CBA and related documents do not say anything about subsequent modifications to these benefits and because the application of the relevant CBA provisions suggests that the parties contemplated reasonable modifications, we remand the case to the district court to determine what types of changes are permitted.").

definition or CNH's use in its 2012 20-F.  This is so, because I am convinced that such documents are relevant as defined by Fed. R. Civ. P. 26(b) to the reasonableness of the proposed changes, "particularly in relation to the parties' relative ability to absorb the impact of cost changes - the economic stakes of the parties."  In other words, plaintiffs are attempting to prove their suspicion that "the number of responsive documents is very small, suggesting that the amount of unfunded liability that CNH has *voluntarily assumed* for a handful of executive officers constitutes approximately half of the total liability for this Class."  *See* Doc. Ent. 412 at 2-4.

**2.     CNH need not produce documents responsive to Request No. 6.**

Request No. 6 seeks "[a]ll documents which support the claim that '[a] high percentage of the actual costs for medical and prescription drugs for the current plan over the period 2008 through 2012 involved procedure codes or drugs that did not exist in 1998,' sufficient to identify any procedures or drugs that did not exist in 1998 and all documents showing when those codes or drugs first came into existence."  Doc. Ent. 388-5 at 4.

Plaintiffs explain that the quoted language came from Stahl's expert report.  According to plaintiffs, Stahl was first identified as an expert witness for CNH on October 17, 2013.  Plaintiffs contend that "[t]he only post October 17, 2013 Stahl production was on November 12, 2013 . . . and December 23, 2013[.]"  Plaintiffs maintain that "[i]t is unclear whether and which of the files correspond to this opinion."  Doc. Ent. 412 at 5-6.

As for CNH's position, it cites its counsel's January 4, 2014 letter to plaintiffs' counsel, wherein CNH provided an index of Stahl's production (Doc. Ent. 392-5).  Doc. Ent. 412 at 6. Furthermore, as for plaintiffs' notation that "Stahl was deposed and admitted to having no

4

personal knowledge regarding the conclusion quoted from his report," CNH points to specific portions of Stahl's deposition testimony.[6]  *See* Doc. Ent. 412 at 6-7; Doc. Ent. 412-1 at 5-6.

In the March 7, 2014 joint statement, defendants contend that "[r]esponsive documents were produced during 'expert discovery' and CNH is aware of no other responsive documents[,]" while plaintiffs contend that defendants "have failed to identify the responsive documents." Doc. Ent. 412-1 at 2-3.  Having considered the parties' arguments, I conclude that CNH need not produce documents responsive to Request No. 6.

### 3.  CNH need not produce documents responsive to Request No. 8.

Request No. 8 seeks "[a]ll documents reviewed or generated by Towers Watson in connection with a review of claims, claim projections, annual cost projections per capita cost projections, under the 2005 Plan and for the Current Plan, including but not limited to those attached as Exhibits 1 and 2 to the 2010 Declaration of Sharif Amin [Doc. Ent. 271-3, Doc. Ent. 272 (June 30, 2010)]." Doc. Ent. 388-5 at 4.

In the March 7, 2014 statement, plaintiffs contend that CNH "refuse[s] to indicate which of the tens of thousands of documents it produced are responsive."  In response, CNH cites its January 6, 2014 argument that "CNH satisfied its obligations under Rule 34 when it produced documents as kept in the ordinary cour[se] of business[,]" Doc. Ent. 392 at 13-15.  *See* Doc. Ent. 412 at 7.

Furthermore, CNH notes that it "has no intent to rely on the declaration of Sharif Amin, who has left the company[,]" and points out that "the information in Mr. Amin's declaration is

---

[6]This deposition transcript does not appear to be part of the record in this case.

now four years out-of-date." Instead, CNH plans to rely upon the testimony of John Stahl.[7] Here, CNH cites defense counsel's January 4, 2014 letter to plaintiffs' counsel, wherein CNH provided an index of Stahl's production (Doc. Ent. 392-5), in support of CNH's argument that it "identified for Plaintiffs the documents Mr. Stahl produced that were responsive to requests related to the historical and projected costs of Plaintiffs' current and CNH's proposed benefits." *See* Doc. Ent. 412 at 7-8.

In the March 7, 2014 joint statement, defendants contend that "[r]esponsive documents were produced during 'expert discovery' and CNH is aware of no other responsive documents[,]" while plaintiffs contend that defendants "have failed to identify the responsive documents." Doc. Ent. 412-1 at 3-4. Having considered the parties' arguments, I conclude that CNH need not produce documents responsive to Request No. 8.

