UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK REESE, JAMES
CICHANOFSKY, ROGER MILLER,
and GEORGE NOWLIN on                          Hon. Patrick J. Duggan
behalf of themselves and
a similarly situated class,                   Case No. 04-70592
     Plaintiffs,
v.                                            **Class Action**

CNH INDUSTRIAL N.V. and
CNH INDUSTRIAL AMERICA LLC,

     Defendants.
_____/

## EXHIBIT K

### To

### PLAINTIFFS' RESPONSE
### TO CNH'S MOTION FOR SUMMARY JUDGMENT

**Letter – Brault to Burchfield**

**March 18, 2014**

McKnight, McClow, Canzano, Smith & Radtke, P.C.

*Attorneys at Law*
400 Galleria Officentre • Suite 117
Southfield, MI 48034-8460

Telephone (248) 354-9650
Fax (248) 354-9656
email address:
dbrault@michworklaw.com

Samuel C. McKnight
John R. Canzano
Lisa M. Smith
David R. Radtke
Darcie R. Brault
Patrick J. Rorai

Ellen F. Moss 1956-2011

OF COUNSEL

Judith A. Sale
Roger J. McClow

March 18, 2014

**By Email and Regular U.S. Mail**
Bobby Burchfield, Esq.
McDermott Will & Emery LLP
The McDermott Building
500 North Capital Street, Northwest
Washington, D.C. 20001

  *Re: Reese v. CNH Global N.V.*

Dear Mr. Burchfield:

You wrote, on March 11, 2014, that CNH intends to unilaterally modify the prescription drug benefits for the Medicare eligible members of the *Reese* class. Specifically, CNH intends to eliminate the vested, lifetime benefits for prescription drugs that Medicare eligible participants are currently receiving under the 1998 contract. CNH proposes to replace that coverage with an Employee Group Waiver Plan, or EGWP. You indicate that the EGWP will conform to the requirements of the Center for Medicare & Medicaid Services and that CNH will continue to provide the same level and type of benefits that they currently receive at no greater cost to the class members.

CNH apparently intends to achieve cost savings by obtaining additional rebates available under Medicare Part D and using a wrap-around plan to achieve the "current level of prescription benefits." This kind of modification may be what the Sixth Circuit contemplated in *Reese II*, to the extent that it allows CNH to **modify benefits to achieve costs savings without changing the nature of the benefit.** However, CNH is in the process of seeking Court approval of changes that will *eliminate* prescription drug benefits for Medicare-eligible retirees on remand after *Reese II*. Plaintiffs cannot agree to interim changes. Any modifications to benefits should be part of a comprehensive, binding, and court approved settlement agreement between the parties, not a series of unanchored, one-way changes.

You indicate CNH is empowered to make these unilateral changes per the 1998 contract provisions, to wit, the "National and State Health Insurance Initiatives" Letter of Understanding quoted in your letter. As a preliminary matter, you should understand that we disagree that the Letter of Understanding allows CNH to make the requested change.

According to the terms of the Letter of Understanding, CNH is only allowed to modify benefits under certain conditions. They are that 1) the new law or amendment must **"provide** ... prescription drug ... benefits;" 2) for employees, retired employees, surviving spouses **and** dependents; 3) the benefits provided must **"duplicate"** or be **"integrated with"** the benefits in

McKnight, McClow, Canzano, Smith & Radtke, P.C.
*Attorneys at Law*

Bobby Burchfield, Esq.
March 18, 2014
Page 2

the Group Benefits Plan (emphasis added). If, and only if, all of these conditions are met, *then* the plan can be modified to integrate or eliminate duplication with the benefits provided by law.

These conditions are not met by the creation of Medicare Part D coverage. Indeed, in over six years since the law was enacted, CNH has not made any change to prescription drug benefits for this class. Medicare Part D plans are not "*provided*" by the federal government, they are provided under private insurance contracts with various private insurance companies; they do not provide any benefit for *employees, retired employees, surviving spouses and dependents* that are not Medicare-eligible, and do not "*duplicate*" the prescription drug benefits under the current plan.

Even though the contract provisions you cite do not support the change you describe, we recognize that the current law of our case allows CNH to modify benefits to reduce plan costs so long as the benefits remain commensurate with the benefits provided under the current plan. This is what we understand CNH is proposing. However, there is no explication of the proposed terms of the EGWP or any of the details of CNH's plan. We have insufficient information to determine if the proposed EGWP will in fact result in no reduction of the benefits.

There is nothing in the 1998 contract or Letter or Understanding that supports CNH's plan to require Medicare-eligible class members to "register for and enroll in the interim plan." There are currently more than a thousand Medicare-eligible class members. CNH's modification of benefits at this juncture is very likely to confuse the class members who are Medicare-eligible, particularly in light of the ongoing litigation. Requiring each of them to "enroll" or otherwise lose the benefits poses a material risk of loss.

Please send the proposed plan documents if CNH expects the terms of the plan to be part of our assessment.

Sincerely,

McKnight, McClow, Canzano, Smith & Radtke, P.C.

Darcie R. Brault

DRB/sjc
cc:   Joshua Rogaczewski, Esq.
      Laura Capotosto, Esq.