EXHIBIT H

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK REESE, FRANCES ELAINE PIDDE,
JAMES CICHANOFSKY, ROGER MILLER,
and GEORGE NOWLIN, on behalf of themselves
and a similarly situated class,

        Plaintiffs,

Hon. Patrick J. Duggan

Case No. 04-70592

v.

**Class Action**

CNH GLOBAL N.V., formerly
known as Case Corporation,
and CNH AMERICA LLC,

        Defendant.

_____/

| | |
|---|---|
| David R. Radtke (P47016) | Norman C. Ankers (P30533) |
| Darcie R. Brault (P43864) | HONIGMAN MILLER |
| Roger J. McClow (P27170) | SCHWARTZ AND COHN LLP |
| McKNIGHT, McCLOW, CANZANO | Attorneys for Defendant |
| SMITH & RADTKE, P.C. | 2290 First National Building |
| Attorneys for Plaintiffs Reese, et al. | 660 Woodward Avenue |
| 400 Galleria Officentre, Suite 117 | Detroit, MI 48226 |
| Southfield, MI 48034 | (313) 465-7000 |
| (248) 354-9650 | |
| | Bobby R. Burchfield, Esq. |
| | McDERMOTT WILL & EMERY |
| | McDermott Will & Emery |
| | The McDermott Building |
| | 500 North Capital Street, Northwest |
| | Washington, D.C. 20001 |
| | (202) 756-8000 |

_____/

## PLAINTIFFS' RESPONSES TO CNH'S
## THIRD SET OF INTERROGATORIES TO PLAINTIFFS

Now come Plaintiffs, by and through their attorneys, and responds to CNH's Third Set of Interrogatories to Plaintiffs as follows:

19.     Identify each person Plaintiffs expect to testify or provide information in support of their claims and state the subject matter about which the person has knowledge.

**ANSWER**:

Plaintiffs object to this interrogatory as premature. Plaintiffs will provide their list of witnesses in accordance with the Court's Scheduling Order and the Federal Rules of Civil Procedure. It is Class Counsel's decision whom to call as a witness in this matter and at this time, final decisions have not been made. The parties continue to be engaged in discovery and Plaintiffs' Counsel expects that new witnesses will be identified prior to the date for pre-trial witness disclosures.

Notwithstanding the objections, Plaintiffs currently expect that each of their identified expert witnesses (Lynne, Daniels and Francis) will testify regarding the subject matter contained in their expert reports which have been disclosed to Defendants. Plaintiffs may call one or more of the Class Representatives and/or Class Members to testify regarding their reliance upon the promises made to them by CNH and the impact of Defendants' Proposed Plan on them and their families. Plaintiffs may call one or more of the union representatives involved in the negotiations of the contracts referenced in CNH Expert Reports, including but not limited to Richard Isaacson and Richard Atwood.


20.     Do Plaintiffs contend that there is any difference between the quality of care under their current health benefit plan and the plan CNH proposed for them?  If the answer is yes, describe the difference and identify any documents that support Plaintiffs' position.

**ANSWER**:

Plaintiffs object to this request as the term "quality of care" is vague and ambiguous. Notwithstanding the objection, Plaintiffs contend that the Proposed Plan does not improve the quality of care which they receive under the Current Plan. To the extent the Proposed Plan eliminates benefits, including but not limited to, all prescription drug benefits for Medicare-eligible retirees, hearing benefits for all retirees and eliminates coverage for certain types of drugs (including "lifestyle" drugs for smoking, obesity and erectile dysfunction) for all pre-Medicare retirees, there is a reduction in the overall benefits, and therefore a correlative decrease in the quality of care. Also, Suzanne Daniels opined that with the increase in costs to the retirees, that they may make decisions regarding necessary health care services based on economic factors rather than on their health care needs. These decisions have a negative impact upon the quality of care, e.g. the decision to "split pills" or increase the time period between doses beyond that recommended by a physician, etc.

21.     Do Plaintiffs contend that there are any "changes in health care" that are relevant to the issue before the Court on remand?  If the answer is yes, please describe these changes and identify each witness Plaintiffs intend to call at trial to support their contention and each document that supports their contention.

**ANSWER**:

The Sixth Circuit has asked whether the proposed changes to the vested lifetime healthcare benefits promised to the retirees are "reasonable in light of changes in health care" and clarified that the phrase was to include "access to new medical procedures and prescriptions." It is Plaintiffs' contention that there is no medical procedure or prescription that is

covered by the Proposed Plan that is not covered by the Current Plan. To the contrary, the Proposed Plan eliminates coverage for benefits that the Current Plan covers. Therefore, there are no "changes in healthcare" addressed by the Proposed Plan and therefore no relevant "changes in healthcare" in the context of whether the Proposed Plan is reasonable.

