# EXHIBIT 4

**Plaintiffs' Macey-Related Comparisons**

| Comparison Listed in Plaintiffs' Brief | Summary of Actual Comparison |
|---|---|
| Macey Decl. ¶¶ 9–20, 36, 56–58<br><br>and<br><br>Lynne Rebuttal Exp. Rep. ¶ 3 | Mr. Lynne writes in paragraph 3 of his rebuttal report that Mr. Macey "cites a number of situations where changes were made in an attempt to compare these plans to what CNH is proposing," and that he believes it is "difficult if not impossible to make such comparisons since the examples Mr. Macey cites arose out of different industries and in quite different circumstances." He then proceeds to list his opinion as to why he personally believes that Mr. Macey has inappropriately compared the accurate, well-researched, publicly available and indisputable facts that Mr. Macey presents as examples of union–company agreements to and implementation of diminished retiree health benefits (Macey Decl. ¶¶ 9–20, 36, 56–58).<br><br>While Mr. Lynne is entitled to his opinion regarding the nature of the examples that Mr. Macey presents, what Mr. Macey describes in his declaration are indisputable statements of fact, and Mr. Lynne is simply evaluating those facts. An expert's analysis does not by itself present a factual dispute. |

| Comparison Listed in Plaintiffs' Brief | Summary of Actual Comparison |
|---|---|
| Macey Decl. ¶ 48 and Hecker Decl. ¶ 17 | Although these two paragraphs both discuss the UAW and health care plans, Mr. Macey simply states that the UAW has agreed with companies *other than CNH* to plan changes for existing and future retirees, and occasionally seeks court approval of cutbacks and cost increases for existing retirees. In contrast, Mr. Hecker discusses the specifics of negotiations that occurred between the UAW and CNH in 2004–2005 and related plan proposals during that time. <br><br> These two paragraphs cannot be compared as a factual dispute, as their respective subject matter is entirely distinct. Mr. Macey relied upon publicly available, reliable sources to establish the facts enumerated in paragraph 48 of his declaration, and Mr. Hecker is raising *additional* facts regarding the 2004–2005 negotiations, facts which neither refute nor dispute Mr. Macey's point. |

| **Comparison Listed in Plaintiffs' Brief** | **Summary of Actual Comparison** |
|---|---|
| Macey Decl. ¶¶ 49–51<br><br>And<br><br>Sherrick Decl. (no specific paragraphs cited) | In paragraphs 49–51 of his declaration, Mr. Macey discusses: (1) examples demonstrating that the UAW and auto companies have previously agreed to participant premium sharing and costs for plan usage; (2) the substantial changes that occurred in 2007 when the UAW and auto companies agreed to transfer the entire benefit sponsorship, delivery, and financial underwriting of their retiree health program to a new VEBA established by the UAW; and (3) further changes that occurred to retirees' plans in 2009 when the UAW and auto companies agreed that companies could make contributions to the VEBA in company stock rather than cash, which increased the uncertainty of participant benefit security.<br><br>Plaintiffs ask the Court to compare the publicly available, established facts obtained and restated by Mr. Macey to the full content of Mr. Sherrick's declaration. Although he served as the general counsel for the UAW from 1998–2010, and currently serves as the "UAW Liason" (Sherrick Decl. ¶ 2) to the VEBA mentioned in paragraphs 50–51 of Mr. Macey's declaration, Mr. Sherrick simply provides additional facts regarding the UAW and the changes to retiree medical benefits that led to the establishment of the VEBA. (Sherrick Decl. ¶ 12.) None of Mr. Sherrick's facts create a dispute with the publicly known facts that Mr. Macey located. |

| Comparison Listed in Plaintiffs' Brief | Summary of Actual Comparison |
|---|---|
| Macey Decl. ¶¶ 52–55<br><br>and<br><br>Hogsett and Hecker Decls. (no specific paragraphs cited) | The four paragraphs that Plaintiffs cite here in Mr. Macey's declaration all relay public, verified facts regarding the VEBA agreements established between the UAW with Caterpillar and John Deere. Messrs. Hogsett and Hecker write in their separate declarations that they were each involved as company representatives during the negotiations and formations of the UAW–Caterpillar and UAW–Deere agreements, respectively. (Hogsett Decl. ¶¶ 5–8, Hecker Decl. ¶¶ 2–4, 14.)<br><br>The content provided in the Hogsett and Hecker declarations does not dispute *any* of the facts researched and reported by Mr. Macey in his declaration. In fact, the content of the Hogsett and Hecker declarations validates the reliable facts that Macey has provided, while supplementing those facts with additional content on the negotiations that those witnesses obtained in their experience as representatives in the creation and implementation of those agreements.<br><br>Regardless, the additional information on the negotiations of the UAW–Caterpillar and UAW–Deere agreements provided by these witnesses does not dispute the facts researched and reported in Mr. Macey's declaration, so there is no factual dispute. |

| Comparison Listed in Plaintiffs' Brief | Summary of Actual Comparison |
|---|---|
| Macey Decl. ¶ 64 and Lynne Rebuttal Exp. Rep. ¶ 23 | Mr. Macey states in paragraph 64 that CNH's proposed plan compares favorably with Medicare, which consists of four parts covering different benefits. He then proceeds to explain how the proposed plan would work for pre-Medicare-eligible participants and Medicare-eligible participants, comparing the proposed premiums, costs, deductibles, coverages, maximums and prescription drug plans of the proposed plan with those of Medicare. Mr. Lynne's testimony in paragraph 23 discusses Mr. *Stahl*'s comparison of prescription benefits, and his opinions regarding the benefits under proposed plan compared to those of the current plan.<br><br>Although both paragraphs discuss prescription drug benefits under the proposed plan to a certain degree, their focus and facts are entirely different. Mr. Lynne's analysis of Mr. Stahl's comparison of prescription benefits does not refute, or attempt to refute, *any* of the publicly available, well-established facts that Mr. Macey discusses. The cited statements present no factual dispute whatsoever. |