UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JACK REESE, FRANCES ELAINE PIDDE, JAMES CICHANOFSKY, ROGER MILLER, and GEORGE NOWLIN,<br><br>     Plaintiffs,<br>v.<br><br>CNH INDUSTRIAL N.V. and CNH INDUSTRIAL AMERICA, LLC,<br><br>     Defendants. | Case 2:04-cv-70592-PJD-PJK<br><br>Hon. Patrick J. Duggan, U.S.D.J.<br><br>Hon. Paul J. Komives, U.S. Mag. J. |

### CNH'S EX PARTE MOTION FOR LEAVE TO FILE A BRIEF THAT EXCEEDS PAGE LIMITATIONS

CNH moves this Court as follows:

1. Under Local Rule 7.1(d)(3), CNH's reply brief in support of its motion for summary judgment is limited to 7 pages in 14 point font size.

2. CNH seeks leave, ex parte, to file a 13 page brief (in 14 point size) in accordance with this Court's Practice Guidelines, which provide that "strict compliance" with Local Rule 7.1(d) is not "generally" required by the Court "if counsel has a valid reason for not being able to comply."

3. There is ample cause to grant CNH's request to file a motion in excess of the 7 page limit.

1

4. This case has been litigated for over eleven years, involving multiple proceedings before this Court and the United States Court of Appeals for the Sixth Circuit.

5. The Supreme Court's recent decision in *M&G Polymers USA, LLC v. Tackett*, 135 S. Ct. 926 (2015), drastically affected the vesting jurisprudence applicable to this case.

6. Plaintiffs' brief in opposition to the motion for summary judgment raises a number of issues concerning the import of *Tackett*, the inferences derived from *UAW v. Yard-Man, Inc.*, 716 F.2d 1476 (6th Cir. 1983) and its progeny that Plaintiffs claim still survive following *Tackett*, and how these principles apply to the specific agreements in this case.

7. Plaintiffs also raise the distinct argument that the law of the case doctrine bars this Court from reconsidering its prior vesting decisions in light of *Tackett*.

8. CNH must respond to these assortment of legal and factual issues in its reply brief which necessitates more than 7 pages of briefing. Among other things, CNH must examine *Tackett* and its treatment of the repudiated *Yard-Man* inferences, review and analyze the contractual provisions which preclude vesting in this case in the aftermath of *Tackett*, and unpack the law of the case doctrine to illustrate why it does not apply here.

3

9.  For these reasons, CNH requests relief from the page limits of Local Rule 7.1 and for leave to file its 13 page reply brief.

>Respectfully Submitted,
>
>/s Bobby R. Burchfield
>Bobby R. Burchfield
>  *Counsel of Record*
>Nikesh Jindal
>David M. Barnes
>KING & SPALDING LLP
>1700 Pennsylvania Ave., NW
>Washington, DC  20006
>Telephone:  (202) 737-0500
>Facsimile:  (202) 626-3737
>bburchfield@kslaw.com
>njindal@kslaw.com
>dbarnes@kslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2015, I electronically filed the foregoing CNH's Ex Parte Motion for Leave to File a Brief that Exceeds Page Limitations with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants.

/s Bobby R. Burchfield
Bobby R. Burchfield