# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| JACK REESE, FRANCES ELAINE PIDDE, JAMES CICHANOFSKY, ROGER MILLER, and GEORGE NOWLIN,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>CNH INDUSTRIAL N.V. and CNH INDUSTRIAL AMERICA, LLC,<br><br>　　　　　　　Defendants. | Case 2:04-cv-70592-PJD-PJK<br><br>Hon. Patrick J. Duggan, U.S.D.J.<br><br>Hon. Paul J. Komives, U.S. Mag. J. |

## CNH'S RESPONSE IN OPPOSITION OF PLAINTIFFS' MOTION FOR RECONSIDERATION

　　　　　　　　　　　　　　　Bobby R. Burchfield
　　　　　　　　　　　　　　　　*Counsel of Record*
　　　　　　　　　　　　　　　Nikesh Jindal
　　　　　　　　　　　　　　　David M. Barnes
　　　　　　　　　　　　　　　KING & SPALDING LLP
　　　　　　　　　　　　　　　1700 Pennsylvania Ave., NW
　　　　　　　　　　　　　　　Washington, DC  20006
　　　　　　　　　　　　　　　Telephone:  (202) 737-0500
　　　　　　　　　　　　　　　Facsimile:  (202) 626-3737
　　　　　　　　　　　　　　　bburchfield@kslaw.com
　　　　　　　　　　　　　　　njindal@kslaw.com
　　　　　　　　　　　　　　　dbarnes@kslaw.com

　　　　　*Counsel for CNH Industrial N.V. and CNH Industrial America LLC*

Plaintiffs' motion misapprehends the high standard confronting a motion for reconsideration, unfairly describes this Court's careful opinion, and misinterprets now-controlling law. Rather than showing that the Court was "misled" into a "palpable" error of law or fact, E.D. Mich. L.R. 7.1(h)(3), Plaintiffs accuse the Court of ignoring evidence that it previously relied on, but as the Court made clear that evidence has now become irrelevant under intervening Supreme Court precedent. To be precise, Plaintiffs are not seeking to correct a palpable error based on an inadvertent oversight as they claim, but instead are challenging this Court's reading of *M&G Polymers, USA LLC v. Tackett*, 135 S.Ct. 926 (2015). For that reason, their motion does not present a proper basis for reconsideration, and even if it did, their arguments were properly rejected. Their motion should be denied.

## ARGUMENT

E.D. Mich. L.R. 7.1(h)(3) is intentionally strict about the content of a motion for reconsideration, and Plaintiffs do not come close to meeting the standard. Moreover, the evidence they present was well known to this Court, predates the class period, and as this Court implicitly recognized is now irrelevant after *Tackett*. Finally, this Court properly rejected, as inconsistent with *Tackett*, their argument that their health benefits are vested because eligibility for them is "tied" to eligibility for pension benefits.

1

## I. PLAINTIFFS CANNOT MEET THE HIGH STANDARD FOR RECONSIDERATION.

Under E.D. Mich. L.R. 7.1(h)(3), a motion for reconsideration will be granted only when the Court has been "misled" by the parties into a "palpable" error of law or fact. *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001). An error is "palpable" only if it is "obvious, clear, unmistakable, manifest, or plain" from the face of the opinion; mere disagreement with the court's reasoning is not enough. *Id.* Generally, "courts disfavor motions for reconsideration because they consume a court's scarce time for attention to a matter that has already been decided." *Parisi v. Heck*, No. 3:14-cv-346, 2015 WL 5916416, at *1 (S.D. Ohio Oct. 9, 2015).

