# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: August 27, 2018

Ms. Darcie R. Brault
McKnight, Canzano, Smith, Radtke & Brault
423 N. Main Street
Suite 200, Royal Oak, MI 48067

Mr. Bobby Roy Burchfield
Mr. Joshua Nathaniel Mitchell
King & Spalding
1700 Pennsylvania Avenue, N.W., Suite 200
Washington, DC 20006

Mr. Douglas A Darch
Baker & McKenzie
300 E. Randolph Street, Suite 5000
Chicago, IL 60601

Mr. J. Richard Hammett
Baker & McKenzie, 700 Louisiana
Houston, TX 77002

Mr. Glen David Nager
Jones Day, 51 Louisiana Avenue, N.W.
Washington, DC 20001

Mr. Stephen M. Shapiro
Mr. Joshua D. Yount
Mayer Brown, 71 S. Wacker Drive
Chicago, IL 60606

Mr. Stanley Weiner
Jones Day, 901 Lakeside Avenue, E.
Cleveland, OH 44114-1190

      Re: Case No. 15-2382, *Jack Reese, et al v. CNH Industrial N.V., et al*
         Originating Case No. : 2:04-cv-70592

Dear Counsel,

 The Court issued the enclosed Order today in this case.

              Sincerely yours,

              s/Cathryn Lovely
              Case Manager
              Direct Dial No. 513-564-7039

cc: Mr. David J. Weaver

Enclosure

No. 15-2382

# UNITED STATES COURTS OF APPEALS
# FOR THE SIXTH CIRCUIT

| | |
|---|---|
| JACK REESE, JAMES CICHANOFSKY, ROGER MILLER, and GEORGE NOWLIN, for themselves and the class,<br><br>    Plaintiffs-Appellees,<br><br>v.<br><br>CNH INDUSTRIAL N.V. and CNH INDUSTRIAL AMERICA, LLC,<br><br>    Defendants-Appellants. | **FILED**<br>Aug 27, 2018<br>DEBORAH S. HUNT, Clerk<br><br>O R D E R |

BEFORE:   GIBBONS, SUTTON, and DONALD, Circuit Judges.

PER CURIAM.  This case is before us once again, this time on remand from the Supreme Court, which vacated our judgment in *Reese v. CNH Industrial N.V.*, 854 F.3d 877 (6th Cir. 2017), and held that the plaintiffs' retiree healthcare benefits expired in 2004 along with the 1998 CBA. *CNH Indus. N.V. v. Reese*, 138 S. Ct. 761, 766–67 (2018).  The plaintiffs now ask us to remand their case back to the district court for consideration of whether two groups of retirees are, despite the Court's recent decision, still entitled to lifetime healthcare benefits: (1) those who separated employment under the 1993 Plant Shutdown Agreement (the "1993 Agreement"), and (2) those who separated employment under the 2002 East Moline Plant Shutdown Agreement (the "2002 Agreement").  The plaintiffs argue that these agreements contain language overriding the CBAs' general durational clauses because they terminated the CBAs at the closed locations and provided continuing benefits for employees who retired from those plants.  CNH opposes the plaintiffs' motion to remand, arguing that the plaintiffs are barred from relying on the 2002 Agreement by

Case 2:04-cv-70592-SJM-RJK  ECF No. 470, PageID.17590 Filed 08/27/18  Page 4 of 11
Case: 15-2382   Document: 83-2   Filed: 08/27/2018   Page: 2   (4 of 11)

No. 15-2382, *Jack Reese, et al. v. CNH America, LLC, et al.*

the law of the case doctrine and that they have waived any arguments based on the 1993 Agreement. We agree with CNH and therefore deny the plaintiffs' motion.

I.

First, CNH correctly points out that we have already rejected the plaintiffs' argument that the 2002 Agreement provides for vested retiree healthcare benefits. "Under the law-of-the-case doctrine, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation." *Rouse v. DaimlerChrysler Corp.*, 300 F.3d 711, 715 (6th Cir. 2002) (citing *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994)). The doctrine only applies to "those questions necessarily decided in the earlier appeal," meaning "all issues that were fully briefed and squarely decided" in that earlier appeal. *Burley v. Gagacki*, 834 F.3d 606, 618 (6th Cir. 2016) (internal quotation marks omitted). Because whether the 2002 Agreement provides for vested retiree healthcare benefits was "fully briefed and squarely decided" in an earlier appeal, the plaintiffs cannot re-litigate the issue in the district court.