**4.     CNH shall produce documents responsive to Request No. 10 but may do so subject to a protective order.**

Request No. 10 seeks "[a]ll records related to pensions, Medicare premium reimbursement and/or Retiree Medical Savings Accounts for the following post-May 1, 2005 retirees: Dennis Bellgraph, David Buri, Richard Kusmierz, Jose Garcia, and David Sharkozy." Doc. Ent. 388-5 at 4.

According to plaintiffs, these employees retired after the Plaintiff Class and received benefits that the Plaintiff Class did not receive, such as increased Medicare premium reimbursement and Retiree Medical Savings Accounts (RMSA). Plaintiffs claim this information is in CNH's possession and is directly responsive to the Sixth Circuit's question,

---

[7]On October 29, 2013, Stahl was served with a document subpoena. *See* Doc. Ent. 388-2.

"Do the retirees' benefits differ in material respects from those offered to current employees and people retiring today?" *Reese v. CNH America LLC*, 694 F.3d 681, 685 (6th Cir. Sept. 13, 2012); *see also* Doc. Ent. 412 at 8-9.

According to CNH, these individuals are neither parties to this case nor members of the plaintiff class. In support of CNH's position that a release is required, CNH cites *J.M. Smucker Co. v. Weston Firm, P.C.*, No. No. 5:13 CV 0448, 2013 WL 5774044, 1 (N.D. Ohio Oct. 24, 2013)[8] and *Levine v. Fairbanks Capital Corp.*, No. Civ.A. 02-3363, 2003 WL 2006653, *1 (E.D. La. Apr. 23-24, 2003).[9] Also, CNH asserts that the information requested is not responsive to any of the *Reese II* questions,[10] "all of which dealt with retirees' *health* benefits[.]" In other words, CNH states, "[t]he pension benefits and other supplemental income benefits . . . are *not* health benefits." Nevertheless, CNH is prepared to produce these documents, although it points out, "the individuals about whom Plaintiffs asked are *not* members of the plaintiff class and, therefore, not represented by Plaintiffs' counsel (actually or virtually)[.]" Doc. Ent. 412 at 9-10.

Thus, CNH contends it "[w]ill produce responsive, non-privileged documents to the extent they can be located after a reasonable search and after Plaintiffs provide a notarized

---

[8]"'Financial information relating to non-parties is entitled to protection.'" *J.M. Smucker Co.*, 2013 WL 5774044 at *1 (quoting *Millwrights' Local 1102 Supplemental Pension Fund v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 07-15150, 2010 WL 2772443, *3 (E.D. Mich. July 13, 2010) (Whalen, M.J.)).

[9]"The motion papers provide no hint as to why the records of the named non-parties to this litigation are relevant in any way. In addition, even if their relevance could be adequately explained, the court will not require their production unless it is provided with the sworn, written consent of the named non-parties requesting and consenting to the release of records concerning their personal financial dealings." *Levine*, 2003 WL 2006653, *1.

[10]*Reese v. CNH*, 694 F.3d 681, 685-686 (6th Cir. Sept. 13, 2012).

authorization from each individual named in the request to release the information to Plaintiffs."

Doc. Ent. 412-1 at 4-5. Conversely, plaintiffs contend:

> Plaintiffs cannot be compelled to obtain 'a notarized authorization' from individuals who are receiving retiree healthcare benefits under the 2005 contract. While Plaintiffs are certainly amenable to a *protective order*, this information is in Defendant's possession, discoverable and relevant and should be compelled immediately.

Doc. Ent. 412-1 at 4-5 (emphasis added).

Upon consideration, CNH shall produce documents responsive to Request No. 10. While the Court will not require plaintiffs to obtain a notarized authorization from each individual, CNH may make this production subject to the following protective order: plaintiffs are required to keep confidential the information furnished, may only use the information furnished for purposes of this litigation, and shall not disclose the information furnished to anyone not involved in the litigation and prosecution of this case. Furthermore, CNH shall provide a copy of this Court's order to each of the five (5) individuals who are the subject of Request No. 10.

**C.     Order**

In accordance with the foregoing discussion, plaintiffs' December 27, 2013 motion to compel responses to plaintiffs' fifth request for production of documents (Doc. Ent. 388) is GRANTED IN PART and DENIED IN PART. Any discovery required to be produced by this order shall be served no later than March 28, 2014.

It follows that the hearing noticed for March 24, 2014 (Doc. Ent. 414) is CANCELLED.

IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

Date: March 18, 2014   s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 18, 2014.

s/ Kay Doaks
Case Manager