22.     Identify all documents Plaintiffs intend to use, either in summary judgment proceedings or at trial, to support their position that the benefits in the plan proposed by CNH for them are not reasonable.

**ANSWER**:

Plaintiffs object to this interrogatory as premature. Plaintiffs will provide their list of exhibits in accordance with the Court's Scheduling Order and the Federal Rules of Civil Procedure. It is Class Counsel's decision which documents and things to offer as evidence in this matter and at this time, final decisions have not been made. The parties continue to be engaged in discovery and Plaintiffs' Counsel expects that new exhibits will be identified prior to the date for pre-trial witness disclosures.

Notwithstanding the objections, Plaintiffs currently expect to offer the Proposed Plan, including the March 1, 2013 letter, the Current Plan, the 2005 Plan, the reports of expert witnesses, documents referred to, considered or relied upon by the experts, excerpts from pension benefits files, declarations of various class members, Plaintiffs may offer exhibits used in the litigation since its inception, the documents and things requested in discovery, deposition transcripts and exhibits, transcripts of proceedings and rebuttal exhibits. Plaintiffs reserve the right to offer additional exhibits.

23.    How many meetings have occurred since September 1, 2012 in which Plaintiffs'
counsel have discussed the plan proposed by CNH for Plaintiffs with two or more members of
the plaintiff class?  See, e.g., Eric Timmons, Case-IH Retirees Fear "Draconian" Health Care
Benefit Cuts, Quad-Cities Online (Sept. 13, 2013).

**ANSWER**:

Plaintiffs object to this Interrogatory on the basis of attorney-client privilege and work
product. Additionally, the interrogatory fails to request information that is or arguably could be
relevant in this matter.


24.    For each meeting included in Plaintiffs' answer to Interrogatory 23, provide: (a)
the date of the meeting, (b) the location of the meeting, (c) the number of class members that
attended the meeting, and (d) a summary of the meeting, including communications that
occurred at the meeting.

**ANSWER**:

Plaintiffs object to this Interrogatory on the basis of attorney-client privilege and work
product. Additionally, the interrogatory fails to request information that is or arguably could be
relevant in this matter.

Respectfully submitted,

McKNIGHT, McCLOW, CANZANO,
SMITH & RADTKE, P.C.

By: _____
       Darcie R. Brault  (P43864)
       Attorneys for Plaintiff
       400 Galleria Officentre, Suite 117
       Southfield, MI  48034
       (248) 354-9650
Dated:  November 8, 2013          dbrault@michworklaw.com

5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK REESE, JAMES CICHANOFSKY,
ROGER MILLER and GEORGE NOWLIN
on behalf of themselves and
a similarly situated class,

       Hon. Patrick J. Duggan
       Case No. 04-7059

       Plaintiffs,

v.

       **Class Action**

CNH GLOBAL N.V., formerly
known as Case Corporation,
and THE COMPANY LLC,

       Defendants.

/

| | |
|---|---|
| David R. Radtke (P47016) | Norman C. Ankers (P30533) |
| Darcie R. Brault (P43864) | HONIGMAN MILLER |
| McKNIGHT, McCLOW, CANZANO | SCHWARTZ AND COHN LLP |
| SMITH & RADTKE, P.C. | Attorneys for Defendants |
| Attorneys for Plaintiffs Reese, et al. | 2290 First National Building |
| 400 Galleria Officentre, Suite 117 | 660 Woodward Avenue |
| Southfield, MI  48034 | Detroit, MI 48226 |
| (248) 354-9650 | (313) 465-7000 |

Bobby R. Burchfield, Esq.
Joshua D. Rogaczewski, Esq.
McDERMOTT WILL & EMERY
Attorneys for Defendants
The McDermott Building
500 North Capital Street, Northwest
Washington, D.C. 20001
(202)756-8000

/

**PROOF OF SERVICE**

STATE OF MICHIGAN       )
                        )ss
COUNTY OF OAKLAND       )

SANDRA COWELL, being first duly sworn, deposes and says that on the 8th day of November, 2013, she did serve a copy of Plaintiffs' Responses to CNH's Fourth Set of Requests for Production of Documents and Responses to CNH's Third Set of Interrogatories upon:

Bobby Burchfield, Esq.
Joshua Rogaczewski, Esq.
Laura Capotosto, Esq.
McDERMOTT WILL & EMERY
The McDermott Building
500 North Capital Street, Northwest
Washington, D.C. 20001

by email and first class U.S. mail, postage fully prepaid.

SANDRA COWELL