At bottom, Plaintiffs' position is that "the District Court's recent entry of summary judgment *against* Plaintiffs based on its reading of *Tackett* is manifestly wrong." Pls.' Br. at 2. In other words, Plaintiffs simply disagree with this Court's careful analysis of *Tackett* and want to litigate that issue again; Plaintiffs point to no legal arguments that they did not make, or could not have made, in their opposition to Defendants' motion. Indeed, they seriously short-change the Court by ignoring its careful discussion of *Tackett,* including its conclusion that "at a minimum, . . . a court must find a clear manifestation of intent, evinced in the language of the contract, before concluding that the parties intended to confer lifetime benefits." *Reese v. CNH Industrial N.V.*, No. 04-cv-70592, 2015 WL

2

5679827, at *10 (E.D. Mich. Sept. 28, 2015).  The remedy for their disagreement with this conclusion is an appeal to the Sixth Circuit, not a motion for reconsideration.  *See* E.D. Mich. L.R. 7.1(h)(3) ("[T]he Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication.").

Plaintiffs also unfairly accuse the Court of ignoring evidence.  Judge Duggan presided over this case for almost twelve years as well as the predecessor case styled *Yolton v. El Paso Tennessee Pipeline Co.*, 318 F. Supp. 2d 455 (E.D. Mich. 2003), *aff'd*, 435 F.3d 571 (6th Cir. 2006).  In the September 28, 2015 decision at issue, Judge Duggan discussed the *Yolton* decision (2015 WL 5679827, at *7-8); he also discussed both of his prior decisions in this case, as well as the two Sixth Circuit decisions in this case (*id.* at *2-5).  *See also Reese v. CNH Global N.V.*, No. 04-cv-70592, 2007 WL 2484989 (E.D. Mich. Aug. 29, 2007), *aff'd in part and rev'd in part*, 574 F.3d 315 (6th Cir. 2009) ("*Reese I*"); *Reese v. CNH Global N.V.*, No. 04-cv-70592, 2007 WL 2484989 (E.D. Mich. Mar. 3, 2011), *rev'd*, 694 F.3d 681 (6th Cir. 2012) ("*Reese II*").  As shown below, those earlier decisions directly addressed the very evidence Plaintiffs now invoke.  It is egregiously unfair to suggest that Judge Duggan ignored any of the purported evidence that Plaintiffs cite.  Rather, as he made clear in his decision, "the Court concludes that its prior determination that the parties intended to confer lifetime

healthcare benefits *is no longer viable in light of the Supreme Court's intervening decision in Tackett*." 2015 WL 5679827, at *10 (emphasis added).

Plaintiffs have relied on the extrinsic evidence attached to their motion—two letters from C.J. Devine (dated 1971 and 1990)—in nearly every merits paper they have submitted to this Court since this case began almost twelve years ago. Plaintiffs have likewise argued in numerous filings that the company's elimination of the FAS 106 letter supported vesting. *See* Pls.' Br. at 13, n.6 (citing Opening Brief, R.129, at 12-14; Reply Brief, R.192, at 3). Indeed, as Plaintiffs themselves acknowledge, this Court cited and relied upon the very same extrinsic evidence that Plaintiffs now bring to this Court when it held their benefits vested in 2007. *See* 2007 WL 2484989, at *9 (citing C.J. Devine's letters and other similar documents from "Case's representatives"); *id.* at *4 (discussing Plaintiffs' argument that the elimination of the FAS 160 Letter "by the UAW and Case during their 1998 negotiations compels a finding that retiree health care benefits are vested").[1]

---

[1] Plaintiffs do not even pretend any of this extrinsic evidence is new or that it provides any basis for reconsideration. Indeed, in support of their argument regarding C.J. Devine's antiquated letters, Plaintiffs cite this Court's own orders interpreting those letters and other allegedly "similar expressions" from company representatives "spanning more than a quarter of a century." Pls.' Br. at 10 (citing this Court's 2007 decision, R.214, at 21-22; *Yolton*, 318 F. Supp. 2d at 469-70). And in discussing the "elimination of the FAS 106 medical cap letter during the 1998 [CBA] negotiations," Plaintiffs expressly acknowledge that they have argued "throughout the litigation" that this extrinsic evidence was dispositive of this case, *see* Pls.' Br. at 13, n.6 (citing R.129, at 12-14; R.192, at 3), and that the Court relied on this evidence in its first decision in 2007, Pls.' Br. at 16-17 (citing R.214 at 19).