In 2010—after the case had been remanded back to the district court for the first time, *see Reese v. CNH America, LLC* ("*Reese I*"), 574 F.3d 315 (6th Cir. 2009)—both parties filed for summary judgment based on the 2002 Agreement. The district court granted the plaintiffs' motion, holding that "health care benefits *and the scope of those benefits* for Plaintiffs who retired under the East Moline Shutdown Agreement are vested and unalterable and irreducible." On appeal, however, we disagreed because we found that the 2002 Agreement "governs only the 'economic closedown benefits and the eligibility rules established and set forth in' that agreement." *Reese v. CNH America LLC* ("*Reese II*"), 694 F.3d 681, 685 (6th Cir. 2012). Thus, the law of the case doctrine bars the plaintiffs from re-litigating the 2002 Agreement. The parties fully briefed the

No. 15-2382, *Jack Reese, et al. v. CNH America, LLC, et al.*

issue before this court, and our statement in *Reese II* that "[n]othing in the [2002] agreement speaks to healthcare," 694 F.3d at 686, is a "finding" that is now the law of the case.

None of the plaintiffs' counterarguments have merit. First, while they are correct that the law of the case doctrine is discretionary, to differ from an earlier ruling we "must find some cogent reason to show the prior ruling is no longer applicable, such as if our prior opinion was a clearly erroneous decision which would work a manifest injustice." *In re Kenneth Allen Knight Trust*, 303 F.3d 671, 677–78 (6th Cir. 2002). Since the 2002 Agreement does not in fact discuss healthcare benefits, we do not think that our prior conclusion was clearly erroneous. We also reject the plaintiffs' argument that because *Reese II* was premised on the now-overruled assumption that the 1998 CBAs vested retiree healthcare benefits, we are not bound by *any* of the conclusions we reached in *Reese II*. It is true that this court does not apply the law of the case "where a subsequent contrary view of the law is decided by the controlling authority." *Hanover Ins. Co. v. Am. Eng'g Co.*, 105 F.3d 306, 312 (6th Cir. 1997). But the 1998 CBA and the 2002 Agreement are two entirely separate documents, and the Supreme Court's decision was not "contrary to" our determination in *Reese II* that the 2002 Agreement does not provide for vested healthcare benefits. If anything, the Court's decision—which expresses extreme reluctance to find that a contract provides for lifetime vested healthcare benefits in the absence of affirmative language granting such benefits—actually supports our conclusion about the 2002 Agreement in *Reese II*. We therefore conclude that the law of the case doctrine prohibits the plaintiffs from arguing that the 2002 Agreement vests retiree healthcare benefits.

II.

CNH next argues that the plaintiffs have waived their arguments based on the 1993 Agreement. Because the plaintiffs fully litigated the issue of whether the 2002 Agreement

-3-

No. 15-2382, *Jack Reese, et al. v. CNH America, LLC, et al.*

provides for vested retiree healthcare benefits but failed to do so for the 1993 Agreement, we agree with CNH.

While the plaintiffs' operative First Amended Complaint mentions both the 1993 and the 2002 Agreements and appears to include both in the scope of the plaintiffs' breach of contract claim, the plaintiffs did not litigate the significance of the 1993 Agreement any further. For example, their very first motion for summary judgment only mentions the 1993 Agreement briefly and seems to view it as extrinsic evidence of the parties' intent to vest retiree healthcare benefits, rather than a contract obligating CNH to do so. More importantly, the plaintiffs *did* argue, both before the district court and the Sixth Circuit, that the 2002 Agreement contractually bound CNH to provide retiree healthcare benefits for life—making their failure to do so for the 1993 Agreement particularly significant. "It is a 'settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" *Spirko v. Mitchell*, 368 F.3d 603, 612 (6th Cir. 2004) (quoting *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996)). For whatever reason, the plaintiffs decided not to pursue the argument that the 1993 Agreement provides for vested retiree healthcare benefits. They did pursue that argument for the 2002 Agreement. We conclude that they have waived the arguments they now seek to raise regarding the 1993 Agreement.

## III.

For the foregoing reasons, we deny the plaintiffs' motion to remand the case to the district court to address these new issues and instead remand the case to the district court to enter judgment for CNH.

No. 15-2382, *Jack Reese, et al. v. CNH America, LLC, et al.*

**BERNICE BOUIE DONALD, Circuit Judge, dissenting.** The question presented to us by the motion to remand can be boiled down to this: after the Supreme Court's reversal of this Court's holding in *Reese, et al. v. CNH Industries N.V., et al.*, 854 F.3d 877 (6th Cir. 2017) ("*Reese III*"), do there remain issues material to this dispute that were left unresolved by the Supreme Court, and whose further litigation is not otherwise precluded? The majority answers in the negative, persuaded by the view of Defendants-Appellants CNH Industrial, N.V., et al. ("CNH"), that Plaintiffs-Appellants Jack Reese, et al. ("Plaintiffs"), are foreclosed from further argument that their lifetime retiree healthcare benefits vested under either the 2002 East Moline Plant Shutdown Agreement ("Shutdown 2002") or the 1993 Plant Shutdown Agreement ("Shutdown 1993") (collectively, the "Shutdown Agreements").