4

In *Yolton*, just as in its 2007 decision in this case, the Court cited and analyzed the very extrinsic evidence relied on by the Plaintiffs in support of their motion. The Court, for example, provided a detailed description of the 1971 letter from C.J. Devine attached as Exhibit A, *Yolton*, 318 F. Supp. 2d at 469-70, and discussed a similar FAS 106 letter in equal detail, *id.* at 462-63. As noted above, in the decision challenged here, the Court acknowledged and cited its decisions in *Yolton* and *Reese*, but concluded that those earlier decisions did not survive *Tackett*.

As this Court has explained, "[t]he local rules encourage finality in opinions." *Oswald v. BAE Indus.*, No. 10-cv-12660-DT, 2010 WL 5464271, at *1 (E.D. Mich. Dec. 30, 2010). The rules preclude "attempts to rehash old arguments, relitigate old issues with a 'new' legal theory, or reargue old assertions with 'new' facts." *Id.* at *2. *See also Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (similar). Plaintiffs are doing nothing more that rehashing their old arguments. This Court's rules demand more.

## II.   THE EXTRINSIC EVIDENCE CITED BY PLAINTIFFS IS NOW IRRELEVANT.

Even if this Court were to consider Plaintiffs' evidence and arguments again (which it should not), the result would be the same. The Court correctly found it unnecessary to reach *any* extrinsic evidence in granting Defendants' motion for summary judgment. Instead, the Court correctly read *Tackett* as requiring

5

Plaintiffs, "at a minimum" to point to "a clear manifestation of intent, evinced *in the language of the contract*" itself to establish lifetime, unalterable vested health benefits. 2015 WL 5679827, at *10 (citing 135 S. Ct. at 936-37 (emphasis added)). As the Court wrote, "*Tackett* changed the rules governing the analysis of whether parties intended to create lifetime retiree benefits" in a number of different ways. *Id.* at *7. For example:

- Courts may no longer infer that the parties intended to confer lifetime benefits based on the context of labor-management negotiations.

- Courts may no longer infer that the parties intended to confer lifetime benefits based on the nature of retiree benefits.

- Courts may no longer categorically refuse to apply general durational clauses to retiree benefits.

- Courts should give effect to the traditional contract principle that contractual obligations will cease, in the ordinary course, upon termination of the bargaining agreement.

- Courts should give effect to the traditional contract principle that ambiguous writings should not be construed to create lifetime benefits.

*Id.* Plaintiffs' disagreement with these conclusions, no matter how vehement, is an insufficient basis for reconsideration. That issue has already been briefed at considerable length and should not be briefed and argued again here. *See* E.D. Mich. L.R. 7.1(h)(3).

As this Court correctly ruled, the CBA here lacks any clear "manifestation of intent" to vest and, in fact, contains language defeating vesting—a duration clause

with no offsetting indication that benefits continued beyond the agreement. The Court thus correctly "conclude[d] that its prior determination that the parties intended to confer lifetime healthcare benefits [wa]s no longer viable." 2015 WL 5679827, at *10. In addition to its instruction for courts to consider "the traditional principle that 'contractual obligations will cease, in the ordinary course, upon termination of the bargaining agreement,'" the Supreme Court instructed that courts should not infer lifetime benefits from either contractual silence or ambiguity. *Tackett*, 135 S.Ct. at 936-37. The extrinsic evidence is thus irrelevant.

The two letters attached to the Plaintiffs' motion, dated 1971 and 1990, predate the class period by 23 and four years respectively. Those letters conflict with the integration clause. *See* R.439, Ex. B, 1998 Cent. Agmt. Art. 14 § 9 ("This Agreement disposes of any and all bargaining issues, whether or not presented during negotiations, except with respect to the processing of grievances as provided in Article VII"). *See Witmer v. Acument Global Techs., Inc.*, 694 F.3d 774, 778 (6th Cir. 2012) ("extra-contractual intimations of meaning cannot alter the straightforward meaning of the language found within the four corners" of the contract). Even if considered anew, they fail to overcome the clear meaning of the contract, much less the integration clause.