I

CNH contends that in *Reese v. CNH Am. LLC*, 694 F.3d 681 (6th Cir. 2012) ("*Reese II*"), this Court "squarely rejected" Plaintiffs' argument and the district court's ruling," that Shutdown 2002 provided for healthcare benefits, which "are *vested*[,] *unalterable and irreducible*.'" CNH underscores that *Reese II* held that "[n]othing in the [Shutdown 2002] agreement speaks to healthcare," and the agreement "neither establishes nor sets forth healthcare benefits, which are instead found in the 1998 CBA." CNH urges that this "definite disposition of [Shutdown 2002] in *Reese II* is the law of the case and binds this panel."

CNH relies on *United States v. Moored*, 38 F.3d 1419 (6th Cir. 1994), for the proposition that "findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation." CNH also invokes *United States v. Smith* for the principle that a "case overruled on one point remains good law on points not overruled." Indeed, CNH accuses Plaintiffs of "egregiously mischaracteriz[ing]" *Reese II* in asserting that separate vesting of the benefits

-5-

Case 2:04-cv-70592-SJM-RJK ECF No. 470 PageID.17594 Filed 08/27/18 Page 8 of 11
Case: 15-2382 Document: 83-2 Filed: 08/27/2018 Page: 6 (8 of 11)

No. 15-2382, *Jack Reese, et al. v. CNH America, LLC, et al.*

under Shutdown 2002 "*was not considered.*" CNH terms this assertion "beyond the bounds of acceptable advocacy." In response, Plaintiffs contend that the law of the case doctrine is inapposite because the doctrine does not reach "issues not 'fully briefed [or] squarely decided in an earlier appeal.'"

*Moody* underscored that the law of the case doctrine aims "to enforce a district court's adherence to an appellate court's judgment, and so is applied only loosely when we reconsider our own decisions." *Moody*, 871 F.3d at 425 (quotation omitted); *see also McKenzie v. BellSouth Telecomms., Inc.*, 219 F.3d 508, 513 n.3 (noting "law of the case" more a matter of a court's "common sense" than an "inexorable command"). Still, it takes an "exceptional circumstance[]" to overcome the doctrine: "(1) where substantially different evidence is raised on subsequent trial; (2) where a subsequent contrary view of the law is decided by the controlling authority; or (3) where a decision is clearly erroneous and would work a manifest injustice." *Moody*, 871 F.3d at 426 (quoting *United States v. Rayborn*, 495 F.3d 328, 337 (6th Cir. 2007)).

I am not persuaded that *Reese II* actually did "squarely decide[]" the issue of vesting of lifetime healthcare under Shutdown 2002. It is true that the Court asserted that "nothing in [Shutdown 2002] speaks to healthcare. It neither establishes nor sets forth healthcare benefits . . ." *Reese II*, 694 F.3d at 686. But these two sentences hardly qualify as an analysis of the issue, and it seems dubious to call them a holding. *See Howe v. City of Akron*, 801 F.3d 718, 739-40 (6th Cir. 2015) (quotation omitted) ("For a prior decision to control, the prior tribunal must have actually decided the issue."). They give a legal conclusion, but without sharing the reasoning underlying or leading to the conclusion. The heart of *Reese II*'s holding was that Plaintiffs' lifetime retiree healthcare benefits are "found in the CBA, . . . are vested, and . . . remain subject to reasonable modification." *Reese II*, 694 F.3d at 686. *Reese II*'s language regarding Shutdown

-6-

No. 15-2382, *Jack Reese, et al. v. CNH America, LLC, et al.*

2002 arguably fits the definition of "[a] position that has been assumed without decision for purposes of resolving another issue," and that therefore cannot constitute "the law of the case." *See Howe*, 801 F.3d at 739-40 (quoting Wright et al., Fed. Pract. & Proced.: Jurisdiction & Related Matters § 4478 (4th ed. 2015)). Indeed, because *Reese II* found that the retirees' lifetime healthcare benefits fully vested under the 1998 CBA, the Court's brief observation about Shutdown 2002 plausibly constitutes dicta inasmuch as it was "not essential to the determination of the case at hand." *See Kelly Servs. v. Creative Harbor, LLC*, 846 F.3d 857, 877 (6th Cir. 2017). While CNH has a point when it upbraids Plaintiffs for downplaying *Reese II*'s language as to Shutdown 2002, CNH and the majority here may be equally guilty of making *too much* of *Reese II*'s rather passing reference to that agreement.[1]

Because I am not persuaded that *Reese II* "squarely decided" the vesting of Plaintiffs' healthcare benefits under Shutdown 2002, it seems to me a stretch to invoke the law of the case doctrine as precluding remand to consider the vesting of healthcare benefits under that agreement.