Nor does the existence, or even the elimination, of the so-called FAS 106 letter establish vesting. Fundamentally, the elimination of the letter does not

overcome the explicit durational clause which, following *Tackett*, must be given effect. 135 S.Ct. at 936. Further, even if not inconsistent with the durational clause, Plaintiffs' contention—that elimination of a future cap on benefits must mean that the parties intended (1) benefits to continue forever, and (2) benefits to be unlimited—is illogical. Elimination of the letter leaves nothing, and certainly no lifetime agreement. Moreover, the letter was scheduled to "kick in" at the outset of the 1998 CBA; the 1998 CBA "continued" the benefits (for the duration of the CBA) but also adopted the "Cost of Healthcare Coverage" letter, which guaranteed no additional contributions only *during the term of the 1998 CBA*. *See Reese I*, 574 F.3d at 325. Finally, even if some coverage were anticipated beyond the expiration of the 1998 CBA, the terms of the FAS 106 letter hardly obligates CNH to continue that coverage for a lifetime. *Witmer*, 694 F.3d at 777 ("Surely a company can promise 'continuous health insurance' and reserve the right to modify or end that coverage if it becomes unaffordable.") Thus, even if it were considered once again (which it should not be), none of the extrinsic evidence would change the result.

### III. PLAINTIFFS' ATTEMPT TO RESURRECT "TYING" OF HEALTH BENEFITS TO PENSION BENEFITS AS A BASIS FOR VESTING FAILS.

Plaintiffs devote the final quarter of their brief (pages 19-24) to rearguing the notion that the tying of eligibility for health benefits to the eligibility for a

8

pension establishes vesting. Without question, this Court carefully considered, and rejected, that argument based upon the Supreme Court's decision in *Tackett*. *See* 2015 WL 5679827, at *9. To begin, *Tackett* addressed this tying analysis twice, and rejected it both times. *See* 135 S.Ct. at 935 (citing *Noe v. PolyOne Corp.*, 520 F.3d 548, 558 (6th Cir. 2008) for proposition that "a provision that 'ties eligibility for retirement-health benefits to eligibility for a pension . . . [leaves] little room for debate that retirees' health benefits ves[t] upon retirement," but rejecting that precept); *id.* at 937 (rejecting lower court's conclusion that "tying of eligibility for health care benefits to receipt of pension benefits suggested an intent to vest health benefits").

After careful review of *Tackett*, this Court concluded that "language tying mere *eligibility* for contribution[s]-free benefits to receipt of benefits, as opposed to language tying the *duration* of contribution-free benefits to receipt of pension benefits, no longer supports the conclusion that [the] parties intended to create lifetime benefits." 2015 WL 5679827, at *9 (emphasis added). Applying this reasoning to the contract language here, the Court noted that "[t]he pertinent contract language here ties eligibility for contribution-free healthcare benefits to the receipt of pension benefits," and held "the tying language used here *no longer supports the Court's determination that the parties intended to confer lifetime*

9

*benefits.*" *Id.* (emphasis added). Plaintiffs' arguments to the contrary were previously considered and are still unpersuasive.

## CONCLUSION

For the reasons stated above, Plaintiffs' motion for reconsideration should be denied forthwith.

> Respectfully Submitted,
>
> /s  Bobby R. Burchfield
> Bobby R. Burchfield
>   *Counsel of Record*
> Nikesh Jindal
> David M. Barnes
> KING & SPALDING LLP
> 1700 Pennsylvania Ave., NW
> Washington, DC  20006
> Telephone:  (202) 737-0500
> Facsimile:  (202) 626-3737
> bburchfield@kslaw.com
> njindal@kslaw.com
> dbarnes@kslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2015, I electronically filed the foregoing CNH's Reply in Support of Its Motion for Summary Judgment with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants.

/s     Bobby R. Burchfield
Bobby R. Burchfield