II

CNH urges that Plaintiffs have waived "for all time" any argument based on Shutdown 1993 because of their alleged failure to argue it "at any time" over this lengthy litigation, prior to the instant remand motion. CNH also asserts that Plaintiffs' complaint failed to allege a breach of

---

[1]Plaintiffs argue in the alternative that, even if the Shutdown 2002 issue *was* "squarely decided" by *Reese II*, the second of *Rayborn*'s "exceptional circumstances" colorably applies: "where a subsequent contrary view of the law is decided by the controlling authority." *See Rayborn*, 495 F.3d at 337. Because the Supreme Court's reversal of *Reese III* knocked the 1998 CBA out as a support for Plaintiffs' position as to lifetime vesting, arguably *Reese II* can no longer serve as a source for the law of the case here. *See EEOC v. K-Mart Corp.*, 796 F.2d 139, 146 (6th Cir. 1986) (holding that "a prior opinion of another panel of our [C]ourt . . . cannot control as opposed to an opposite view expressed in final language by the United States Supreme Court in a similar case."). The difficulty with this line of reasoning is that in *CNH* the Supreme Court invalidated *Reese II*'s holding as to the 1998 CBA—but said nothing about the Shutdown Agreements. *See* 138 S. Ct. at 766-67. Thus, had *Reese II* in fact "squarely decided" the Shutdown 2002 issue, *CNH* could not be deemed to have rendered *Reese II* a legal nullity and thereby to have precluded application the law of the case doctrine here. *See United States v. Smith*, 881 F.3d 954, 959 (6th Cir. 2018) (a precedent overruled in one respect remains good law in other respects not overruled). However, I do not see the second *Rayborn* exception as necessary to resolving the law of the case argument.

-7-

No. 15-2382, *Jack Reese, et al. v. CNH America, LLC, et al.*

Shutdown 1993. As the majority correctly notes, Plaintiffs did include allegations regarding Shutdown 1993 within Count I of their first amended complaint, titled "Violation of Collective Bargaining Agreement." Nevertheless, CNH contends that "Plaintiffs have never argued in any brief, before this Court or the district court, at any time during the last fourteen years that [Shutdown 1993] standing alone grants them lifetime benefits." Plaintiffs counter that, prior to *CNH*, 138 S. Ct. 761, "[t]here was no need to press these arguments."

Again agreeing with CNH, the majority points out that Plaintiffs *did* argue for lifetime vesting based on Shutdown 2002, both before this Court and the district court.[2] In contrast, the majority emphasizes, "for whatever reason" Plaintiffs did "not pursue the argument that the [Shutdown 1993] provides for vested retiree healthcare benefits."

Requiring a party to "appeal every issue decided adversely to it in order to preserve relitigation of that issue" would burden "a largely successful party [with] the need to take a protective appeal." 18B Wright, Miller & Cooper, Fed. Pract. & Proced. § 4478.6 at 833 (2002). "[A] degree of leniency" is therefore justified "in applying the waiver rule to issues that could have been raised by appellees on previous appeals." *Id.* at 832. Plaintiffs were "largely successful" as to their claim to vested healthcare benefits. I therefore do not believe that they should be enjoined from further litigation of their claim based on Shutdown 1993.

### III

I am keenly aware that this litigation is well into its second decade, and I take seriously the need for finality in the courts. *See First Tennessee Bank N.A. v. Smith*, 766 F.2d 255, 259 (6th Cir.

---

[2]Indeed, that observation is part of the reason why the majority concludes that *Reese II* precludes Plaintiffs' Shutdown 2002-based argument—supplying part of the "fully briefed" portion of the "fully briefed and squarely decided" criterion for applying the law of the case doctrine. *See Moody*, 871 F.3d at 425.

No. 15-2382, *Jack Reese, et al. v. CNH America, LLC, et al.*

1985). However, the need for finality must be balanced against the demands of justice. *See Cale v. Johnson*, 861 F.2d 943, 948 (6th Cir. 1988).

Because "the Supreme Court did not rule that the shutdown agreement's retirees are not entitled to vested benefits" but rather that "*the 1998 CBA* did not vest benefits,"; because the Supreme Court remanded to this Court for further consistent proceedings and granted leave to file *amici* briefs, *CNH*, 136 S. Ct. at 766-67; and because it seems to me that the law of the case doctrine does not foreclose a fuller consideration of the issue of vesting under the Shutdown Agreements, I believe that remand is appropriate in this case. For the foregoing reasons, therefore, I respectfully dissent.

ENTERED BY ORDER OF THE COURT

_____

Deborah S. Hunt, Clerk